STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION UNIT

Ms. Renee Butz
58 Hickory Drive,
North East, MD 21901

vs.

Lawns Unlimited C/o
Wilson, Halbrook & Bayard
15089 Coastal Hwy
Milton, DE 19968
Attn: Eric C. Howard, Esq.

Case Number 04020302

### FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

*Reasonable Cause Determination and Notice of Mandatory Conciliation.*
In this case, the Department has completed its investigation and found that there is reasonable cause to believe that an unlawful employment practice has occurred. Under the provisions of the law, the parties are now required to engage in mandatory conciliation with Theodore R. Robinson. Please be prepared to appear for conciliation on the following date and time  Monday April 11, 2005 at 1:00 p. m.  at the location of 4425 North Market Street Wilmington, DE 19809.

Your cooperation and good faith effort is anticipated. Your corresponding Delaware Right to Sue Notice will be effective one day after your compliance with the conciliation effort.

The reasonable cause finding is based primarily on the following facts:

In a Discrimination case, Charging Party must prove that she was treated less favorably/terminated based on her sex and pregnancy. The evidence provided in this case established that Charging Party was discharged in a discriminatorily biased manner based upon her sex and pregnancy. According to Title VII of the Civil Rights Act of 1964 Charging Party must successfully established that the Respondent did not hold open her employment position for her pregnancy related absence. The evidence did show that the Respondent ended the employment relationship prior to the conclusion of Charging Party's scheduled maternity leave. Respondent offered an explanation but did not provide sufficient evidence to support their position. Therefore, Charging Party has met her burden of proof in this case.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Unit. See the attached Notice of Rights.

3/31/05
Date issued

Julie K. Cutler, Administrator

4/25/05
Date conciliation completed

Julie K. Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-12RC : 12/04

## NOTICE OF DELAWARE RIGHTS

*The Department of Labor Discrimination Unit provides the following excerpt from 19 Del. C. § 710, et seq. as information regarding the Delaware Right to Sue Notice. If you need legal advice, please seek your own legal counsel.*

**§ 714. Civil action by the Charging Party; Delaware Right to Sue Notice; election of remedies.**

(a) A Charging Party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same.

(b) The Delaware Right to Sue Notice shall include authorization for the Charging Party to bring a civil action under this Chapter in Superior Court by instituting suit within ninety (90) days of its receipt or within ninety (90) days of receipt of a Federal Right to Sue Notice, whichever is later.

(c) The Charging Party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A Charging Party is barred by this election of remedies from filing cases in both Superior Court and the federal forum. If the Charging Party files in Superior Court and in a federal forum, the Respondent may file an application to dismiss the Superior Court action under this election of remedies provision.

## NOTICE OF FEDERAL RIGHTS

1. If your case was also filed under federal law and resulted in a "No Cause" finding, you have additional appeal rights with the Equal Employment Opportunity Commission. Under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the DDOL's final finding. To obtain this review, you must request it by writing to EEOC within **15 days of your receipt** of DDOL's final finding in your case. Otherwise, EEOC will generally adopt the DDOL's findings.

2. If your case was also filed under federal law, you have the right to request a federal Right to Sue Notice from the EEOC. To obtain such a federal Right to Sue Notice, you must make a written request directly to EEOC at the address shown below. Upon its receipt, EEOC will issue you a Notice of Right to Sue and you will have ninety (90) days to file suit. The issuance of a Notice of Right to Sue will normally result in EEOC terminating all further processing.

3. Requests to the EEOC should be sent to:

    Equal Employment Opportunity Commission
    The Bourse, Suite 400
    21 S. Fifth Street
    Philadelphia, PA 19106-2515

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-13 : 8/04

STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION UNIT

Ms. Renee Butz
58 Hickory Drive,
North East, MD 21901
vs.
Lawns Unlimited C/o
Wilson, Halbrook & Bayard
15089 Coastal Hwy
Milton, DE 19968
Attn: Eric C. Howard, Esq.

Case Number 04020302

### FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

*Reasonable Cause Determination and Notice of Mandatory Conciliation.*
In this case, the Department has completed its investigation and found that there is reasonable cause to believe that an unlawful employment practice has occurred. Under the provisions of the law, the parties are now required to engage in mandatory conciliation with Theodore R. Robinson. Please be prepared to appear for conciliation on the following date and time  Monday April 11, 2005 at 1:00 p. m.  at the location of 4425 North Market Street Wilmington, DE 19809.

Your cooperation and good faith effort is anticipated. Your corresponding Delaware Right to Sue Notice will be effective one day after your compliance with the conciliation effort.

The reasonable cause finding is based primarily on the following facts:

In a Discrimination case, Charging Party must prove that she was treated less favorably/terminated based on her sex and pregnancy. The evidence provided in this case established that Charging Party was discharged in a discriminatorily biased manner based upon her sex and pregnancy. According to Title VII of the Civil Rights Act of 1964 Charging Party must successfully established that the Respondent did not hold open her employment position for her pregnancy related absence. The evidence did show that the Respondent ended the employment relationship prior to the conclusion of Charging Party's scheduled maternity leave. Respondent offered an explanation but did not provide sufficient evidence to support their position. Therefore, Charging Party has met her burden of proof in this case.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Unit. See the attached Notice of Rights.

_3/31/05_
Date issued

_Julie K. Cutler_
Julie K. Cutler, Administrator

_____
Date conciliation completed

_____
Julie K. Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-12RC : 12/04

STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION UNIT

Ms. Renee Butz
58 Hickory Drive,
North East, MD 21901
vs.
Lawns Unlimited C/o
Wilson, Halbrook & Bayard
15089 Coastal Hwy
Milton, DE 19968
Attn: Eric C. Howard, Esq.

Case Number 04020302

### FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

*Reasonable Cause Determination and Notice of Mandatory Conciliation.*

In this case, the Department has completed its investigation and found that there is reasonable cause to believe that an unlawful employment practice has occurred. Under the provisions of the law, the parties are now required to engage in mandatory conciliation with Theodore R. Robinson. Please be prepared to appear for conciliation on the following date and time  Monday April 11, 2005 at 1:00 p.m.  at the location of 4425 North Market Street Wilmington, DE 19809.

Your cooperation and good faith effort is anticipated. Your corresponding Delaware Right to Sue Notice will be effective one day after your compliance with the conciliation effort.

The reasonable cause finding is based primarily on the following facts:

In a Discrimination case, Charging Party must prove that she was treated less favorably/terminated based on her sex and pregnancy. The evidence provided in this case established that Charging Party was discharged in a discriminatorily biased manner based upon her sex and pregnancy. According to Title VII of the Civil Rights Act of 1964 Charging Party must successfully established that the Respondent did not hold open her employment position for her pregnancy related absence. The evidence did show that the Respondent ended the employment relationship prior to the conclusion of Charging Party's scheduled maternity leave. Respondent offered an explanation but did not provide sufficient evidence to support their position. Therefore, Charging Party has met her burden of proof in this case.

DOL Form C-12RC : 12/04

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

**ENTER CHARGE NUMBER**
☐ FEPA 04020302
☐ EEOC 17CA400296

__Delaware Department of Labor__ and **EEOC**
(State, or local Agency, if any)

| | |
|---|---|
| **NAME** (Indicate Mr., Mrs., Ms) Renee Marie Butz | **HOME TELEPHONE NO.** (Include Area Code) (302) 832-1704 |
| **STREET ADDRESS** 2 Cymbal Court   **CITY, STATE AND ZIP CODE** Newark DE 19702 | **COUNTY** NCC |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** (If more than one, list below.)

| NAME Lawns Unlimited, Ltd. | NO. OF EMPLOYEES OR MEMBERS 23 | TELEPHONE NUMBER (Incl. Area Code) (302) 645-5296 |
|---|---|---|
| STREET ADDRESS 15089 Coastal Hwy   CITY, STATE AND ZIP CODE Milton, DE 19968 | | |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| STREET ADDRESS   CITY, STATE AND ZIP CODE | |

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☐ AGE
☐ RETALIATION ☐ DISABILITY ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST 09/01/03
LATEST 12/23/2003
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed, attached extra sheet(s):

I. I am a female individual who began working for Respondent on 09/01/02 most recently as an Office Manager. In April 2003 I informed Respondent that I was pregnant and would be taking maternity leave once the baby was born. During my pregnancy Ed Fleming (President/Owner) and Jeanne Fleming (Owner/Treasurer) made numerous comments about my pregnancy and what I should do after the baby was born in regards to staying home and being a homemaker. On 12/23/03 I went into labor and worked half a day and then went out on maternity leave. That same day in the evening Respondent contacted me at home and demanded I come into work the next day and sign an employment contract. The following day I was contacted by Respondent again and instructed to come to work. That same day I sent Respondent an email stating that I was on maternity leave and would return to work after six weeks. I did not report to work on 12/24/03 and it was during my maternity leave that Respondent terminated my employment.

II. Respondent states that my employment was terminated because I did not inform them of my intended leave from work to take care of my new baby.

III. I believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as ammended and the Delaware Discrimination in Employment Act based upon my pregnancy because: 1.Respondent was aware of my pregnancy from the time that I found out I was pregnant, 2. Respondent was aware that I would probably have the baby prior to my due date in January 2004, 3. On the day I went into labor I went to work and before leaving at 2pm I informed Respondent that I would begin my maternity leave effective immediately, 4.I informed Respondent that I would not be back to work until six weeks after the last date I worked and yet Respondent claims I abandoned my job. 5. Raul Rodriguez/Roberto Gonzales was absent from work for a period of 1 week due to a motor vehicle accident and was not terminated while he was out on medical leave.

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

**SIGNATURE OF COMPLAINANT**

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 2-17-04   Charging Party (Signature): Renee Butz

**NOTARY** - (When necessary to meet State and Local Requirements)

Subscribed and sworn to before me this date   (Day, month, and year)

EEOC FORM 5 REV 6/92   PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

**ENTER CHARGE NUMBER**

☐ FEPA
☐ EEOC

__Delaware Department of Labor__ and **EEOC**
(State, or local Agency, if any)

| | |
|---|---|
| **NAME** (Indicate Mr., Mrs., Ms)<br>Renee Marie Butz | **HOME TELEPHONE NO.** (Include Area Code)<br>(302) 832-1704 |
| **STREET ADDRESS**   **CITY, STATE AND ZIP CODE**<br>2 Cymbal Court   Newark DE 19702 | **COUNTY**<br>NCC |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** (If more than one, list below.)

| NAME<br>Lawns Unlimited, Ltd. | NO. OF EMPLOYEES OR MEMBERS 23 | TELEPHONE NUMBER (Incl. Area Code)<br>(302) 645-5296 |
|---|---|---|
| STREET ADDRESS   CITY, STATE AND ZIP CODE<br>15089 Coastal Hwy   Milton, DE   19968 | | |
| NAME | | TELEPHONE NUMBER (Include Area Code) |
| STREET ADDRESS   CITY, STATE AND ZIP CODE | | |

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☐ AGE

☐ RETALIATION  ☐ DISABILITY  ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST  09/01/03
LATEST  12/23/2003
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed, attached extra sheet(s)):

I. I am a female individual who began working for Respondent on 09/01/02 most recently as an Office Manager. In April 2003 I informed Respondent that I was pregnant and would be taking maternity leave once the baby was born. During my pregnancy Ed Fleming (President/Owner) and Jeanne Fleming (Owner/Treasurer) made numerous comments about my pregnancy and what I should do after the baby was born in regards to staying home and being a homemaker. On 12/23/03 I went into labor and worked half a day and then went out on maternity leave. That same day in the evening Respondent contacted me at home and demanded I come into work the next day and sign an employment contract. The following day I was contacted by Respondent again and instructed to come to work. That same day I sent Respondent an email stating that I was on maternity leave and would return to work after six weeks. I did not report to work on 12/24/03 and it was during my maternity leave that Respondent terminated my employment.
II. Respondent states that my employment was terminated because I did not inform them of my intended leave from work to take care of my new baby.
III. I believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as ammended and the Delaware Discrimination in Employment Act based upon my pregnancy because: 1. Respondent was aware of my pregnancy from the time that I found out I was pregnant, 2. Respondent was aware that I would probably have the baby prior to my due date in January 2004, 3. On the day I went into labor I went to work and before leaving at 2pm I informed Respondent that I would begin my maternity leave effective immediately, 4. I informed Respondent that I would not be back to work until six weeks after the last date I worked and yet Respondent claims I abandoned my job. 5. Raul Rodriguez/Roberto Gonzales was absent from work for a period of 1 week due to a motor vehicle accident and was not terminated while he was out on medical leave.

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

**SIGNATURE OF COMPLAINANT**

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

**NOTARY** - (When necessary to meet State and Local Requirements)

Date    Charging Party (Signature)    Subscribed and sworn to before me this date    (Day, month, and year)

EEOC FORM 5
REV 6/92

PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

# EEOC AFFIDAVIT

| Charge #: | Date: 02/17/04 |
|---|---|

## Charging Party Information

| | | | |
|---|---|---|---|
| Name: | Renee Marie Butz | | |
| Street: | 2 Cymbal Court | City: | Newark |
| County: | NCC    State: DE | Zip: | 19702 |
| Tel (H): | (302) 832-1704 | Tel (W): | |
| DOB: | Sex: Female | Race: | White |
| Nat'l Origin: | U.S. | SSN: | -7861 |

## Contact Person

Name:   Darlene Rizzo
Tel (H): (___) ___-____   Tel (W):
Address:

## Employment Information

Date of Hire: 09/01/02
Date of Termination: 12/23/03
Date of Alleged Violation: 12/23/03
Relief Sought: Other Damages
Check One: ☐ working   ☒ not working   ☐ sought employment at

## Respondent Information

Name:   Lawns Unlimited, Ltd.
Address: 15089 Coastal Hwy  Milton, DE  19968
Type of Business: Lawn Care
Size of Business: 23

## Basic Charge Data

| | |
|---|---|
| Receiving Office: 17C | Intake Unit: 1 |
| Accountable Office: 17C | Intake Officer: mss |
| Initial Inquiry: 01/23/04 | Respondent Type: E |
| Received this Office: 02/17/04 | County: 003 |
| Source of Complaint: A | SMSA: 9160 |
| Federal Referral Transfer: | SIC: 078 |
| Alleged Basis: GP | Federal Agency: |
| | Alleged Issues: T2, D2 |

## CONTINUATION OF AFFIDAVIT

1. **COVERAGE/RESPONDENT'S BUSINESS:**
   Lawn Care Services

2. **RELEVANT WORK HISTORY:**
   I. I ama female individual who began working for Respondent on 09/01/02 most recently as an Office Manager. In April 2003 I informed Respondent that I was pregnant and would be taking maternity leave once the baby was born. During my pregnancy Ed Fleming (President/Owner) and Jeanne Fleming (Owner/Treasurer) made numerous comments about my pregnancy and what I should do after the baby was born in regards to staying home and being a homemaker. On 12/23/03 I went into labor and worked half a day and then went out on maternity leave. The following day I was contacted by Respondent and instructed to come to work. I did not return to work and it was during my maternity leave that Respondent terminated my employment.

3. **PERSONAL HARM:**
   I believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as ammended and the Delaware Discrimination in Employment Act based upon my pregnancy because: 1.Respondent was aware of my pregnancy from the time that I found out I was pregnant, 2. Respondent was aware that I would probably have the baby prior to my due date in January 2004, 3. On the day I went into labor I went to work and before leaving at 2pm I informed Respondent that I would begin my maternity leave effective immediately, 4.I informed Respondent that I would not be back to work until six weeks after the last date I worked and yet Respondent claims I abandoned my job. 5. Raul Rodriguez/Roberto Gonzales was absent from work for a period of 1 week due to a motor vehicle accident and was not terminated while he was out on medical leave.

4. **RESPONDENT'S EXPLANATION FOR THE ALLEGED HARM AND ITS POLICIES AND PRACTICES:**
   Respondent states that my employment was terminated because I did not inform them of my intended leave from work to take of my new baby.

5. **DIRECT EVIDENCE:**
   See attached

6. 
   Debbie Watson (302) 9__ __ Home (
   
   I began training her 6 weeks prior to
   
   my

7. **COMPARATIVE DATA:**
   Raul Rodriguez/Roberto Gonzales (same person 2 names) took time off work for medical reasons and was not terminated

8. **CLASS HARM:**
   N/A

9. **REMEDY/RELIEF SOUGHT:**
   Other Damages

---

DATE AND INITIAL

PAGE #

<u>**CONTINUATION OF EEOC AFFIDAVIT**</u>

<u>**SIGNATURE PAGE**</u>

**This Affidavit has been prepared by a representative of the EEOC in an official capacity as part of an investigation. It has been read by me and I agree with the contents. Where changes (if any) were necessary, I have initialed such changes.**

If affidavit is signed before a Notary Public, complete the following:

                                                                                                                                 _____
Signature of Interviewee

State of _____            My Commission expires _____

County of _____

Subscribed and sworn to before me on

This     day of          ,

20   , at        .                              _____
                                                                      Signature of Notary Public

Sign below if affidavit is signed before an EEO Representative:

| I declare under the penalty that the foregoing is true and correct. | | | |
|---|---|---|---|
| DATE | SIGNATURE OF WITNESS | SIGNATURE OF EEOC REPRESENTATIVE | PAGE OF |
|  |  |  |  |

**PRIVACY ACT STATEMENT:** (This form is covered by the Privacy Act of 1974, Public Law 93-579. Authority for requesting and uses of the personal date are given below.)

1.     FORM NUMBER/TITLE/DATE: EEOC FORM 133, EEOC AFFIDAVIT, August 1985.

2.     AUTHORITY: 42: USC 2000e(9), 29 USC 201, 29 USC 621.

3.     PRINCIPAL PURPOSES. Provides a standardized format for obtaining from the Charging Party, Respondent and Witness sworn statements of information relevant to a charge of discrimination.

4.     ROUTINE USES. These affidavits are used to: (1) make an official determination regarding the validity of the charge of discrimination; (2) guide the Commission's investigatory activity; and (3) in Title VII, Equal Pay Act, and Age Discrimination in Employment Act litigation, to impeach or substantiate a witness's testimony.

5.     WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION: Voluntary. Failure to provide an affidavit has no effect upon the jurisdiction of the Commission to process a charge. However, sworn statements submitted by the parties are, of course, relied upon more heavily than unsworn statements in making determination as to the existence of unlawful discrimination.

**EEOC FORM 133 (8/85)**



**Lawn & Tree Health Care Specialists**
15089 COASTAL HWY. MILTON, DE 19968
(302) 645-5296  (302) 629-8873  (302) 678-5296
FAX (302) 645-5276

January 7, 2004

Renée Beauchemin Butz
2 Cymbal Court                                    **Via Cert. w/ Return Receipt**
Newark, De 19702

RE: Leave of Absence

Dear Renée;

I am writing in regards to your sudden leave of absence wherein you indicated you would be on maternity leave for six (6) weeks. I have several concerns regarding this issue.

First, you are well aware of our company policy that requires you to have prior written authorization signed by myself before any time off from your duties is permissible. For absences in excess of three (3) days, all employees are required to submit a request at least four (4) weeks prior to your intended date of leave. In accordance with the law, you must provide us with a written doctor's notice indicating that you require such time off. As of this date, you have not provided us with either of the above.

Our greater concern is that you told fellow co-workers, whom are willing to testify, that you never had any intentions of returning at all from your maternity leave. In fact you have sought and apparently accepted employment elsewhere. At this point, I feel I must make a professional employment decision based on information that I have. I have determined that you have terminated your employment with Lawns Unlimited, effective December 23, 2003, when you left the premises cleaning out your desk and taking all of your belongings.

Per conversation with our health insurance representative, your coverage disenrollment date is December 23, 2003. However, provided the insurance company will allow, Lawns Unlimited will extend your health insurance coverage through December 31, 2003. We will pay the premium for that extension on your behalf. I believe your main concern was covering the delivery of the baby. Having had your baby on December 30, 2003, this extension will allow those costs to be covered. Lawns Unlimited has now incurred a much higher premium as a result of your working for us for one (1) year and using the insurance to pay bills estimated to be in excess of $23,000.00, then leaving the company. Lawns Unlimited has never been in the practice of denying benefits to any employee. However, it is our belief that an employee will do as they say and stay long term with our company. We are disappointed when we see an employee, such as yourself, take advantage of the benefits, hours and overtime, etc. that we offer and abuse those privileges.

We wish you well with your new baby. If you have any questions or concerns, please feel free to contact me.

Respectfully Submitted,

*Edward Fleming*

Edward Fleming

**RETURN TO WORK OR SCHOOL**

**BAYSIDE HEALTH ASSOCIATION**

Lewes, DE ..................................................(302) 645-4700
Georgetown, DE ........................................(302) 856-3597
Ocean View, DE ........................................(302) 537-5395

Date _12/29/03_

This is to certify that

_Renee Beauchemin_

has been under my care for the following:

_Pregnancy_

and is able to return to work/school on _____

Remarks: _Please excuse from work 12/29/03 and 12/30/03._

_S. Berlin, M.D. / S. [illegible], LPN_
(SIGNATURE)

## Mike Butz

**From:** ReneeMButz@aol.com
**Sent:** Wednesday, December 24, 2003 1:00 PM
**To:** lawnsunlimited@msn.com
**Cc:** ReneeMButz@aol.com
**Subject:** Maternity Leave

To Ed and Jeanne-

This letter is to follow up with our conversation yesterday, December 23, 2003, concerning my maternity leave. As of 2:00 PM on December 23, 2003, I am officially on maternity leave. My intentions are to return back to work six weeks after the baby is born.

Sincerely,

Rene M. Butz

1/14/2004

## Mike Butz

**From:** ReneeMButz@aol.com
**Sent:** Wednesday, December 24, 2003 1:20 PM
**To:** lawnsunlimited@msn.com
**Cc:** ReneeMButz@aol.com
**Subject:** Answer to Payroll Question

To Ed-

This letter is to follow up with your concern about my doctor's appointments and lunch break. My doctor's appointments were during my scheduled 1 hour lunch break.

Sincerely,

Renee M. Butz

1/14/2004

Renee Butz
58 Hickory Drive
North East, MD  21901

June 2, 2005

The following is a brief synopsis of all of the events leading up to my contacting you for representation.

My name is Renee Butz; I started working for Lawns Unlimited LTD in September 2002 as the Office Manager. When I found out that I was pregnant in June 2003, I advised my employer (Ed and Jeanne Fleming) that same day. The Flemings and I discussed my plans to return to work after my maturity leave. I was to educate the office assistant on all my responsibilities before I left. As my due date came closer, the Fleming's started making comments and references to Jeanne being at stay home mother and how she did not decide this until after the birth of their first child. Also, comments were made to the fact that my husband was laid off when working for a company in Delmar, MD but was accepting a job in Wilmington. We were looking for a place that was half way between our jobs. They made comments of how anyone could commute more than half hour to work. I told them they I use to drive an hour to get to work before moving to Bethany Beach with my husband (Scott). Then comments were made about my overtime. I would come in early and/or leave late, worked through my lunch to get a lot of work done due to tax season, software conversion, projects, and training the office assistant on my responsibilities. Ed started deducting my overtime without prior notice but demanded certain work to be done before leaving. My doctor appointments were made up during my lunch hour most of the time. Due to the high-risk pregnancy, I was put on pelvic rest. This demanded more appointments. Ed and Jeanne had no problems with me leaving and making up the time, which I always did.

On December 23, 2003, I woke up around 5:30 AM in pain. I got myself ready for work and went to the hospital to make sure I was ok. The nurse told me I was 3 cm dilated and was told that I could have this baby anytime and that I should not be driving long distances. I got to work on time and advised Ed and Jeanne that I would be leaving around 12:00PM, noon, and will be starting my maternity leave. My husband and mother came to pick me up. As they were pulling in the driveway, Ed was leaving and waived to them. He also called me by radio and announced, "Your ambulance is here". I went over all the items with Debbie, the assistant I trained, and advised everyone that if they

needed me they could call. Later that evening, I received a phone call from Ed. He told me that I needed to come in to work the next morning for a meeting to discuss my employment with the company. I advised him that I was in no condition to drive and it would have to wait until after the baby was born or be discussed now. Ed became very angry. He demanded that Scott take off from work and drive me there so we could discuss my employment. I advised Ed that my intentions were to come back to work after the baby was born and the doctors released me. Ed became furious and started yelling. At this time, I started crying and told him I had to go.

The next morning (December 24, 2003 around 7 am) I received a phone call from Ed again. He told me that I needed to come in to work for the meeting. Once again, I explained to Ed that I was dilated and could not drive and I started my maternity leave yesterday. Ed became very angry and demanded that I have Scott take off (from his new job) and drive me down there to discuss my employment. I started crying and that is when my husband took the phone. Scott made several attempts to talk to Ed, but Ed would not listen to him. Scott tried several times to tell Ed that I was on maternity leave and I would be back to work once the doctors gave the ok.

Later that day, he left a message on my phone questioning my hours worked. At that time, I emailed Ed and Jeanne with my intentions to come back to work after my maternity leave and answered his question. The question was in regards to my lunch. I took my doctor appointment during my scheduled lunch break.

Several days later, I received another phone call from Ed. He needed help with the computer program, which I was able to walk him through it. At that time, nothing was said about my leave or my employment.

I gave birth to my child on December 30, 2003 (c-section). I received a certified letter on January 23, 2004, that was dated January 17, 2004, stating that my employment with Lawns Unlimited was terminated as of December 23, 2003. The letter also stated that I had abandoned my job and that my pregnancy has cost him too much money on his insurance. Therefore my insurance was canceled as of December 30, 2003. On January 26, 2004, Michael Butz (father in law) called Ed to talk to him about the letter. Michael explained to Ed that I was going to return to work and what he did was illegal. Ed told Michael that it was his business and he could whatever he wanted. Michael advised him, that he still had to obey employment laws and that he should reinstate my job and my benefits. Ed told him that the only way I could get my job back was to sign a labor contract stating I would work there for extended period of time. Michael called me to inform me of the conversation, but I refused to sign any such paper work.

I was denied insurance on my child and myself (before I found a job) due to lapse in insurance, I lost all my vacation, sick, personal time, pay increase, and bonus. And we were hit with a lot of medical bills that were not covered. Also, Cobra was never offered to me.

I filed for unemployment and filed a pregnancy discrimination claim with the Delaware Department of Labor.

I was granted unemployment compensation, but Ed with his attorney appealed this. The decision was made in my favor regarding the unemployment by the individual hearing the appeal. Ed attempted to appeal again, but was too late with his paperwork.

Ed was found guilty of sexual discrimination by the Delaware Department of Labor. The state asked for the two parties to meet with a mediation officer, but Ed did not show for the mediation. We have since been provided with a "Right to Sue" document and now we are seeking a lawyer to represent my husband and me.

Sincerely,

Renee Butz