IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE M. BUTZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LAWNS UNLIMITED LTD. and )<br>EDWARD FLEMING, )<br>)<br>Defendants. ) | Civ. No. 05-495-JJF<br>Judge Joseph J. Farnan Jr. |

PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff hereby moves this Court to appoint counsel to represent her in her claims of discrimination under Title VII. Plaintiff relies on the following in support of her motion:

1. Plaintiff's Complaint requests that the Court appoint legal counsel to represent her in prosecuting her claims under Title VII;

2. Materials received from the EEOC reflect that should plaintiff be unable to retain representation, counsel may be appointed;

3. Plaintiff has made numerous and repeated attempts to retain counsel but to no avail; and

4. Plaintiff's claims may have intricacies that plaintiff does not have knowledge nor the skill to argue and defend.

WHEREFORE, plaintiff prays this Court to appoint counsel to represent her in her claims of Title VII discrimination against defendants in this action.

*Renee Butz*
Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410) 441-4300
Plaintiff pro se

Dated: 8/7/06

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RENEE M. BUTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-495-JJF |
| | ) | Judge Joseph J. Farnan Jr. |
| LAWNS UNLIMITED LTD. and | ) | |
| EDWARD FLEMING, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

There is no constitutional right to appointed counsel for employment discrimination claims. Ivey v. Board of Regents of Univerity of Alaska, 673 F.2d 266 (9th Cir. 1982). It is, however, within the court's discretion to grant a request for counsel under Title VII and upon application to a district court, the court may if it deems just, appoint an attorney for the plaintiff. 42 U.S.C.. § 2000e-5(f)(1).

In deciding whether to appoint counsel, a court should first determine whether the plaintiff's claims have merit. Holden v. Simpson Thatcher & Barlett, 2003 U.S. Dist. LEXIS 18509 (S.D.N.Y. Oct. 15, 2003). Once satisfying the threshold requirement of demonstrating that the plaintiff's position is likely to be of substance, the court should then consider: 1) plaintiff's ability to investigate the facts; 2) whether cross-examination would be the major proof presented to the fact-finder; 3) plaintiff's ability to present the case; 4) complexity of legal issues; and 5) why appointment of counsel would be just. Id. Some courts have also looked at

the efforts made by plaintiff to secure counsel on his own. Caston v. Sears, Roebuck & Co., 556 F.2d 1305 (5th Cir. 1977).

In the instant case, plaintiff alleges, *inter alia*, that she has been subjected to discrimination because of her pregnancy and contents that she was treated differently from co-workers because of the pregnancy. Plaintiff's receipt of a Right to Sue Letter from the Equal Employment Opportunity Commission suggests that her claims of discrimination as stated in her Complaint may have merit.

Additionally, given the nature of the allegations made in plaintiff's Complaint, it is likely that credibility issues will be at the heart of plaintiff's case. Cross-examination would constitute major proof presented to the fact-finder in plaintiff's case and someone skilled in the art of advocacy is, therefore, vital to plaintiff's ability to present her case. Furthermore, inasmuch as this is an action in which the plaintiff alleges that she was a victim of unlawful discrimination, complex legal issues involving shifting burdens of persuasion will necessarily have to be addressed. Plaintiff does not possess any particular knowledge or skill that would enable her to prosecute her claims of unlawful discrimination against the defendants in this case. It would therefore be unjust for this Court to allow plaintiff to proceed with the prosecution of her claims without the benefit of counsel.

Finally, Plaintiff did not view the matter lightly when she decided to file her Title VII case *pro se*. Prior to filing her Complaint, Plaintiff sought the representation of counsel by contacting numerous attorneys. [see Appendix A.] All refused to handle plaintiff's case and thus demonstrate her inability to secure counsel.

WHEREFORE, it would be reasonable and appropriate based upon the arguments presented for this Court to grant plaintiff's Motion for Appointment of Counsel.

*Renee Butz*
Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410) 441-4300
Plaintiff pro se

Dated: 8/7/06 .

**Appendix A**

**List of Attorneys Contacted**

Richard R. Weir Jr.
2 Mill Road
Suite 200
Wilmington, DE 19806
302-888-3222

Aber, Goldlust, Baker, & Over
702 King Street
Wilmington, DE 19899
302-472-4900

Knepper & Stratton
1228 N. King Street
Wilmington, DE 19801
302-658-1717

Young, Conaway, Stargatt, & Taylor LLP
110 West Pine Street
Georgetown, DE 19947
302-856-3571

Potter, Anderson, & Corroon LLP
1313 N. Market Street
Wilmington, DE 19899
302-984-6000

Katherine Witherspoon
1000 West Street
Wilmington, DE 19801
302-552-4203

Smith, Katzenstein, & Furlow LLP
800 Delaware Avenue
Wilmington, DE 19899
302-652-8400

Montgomery, McCracken, Walker, & Rhoads LLP
300 Delaware Avenue
Wilmington, DE 19801
302-504-7800

**Appendix A**
(Continued)

Parkowski, Guerke & Swayze
116 W. Water Street
Dover, DE 19904
302-678-3262

Murphy, Spadara, & Landon
1011 Centre Road
Wilmington, DE 19805
302-472-8100

Obermayer, Rebmann, Maxwell, & Hippel
3 Mill Road
Wilmington, DE 19806
302-655-9094

Rawle & Henderson LLP
300 Delaware Avenue
Suite 1015
Wilmington, DE 19899
302-778-1200

The Bayard Firm
222 Delaware Avenue
Wilmington, DE 19899
302-655-5000

Dilworth Paxson LLP
First Federal Plaza
Wilmington, DE 19801
302-571-9800

Morris, James, Hitchens, & Williams LLP
16 Polly Drummond Hill Road
Newark, DE 19711
302-368-4200

Harry Barnes III
215 E Main Street
Elkton, MD 21921
410-398-2345

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within 90 days of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit before 7/1/98 -- not 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA backpay recovery period.

ATTORNEY REPRESENTATION -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RENEE M. BUTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-495-JJF |
| | ) | Judge Joseph J. Farnan Jr. |
| LAWNS UNLIMITED LTD. and | ) | |
| EDWARD FLEMING, | ) | |
| | ) | |
| Defendants. | ) | |

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Appointment of Counsel and Memorandum in Support were sent by first-class United States mail, postage duly paid, on this __9TH__ day of __August__, 2006, to counsel of record as follows:

Eric C. Howard, Esquire
Wilson, Halbrook & Bayard
107 West Market Street
P. O. Box 690
Georgetown, DE 19947

_____Renee Butz_____
Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410) 441-4300
Plaintiff pro se

Dated: 8/7/06