IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RENEE M. BUTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-495-JJF |
| | ) | Judge Joseph J. Farnan Jr. |
| LAWNS UNLIMITED LTD. and | ) | |
| EDWARD FLEMING, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

TO:   Eric C. Howard, Esquire
      Wilson, Halbrook & Bayard
      107 West Market Street
      P. O. Box 690
      Georgetown, DE 19947
      COUNSEL FOR DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Renee M. Butz (hereinafter "Plaintiff") hereby propounds and serves the following written interrogatories to Defendants Edward Fleming and Lawns Unlimited Ltd. (hereinafter collectively "Defendant"), to be answered under oath within 30 days after service. These interrogatories are deemed to be continuing. The answers to said interrogatories are to be kept current so as to require further or supplemental answers between the time the interrogatories are served and the time of hearing or trial. If any of the interrogatories cannot be answered in full, they should be answered to the extent possible.

### GENERAL INSTRUCTIONS

1. You shall supply information responsive to these interrogatories, whether such information is in your direct or indirect possession, custody, or control. If you cannot answer

any interrogatory fully, answer the interrogatory to the extent possible and state your inability, and the reason for your inability, to answer the remainder of the question.

2. If you claim any privilege as to any document covered by these interrogatories, please furnish a list identifying such document, and providing the following information with respect to each:

(a) a description of the document sufficiently particular to identify it for purposes of a court order;

(b) the date of the document;

(c) the number of pages of the document;

(d) a list of all persons who participated in the preparation of the document;

(e) a list of all persons who have received or reviewed copies of the document;

(f) a list of all persons to whom the document was circulated, or its contents communicated; and

(g) the nature of the protection claimed.

3. If you claim that the attorney-client privilege or any other privilege applies to any communications other than documents sought by these interrogatories, the response shall include the following information:

(a) the date or approximate date of the communication;

(b) a description of the subject matter of the communication;

(c) each and every person who attended, participated in, or overheard the communication;

  (d) each and every document that relates to the substances of the communication; and

  (e) The nature of the privilege asserted and any statutes or rules that you contend support your assertion of privilege.

4. The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

5. "You" and/or "your" refer to the Defendant and/or its agents or representatives.

6. Any reference to "and" includes "or." Any reference to "or" includes "and." Any reference to the singular includes the plural. Any reference to the plural includes the singular. Any reference to the masculine, feminine or neuter includes the masculine, feminine and neuter.

7. "Identify", when referring to a natural person, shall mean to state the person's full name, present or last known home address and telephone number, and present or last known business address and telephone number.

8. "Identify", when referring to a document and/or written communication, shall mean to provide a description of the document sufficiently particular to identify it, the date of the document, the number of pages of the document, a list of all persons who participated in the preparation of the document, a list of all persons who have received or reviewed copies of the document, a list of all persons to whom the document was circulated, or its contents communicated, and the current location of the document.

## INTERROGATORIES

1.   Describe with particularity all facts supporting Defendant's allegation that Plaintiff abandoned her employment with Defendant in December 2003.

**RESPONSE:**

2.   Identify each and every document supporting, evidencing, or in any way relating to Defendant's allegation that Plaintiff abandoned her employment with Defendant in December 2003.

**RESPONSE:**

3.   Set forth in detail how Defendant's employees are made aware of company employment policies and practices.

**RESPONSE:**

4. Set forth with specificity Defendant's leave request policy in effect during the period February 1, 2002 and December 31, 2003, and how employees are generally made aware of the policy.

**RESPONSE:**

5. Set forth in detail the process by which an employee would be granted a medical or non-medical leave under Defendant's leave policy.

**RESPONSE:**

6. Set forth in detail how Plaintiff advised the company of her plan to take maternity leave in late 2003 or early 2004.

**RESPONSE:**

7. Set forth in detail any eligibility requirements for employees to obtain medical insurance coverage under Defendant's insurance plan.

**RESPONSE:**

8. Set forth in detail the amount of any weekly, bi-monthly or monthly premium Defendant's employees are required to pay for insurance coverage under Defendant's insurance plan.

**RESPONSE:**

9. Set forth in detail any and all employment benefits regular, full-time employees of Defendant are entitled.

**RESPONSE:**

10.     Identify all individuals having knowledge of the facts surrounding Plaintiff's complaint giving rise to this civil action.

**RESPONSE:**




11.     Set forth the amount of each year-end bonus Defendant paid to its employees during the years 2002, 2003, 2004, 2005 and 2006.

**RESPONSE:**




12.     Set forth the amount of each wage increase Defendant paid to its employees during the years 2002, 2003, 2004, 2005 and 2006.

**RESPONSE:**

13. Identify all witnesses Defendant intends to call at the trial of this civil action.

**RESPONSE:**

14. Identify all expert witnesses Defendant intends to call at the trial of this civil action.

**RESPONSE:**

*/s/ Renee M Butz*
Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410) 441-4300
Plaintiff pro se

Dated: 9/27/06

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RENEE M. BUTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-495-JJF |
| | ) | Judge Joseph J. Farnan Jr. |
| LAWNS UNLIMITED LTD. and | ) | |
| EDWARD FLEMING, | ) | |
| | ) | |
| Defendants. | ) | |

AFFIDAVIT OF SERVICE

I hereby affirm that a true and correct copy of the foregoing Plaintiff's First Set of Interrogatories to Defendants was sent by first-class United States mail, postage duly paid, on this 27th day of September, 2006, to counsel of record as follows:

Eric C. Howard, Esquire
Wilson, Halbrook & Bayard
107 West Market Street
P. O. Box 690
Georgetown, DE 19947

*Renee M. Butz*
Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410) 441-4300
Plaintiff pro se

Dated: 9/27/06