IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RENEE M. BUTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-495-JJF |
| | ) | Judge Joseph J. Farnan Jr. |
| LAWNS UNLIMITED LTD. and | ) | |
| EDWARD FLEMING, | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFF'S INITIAL DISCLOSURES
PURSUANT TO FED. R. CIV. P. 26(a)(1)

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Renee M. Butz [hereinafter referred to as "Plaintiff"], makes the following initial disclosures:

1. <u>Persons with knowledge</u>. The following are persons who are likely to have information that Plaintiff may use to support her claims in this case:

| Name | Knowledge |
|---|---|
| Renee M. Butz | Facts surrounding claim of pregnancy discrimination against Defendants. |
| Cheryl Sottnick | Plaintiff's employment verification with Cecil County Government |
| Jessie Maranto | Defendant's comments regarding plaintiff's work performance. |
| Donna Nichols | Defendant's employment processes. |
| Dina Alderucci | Defendant's leave of absence policy and coverage for plaintiff while out on leave. |
| Laurie Schaltz | Defendant's company practices. |
| Scott Butz | Plaintiff's leave of absence request and defendant's awareness of pregnancy and acknowledgement of leave. |
| Edward Fleming | Plaintiff's leave of absence request, pregnancy and employment termination. |
| Debbie Watson | Plaintiff's termination of employment. |
| Jack Westog | Status of plaintiff's pregnancy and upcoming leave. |
| Bruce Triplett | Status of plaintiff's pregnancy and upcoming leave. |

Mauricio Mirands  Defendant's company practice in applying medical leave of absence requests.

Plaintiff's investigation and discovery concerning this case is continuing and, if additional information is obtained after the date of these disclosures, Plaintiff will supplement these disclosures according to Fed. R. Civ. P. Rule 26(e).

  2.  <u>Documents</u>. Attached are true and correct copies of those documents, data compilations, and tangible things that Plaintiff may use to support her claims in this case. A brief inventory is set out below:

List of Documents, Data Compilations, and Tangible Items Disclosed

(a) 12/24/03 email giving notices of maternity leave & intent to return
(b) 2/3/04 email sending resume to Cecil County Government
(c) Plaintiff's cell phone bills for December 2003
(d) Plaintiff's termination letter dated January 7, 2004
(e) Cecil County Government's February 11, 2004 offer letter
(f) Cecil County Government's February 18, 2004 Welcome Letter
(g) 3/01/04 Acknowledgement of Cecil County Government's policies, procedures, & benefits
(h) 1/06/05 Acknowledgement of Cecil County Government's policies, procedures, & benefits
(i) Employment Application for Cecil County Government
(j) Plaintiff's OB/GYN records with Bayside Health OB/GYN
(k) Plaintiff's Hospital records with Beebe Medical Center
(l) HIPPA Notification Form received from Defendants

  In addition to the documents already disclosed, Plaintiff also has within her custody, control, or possession copies of various publicly available documents she may use to support her claims in this case. Because these documents are publicly available, they are disclosed by description only:

(a) Plaintiff's timecards with defendants;
(b) UC Notice of Determination dated January 25, 2004
(c) UC Affidavit of Statement and Assignment of Claim for Wages dated February 17, 2004
(d) UC Referee's Decision dated March 26, 2004
(e) DDOL Right to Sue Letter
(f) DDOL Investigation File
(g) EEOC Right To Sue Letter

Plaintiff's investigation and discovery concerning this case is continuing and, if additional information is obtained after the date of these disclosures, Plaintiff will supplement these disclosures according to Fed. R. Civ. P. Rule 26(e).

3.  Damages. Plaintiff's suit is intended to recover damages suffered by Plaintiff for the conduct set forth in the First Amended Complaint. The damages claimed by Plaintiff fall into the following categories:

(a) Medical expenses. At present, plaintiff calculates these damages as follows: $17,410.63.

(b) Loss of earnings. At present, plaintiff calculates these damages as follows: $95,453.36.

(c) Pain and suffering and emotional distress. There is no fixed measure for these types of damages, but Plaintiff is seeking to recover at least $25,000.00 on the basis that she was deprived of the maternity leave she had anticipated spending with the newborn, and that as a consequence of the actions of defendant, plaintiff suffered emotional distress for which she received medical care.

(d) Punitive or Exemplary Damages. There is no fixed measure for these types of damages, but Plaintiff is seeking to recover at least $50,000.00 on the basis that defendants singled out plaintiff because of her pregnancy and treated her differently regarding her upcoming medical leave than other employees had been similarly treated regarding medical or non-medical leave situations.

These initial computations are subject to continuing analysis and will be revised or supplemented if and as necessary according to Fed. R. Civ. P. 26(e), except for normal increases

in past damages and claims of interest, all of which should be assumed by the parties and which do not call for any specific supplementation.

    4.    <u>Insurance Agreements</u>. Plaintiff is without knowledge to state what insurance policies, if any, that Defendant may have to satisfy part or all of any judgment that may be entered in this action.

Plaintiff's investigation and discovery concerning this case is continuing and, if additional information is obtained after the date of these disclosures, Plaintiff will supplement these disclosures according to Fed. R. Civ. P. Rule 26(e).

    5.    <u>Privileged matters not disclosed</u>.  None at this time.

*Renee M. Butz* (signature)
Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410) 441-4300

Plaintiff pro se

Dated: 9/27/06.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RENEE M. BUTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-495-JJR |
| | ) | Judge Joseph J. Farnan Jr. |
| LAWNS UNLIMITED LTD. and | ) | |
| EDWARD FLEMING, | ) | |
| | ) | |
| Defendants. | ) | |

AFFIDAVIT OF SERVICE

I hereby affirm that a true and correct copy of the foregoing Plaintiff's Initial Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1) was sent by first-class United States mail, postage duly paid, on this 27 day of September 2006, to counsel of record as follows:

Eric C. Howard, Esquire
Wilson, Halbrook & Bayard
107 West Market Street
P. O. Box 690
Georgetown, DE 19947

_Renee M. Butz_
Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410) 441-4300
Plaintiff pro se

Dated: 9/27/06