IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE M. BUTZ, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 05-495-JJF |
| LAWNS UNLIMITED LTD. and EDWARD FLEMING, | : |
| Defendants. | : |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion For Appointment Of Counsel (D.I. 17). For the reasons discussed, the Motion will be denied.

**I. BACKGROUND**

On July 17, 2005, Plaintiff filed this gender discrimination action pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff alleges that the discrimination occurred in connection with her employment from September 1, 2003, through January 7, 2004. On January 11, 2006, the Court denied Plaintiff's Motion To Proceed In Forma Pauperis (D.I. 5). On June 9, 2006, the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue. On August 9, 2006, Plaintiff filed a Motion For Appointment Of Counsel. On August 16, 2006, Plaintiff filed an Amended Complaint.

**II. DISCUSSION**

By her Motion, Plaintiff contends that she has made numerous and repeated attempts to obtain legal representation without

success. Plaintiff further contends she may not have the knowledge or skill to argue and defend her case. Defendants did not file a response.

Under Title VII of the Civil Rights Act, upon motion by the complainant, a court may appoint counsel for a complainant if it deems appointment just. 42 U.S.C. § 2000e-5(f)(1). Title VII affords district courts broad discretion in determining whether appointment of counsel in a discrimination case is appropriate, similar to such an inquiry with respect to an indigent civil litigant under 28 U.S.C. § 1915. The Third Circuit developed a list of criteria to aid district courts in weighing whether to request an attorney to represent an indigent civil litigant. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). As a threshold matter, the Court must assess whether the claimant's case has some arguable merit in fact and law. Id. at 155. If a claimant overcomes this initial hurdle, the Court may then consider the following non-exhaustive list of factors:

   1. the plaintiff's ability to present his or her own case;

   2. the difficulty of the particular legal issues;

   3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

   4. the plaintiff's capacity to retain counsel on his or

her own behalf;

5. the extent to which a case is likely to turn on credibility determinations; and

6. whether the case will require testimony from expert witnesses.

Id. at 155-57.  Additional factors to consider with respect to a Title VII case are the efforts taken by a plaintiff to obtain counsel and the plaintiff's financial ability to retain counsel.  See Hicks v. ABT Associates, Inc., 572 F.2d 960, 969 (3d. Cir. 1978); Caston v. Sears, Roebuck & Co., 556 F.2d 1305, 1309 (5th. Cir. 1977).

Keeping in mind the practical considerations cited above and exercising the broad discretion offered the Court, the Court concludes that the appointment of counsel is not warranted at this time.  Arguably, Plaintiff has a claim for relief because the EEOC granted Plaintiff a Notice of Right to Sue.  However, Plaintiff has demonstrated the ability to present her own case by making several filings and discovery requests.  Additionally, Plaintiff has demonstrated some knowledge of the legal system and ability to participate in factual investigation via the discovery process.  Further, although Plaintiff has indicated that, in seeking representation, she has contacted numerous attorneys without success, Plaintiff has not indicated that her search was exhaustive or that she sought assistance from organizations that

3

frequently offer assistance to pro se litigants with meritorious claims. Because Plaintiff is not confined, her access to legal resources and attorney contacts is not restricted. Finally, for the reasons the Court denied Plaintiff's Motion To Proceed In Forma Pauperis (D.I. 5), the Court finds that Plaintiff has some ability to pay for counsel. Accordingly, the Court will deny Plaintiff's Motion For Appointment Of Counsel.

### ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion For Appointment Of Counsel (D.I. 17) is **DENIED**.

November 16, 2006

_____
UNITED STATES DISTRICT JUDGE