IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE M. BUTZ, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 05-495 (JJF) |
| ) | |
| LAWNS UNLIMITED LTD., AND, ) | |
| EDWARD FLEMING ) | |
| Defendants. ) | |
| ) | |

## **DEFENDANTS' RULE 36(b) MOTION TO WITHDRAW ADMISSIONS**

Defendants, by and through their undersigned counsel, hereby move pursuant to Rule 36(b) of the Federal Rules of Civil Procedure to withdraw Defendants' admissions to Plaintiff's First Request for Admissions and to be permitted to respond to such requests. The reasons in support of this Motion are set forth in Defendants' Memorandum of Law in Support of its Motion to Withdraw Admissions, filed contemporaneously herewith.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca
William W. Bowser (No. 2239)
Margaret M. DiBianca (No. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
Email: mdibianca@ycst.com
Attorneys for Defendants

DATED: December 27, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RENEE M. BUTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-495 (JJF) |
| | ) | |
| LAWNS UNLIMITED LTD., AND, | ) | |
| EDWARD FLEMING | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
RULE 36(b) MOTION TO WITHDRAW ADMISSIONS**

William W. Bowser (No. 2239)
Margaret M. DiBianca (No. 4539)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
Email: mdibianca@ycst.com
Attorneys for Defendants

DATED: December 27, 2006

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT .............................................................................................................................1

   I.   BACKGROUND OF THE PRESENT MOTION ...................................................1

      A.  Defendants' Pending Motion to Re-open Discovery ..........................................1

      B.  Factual Background .............................................................................................1

   II.  ANALYSIS.................................................................................................................3

      A.  The Merits of the Case Will Be Promoted Only if the Present Motion
          is Granted............................................................................................................3

      B.  Plaintiff Is Not Prejudiced by Defendants' Request ...........................................4

   III. CONCLUSION..........................................................................................................6

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Aubrey Rogers Agency, Inc. v. AIG Life Insurance Company*,
   55 F. Supp. 2d 309, 313-14 (D. Del. 1999) ............................................................. 3, 4, 5

*Brook Village N. Assoc. v. Gen. Elec. Co.*,
   686 F.2d 66 (1st Cir. 1982) ............................................................................................. 5

*Clark v. City of Munster*,
   F.R.D. 609 (N.D. Ind. 1987) ........................................................................................... 5

*Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co.*,
   123 F.R.D. 97 (D. Del. 1988) ..................................................................................... 3, 4, 5

*Gutting v. Falstaff*,
   710 F.2d 1309 (8th Cir. 1983) ........................................................................................ 5

*Kirtley v. Sovereign Life Ins. Co.*,
   212 F.3d 551 (10th Cir. 2000) ........................................................................................ 5

*Perez v. Miami-Dade County*,
   297 F.3d 1255 (11th Cir. 2002) ...................................................................................... 3

*Petrunich v. Sun Bldg. Sys., Inc.*,
   3:CV-04-2234, 2006 U.S. Dist. LEXIS 69043,
   at *10 (M.D. Pa. Sept. 26, 2006) .................................................................................... 6

*Raiser v. Utah County*,
   409 F.3d 1243 (10th Cir. 2005) ...................................................................................... 6

*Revlon Consumer Prods Corp. v. L'Oreal S.A.*,
   170 F.R.D. 391 (D. Del. 1997) ....................................................................................... 4

*Skoczylas v. Atl. Credit & Fin., Inc.*,
   C.A. No. 00-5412, 2002 U.S. Dist. LEXIS 429,
   at *10 (E.D. Pa. Jan. 14, 2002) ................................................................................... 4, 5

*U.S. v. Branella*,
   972 F. Suppp. 294 (D.N.J. 1997) ................................................................................... 5

*U.S. v. Gold Acres*,
   684 F. Supp. 96 (D. Del. 1988) ...................................................................................... 5

**Rules**

Fed. R. Civ. P. 36(a) ................................................................................................................... 3

Fed. R. Civ. P. 36(b) ................................................................................................................... 3

DB02:5680047.1                                                                                                                                 065789.1001

**ARGUMENT**

I. **BACKGROUND OF THE PRESENT MOTION**

    A. **Defendants' Pending Motion to Re-open Discovery**

The present case is currently at a standstill. The discovery period closed without any completed discovery by the parties. Defendants, concerned about the lack of communication from their counsel and concerned that they may be missing court-ordered deadlines, retained the undersigned as new counsel. Defendants filed their Motion to Extend Discovery on December 7, 2006, in which they requested that the Court reopen the discovery period. (D.I. 36). Plaintiff filed her Response to Defendants' Motion on December 15, 2006. (D.I. 37).

In her Response, Plaintiff does not object to the discovery period being reopened to allow both parties to notice depositions, serve discovery requests, and otherwise participate in the discovery process. Plaintiff does, however, object to Defendants' request that, upon the reopening of discovery, any previously filed discovery requests be re-filed and assigned a current deadline so they may be properly answered.

Because it appears that Plaintiff takes objection only to the effect a reopened discovery period would have on her previously filed discovery requests, Defendants file the present Motion in lieu of filing a Reply to Plaintiff's Response to Defendants' Motion to Extend.

    B. **Factual Background**

On September 27, 2006, Plaintiff made several filings including: Plaintiff's First Interrogatories (D.I. 22); Plaintiff's First Request For Production (D.I. 21); Plaintiff's First Request for Admission (D.I. 23); Notice to Take the Deposition of

Edward Fleming (D.I. 24); and Plaintiff's Initial Disclosures and supporting documents (D.I. 25 & 26).

Pursuant to the Court's Scheduling Order, discovery closed on October 17, 2006. (D.I. 20). Plaintiff had noticed Defendant Fleming's deposition to be held four weeks after the close of discovery, on November 13, 2006. Defendants' responses to Plaintiff's discovery requests were due on October 27, 2006.

Defendants' former counsel had not informed Defendants of the pending requests or the consequences of missing the thirty day deadline. Instead of filing responses to Plaintiff's discovery requests on October 27, 2006, Defendants' former counsel, Eric Howard, sent a letter to Defendant Fleming asking him to review the discovery requests, gather responsive information and be prepared to speak about the responses on the phone the following week. See Exhibit 1. On the same day, Howard sent an e-mail to Plaintiff requesting an extension of the deadline. Plaintiff agreed to a seven-day extension, whereby Defendants' responses would be due November 6, 2006. See Exhibit 2.

Defendant Fleming prepared notes and gathered information and documents as instructed by Howard's letter. He then called Howard several times but received no return call. Anxious about the possibility of an impending deadline, Fleming then sought new counsel and retained the undersigned on November 10, 2006. (D.I. 33 & 34). Upon review of the Court's docket report, new counsel became aware of the missed deadlines and contacted Plaintiff to determine how she wished to proceed.

Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, a request is deemed admitted if not answered within thirty days. Fed. R. Civ. P. 36(a). Rule 36(b) further provides that, upon motion, the Court may permit a withdrawal or amendment of the admission. Fed. R. Civ. P. 36(b). Defendants respectfully request permission to withdraw the deemed admissions.

## II.    ANALYSIS

The Court may permit withdrawal or amendment when "[1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission failed to satisfy the court that withdrawal or amendment would prejudice the party in maintaining the action or defense on the merits." *Id.; See Perez v. Miami-Dade County*, 297 F.3d 1255, 1265 (11th Cir. 2002). Thus, Rule 36 emphasizes "the importance of having an action resolved on the merits, while at the same time assuring each party that justified reliance on admission in preparation for trial will not prejudice him." *Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co.*, 123 F.R.D. 97, 103 (D. Del. 1988).

### A.    The Merits of the Case Will Be Promoted Only if the Present Motion is Granted

The merits of the present action certainly will be promoted if the Court permits Defendants to withdraw the deemed admissions and to file their responses. In *Aubrey Rogers Agency, Inc. v. AIG Life Insurance Company*, Chief Judge Schwartz permitted the withdrawal of admissions where the defendant filed its responses to the plaintiff's requests for admissions eight months after the expiration of the deadline to respond. 55 F. Supp. 2d 309, 313-14 (D. Del. 1999). The plaintiff argued that the responses were untimely and should be deemed admitted. *Id.* Using the two-prong

3

analysis proscribed by Rule 36(b), the Court found that the merits of the action would be subserved by allowing the defendant to withdraw its admissions.

In support of its holding, the Court pointed to the timing of the responses. The defendant had filed its responses before "any significant discovery was conducted in the case." *Id.* at 314. The Court also pointed out that no depositions had yet been taken, which further supported the conclusion that a withdrawal was appropriate. *Id.*

Similarly, in the present case, no discovery has yet occurred. Plaintiff has issued requests but no responses have been filed. Further, no depositions have been taken. Because of the unusual procedural history of this case and the complete lack of discovery, the merits of the case could only be subserved by permitting the withdrawal of the admission.

### B. Plaintiff Is Not Prejudiced by Defendants' Request

The second prong of the two-part analysis requires a finding that Plaintiff failed to show that she will be prejudiced by the withdrawal. *Revlon Consumer Prods Corp. v. L'Oreal S.A.*, 170 F.R.D. 391, 402 (D. Del. 1997). The burden is on Plaintiff to show that she will be prejudiced in maintaining her action on the merits. *Coca-Cola Bottling Co.*, 123 F.R.D. at 106. If Plaintiff cannot make such a showing, "the court should permit the requested withdrawal or amendment." *Skoczylas v. Atl. Credit & Fin., Inc.*, C.A. No. 00-5412, 2002 U.S. Dist. LEXIS 429, at *10 (E.D. Pa. Jan. 14, 2002) (internal citations omitted) (attached hereto as Exhibit 3). "The prejudice requirement under Rule 36(b) requires the showing of 'special difficulties' in obtaining the evidence required to prove the matter previously admitted." *Id.* Prejudice is defined as "the difficulty a party may face in proving its case because of the sudden need to obtain

4

evidence required to prove the matter that has been admitted. *Id.* (citing *Gutting v. Falstaff*, 710 F.2d 1309, 1314 (8th Cir. 1983); *Brook Village N. Assoc. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982); *Clark v. City of Munster*, F.R.D. 609 (N.D. Ind. 1987)).

In the present case, the deadline for dispositive motions passed nearly two months prior to Defendants' Motion. Plaintiff cannot claim that it incurred some form of prejudice in preparing a dispositive motion in reliance on the deemed admissions. *See Kirtley v. Sovereign Life Ins. Co.,* 212 F.3d 551, 556 (10th Cir. 2000) (holding that preparing a summary judgment motion in reliance on an erroneous admission does not constitute sufficient prejudice).

Additionally, Plaintiff cannot claim that she has been prejudiced by preparing for trial. Pretrial Conference in this case has been set for February 8, 2007, at which time trial will be scheduled to begin within 120 days. (D.I. 20). Unlike the defendants in *U.S. v. Gold Acres*, 684 F. Supp. 96 (D. Del. 1988), who did not seek to withdraw the admissions until eleven days before trial, the trial date in the present case has not yet been scheduled. *See Aubrey Rogers Agency, Inc*, 55 F. Supp. 2d 309, at 314 (finding that the absence of a scheduled trial date weighed against a finding or prejudice to the plaintiff); *Coca-Cola Bottling Co.*, 123 F.R.D. 97 at 107 (finding that plaintiffs would be prejudiced where the motion to withdraw the admissions was filed less than one month before trial was set to begin); *U.S. v. Branella*, 972 F. Suppp. 294, 301 (D.N.J. 1997) (granting the motion to withdrawal admissions because the plaintiff failed to demonstrate prejudice such as the request was filed "on the eve of trial," or that it had relied on the admissions in preparing for trial).

5

The prejudice contemplated by Rule 36(b) is not simply that the opposing party "now has to convince the jury of [the] truth" of the admission." *Raiser v. Utah County*, 409 F.3d 1243, 1246 (10th Cir. 2005)  Further, "more than failure to meet deadlines" is required deny a party relief from an admission. *Raiser*, 409 F.3d 1243, at 1246.

### III.   CONCLUSION

The merits of the case will be promoted only if Defendants are able to withdrawal the deemed admissions and answer Plaintiff's requests.  Plaintiff cannot demonstrate that she would be prejudiced in any way other than, perhaps, minor inconvenience.  "A disposition on the merits is preferred over a decision based upon technicalities." *Petrunich v. Sun Bldg. Sys., Inc.*, 3:CV-04-2234, 2006 U.S. Dist. LEXIS 69043, at *10 (M.D. Pa. Sept. 26, 2006) (attached hereto as Exhibit 4).  Defendants' failure to timely respond in accordance with the initial deadline was not, in any way, due to bad faith or negligence on their part.  Defendants are now able to present the merits of their defense and should be permitted to do so.

Therefore, Defendants respectfully request that their Motion to Withdraw Admissions be granted and, upon the issuance of such Order, they be given thirty days to respond as prescribed by the Federal Rules of Civil Procedure.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca
William W. Bowser (No. 2239)
Margaret M. DiBianca (No. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
Email: mdibianca@ycst.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, Margaret M. DiBianca, Esquire, hereby certify that on December 27, 2006, I electronically filed a true and correct copy of **Defendants' Motion to Withdraw Admissions, Brief in Support thereof, and Statement of Compliance** with the Clerk of the Court using CM/ECF.  I further certify that on December 27, 2006, I caused to be served two (2) true and correct copies of the foregoing **Defendants' Motion to Withdraw Admissions, Brief in Support thereof, and Statement of Compliance** on the following non-registered participant via postage prepaid, First Class Certified U.S. Mail/Return Receipt Requested:

> Renee M. Butz, *pro se*
> 58 Hickory Drive
> North East, MD  21901

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/ Margaret M. DiBianca
> William W. Bowser (No. 2239)
> Margaret M. DiBianca (No. 4539)
> The Brandywine Building, 17th Floor
> 1000 West Street
> P.O. Box 391
> Wilmington, Delaware 19899-0391
> Telephone: (302) 571-5008
> Facsimile: (302) 576-3476
> Email: mdibianca@ycst.com
> Attorneys for Defendants

DATED:  December 27, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE M. BUTZ, )<br>)<br>   Plaintiff, )<br> v. )<br>)<br>LAWNS UNLIMITED LTD., AND, )<br>EDWARD FLEMING )<br>   Defendant. )<br>) | C.A. No. 05-495 (JJF) |

### STATEMENT OF COMPLIANCE PURSUANT TO LOCAL RULE 7.1.1

   Counsel for Defendants Lawns Unlimited Ltd. and Edward Fleming, have made reasonable efforts to confer with Plaintiff pursuant to District of Delaware Local Rule 7.1.1 but the Parties have been unable to resolve the matters set forth in this Motion.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca
William W. Bowser (No. 2239)
Margaret M. DiBianca (No. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
Email: mdibianca@ycst.com
Attorneys for Defendants

DATED: December 27, 2006