26 of 51 DOCUMENTS

**FREDERICK H. SKOCZYLAS and NANCY A. TERANTO v. ATLANTIC CREDIT AND FINANCE, INC., et al.**

CIVIL ACTION NO. 00-5412

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*2002 U.S. Dist. LEXIS 429*

**January 14, 2002, Decided
January 14, 2002, Filed**

**DISPOSITION:** Motion for summary judgment was granted in part and denied in part. Plaintiffs' Cross Motion for Permission to Answer Requests for Admissions Nunc Pro Tunc was granted.

**COUNSEL:** [*1] For FREDERICK H. SKOCZYLAS, NANCY A. TERANTO, PLAINTIFFS: JOSEPH A. DIORIO, JOSEPH A. DIORIO, ESQ., PC, JENKINTOWN, PA USA.

For ATLANTIC CREDIT AND FINANCE, INC., DEFENDANT: ROBERT P. CORBIN, GERMAN, GALLAGHER & MURTAGH, PHILA, PA USA.

**JUDGES:** HERBERT J. HUTTON, J.

**OPINION BY:** HERBERT J. HUTTON

**OPINION:**

### MEMORANDUM AND ORDER

HUTTON, J.

January 14, 2002

Currently before this Court are the Defendants' Motion for Summary Judgment (Docket No. 8), Plaintiffs' Response to Defendant's Motion for Summary Judgment and Plaintiffs' Cross Motion for Permission to Answer Requests for Admissions Nunc Pro Tunc (Docket No. 9), and Defendants' Response to Plaintiffs' Response to Defendants' Motion for Summary Judgment (Docket No. 10). For the reasons discussed below, Defendants' Motion is granted in part; denied in part, and Plaintiffs' Cross Motion for Permission to Answer Requests for Admissions Nunc Pro Tunc is granted.

### I. BACKGROUND

Plaintiffs Frederick H. Skoczylas and Nancy A. Teranto ("Plaintiffs") filed the instant action against Defendants Atlantic Credit and Finance, Inc. and Randy Peterson, a/k/a/ Jack Dwyer, ("Defendants") in November of 2000. Plaintiffs alleged that Defendants [*2] violated the Fair Debt Practices Act, *15 U.S.C. § 1692* et seq., the Pennsylvania Consumer Protection and the Unfair Trade Practices Act, *73 P.S. § 202-2*, and the Fair Credit Extension Act. See Pls.' Compl. at PP 15, 18 and 22. The complaint stems from alleged telephone conversations between Plaintiff Teranto and representatives of Defendant Atlantic Credit regarding a debt owed on Plaintiff Skoczylas credit card account. Id. at PP 8-12. According to Plaintiffs, Defendant Jack Dwyer threatened "to have a sheriff come to the door and put a lien on Skoczylas' house." Id. at P 11. When Plaintiff Teranto called Defendant to complain about the collection tactics, Jack Dwyer allegedly told Plaintiff "if she called back again, he would have her criminally prosecuted for harassment." Id. at P 12.

In answering Plaintiffs' complaint, Defendants included a counterclaim against Plaintiff Skoczylas for his outstanding credit card debt in the alleged amount of $ 6325.00. n1 Plaintiffs failed to file a response to the counterclaim. On April 19, 2001, Defendants served requests for admissions and interrogatories upon

Case 1:05-cv-00495-JJF    Document 38-4    Filed 12/27/2006    Page 2 of 7

Page 2
2002 U.S. Dist. LEXIS 429, *2

Plaintiffs. Plaintiffs again failed **[*3]** to respond. On July 19, 2001, Defendants filed the instant motion for summary judgment, arguing that, under *Federal Rule of Civil Procedure 36*, Defendants' requests for admissions were deemed admitted as a result of Plaintiffs' failure to answer. On August 15, 2001, Plaintiffs responded by requesting permission to answer Defendants' requests for admissions nunc pro tunc. n2 In their cross-motion, Plaintiffs' counsel concedes that they did in fact receive Defendants' request for admissions, but "unfortunately these papers were misplaced in counsel's office." Pls.' Cross-Mot. for Permission to Answer Req. for Admis. Nunc Pro Tunc at P 21.

n1 Defendant Atlantic Credit and Finance, Inc. purchased the debt from First USA Bank.

n2 The Court notes that in addition to failing to respond to Defendant's counterclaim and request for admissions, Plaintiffs were untimely in responding to Defendant's motion. Pursuant to Rule 7.1(c) of the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania, "any party opposing the motion shall serve a brief in opposition, together with such answer or other response which may be appropriate, within fourteen (14) days after service of the motion and supporting brief. In the absence of a timely response, the motion may be granted as uncontested . . . ." See E.D. Pa. R. Civ. P. 7.1(c). Defendant filed the instant motion on July 19, 2001. Plaintiffs did not respond to the motion until August 15, 2001.

**[*4]**

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate only if the record shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See *Fed. R. Civ. P. 56(c)*; see also 2- *J Corp. v. Tice, 126 F.3d 539, 540 (3d Cir. 1997)*. Specifically, Rule 56(c) provides that summary judgment is properly rendered:

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

*Fed. R. Civ. P. 56(c)*. The moving party bears the burden of proving that there are no genuine issues of material fact in dispute. See *Celotex Corp. v. Catrett, 477 U.S. 317, 322-32, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Carter v. Exxon Co., 177 F.3d 197, 202 (3d Cir. 1999); Ideal Dairy Farms, Inc. v. John Labatt, Ltd., 90 F.3d 737, 743 (3d Cir. 1996)*. **[*5]** An issue of material fact is said to be genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)*.

When considering a motion for summary judgment, a court must view all facts and inferences in a light most favorable to the nonmoving party. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); Oritani Savings & Loan Assoc. v. Fidelity & Deposit Co. of Maryland, 989 F.2d 635, 638 (3rd Cir. 1993); Troy Chemical Corp. v. Teamsters Union Local No. 408, 37 F.3d 123, 125-26 (3rd Cir. 1994)*. In determining if summary judgment is appropriate, the court's "function is not to weigh the evidence and determine the truth of the matter," but to determine whether there are genuine issues of material fact in dispute. *Carter, 177 F.3d at 202*. (citation omitted). The underlying purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense. *Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976)*, **[*6]** cert. denied, *429 U.S. 1038, 97 S. Ct. 732, 50 L. Ed. 2d 748 (1977)*.

## III. DISCUSSION

### A. Request for Admissions

Defendants base their motion for summary judgment on the fact that Plaintiffs failed to answer their requests for admissions within the thirty (30) days required under *Federal Rule of Civil Procedure 36(a)*. According to Defendants, by failing to respond, Plaintiff Skoczylas

Case 1:05-cv-00495-JJF    Document 38-4    Filed 12/27/2006    Page 3 of 7

Page 3
2002 U.S. Dist. LEXIS 429, *6

admitted that he received and failed to respond to three written notices regarding the debt owed on his credit card, that neither Plaintiff was ever personally contacted by an agent or employee of Defendant Atlantic Credit, and that neither Plaintiff suffered mental or physical injuries as a result of Defendants' attempt to collect the debt. See Def.'s Mot. for Summ. J. at P 13. Therefore, Defendants contend that there is no genuine issue of material fact to be decided at trial, and summary judgment should be entered in their favor.

Under Rule 36(a), if a party fails to respond to a Request for Admissions within thirty (30) days the matter is deemed admitted. n3 See *Fed. R. Civ. P. 36(a)*. It is clear in this case, as Plaintiffs concede, that Plaintiffs [*7] failed to answer the request for admissions within the required thirty (30) days. See Pls.' Resp. to Defs.' Mot. for Summ. J. at P 17. Therefore, under Rule 36(a), Defendants' request for admissions are deemed admitted. See *Fed. R. Civ. P. 36(a)*; see also, *Sanchez v. City of Phila., 1996 U.S. Dist. LEXIS 9640, Civ. A. No. 96-2648, 1996 WL 389369,* at *2 (E.D. Pa. July 11, 1996). However, in response to Defendants' summary judgment motion, Plaintiffs request the permission of this Court to answer Defendants' requests for admissions nunc pro tunc.

> N3 Rule 36(a) provides, in pertinent part,
>
> > The matter [of which an admission is requested] is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.
>
> See *Fed. R. Civ. P. 36(a)*.

[*8]

Although a party who fails to file a timely response to a request for admissions is deemed to have admitted the matters addressed in the request, the party may seek relief from the court by demonstrating that withdrawal or amendment of such admissions will serve to preserve the merits of case. See *Kaminski v. First Union Corp., 2000 U.S. Dist. LEXIS 11269, Civ. A. No. 98-1623, 2000 WL 11373000,* at *1 (E.D. Pa. Aug. 10, 2000); *Coca-Cola Bottling Co. v. The Coca-Cola Co., 123 F.R.D. 97, 102 (D. Del. 1988)*. Courts have great discretion in deciding whether to withdraw or amend an admission. See *Maramont Corp. v. B. Barks & Sons, Inc., 1999 U.S. Dist. LEXIS 278, Civ. A. No. 97-5371, 1999 WL 55175,* at *3 (E.D. Pa. Jan. 13, 1999); *U.S. v. Stelmokas, 1995 U.S. Dist. LEXIS 11240, Civ. A. No. 92-3440, 1995 WL 464264,* at *4 (E.D. Pa. Aug. 2, 1995), aff'd, *100 F.3d 302 (3d Cir. 1996); Flohr v. Pa. Power & Light Co., 821 F. Supp. 301, 306 (E.D. Pa. 1993).* "Clearly, no absolute right to withdraw admissions exists." *In re Fisherman's Wharf Fillet, Inc., 83 F. Supp. 2d 651, 661 (E.D. Va. 1999)* (citing *Branch Banking & Trust Co. v. Deutz-Allis Corp., 120 F.R.D. 655, 660 (E.D.N.C. 1988))*. [*9] However, a disposition on the merits of the case is favored. See *Maramont Corp., 1999 U.S. Dist. LEXIS 278, 1999 WL 55175,* at *3.

The withdraw or amendment of a party's answers to a request for admissions is governed by Rule 36(b), which provides in relevant part:

> the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

*Fed. R. Civ. P. 36(b)*. Accordingly, Rule 36(b) establishes a two-part inquiry. See e.g., *Kaminski, 2000 U.S. Dist. LEXIS 11269, 2000 WL 11373000,* at *1. First, the court must consider whether the requested amendment will "subserve the presentation of the merits of the case." *Dunn v. Hercules, Inc., 1994 U.S. Dist. LEXIS 6445, Civ. A. No. 93-4175, 1994 WL 194542,* at *1 (E.D. Pa. May 12, 1994); *Coca-Cola Bottling Co., 123 F.R.D. at 102*. In other words, "the moving party must prove that the amendment will promote a decision based on the merits." *Kaminski, 2000 U.S. Dist. LEXIS 11269, 2000 WL 11373000,* at *1. Second, the court must evaluate whether

Case 1:05-cv-00495-JJF     Document 38-4     Filed 12/27/2006     Page 4 of 7

Page 4
2002 U.S. Dist. LEXIS 429, *10

**[*10]** the party who obtained the admission suffered any prejudice as a result of the delayed response. See *Maramont Corp., 1999 U.S. Dist. LEXIS 278, 1999 WL 55175,* at *3; *Coca-Cola Bottling Co., 123 F.R.D. at 102).*

The party opposing the motion to withdraw or amended the admissions bears the burden of demonstrating that prejudice will result if the action is maintained on its merits. See *Fed. R. Civ. P. 36(b)*; see also *Gerlach v. Volvo Cars of N.A., 1997 U.S. Dist. LEXIS 3097, No. 96-1476, 1997 WL 129004,* at *7 (E.D. Pa. March 17, 1997).* If the party cannot do so, the court should permit the requested withdrawal or amendment. See *Gerlach, 1997 U.S. Dist. LEXIS 3097, 1997 WL 129004,* at *7. The prejudice requirement under Rule 36(b) requires the showing of "special difficulties" in obtaining the evidence required to prove the matters admitted. See *Revlon Consumer Prod. Corp. v. L'Oreal S.A., 170 F.R.D. 391, 402 (D.Del. 1997).* Prejudice sufficient to thwart the amendment or withdrawal of an admission is found where the party who obtained the admission will have difficulty obtaining the evidence required to prove the matter previously admitted. Id.; *Coca-Cola Bottling Co., 123 F.R.D. at 106.* **[*11]**

In the instant case, Defendants cite to the September 24, 2001 discovery deadline, as well as Plaintiffs failure to request additional days to respond to the request for admissions, as the resultant prejudice caused by Plaintiffs' inaction. See Defs.' Resp. to Pls.' Resp. to Defs.' Mot. for Summ. J. at PP 11-12. "Had plaintiffs answered the counterclaim as well as defendants request for admissions in a timely fashion, defendants would have had time to conduct depositions of both plaintiffs as well as conducting other discovery in the within matter prior to the September 24, 2001 discovery deadline." Id. at P 14. Instead, Defendants assert they were "prejudiced by having less than thirty (30) days within which to conduct all discovery prior to the discovery deadline." Id. at P 15. Based upon the case law in this district, this Court must disagree.

Upon their receipt of Plaintiffs' belated answers to the requests for admissions, Defendants were able to continue with discovery. Thirty days provided Defendants ample time to depose the two Plaintiffs, especially since the admissions in this case provided little more than succinct denials and a scant recitation of the facts **[*12]** according to Plaintiffs' complaint. If Defendants found thirty days insufficient to complete discovery, they had the option to petition this Court for an extension of the original discovery deadline of September 24, 2001. They did not. To date, the Court has not received any correspondence from either party informing the Court of additional outstanding discovery. Therefore, there is no indication that the parties were unable to conclude the outstanding discovery without the Court's intervention, or within the remaining time period after the admissions were filed.

Moreover, under the February 28, 2001 scheduling order, Plaintiffs' and Defendants' Pretrial Memorandums were due on October 1 and October 8, 2001, respectively. A review of the docket and court file reveals that neither party has complied with these deadline. The fact that a dispositive motion was pending before this Court did not alleviate either party of their obligation to proceed with discovery in this case, nor did the pending motion entitle the parties to disregard deadlines imposed by the Court. Thus, the Court finds that Defendants suffered no prejudice from Plaintiffs' belated answers to the Request for Admissions. **[*13]**

Courts have recognized the dual purposes served by Rule 36(b). See *Coca-Cola Bottling Co. v. Coca-Cola Co., 123 F.R.D. 97, 103 (D. Del. 1988).* On the one hand, the Rule emphasizes the importance of resolving an action on the merits, on the other, it upholds a party's justified reliance on an admission in preparation for trial. See Id.; see also *Airco Indus. Gases, Inc. v. Teamsters Health and Welfare Pension Fund of Phila., 850 F.2d 1028, 1035 (3d Cir. 1988); U.S. v. Branella, 972 F. Supp. 294, 301 n.13 (D.N.J. 1997).* Defendants are unable to persuade the Court that they in anyway relied on Plaintiffs' admissions by default in preparing for trial. The bulk of the admissions sought were directly contrary to the facts that formed the basis of Plaintiffs' complaint. Accordingly, Plaintiffs delayed admissions are nothing more than a flat contradiction of Defendants' versions of the facts that Defendants should have anticipated based on the facts alleged in Plaintiffs' complaint.

Defendants sought an admission that Plaintiffs received three written notices of the outstanding debt; Plaintiffs dispute ever receiving such notices. **[*14]** See Pls.' Resp. to Defs.' Req. for Admis. at PP 4-10. Defendants sought an admission that no agent or employee of Defendant ever phoned Plaintiffs regarding collection of the outstanding debt; Plaintiffs assert that

such telephone conversations did take place, and in fact form the basis of Plaintiffs' complaint. Id. at P 12. "The purpose of [Rule] 36(a) is to expedite trial by eliminating the necessity of proving undisputed and peripheral issues. . . . [Courts] should not employ the rule to establish facts which are obviously in dispute or to answer questions of law." *Kosta v. Connolly, 709 F. Supp. 592, 594 (E.D. Pa. 1989)* (citations omitted). Because of the emphasis of Rule 36 to resolve the case on the merits rather than on admissions made by default, the Court declines to enter summary judgment in favor of Defendants with regards to Plaintiffs' charges against them.

Before leaving the discussion of Rule 36 and its applicability to the case at bar, the Court finds it noteworthy that this is not the first instance where Plaintiffs' counsel has neglected to respond to requests for admissions in a timely manner. See In re Hoffman, Nos. 99-13223 DWS, 99-0459, *2000 WL 192986,* **[*15]** at *1 (E.D. Pa. Bankr. Feb. 14, 2000). In a bankruptcy case in this same district, Plaintiffs' counsel, Joseph A. Diorio, Esquire, also failed to respond to requests for admissions. In that case, the debtor, like Defendants in the instant case, proceeded to file a motion for summary judgment with the court based on *Federal Rule of Civil Procedure 36*. Id. at *1. Not until the motion for summary judgment was filed did Mr. Diorio responded to the requests for admissions. See id. Mr. Diorio applied the same tactics in the bankruptcy proceeding as he does in the instant case. Mr. Diorio admitted to the bankruptcy court that the responses were not timely, but nonetheless answered the summary judgment motion and filed a cross motion for authorization to answer the requests for admissions nunc pro tunc. See id.

The Hoffman court held a hearing on January 4, 2000 regarding the debtor's motion for summary judgment where Mr. Diorio testified to the reasons that the requests for admissions went unanswered. According to Mr. Diorio's testimony, it was his paralegal's job to track discovery deadlines, and this paralegal quit while the requests for admissions were outstanding. **[*16]** See id.

> Diorio explained in his testimony that there are several procedures in place in his office to assure that all deadlines and hearing dates are recorded on a scheduling calender. The initial responsibility for monitoring and recording deadlines lies with the secretary who opens the mail. The responsibility then passes to the person responsible for handling the file to record any deadlines that the secretary may have missed. These include deadlines that may require legal training to recognize, such as the deadline associated with responding to discovery requests. With the assistance of an outside consultant, Diorio also has his office staff conduct periodic file reviews to evaluate the status of all files. Since the mishap surrounding Gross' departure, Diorio indicated that the secretary has been given additional training to better recognize deadlines and Gross' former position has now been filled by an attorney.

Id. at *2.

It is evident to this Court that almost two years since Mr. Diorio's "mishap" occurred in In re Hoffman, and in spite of the "assistance of an outside consultant," Mr. Diorio has again failed to comply with the Federal Rules **[*17]** of Civil Procedure. The discovery rules in this district are not mere suggestions. They are requirements. Mr. Diorio is no stranger to courts of this district and has no excuse for his repeated failure to comply with the Federal Rules of Civil Procedure. However, the inquiry under *Federal Rule of Civil Procedure 36* does permit the Court to consider the reasons for the delayed response. The crux of Rule 36 is the prejudice endured by the other party, and not the reason for the default. See *United States v. Stelmokas, 1995 U.S. Dist. LEXIS 11240, 1995 WL 464264,* at *4 (E.D. Pa. Aug. 2, 1995) (late responses accepted even though counsel admitted that the untimeliness was due to inadvertence), aff'd, *100 F.3d 302 (3d Cir. 1996),* cert. denied, *520 U.S. 1241, 137 L. Ed. 2d 1050, 117 S. Ct. 1847 (1997); Flohr v. Pa. Power & Light Co., 821 F. Supp. 301, 306 (E.D. Pa. 1993).* Therefore, the behavior of Plaintiffs' counsel in this case cannot override the case law in this Circuit.

### B. Counterclaim

In addition to their failure to respond to Defendants' request for admissions in a timely fashion, Plaintiffs' also neglected to respond to Defendants' counterclaim. In their answer **[*18]** to Plaintiffs' complaint, Defendants clearly

laid out a counterclaim against Plaintiff Skoczylas based on the credit card debt. See Defs.' Answer to Pls.' Compl. at PP 28-37. According to Defendants, Plaintiff Skoczylas became delinquent on his account in June of 1999. Id. at P 28. On January 31, 2000, Defendant Atlantic Credit purchased the debt from First USA Bank in the amount of $ 6,325.00. Id. P 30. At the time Defendants answered Plaintiffs' complaint, the amount of the debt owed was $ 6,947.10 with interest. Id. P 37. Defendants now seek summary judgment on their counterclaim due to Plaintiffs failure to respond.

"A reply to a counterclaim is mandatory when it is 'denominated as such.'" *Heinzeroth v. Golen, 1990 U.S. Dist. LEXIS 17661, Civ. A. No. 84-2407, 1990 WL 238354,* at *2 (E.D. Pa. Dec. 28, 1990) (citing *Brinich v. Reading Co., 9 F.R.D. 420, 421 (E.D. Pa. 1949)* and 5 Wright & Miller, Federal Practice and Procedure, § 1184 (1990)). The counterclaims set forth in Defendants' answer are clearly denominated as "counterclaims" both in the caption to the Answer and in the body of the document itself. See Def.'s Answer to Pls.' Compl. at PP 27-38. Thus, [*19] Plaintiffs were required to respond to the counterclaim within twenty (20) days. See *Fed. R. Civ. P. 12(a)*. Not only have Plaintiffs neglected to respond within the required the required twenty (20) days, they have neglected to respond entirely. Accordingly, the averments made by Defendant in its counterclaims may be taken as admitted. See *Fed. R. Civ. P. 8(d)*.

Plaintiffs concede in their answer to Defendants motion for summary judgment that Defendants' filed a counterclaim. See Pls.' Resp. to Defs.' Mot. for Summ. J. at PP 5, 9. However, Plaintiffs deny that they neglected to answer the counterclaim. See id. at P 10. The Court, however, agrees with Defendants that a review of the docket and court file in the instant matter does not reveal any answer from Plaintiffs to Defendants' counterclaim. Rather, the docket report shows that Defendants' answered Plaintiffs' complaint, including a counterclaim, on January 5, 2001. Following that entry, the docket reflects no filing by Plaintiffs until their answer to the instant motion for summary judgment on August 15, 2001. Plaintiffs' response to Defendants' motion for summary judgment and motion to respond to Defendants' request [*20] for admissions nunc pro tunc does not constitute an answer to Defendants' counterclaim.

In reviewing Plaintiffs' failure to answer a counterclaim, the Court is not bound by the standard outlined above regarding Plaintiffs' failure to respond to requests for admissions under Rule 36. Rather, *Federal Rule of Civil Procedure 7(a)* clearly denotes that pleadings shall consist of "a complaint and an answer; [and] a reply to a counterclaim designated as such; . . ." *Fed. R. Civ. P. 7(a)* (emphasis added). In turn, *Federal Rule of Civil Procedure 8(d)* states that "averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading." *Fed. R. Civ. P. 8(d)*. Accordingly, "under [Rule] 8(d) a counterclaim which is not contested must be taken as confessed and the material allegations thereof accepted as true." *61A Am. Jur. 2d Pleading § 343* (1999).

It is clear that Plaintiffs have never responded to the counterclaim. Therefore, under *Federal Rule of Civil Procedure 8(d)*, the factual allegations of the counterclaim, "except as to the amount of damages," are deemed admitted. [*21] See *Fed. R. Civ. P. 8(d)*. Accordingly, the Court finds, and Plaintiffs do not contest, n4 that Plaintiff Skoczylas owes a debt due to Defendant Atlantic Credit. "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." *Fed. R. Civ. P. 56(c)*. Partial summary judgment will, therefore, be entered in favor of Defendants as to Plaintiffs' liability on the debt in question. The amount of the debt, however, is in dispute. Material issues of fact preclude summary judgment for the amount of the debt Defendants seek.

> n4 Plaintiffs admit in their belated requests for admissions that Skoczylas First Card Visa became delinquent on June 9, 1999. See Pls.' Answers to Defs.' Request for Admissions at P 2.

An appropriate Order follows.

**ORDER**

AND NOW, this 14th day of January, 2002, upon consideration of the Defendant's Motion for Summary Judgment (Docket No. 8), Plaintiffs' Response to Defendant's Motion [*22] for Summary Judgment and Plaintiffs' Cross Motion for Permission to Answer Requests for Admissions Nunc Pro Tunc (Docket No. 9), Defendant's Response to Plaintiffs' Response to

2002 U.S. Dist. LEXIS 429, *22

Defendant's Motion for Summary Judgment (Docket No. 10), IT IS HEREBY ORDERED that:

(1) Defendants' Motion for Summary Judgment is **GRANTED IN PART; DENIED IN PART**.

   (1) Defendants' Motion for Summary Judgment on Plaintiffs' four-count complaint is **DENIED**;

   (2) Defendants' Motion for Summary Judgment on Defendants' counterclaim is **GRANTED** as to liability, **DENIED** as to amount.

(2) Plaintiffs' Cross Motion for Permission to Answer Requests for Admissions Nunc Pro Tunc is **GRANTED**.

BY THE COURT:

HERBERT J. HUTTON, J.