10 of 51 DOCUMENTS

**RONALD PETRUNICH, Plaintiff v. SUN BUILDING SYSTEMS, INC., d/b/a Contempri Homes, THOMAS SCHOTT, JIM JONES, Defendants**

3:CV-04-2234

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

*2006 U.S. Dist. LEXIS 69043*

**September 26, 2006, Decided
September 26, 2006, Filed**

**COUNSEL:** [*1] For Ronald Petrunich, Plaintiff: Cynthia L. Pollick, The Employment Law Firm, Pittston, PA.

For Sun Building Systems, Inc., d/b/a Contempri Homes, Thomas Schott, Jim Jones, Defendants: Michael R. Mey, Wormuth, Mey & Sulla, LLP, Scranton, PA.

**JUDGES:** Thomas I. Vanaskie, United States District Judge.

**OPINION BY:** Thomas I. Vanaskie

**OPINION:**

**MEMORANDUM**

Presently before the Court is Plaintiff Ronald Petrunich's Motion for Summary Judgment. (Dkt. Entry 14.) Mr. Petrunich's motion is unusual because its disposition is largely reliant upon procedural, rather than substantive, considerations.

On October 10, 2004, Mr. Petrunich filed a six count complaint naming as Defendants Sun Building Systems, Inc., d/b/a Contempri Homes ("Sun"); Thomas Schott; and Jim Jones. (Dkt. Entry 1.) Count one alleges that Sun terminated Mr. Petrunich's employment on account of his age in violation of the Age Discrimination in Employment Act ("ADEA"), *29 U.S.C. § 623(a)(1)*. n1 Count two alleges that Sun retaliated against Mr. Petrunich for filing a discrimination complaint in violation of the ADEA, *29 U.S.C. § 623(d)*. Counts three and four, respectively, raise [*2] similar age discrimination and retaliation claims under the Pennsylvania Human Relations Act ("PHRA"), *43 PA. STAT. ANN. § 955(a), (d)*. Finally, counts five and six allege Messrs. Schott and Jones, respectively, aided and abetted Sun's commission of unlawful discriminatory practices in violation of the PHRA, *43 PA. STAT. ANN. § 955(e)*. Defendants have not answered Mr. Petrunich's complaint.

N1 Throughout the Memorandum, citations to cases, statutes, and federal rules include hyperlinks to the Westlaw research database. As such, the citation format on a printed copy of this Memorandum opinion will appear different from the Uniform System of Citation in that the hyperlinked citation will be underscored.

The Court has jurisdiction over Mr. Petrunich's ADEA claims under *28 U.S.C. § 1331* and *29 U.S.C. § 626(c)(1)*, and supplemental jurisdiction over the PHRA claims under *28 U.S.C. § 1367*. [*3] For the reasons that follow, the Court will grant summary judgment against Sun as to the ADEA and PHRA age discrimination claims, and against Messrs. Schott and Jones on the PHRA claim. In all other respects, summary judgment is denied.

**I. BACKGROUND**

Mr. Petrunich's motion for summary judgment is predicated largely on Defendants' failure to timely

respond to his Request for Admissions. Those admissions, along with Mr. Petrunich's affidavit, reveal the following: Mr. Petrunich was hired by Sun in June 1984 for a quality assurance position. (Pl's Statement of Facts Not in Dispute, Dkt. Entry 15-5, P 2.) Mr. Petrunich was an able employee who performed at a satisfactory level for Sun. (Plaintiff's Admissions Addressed to Defendants, Dkt. Entry 15-2, P 6.) On July 7, 2003, Mr. Schott asked Mr. Petrunich when he planned to retire. (Pl's Statement of Facts Not in Dispute, Dkt. Entry 15-5, P 4.) Four days later on July 11, 2003, Messrs. Schott and Jones discharged Mr. Petrunich, who was 59 years old at the time. (Id. P 5; Plaintiff's Admissions Addressed to Defendants, Dkt. Entry 15-2, P 5.) Mr. Petrunich was subsequently replaced by a younger individual. (Pl's Statement [*4] of Facts Not in Dispute, Dkt. Entry 15-5, P 6; Plaintiff's Admissions Addressed to Defendants, Dkt. Entry 15-2, PP 4-5.) After filing a discrimination complaint, Mr. Petrunich sought unemployment compensation benefits. (Petrunich Affidavit, Dkt. Entry 15-3, PP 8-9.) Defendants opposed Mr. Petrunich's request for unemployment compensation benefits. (Id. P 9.)

## II. DISCUSSION

### A. Standard for Summary Judgment

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *FED. R. CIV. P. 56(c)*. A fact is "material" if proof of its existence or nonexistence might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)*. An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and [*5] the entire record must be examined in the light most favorable to nonmoving party. *Cont'l Ins. Co. v. Bodie, 682 F.2d 436, 438 (3d Cir. 1982)*. The moving party has the burden of showing the absence of a genuine issue of material fact, but the nonmoving party must present affirmative evidence from which a jury might return a verdict in the nonmoving party's favor. *Anderson; 477 U.S. at 256-57*. Merely conclusory allegations taken from the pleadings are insufficient to withstand a motion for summary judgment. *Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990)*. Summary judgment is to be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)*.

Additionally, under the Court's local rules, the party moving for summary judgment shall include a "separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends [*6] there is no genuine issue to be tried." M.D. PA. R. 56.1. The nonmoving party shall include a separate statement in response thereto "as to which it is contended there exists a genuine issue to be tried." Id. If the nonmoving party fails to submit the required statement, "[a]ll material facts set forth in the [moving party's] statement . . . will be deemed admitted." Id.

### B. Defendants' Failure to Respond to Plaintiff's Request for Admissions

As a threshold matter, the consequence of Defendants' failure to timely respond or object to Mr. Petrunich's request for admissions must be assessed. Mr. Petrunich argues the requests are deemed admitted, while Defendants counter that their late responses should be permitted in order to aid the presentation of the merits and because Mr. Petrunich will not be prejudiced as a result.

Under the Federal Rules of Civil Procedure, a party may serve a written request upon another party for the admission of the truth of any matters "relat[ing] to statements or opinions of fact or of the application of law to fact." *FED. R. CIV. P. 36(a)*. "The matter is admitted unless, within 30 days after service of the request, or within [*7] such shorter time or longer time as the court may allow or as the parties may agree to in writing, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . ." Id. "Any matter admitted . . . is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *FED. R. CIV. P. 36(b)*. n2

n2 In this regard, the Court may allow amendment or withdrawal if (1) the presentation of the merits will be "subserved," and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Fed. R. Civ. P. 36(b)*.

Here, Mr. Petrunich's attorney served the request for admissions upon Defendants' attorney on April 12, 2005. (Declaration of Cynthia L. Pollick, Esquire, Dkt. Entry 15-4, P 2.) Defendants had thirty days to respond or object thereto in writing, or until May 12, 2005. Defendants, [*8] however, failed to respond or object within the thirty day period as required by *Rule 36(a)*. (Id. P 3.) Defendants' attorney asserts that he "lost or misplaced" the requests and, when he sought an additional copy, Mr. Petrunich's attorney refused because the time to respond had expired. n3 (Defendants' Memorandum of Law, Dkt. Entry 17, at 3.) However, Defendants' excuse does not subordinate the plain meaning of *Rule 36(a)*. Because Defendants failed to respond within thirty days, and no extension of time was sought from the Court, *Rule 36(a)* deems the matters admitted.

n3 In fact, Defendants' attorney did not ask for an additional copy until five days after the expiration of the time to respond. (See May 17, 2005, Facsimile from Attorney Pollick to Attorney Mey, Dkt. Entry 18, Ex. A.)

Acknowledging the failure to timely respond, Defendants urge the Court to allow their belated responses to the request for admissions because allowance would further the presentation of the merits, and Mr. Petrunich would [*9] not be prejudiced. Defendants have never formally filed a *Rule 36(b)* motion for leave to withdraw or amend the request for admissions. n4 However, in their memorandum of law in opposition to Mr. Petrunich's motion for summary judgment, Defendants' address this issue extensively and include their responses to the request for admissions. (See Defendants' Memorandum of Law, Dkt. Entry 17, at 3-7.) Even construing Defendants' memorandum of law as the equivalent to a *Rule 36(b)* motion, the Court denies the relief sought by Defendants.

n4 When Defendants learned that Mr. Petrunich's attorney would not provide an additional copy of the requests because the time to respond had expired, Defendants could have contacted the Court, explained the situation, and sought appropriate relief. Instead, Defendants took no action. It was not until Mr. Petrunich moved for summary judgment over one month later that Defendants were finally spurred into action.

The Court has considerable discretion in determining whether to allow [*10] withdrawal or amendment of an admission. *Skoczylas v. Atlantic Credit & Finance, Inc., 2002 U.S. Dist. LEXIS 429, No. Civ. A. 00-5412, 2002 WL 55298, at *3 (E.D. Pa. Jan. 15, 2002)*. "'Clearly, no absolute right to withdraw admissions exists.'" Id. (quoting *In re Fisherman's Wharf Fillet, Inc., 83 F. Supp. 2d 651, 661 (E.D. Va. 1999)*). However, a disposition on the merits is preferred over a decision based upon procedural technicalities. Id. As such, *Rule 36(b)* provides a two-part, conjunctive inquiry. First, the moving party, here Defendants, must establish that withdrawal or amendment will "subserve" the presentation of the merits. *FED. R. CIV. P. 36(b)*; see also *Dunn v. Hercules, Inc., 1994 U.S. Dist. LEXIS 6445, Civ. A. No. 93-4175, 1994 WL 194542, at *1 (E.D. Pa. May 12, 1994)*. Second, the nonmoving party, Mr. Petrunich, must fail to show he would be prejudiced by permitting Defendants to amend or withdraw their admissions. *FED. R. CIV. P. 36(b)*; see also *The Maramont Corp. v. B. Barks & Sons., Inc., 1999 U.S. Dist. LEXIS 278, No. Civ. A. 97-5371, 1999 WL 55175, at *3 (E.D. Pa. Jan. 13, 1999)*.

In Skoczylas, plaintiffs filed a complaint alleging violations of several [*11] consumer credit statutes based largely upon threatening telephone conversations with Defendants. *Skoczylas, 2002 U.S. Dist. LEXIS 429, 2002 WL 55298, at *1*. On April 19, 2001, defendants served a request for admissions on plaintiffs, to which plaintiffs failed to respond timely. Id. By failing to respond, defendants argued plaintiffs admitted they were not personally contacted by defendants, and plaintiffs suffered neither physical nor mental injures due to defendants' collection efforts. *2002 U.S. Dist. LEXIS 429, [WL] at *2*. Defendants moved for summary judgment on July 19, 2001, largely supported by plaintiffs failure to respond to the request for admissions. *2002 U.S. Dist.*

LEXIS 429, [WL] at *1. On August 15, 2001, plaintiffs responded to the requests and sought leave from the court to answer defendants' request for admissions nunc pro tunc. Id. The court granted plaintiffs' motion. The court concluded the presentation of the merits would be furthered by allowing the amendment. Most of the admissions sought were contrary to the facts alleged in plaintiffs' complaint; the "delayed admissions are nothing more than a flat contradiction of [d]efendants' versions of the facts that [d]efendants should have anticipated based on [*12] the facts alleged in [p]laintiffs' complaint." *2002 U.S. Dist. LEXIS 429, [WL] at *4*. Additionally, defendants failed to establish prejudice if the court allowed the late responses. Defendants claimed prejudice if plaintiffs' late responses were allowed on August 15, 2001, or shortly thereafter, because defendants would have to conduct discovery by the deadline of September 24, 2001, which they claimed was insufficient time. Id. The court was unpersuaded because the time period was sufficient to depose the plaintiffs, and defendants could have petitioned the court to extend the discovery deadline. Id. Furthermore, defendants could not claim prejudicial reliance upon the admissions in preparation for trial because the admissions were contrary to the facts alleged in plaintiffs' complaint. Id. See also *Aubrey Rogers Agency, Inc. v. AIG Life Insurance Co., 55 F. Supp. 2d 309, 314 (D. Del. 1999)* (belated responses to request for admissions did not prejudice plaintiff where the responses were provided prior to conducting any significant discovery and plaintiff was aware for almost ten months prior to filing a motion for summary judgment that defendant was denying the existence of the [*13] agreement); *White Consolidated Industries, Inc. v. Waterhouse, 158 F.R.D. 429, 433 (D. Minn. 1994)* ("By and large, the Defendant's responses mirror the averments of her Answer, and the Plaintiffs may not be heard to say, at least at this juncture that the Defendant's responses were so astounding as to require last minute changes in trial strategies.").

In the instant action, Defendants have not shown how the presentation of the merits of this case will be advanced by allowing them to file late responses Defendants argue the "ability to have this matter . . . decided on its merits would be lost if their late Response[s] are not permitted." (Defendants' Memorandum of Law, Dkt. Entry 17, at 6.) However, Defendants' argument overlooks the fact that, by failing to file an answer to Mr. Petrunich's complaint, the averments therein are deemed admitted by Defendants.

See *FED. R. CIV. P. 8(d)* ("Averments in a pleading to which a responsive pleading is required, [such as a complaint], are admitted when not denied in the responsive pleading."). Allowing Defendants to file late responses would permit Defendants to advance a position [*14] contrary to facts already admitted. Cf. *Skoczylas, 2002 U.S. Dist. LEXIS 429, 2002 WL 55298, at *4* (plaintiffs' late response to defendants' requests for admission, which deny defendants' version of the facts, is consistent with facts alleged in plaintiffs' complaint); *Waterhouse, 158 F.R.D. at 433* (defendant's responses "mirror" denials in her answer).

As to the second prong, Mr. Petrunich has shown that he would be prejudiced if Defendants were allowed to file late responses. Mr. Petrunich relied upon Defendants' admissions in moving for summary judgment in this case. (Plaintiff's Reply Brief in Response to Defendants' Brief in Opposition, Dkt. Entry 18, at 6.) Mr. Petrunich was justified in relying upon the deemed admissions because they are consistent with the factual averments of his complaint, which are also admitted. Thus, unlike plaintiff in *Audrey*, Mr. Petrunich was not aware that Defendants would deny the allegations of age discrimination prior to filing his motion for summary judgment. Furthermore, allowing Defendants to file late responses and assert a different legal theory would necessitate additional discovery, such as depositions. n5 (Plaintiff's Reply Brief [*15] in Response to Defendants' Brief in Opposition, Dkt. Entry 18, at 3-4, 6.) As such, Defendants' request to withdraw their deemed admissions in order to allow the late responses is denied. n6

---

n5 The Court set a discovery deadline of May 30, 2005. (See January 10, 2005, Order of Court, Dkt. Entry 12, at 2.) Defendants' responses to the request for admissions were due on May 12, 2005. Defendants' did not seek to file a response until the submission of their memorandum of law in opposition to Mr. Petrunich's motion for summary judgment, which was filed on July 6, 2005, more than one month after the expiration of the discovery deadline. Thus, this case is distinguishable from Skoczylas.

n6 Other cases cited by Defendants do not demand a different outcome. In *Ameribanc Savings Banks, F.S.B., v. Resolution Trust Corporation, 858 F. Supp. 576, 581 (E.D. Va. 1994)*, plaintiff sought leave to file untimely

Case 1:05-cv-00495-JJF   Document 38-5   Filed 12/27/2006   Page 5 of 8

Page 5
2006 U.S. Dist. LEXIS 69043, *15

answers to a request for admissions. Plaintiff's counsel had placed the requests in a discovery file without ever reviewing the requests. *Id.* In allowing the untimely answers, the court agreed with plaintiff that defendants would not be prejudiced because the answers were consistent with plaintiff's pleadings and deposition testimony, and defendants could not have expected the requests to be admitted. *Id.* Here, by contrast, Defendants' late responses are not consistent with its answer to Mr. Petrunich's complaint. Defendants never filed an answer to Mr. Petrunich's complaint and, as a result, cannot assert the consistency between the answer and the responses to the request for admissions.

In Local Union No. 38, *Sheet Metal Workers' Int'l Ass'n, AFL-CIO v. Tripodi, 913 F. Supp. 290, 293 (S.D.N.Y. 1996)*, defendant failed to respond to a request for admission as to whether he was a member of the union during the relevant time period. The court concluded the presentation of the merits would be served by allowing a late response because the issue of whether defendant was a member of the union was central to the case and defendant, from the outset of the litigation, denied he was a member. *Id. at 294*. Additionally, defendant appeared pro se after discharging his attorney. Though he was represented at the time the requests were served, the discharge occurred shortly thereafter and it was likely defendant was not aware of the requests at the time. Id. The court stated: "We do not believe that to deem a central fact to have been admitted by the failure of this pro se defendant to respond to the Request for Admission would further the interests of justice." Id. In the instant action, Defendants have never denied the allegations in Mr. Petrunich's complaint, and Defendants are represented by an attorney. Thus, the concerns in *Tripodi* are not present in this case.

 **[\*16]** 

Finally, Defendants assert that some of Mr. Petrunich's requests are improper because they seek legal conclusions. (See Defendants' Memorandum of Law, Dkt. Entry 17, at 7-8.) n7 A party may seek an admission of matters relating to "the application of law to fact." *FED. R. CIV. P. 36(a)*. "'Requests for admission . . . are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case.'" *First Options of Chicago, Inc. v. Wallenstein, 1996 U.S. Dist. LEXIS 18774, No. Civ. A. 92-5770, 1996 WL 729816, at \*3 (E.D. Pa. Dec. 17, 1996)* (quoting *Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 U.S. Dist. LEXIS 15395, Civ. A. No. 94-2395-GTV, 1995 WL 625744, at \*6 (D. Kan. Oct. 5, 1995))*. However, requests for admission seeking "abstract conclusions of law" without reference to the parties are improper. *Desper v. Montgomery County, 1989 U.S. Dist. LEXIS 5962, Civ. No. 88-4212, 1989 WL 57323, at \*1 (E.D. Pa. May 31, 1989)*; see also id. (requests stating "'an individual who has been hospitalized' for a specific cause 'is handicapped within the meaning of *29 U.S.C. § 70[6]*,'" without referring **[\*17]** to the plaintiff or defendants, were improper).

> n7 Defendants challenge requests 2, 3, and 4, which Mr. Petrunich numbered as 3, 4, and 5. (Defendants' Memorandum of Law, Dkt. Entry 17, at 5-6, 7; Plaintiff's Admissions Addressed to Defendants, Dkt. Entry 15-2, PP 3-5.) Mr. Petrunich requested Defendants admit: "Plaintiff was discriminated against because of his age"; "Defendants replaced Plaintiff with a younger male"; and "Defendants Thomas Schott and Jim Jones were aiding and abetting Defendant Sun Building, Inc. when they terminated Plaintiff's employment, made comments about his age, and replaced him with a younger male." (Plaintiff's Admissions Addressed to Defendants, Dkt. Entry 15-2, PP 3-5.)

Applying these principles, the Court concludes two of the challenged requests are proper. The request seeking Defendants' admission that a younger male was hired relates entirely to a factual issue. The request that Messrs. Schott and Jones admit they aided and abetted Sun by "terminating Plaintiff's employment, **[\*18]** made comments about his age, and replaced him with a younger male" calls for an application of the PHRA to particular facts. However, the request that Defendants admit that Mr. Petrunich "was discriminated because of his age" is improper. Although this request refers to a party in the case, there is no factual basis to derive the legal conclusion that Defendants discriminated against Mr. Petrunich because of his age. In the absence of how

Case 1:05-cv-00495-JJF    Document 38-5    Filed 12/27/2006    Page 6 of 8

Page 6
2006 U.S. Dist. LEXIS 69043, *18

Defendants discriminated against Mr. Petrunich, the request is too abstract to be an application of the law to the facts of the case. Therefore, this request will be excised as improper.

In summary, Mr. Petrunich served requests for admission on Defendants, who failed to file a timely response. Pursuant to *Rule 36(a)*, the requests were deemed admitted. Because the grounds for amendment or withdrawal in *Rule 36(b)* have not been established, the Court concludes the requests are deemed admitted and can properly serve as a basis for summary judgment (other than the request the Court excised as an improper conclusion of law).

**C. Age Discrimination under the ADEA and PHRA**

Mr. Petrunich alleges that Defendant Sun terminated him because of his [*19] age in violation of the ADEA and PHRA. Under the ADEA, it is unlawful for an employer "to discharge any individual . . . because of such individual's age." *29 U.S.C. § 623(a)(1)*. The PHRA contains a similar prohibition. See *43 PA. STAT. ANN. § 955(a)*. n8

> n8 "It shall be an unlawful discriminatory practice . . . [f]or any employer because of the . . . age . . . of any individual . . . to discharge from employment such individual . . . ." *43 PA. STAT. ANN. § 955(a)*.

To prevail on a claim of intentional age discrimination under the ADEA or PHRA, the plaintiff must show that age was a motivating or determinative factor in the employer's adverse employment decision. *Fasold v. Justice, 409 F.3d 178, 183-84 (3d Cir. 2005)*. The plaintiff can meet this burden by "presenting direct evidence of discrimination" or by "presenting indirect evidence of discrimination that satisfies the familiar three-step framework of [*20] *McDonnell Douglas Corp. v. Green, [411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)]*." *Id.* at 184; see also *Fakete v. Aetna, Inc., 308 F.3d 335, 337-38 (3d Cir. 2002)*. Only the McDonnell Douglas framework is applicable here. n9

> n9 Age discrimination claims under the PHRA are analyzed under *McDonnell Douglas*. *Kroptavich v. Pennsylvania Power & Light Co., 2002 PA Super 87, 795 A.2d 1048, 1055-56 (Pa. Super. Ct. 2002)*.

Under McDonnell Douglas, the plaintiff must first establish a prima facie case of discrimination. *Fasold, 409 F.3d at 184*. A prima facie case of age discrimination requires that plaintiff show: "(1) s/he is over forty, (2) is qualified for the position in question, (3) suffered from an adverse employment decision, and (4) that his or her replacement was sufficiently younger to permit a reasonable inference of age discrimination." *Potence v. Hazelton Area School District, 357 F.3d 366, 370 (3d Cir. 2004)*. If plaintiff demonstrates the prima facie case, [*21] the burden shifts to the employer to "articulate a legitimate, nondiscriminatory reason for its adverse employment decision." *Fasold, 409 F.3d at 184*. If the employer articulates a legitimate, nondiscriminatory reason, the burden shifts back to plaintiff to proffer evidence enabling a "reasonable finder of fact to find by a preponderance of the evidence that the employer's proffered reasons are false or pretextual." Id.

In the matter sub judice, Mr. Petrunich has established a prima facie case of age discrimination. He was 59 years old at the time of the termination. (See Pl's Statement of Facts Not in Dispute, Dkt. Entry 15-5, P 5.) He was qualified for the position as Defendants admitted he "was a good employee who performed well." (Plaintiff's Admissions Addressed to Defendants, Dkt. Entry 15-2, P 6.) He suffered an adverse employment action, termination. (Pl's Statement of Facts Not in Dispute, Dkt. Entry 15-5, P 5.) Finally, Mr. Petrunich was replaced by a younger individual. (Pl's Statement of Facts Not in Dispute, Dkt. Entry 15-5, P 6; Plaintiff's Admissions Addressed to Defendants, Dkt. Entry 15-2, P 4.)

As Mr. Petrunich has presented a prima [*22] facie case of age discrimination, it is incumbent upon Defendant Sun to articulate a legitimate, nondiscriminatory reason for the adverse employment action. No such reason is forthcoming. Indeed, Defendants have not responded to Mr. Petrunich's statement of facts, which, under the Court's local rule, are deemed admitted. See M.D. PA. R. 56.1. Accordingly, because Defendant Sun has not carried its burden to defeat the prima face case of age discrimination, summary judgment will be granted in favor of Mr.

Petrunich and against Defendant Sun on counts one and three.

### D. Aiding and Abetting under the PHRA

Mr. Petrunich alleges that Defendants Schott and Jones, who hold supervisory positions with Defendant Sun, aided and abetted Defendant Sun's unlawful discriminatory practices and are liable under the PHRA. In addition to proscribing age discrimination by employers, the PHRA makes it unlawful "[f]or any person . . . to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice." *43 PA. STAT. ANN. § 955(e)*. "[A]n individual supervisory employee can be held liable under an aiding **[*23]** and abetting/accomplice liability theory pursuant to *§ 955(e)* for his own direct acts of discrimination or for his failure to take action to prevent further discrimination by an employee under supervision." *Davis v. Levy, Angstreich, Finney, Baldante, Rubenstein & Coren P.C., 20 F. Supp. 2d 885, 887 (E.D. Pa. 1998)* (emphasis added). See also *Santarelli v. National Book Co., Inc., 41 Pa. D. & C. 4th 483, 491-92 (C.P. 1999)* (dismissing complaint that contains no allegation that individual defendants aided or abetted the alleged discrimination).

In the matter at hand, Mr. Petrunich contends that Defendant Schott was the individual who actually terminated him. (See Pl's Statement of Facts Not in Dispute, Dkt. Entry 15-5, P 5; Plaintiff's Admissions Addressed to Defendants, Dkt. Entry 15-2, P 5.) Defendant Schott does not contest this fact. Moreover, by failing to respond to this request for admission served by Mr. Petrunich, Defendant Schott admitted he aided and abetted Defendant Sun's unlawful discriminatory acts. (See Plaintiff's Admissions Addressed to Defendants, Dkt. Entry 15-2, P 5.) Because Defendant Schott has failed to produce evidence **[*24]** establishing a genuine issue of material fact, Mr. Petrunich is entitled to summary judgment on count five.

Mr. Petrunich is also entitled to summary judgment against Defendant Jones, who failed to answer Mr. Petrunich's request for admission regarding whether "Defendan[t] . . . Jim Jones . . . aid[ed] and abett[ed] Defendant Sun Building, Inc. when [he] terminated Plaintiff's employment, made comments about his age, and replaced him with a younger male." (Plaintiff's Admissions Addressed to Defendants, Dkt. Entry 15-2, P 5.) Consequently, the request is deemed admitted. See *FED. R. CIV. P. 36(a)*. Because Defendant Jones has failed to produce evidence establishing a genuine issue of material fact, Mr. Petrunich is entitled to summary judgment on count six. See *FED. R. CIV. P. 56(c)* ("judgment sought shall be rendered forthwith if the . . . admissions on file . . . show that there is no genuine issue of material fact").

### E. Retaliation Claim Under the ADEA and PHRA

Finally, Mr. Petrunich alleges that Defendant Sun opposed his request for unemployment compensation benefits as retaliation **[*25]** for Mr. Petrunich's filing of a discrimination complaint. The ADEA prohibits employers from discriminating against any of its employees because "such individual . . . has opposed any practice made unlawful by this section, or because such individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter." *29 U.S.C. § 623(d)*. The PHRA includes a similar prohibition. See *43 PA. STAT. ANN. § 955(d)*. n10

> n10 Under the PHRA, it is an unlawful discriminatory practice
>
> > [f]or any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act.
>
> *43 PA. STAT. ANN. § 955(d)*.

 **[*26]**

In the absence of direct evidence of retaliation, the McDonnell Douglas framework applies to retaliation claims under the ADEA and PHRA. See *Fasold, 409 F.3d at 188*; *Fogleman v. Mercy Hospital, Inc., 283 F.3d 561, 567 (3d Cir. 2002)*. A prima facie case of retaliation requires a showing: "(1) that s/he engaged in a protected employee activity; (2) that s/he was subject to adverse action by the employer either subsequent to or

Case 1:05-cv-00495-JJF   Document 38-5   Filed 12/27/2006   Page 8 of 8

Page 8
2006 U.S. Dist. LEXIS 69043, *26

contemporaneous with the protected activity; and (3) that there is a causal connection between the protected activity and the adverse action." *Fasold, 409 F.3d at 188* (citing *Fogleman, 283 F.3d at 567-68*). To establish an adverse employment action, plaintiff must show that a "reasonable employee would have found the alleged retaliatory actions 'materially adverse' in that they 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Moore v. City of Philadelphia, 2006 U.S. App. LEXIS 22317,   F.3d  ,  , 2006 WL 2492256, at *8 (3d Cir. Aug. 30, 2006)* (quoting *Burlington Northern & Santa Fe Railway Co. v. White, 126 S. Ct. 2405, 2415, 165 L. Ed. 2d 345 (2006)* **[*27]** ). The third element requires plaintiff to demonstrate a causal link between the protected activity and the subsequent adverse employment action. *Moore, 2006 U.S. App. LEXIS 22317, 2006 WL 2492256, at *8.* The fact that an adverse employment action follows a discrimination complaint or some other protected employee activity, on its own, is usually insufficient to establish the causal connection. See *Krouse v. American Sterilizer Co., 126 F.3d 494, 503 (3d Cir. 1997).*

In this case, Mr. Petrunich engaged in a protected employee activity -- he filed an age discrimination complaint after he was terminated. (Petrunich Affidavit, Dkt. Entry 15-3, § 8.) Furthermore, under the standard articulated in White, the opposition to Mr. Petrunich's claim for unemployment compensation benefits is an adverse employment action because it would discourage a reasonable worker from filing an age discrimination complaint. See also *Charlton v. Paramus Board of Education, 25 F.3d 194, 199-200 (3d Cir. 1994)* (recognizing that the anti-retaliation provisions provide protection to "'former employee[s] as long as the alleged discrimination is related to or arises out of the employment **[*28]** relationship'" (quoting *Passer v. American Chemical Society, 290 U.S. App. D.C. 156, 935 F.2d 322, 330 (D.C. Cir. 1991)))*; *Helfrich v. Lehigh Valley Hospital, 2003 U.S. Dist. LEXIS 23708, No. 03-5793, 2003 WL 23162431, at *5 (E.D. Pa. Dec. 22, 2003)* (complaint sufficiently pled an adverse employment action where former employer appealed plaintiff's right to unemployment compensation benefits). However, Mr. Petrunich has failed to demonstrate a causal connection between the filing of a discrimination complaint and Defendant Sun's opposition to his claim for unemployment compensation benefits. Mr. Petrunich relies upon a conclusory statement in his affidavit that he "was retaliated against for filing charges of discrimination when Defendants fought my unemployment compensation in November 2003." (Petrunich Affidavit, Dkt. Entry 15-3, at P 9.) The fact that Defendants opposed Mr. Petrunich's claim for unemployment compensation benefits after he filed a discrimination complaint, with nothing more, is insufficient to establish the requisite causal link. As such, Mr. Petrunich has shown neither the absence of a genuine issue of material fact nor an entitlement to judgment as a matter of law on the retaliation **[*29]** claims. Therefore, summary judgment will be denied.

### III. CONCLUSION

For the reasons set forth above, summary judgment in favor of Mr. Petrunich and against Defendant Sun on counts one and three (age discrimination under the ADEA and PHRA), and against Messrs. Schott and Jones on counts five and six, respectively (aiding and abetting under the PHRA), will be granted. However, summary judgment is granted as to liability only, and further proceedings are necessary to determine damages, if any. In all other respects, summary judgment is denied. An appropriate Order follows.

s/ Thomas I. Vanaskie

United States District Judge

### ORDER

**NOW, THIS 26th DAY OF SEPTEMBER, 2006,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Summary Judgment (Dkt. Entry 14) is **GRANTED** as to liability on Counts I, III, V and VI of Plaintiff's Complaint.

2. In all other respects, the motion is **DENIED.**

3. A scheduling conference will be conducted in Chambers on **October 27, 2006, at 8:30 a.m.**

s/ Thomas I. Vanaskie

United States District Judge