IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE M. BUTZ, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 05-495 (JJF) |
| | ) |
| LAWNS UNLIMITED LTD., AND, | ) |
| EDWARD FLEMING | ) |
| Defendant. | ) |
| | ) |

**DEFENDANTS' MOTION FOR LEAVE TO FILE
FIRST AMENDED ANSWER**

Defendants Lawns Unlimited Ltd. ("Lawns") and Edward Fleming ("Fleming") (collectively, "Defendants"), by and through their undersigned counsel, pursuant to Rule 15(a), respectfully request leave to file their First Amended Answer to Plaintiff's Amended Complaint. The proposed Amended Answer is attached hereto as Exhibit 1. It contains several affirmative defenses not specifically set forth in the original Answer, as well as some other minor revisions. The reasons in support of this Motion are as follows:

    **A.**    **Background**

    1.    Plaintiff *pro se* Renee Butz filed her Complaint on July 15, 2005 (D.I. 2). Service of process was not executed on Defendants Lawns Unlimited ("Lawns") and Edward Fleming until May 12, 2006. (D.I. 9 & 10). Defendants, through their previous attorney, Eric M. Howard, ("Defendants' Former Counsel") filed their Answer to the Complaint on May 3, 2006. (D.I. 8). By joint stipulation of the Parties, Plaintiff filed her First Amended Complaint on August 16, 2006 (the "Amended Complaint"). (D.I. 19). Defendants' Former Counsel did not file an Answer to the Amended Complaint.

2.      Defendants' Former Counsel did not prepare or file Defendants' Rule 26 Initial Disclosures, respond to Plaintiff's discovery requests or file any discovery requests on behalf of Defendants. No discovery was completed prior to the discovery cut-off date of October 17, 2006. (D.I. 20). A trial date has not been set but a pretrial conference is currently scheduled for February 8, 2007. (D.I. 20).

3.      Defendants retained the law firm of YOUNG CONAWAY STARGATT & TAYLOR, LLP as new counsel ("Defendants' New Counsel") on November 10, 2006. (D.I. 33 & 34). After reviewing the files produced by Defendants and Defendants' former counsel, and engaging in interviews with some of the pertinent witnesses, Defendants' New Counsel now seeks leave to file a First Amended Answer ("Amended Answer") to the Amended Complaint to incorporate into this lawsuit the meritorious defenses that has been discovered were negligently omitted from the original Answer by Defendants' Former Counsel.

4.      The new defenses include: (i) failure to exhaust administrative remedies; (ii) "good faith defense" doctrine as it relates to damages; (iii) laches; (iv) Plaintiff's failure to mitigate; (v) lack of jurisdiction over the persons; (vi) insufficient service; (vii) insufficient service of process; and (viii) doctrine of "after-acquired evidence."

**B.      The Court Should Freely Grant Leave to Amend**

5.      Leave to grant Defendants' motion to amend is within the sound discretion of this Court. Pursuant to FRCP 15(a), "leave [to amend] shall be freely given and justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied on by [the moving party] may be a proper subject of relief, [the party] ought to be afforded the opportunity to test its claim on the merits." *Id.* at 182. The rules governing amendment and supplementing of pleadings are generally liberally

construed in favor of permitting amendments, consistent with the goal of ensuring that all related claims are litigated in a single action. *See e.g., CC Investors Corp. v. Raytheon Co.*, C.A. No. 03-114-JJF, 2005 U.S. Dist. LEXIS 435, at *7 (D. Del. Jan. 7, 2005).

6.      In the present case, Justice requires that this Court grant leave to amend for the reasons set forth below. By Granting Defendants' Motion for Leave to Amend, the Court will be deciding this case on a more complete record of the merits of Defendants' position, thereby furthering the goals of justice and efficiency.

### C.    Amendment is Appropriate Because Defendants Have Retained New Counsel

7.      Where a party has retained new counsel, that counsel should be permitted to amend her client's pleadings to provide the client with you appropriate claims and defenses to properly litigate the case. *Davis v. Yellow Cab Co.*, 35 F.R.D. 159, 162 (E.D. Pa. 1964). In such circumstances, courts have permitted the amendment of the pleadings even two years after the original pleadings were filed. *See, e.g., Id.* at 162.

8.      In the present case, Defendants filed their original Answer on May 3, 2006. In November of 2006, Defendants' Formal Counsel withdrew. Defendants' New Counsel entered its appearance on November 16, 2006, just over one month ago.

9.      The law firm of YOUNG CONAWAY STARGATT & TAYLOR, LLP and, specifically, the members of its Labor & Employment Department, including undersigned counsel, has had significantly more experience litigating in federal court than Defendants' Former Counsel, whose practice is primarily limited to litigation in Delaware State courts in Sussex and Kent counties. Additionally, unlike Defendants' Former Counsel, Defendants' New Counsel practices exclusively in the area of labor and employment matters. With that experience as a background, Defendants' New Counsel

has completed their initial review of Defendants' case, and move to amend the Answer to incorporate those meritorious facts and arguments which Defendants' Former Counsel omitted.  Such an amendment is consistent with the policy of determining a case on its merits, and thus should be permitted here.

> **D.  Plaintiff Will Not Be Unfairly Prejudiced by Amendment of the Answer**

10. Plaintiff will not be unfairly prejudiced by the amendment of the Answer because adequate time still remains before trial to conduct discovery concerning any new issues should they arise from the Amended Answer.  In fact, a trial date has not even been set, and no discovery has taken place.

11. Plaintiff has not filed a summary judgment motion, or any other dispositive motions.  Thus, Plaintiff would not be unfairly prejudiced by the filing of the Amended Answer.  Additionally, any prejudice to Plaintiff is overridden by a need to decide the case on its merits.

For the foregoing reasons, Defendants respectfully request that their Motion for Leave to File First Amended Answer be granted and the attached Proposed Amended Answer be entered on the Court's docket.

                                               Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca
William W. Bowser, Esquire (No. 2239)
Margaret M. DiBianca, Esquire (No. 4329)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3467
Email:  mdibianca@ycst.com
Attorneys for Defendants

DATED:  December 29, 2006

## CERTIFICATE OF SERVICE

I, Margaret M. DiBianca, Esquire, hereby certify that on December 29, 2006, I electronically filed a true and correct copy of **Defendants' Motion for Leave to File First Amended Answer, Statement of Compliance and Proposed Order** with the Clerk of the Court using CM/ECF.  I further certify that on December 29, 2006, I caused to be served two (2) true and correct copies of the foregoing on the following non-registered participant via postage prepaid, First Class U.S. Mail:

>Renee M. Butz, *pro se*
>58 Hickory Drive
>North East, MD  21901

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Margaret M. DiBianca
>
>Margaret M. DiBianca, Esquire (No. 4329)
>The Brandywine Building, 17th Floor
>1000 West Street
>P.O. Box 391
>Wilmington, Delaware  19899-0391
>Telephone: (302) 571-5008
>Facsimile: (302) 576-3467
>Email:  mdibianca@ycst.com
>Attorneys for Defendants

DATED:  December 29, 2006