IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE M. BUTZ, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 05-495-JJF |
| | ) |
| LAWNS UNLIMITED, LTD., AND | ) |
| EDWARD FLEMING, | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES**

<u>General Responses and Objections</u>

1. Defendants object to any and all Interrogatories to the extent they seek the disclosure of information or documents protected by the attorney-client privilege and/or work product privilege.

2. Defendants object to any and all Interrogatories to the extent they seek information not relevant to the subject matter of this action and information not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendants object to any and all Interrogatories to the extent they require a response other than as described by FRCP 33.

Each of the responses provided below are subject to the general responses and objections outlined herein. Defendants reserve the right to supplement these interrogatories as additional, responsive, non-privileged information becomes available.

Specific Objections and Responses

1. Describe with particularity all facts supporting Defendant's allegation that Plaintiff abandoned her employment with Defendant in December 2003.

**RESPONSE:** Defendants object to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome. Subject to and without waiving the foregoing objections, Defendants respond that Plaintiff failed to provide Defendant Lawns with an anticipated start or end date for her expected maternity leave. Instead, on December 23, 2003, Plaintiff arrived at work, packed her personal belongings, told a co-worker that she was leaving and never coming back and if pushed for more information, she would sue Defendants Lawns. Plaintiff then left the Lawns facility. Plaintiff did not provide Lawns with any transition plans, a status report for any pending projects or accounts or give any other information that would indicate she was preparing to begin her maternity leave. Plaintiff did not leave her keys to the facility, as employees would be expected to do when beginning a six-week leave of absence. Instead, she simply left when no manager was present and without leaving a note or message to indicate her intentions. Having not been given any notice about Plaintiff's sudden departure, as well as her failure to provide any information to her supervisors about her departure, Defendants telephoned Plaintiff at home, at which time her husband threatened them to cease and desist any further contact with Plaintiff. On December 24, 2003, Plaintiff sent an e-mail stating that she had begun her maternity leave effective the 23th of December, 2003.

2. Identify each and every document supporting, evidencing, or in any way relating to Defendant's allegation that Plaintiff abandoned her employment with Defendant in December 2003.

**RESPONSE:** Defendants object to the interrogatory as overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendants have produced responsive documents in their possession.

      3.    Set forth in detail how Defendant's employees are made aware of company employment policies and practices.

      **RESPONSE:** Defendants object to this Interrogatory on the ground that it is vague, overly broad, and unduly burdensome. Defendants further object to this Interrogatory insofar as it fails to identify a relevant time period. Subject to and without waiving the foregoing objections, Defendants respond that, during the period of Plaintiff's employment with Defendant Lawns, new employees were made aware of company policies and practices through the following, non-exclusive methods: (1) communication from supervisors, managers, and/or foremen; (2) copies of such policies, provided by Plaintiff, as the Office Manager; (3) direct question and subsequent response from Lawns' Owners.

      4.    Set forth with specificity Defendant's leave request policy in effect during the period February 1, 2002 and December 31, 2003, and how employees are generally made aware of the policy

      **RESPONSE:** Defendants object to this Interrogatory on the ground that it is incomprehensibly vague. Subject to and without waiving the foregoing objection, Plaintiff is directed to the documents previously produced as Defendants' Initial Disclosures for information relating to any policy or policies in effect between February 1, 2002 and December 31, 2003 relating to requests for leave. Generally, employees during that time were made aware of the leave request policy by the Office Manager, whose job duties included the communication of company policies and procedures to employees.

      5.    Set forth in detail the process by which an employee would be granted a medical or non-medical leave under Defendant's leave policy.

      **RESPONSE:** Defendant objects to this Interrogatory on the ground that it is overly broad and beyond the scope of Rule 26. Defendant objects to this Interrogatory on the ground that it is incomprehensibly vague insofar as it fails to identify a relevant time period. Subject to and without waiving the foregoing objection(s), Plaintiff is directed to Defendants' previously produced Initial Disclosures, which included the relevant policies in place during Plaintiff's employment.

    6. Set forth in detail how Plaintiff advised the company of her plan to take maternity leave in late 2003 or early 2004.

    **RESPONSE:**  Defendant objects to this Interrogatory on the ground that it is incomprehensibly vague. Further, this Interrogatory necessarily implies a conclusion to which Defendants do not subscribe.  To answer further would require Defendants to prove a negative.

    7. Set forth in detail any eligibility requirements for employees to obtain medical insurance coverage under Defendant's insurance plan.

    **RESPONSE:**  Defendant objects to this Interrogatory on the ground that it is overly broad and beyond the scope of Rule 26 and on the ground that it is incomprehensibly vague insofar as it fails to specify any relevant time period and fails to identify the category of employees about which the Interrogatory seeks information. Subject to and without waiving the foregoing objections, Defendants respond that, during the period of Plaintiff's employment with Defendants Lawns, Defendant Lawns offered coverage under a group health insurance plan to eligible employees.  To qualify for participation, employees were required to meet certain criteria imposed by the Plan Providers and by the employer.

    8. Set forth in detail the amount of any weekly, bi-monthly or monthly premium Defendant's employees are required to pay for insurance coverage under Defendant's insurance plan.

    **RESPONSE:**  Defendant objects to this Interrogatory to the extent that it seeks personal, private and confidential information about third parties. Further, Defendant objects to this Interrogatory on the ground that it is overly broad and beyond the scope of Rule 26 insofar as it fails to identify any relevant time period and fails to specify the category of employees about which the Interrogatory seeks information. Subject to and without waiving the foregoing objections, Defendant Lawns paid 100% of Plaintiff's health and life insurance premiums.  Additionally, Lawns waived the applicable waiting period for Plaintiff, and granted her fully paid health and life insurance coverage effective her first day of employment.

9.  Set forth in detail any and all employment benefits regular, full-time employees of Defendant are entitled.

**RESPONSE:** Defendant objects to this Interrogatory on the ground that it is overly broad and beyond the scope of Rule 26 insofar as it fails to identify any relevant time period. Subject to and without waiving the foregoing objections, during the time of Plaintiffs employment with Defendant Lawns, certain full-time key employees were offered life and health insurance coverage (the premiums of which were paid by Lawns in varying amounts based on job title), a simple IRA (to which Lawns matched 3%), paid vacation (the length of which was based on continuous length of service and which did not begin to accrue until one year of continuous employment, at which time an eligible employee acquired one week of paid vacation), and three days of paid persona/sick leave time. Vacation time and personal/sick time were not payable at termination and did not roll-over from year to year.

10. Identify all individuals having knowledge of the facts surrounding Plaintiff's complaint giving rise to this civil action.

**RESPONSE:** Plaintiff is directed to Defendant's previously produced Initial Disclosures.

11. Set forth the amount of each year-end bonus Defendant paid to its employees during the years 2002, 2003, 2004, 2005 and 2006.

**RESPONSE:** Defendant objects to this Interrogatory to the extent that it seeks personal, private and confidential information about third parties. Further Defendant objects to this interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

12. Set forth the amount of each wage increase Defendant paid to its employees during the years 2002, 2003, 2004, 2005 and 2006.

**RESPONSE:** Plaintiff is directed to Defendants' objections provided in response to Interrogatory No. 11.

13. Identify all witnesses Defendant intends to call at the trial of this civil action.

**RESPONSE:** Defendant objects to this interrogatory to the extent it seeks production of attorney-client privileged or attorney work product information. Defendants object to this Interrogatory on the grounds that it is premature at this early stage of litigation and Defendants reserve the right to amend this response as the parties move towards trial.

14. Identify all expert witnesses Defendant intends to call at the trial of this civil action.

**RESPONSE:** No parties have identified any expert witnesses in this matter. Defendants reserve the right to amend this response if, at some later time, the Court's Scheduling Order is amended to provide the parties additional time to engage and identify any expert witnesses.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca, Esq.
William W. Bowser, Esquire (Bar. I.D. 2239)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 571-3476
Email: mdibianca@ycst.com
Attorneys for Defendants

DATED: January 29, 2007

Case 1:05-cv-00495-JJF    Document 42-2    Filed 01/29/2007    Page 7 of 7