IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE M. BUTZ, <br><br> Plaintiff, <br><br> v. <br><br> LAWNS UNLIMITED LTD., and <br> EDWARD FLEMING <br><br> Defendants. | ) <br> ) <br> ) <br> ) C.A. No.: 05-495 (JJF) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' RESPONSES TO PLAINTIFF RENEE M. BUTZ'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Edward Fleming and Lawns Unlimited Ltd. ("Defendant") make the following responses to Plaintiff Renee M. Butz's First Request for Production of Documents:

**Preliminary Statement and General Objections**

1. Defendants object to Plaintiff's document requests to the extent that they seek discovery of:

- Information or documents subject to the attorney-client privilege, or any other privilege;

- Information or documents constituting the work product of Defendant or its attorneys; and

- Information generated or documents prepared in anticipation of litigation or for trial by or for Defendant or its agents and representatives.

2. Defendants object to each document request to the extent that it calls for confidential or private information or documents, including, without limitation, trade secrets, personnel or competitively sensitive information or documents, unless and until the information or documents are the subject of a suitable

protective order. Defendants reserve the right to produce documents and designate certain documents as "confidential" based upon the expectation that the parties will reach agreement on the terms of a protective order. Defendants reserve the right, however, to withhold further production to the extent that the parties are unable to reach agreement on the terms of a protective order or to the extent that Plaintiff withholds its production pending finalization of a protective order.

3. Defendants object to each document request to the extent that it is overbroad, unduly burdensome and attempts to impose duties on Defendants that are not provided for by the Federal Rules of Civil Procedure or other applicable law.

4. Defendants have made diligent inquiry but, given the breadth of the information requested, Defendant cannot be certain that it has produced "all" documents responsive to Plaintiff's requests. Defendants reserve the right to revise, correct, add to, supplement, and/or clarify any of their responses as may be necessary.

5. Defendants reserve the right to retract any inadvertent disclosures of information or documents that are protected by the attorney-client privilege, the work product doctrine or any other applicable protection.

The responses given by Defendants are subject to these general objections as well as the objections, if any, made to each specific document request.

### Specific Objections and Responses

1. Any and all documents identified in or reviewed in preparation for Defendant's responses to Plaintiff's first set of interrogatories directed to Defendant.

**RESPONSE:** Defendants object to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Subject to and without

waiving the foregoing objection(s), Defendants have produced responsive documents in its possession.

2. Any and all documents evidencing or relating in any way to Defendant's claim that Plaintiff abandoned her job and that her separation of employment with Defendant was not a result of Plaintiff's pregnancy.

**RESPONSE:** Defendants object to this request on the ground that it is vague, overly broad, unduly burdensome and does not identify with particularity the documents sought to be produced. By way of further answer, Defendant responds that all responsive non-privileged documents have been produced relating to Plaintiff's separation of employment with Defendant Lawns Unlimited, Ltd. ("Lawns").

3. Any and all documents evidencing or relating to employment benefits provided to Plaintiff during her employment with Defendant from September 1, 2002 through December 31, 2003.

**RESPONSE:** Defendants object to this request on the ground that it is incomprehensibly vague and does not identify with particularity the documents sought to be produced insofar as "employment benefits" is not herein defined. Subject to and without waiving the foregoing objection(s), Defendants have produced responsive documents in its possession including the health insurance plan utilized by Lawns during 2003 and payroll records for the period of Plaintiff's employment with Lawns.

4. Any and all written leave policies or practices regarding medical and non-medical leaves of absences.

**RESPONSE:** Defendants object to this request on the grounds that it is vague, overly broad, unduly burdensome and does not identify with particularity the documents sought to be produced. Subject to and without waiving the foregoing objections, Defendants have produced all responsive non-privilege documents.

3

5. Any employee handbook, policy manual or similar document containing Defendant's employment policies.

**RESPONSE:** Defendants object to this request on the grounds that it is vague, overly broad, unduly burdensome and does not identify with particularity the documents sought to be produced. Subject to and without waiving the foregoing objections, Defendants have produced a copy of the Lawns Unlimited, Ltd. Employee Handbook in effect during Plaintiff's employment.

6. Any document reflecting Plaintiff's signature that acknowledges her receipt of Defendant's employee handbook, policy manual or similar document.

**RESPONSE:** Defendants object to this request on the ground that it is vague, overly broad, unduly burdensome and does not identify with particularity the documents sought to be produced. Subject to and without waiving the foregoing objection(s), Defendants have produced responsive documents in its possession.

7. Plaintiff's employment file including, but not limited to, application for employment, wage change forms, disciplinary notes, workers' compensation and unemployment compensation materials, medical records, memos, emails, and notes.

**RESPONSE:** Defendants object to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Further, Defendants object to this request on the ground that it is vague, overly broad, unduly burdensome and does not identify with particularity the documents sought to be produced. Subject to and without waiving the foregoing objection(s), Defendants have produced responsive documents in its possession, including Plaintiff's personnel file from her employment with Defendant Lawns.

4

8.     Any document reflecting pay increases by Defendant in effect during the years 2002, 2003, 2004, 2005 and 2006.

**RESPONSE:** Defendants object to this request on the ground that it is vague, overly broad, unduly burdensome and does not identify with particularity the documents sought to be produced.  Further, Defendants object to this request to the extent that it is irrelevant and outside the scope of Rule 26.  Notwithstanding these objections, Defendants have produced relevant payroll records pertaining to Plaintiff's employment with Defendant Lawns.

9.     Any bonus policy or other document reflecting bonuses paid by Defendant to employees in 2002, 2003, 2004, 2005 and 2006.

**RESPONSE:** Defendants object to this request to the extent it seeks personal, private and confidential information about third parties. Defendants object to this request to the extent that it is irrelevant and outside the scope of Rule 26.  Further, Defendants object to this request on the ground that it is incomprehensibly vague and does not identify with particularity the documents sought to be produced insofar as "bonus policy or other document" is not defined herein.  Subject to and without waiving these objections, Defendants produce documents reflecting bonus payments made to employees in positions similar to the position held by Plaintiff during her employment.

10.     Any and all leave request forms, notices or other communication submitted by employees during the period February 2002 through February 2004.

**RESPONSE:** Defendants object to this request to the extent it seeks personal, private and confidential information about third parties. Defendants object to this request to the extent that it is irrelevant and outside the scope of Rule 26.  Further, Defendants object to this request on the ground that it is incomprehensibly vague and does not

5

identify with particularity the documents sought to be produced insofar as "notices or other communications" is not defined herein.

11. Defendant's medical insurance policy in effect during the time frame February 1, 2002 through December 31, 2003.

**RESPONSE:** Defendants object to this request on the ground that it is incomprehensibly vague and does not identify with particularity the documents sought to be produced. Subject to and without waiving the foregoing objection(s), Defendants have produced responsive documents in its possession and Defendant directs Plaintiff to the response provided in No. 3.

12. Plaintiff's payroll records for the period September 1, 2002 through December 31, 2003.

**RESPONSE:** Defendants object to this request on the ground that it is incomprehensibly vague and does not identify with particularity the documents sought to be produced. Subject to and without waiving the foregoing objection(s), Defendants have produced responsive documents in its possession.

13. Notice of cancellation of Plaintiff's medical insurance for effective date December 31, 2003.

**RESPONSE:** Defendants object to this request insofar as Plaintiff has the burden to prove the facts alleged in her complaint. Defendants object to this request on the ground that it is incomprehensibly vague and does not identify with particularity the documents sought to be produced.

14. The complete file(s) of any and all expert witnesses retained by Defendant and expected to testify at trial, including any expert reports, documents provided to said experts by Defendant, documents reviewed by said experts, and any documents or drafts created by said experts.

**RESPONSE:** Defendants object to this request to the extent it seeks production of attorney-client privileged or attorney work product information. By way of further answer, Defendants have not yet identified any expert witnesses.

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        /s/ Margaret M. DiBianca
        William W. Bowser, Esquire (Bar I.D. 2239)
        Margaret M. DiBianca, Esquire (Bar I.D. 4539)
        The Brandywine Building, 17th Floor
        1000 West Street
        P.O. Box 391
        Wilmington, Delaware 19801-0391
        Telephone: (302) 571-5008
        Facsimile : (302) 576-3476
        wbowser@ycst.com; mdibianca@ycst.com
        Attorneys for Defendants