IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE M. BUTZ, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>LAWNS UNLIMITED LTD. and )<br>EDWARD FLEMING, )<br>)<br>Defendants. | C.A. No. 05-495-JJF |

**DEFENDANTS' MOTION TO COMPEL**

    Defendants, by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 37, hereby move for the entry of an Order precluding Michael Butz, the father-in-law of *pro se* Plaintiff Renee M. Butz from providing Plaintiff with guidance or acting as her counsel in this matter, taking the depositions of Defendants' witnesses, appearing at or defending Plaintiff at her deposition. The grounds for this motion are as follows:

    1.  Plaintiff filed a *pro se* Complaint in this action on July 15, 2005 alleging discrimination based on her gender. (D.I. 2).

    2.  Defendants filed an Answer on May 3, 2006. (D.I. 8).

    3.  Plaintiff filed a Motion to Appoint Counsel on August 9, 2006. (D.I. 17). The Court denied the Motion on November 16, 2006. (D.I. 35).

    4.  Plaintiff advised the undersigned counsel for Defendants that her father-in-law, Michael Butz, a non-lawyer, has been providing her with guidance in this matter and that he intends to act as Plaintiff's counsel by defending Plaintiff at her deposition and by taking the depositions of Defendants' witnesses. Defendants' counsel contends that Mr. Butz, who is not a member of the bar in this or any other State, may not

2

depose a witness nor defend a deponent because to do so would constitute the unauthorized practice of law and, further, may not provide Plaintiff with guidance regarding pleadings, filings, or other legal strategy.

        5.      Defendants objects to Mr. Butz's intended role in the depositions in this matter as it would constitute the unauthorized practice of law. *See In re Coleman*, 588 A.2d 1142 (Del. 1991) (court dismissed Writ of Mandamus because it was filed by *pro se* plaintiff's husband, a non-attorney, and therefore constituted the unauthorized practice of law); *Marshall-Steele v. Nanticoke Mem'l Hosp., Inc.,* C.A. No. 98A-10-001, 1999 Del. Super. LEXIS 137 (Del. Super. June 18, 1999) (finding that a non-employee, non-attorney could not represent a corporation at an Unemployment Insurance Appeal Board Hearing and emphasizing that such representation would constitute the unauthorized practice of law); *Del. State Bar Ass'n v. Alexander*, 386 A.2d 652 (Del. 1978) (holding that non-lawyer individuals, who were employed by a corporation and assisted litigants in various legal matters, were engaged in the unauthorized practice of law).

[Continued onto next page]

WHEREFORE, Defendant respectfully requests that the Court enter an Order in the form attached hereto.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca, Esq.
William W. Bowser, Esquire (Bar I.D. 2239)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19801
Telephone:  (302) 571-6601, 571-5008
Facsimile :  (302) 576-3282, 576-3476
Email:  wbowser@ycst.com; mdibianca@ycst.com

Dated:  January 31, 2007