IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RENEE M. BUTZ,                      )
                                   )
                    Plaintiff,     )
          v.                       )      C.A. No. 05-495 (JJF)
                                   )
LAWNS UNLIMITED LTD., AND,         )
EDWARD FLEMING                     )
                    Defendants.    )
                                   )


**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR
MOTION FOR JUDGMENT ON THE PLEADINGS**


William W. Bowser, Esquire (No. 2239)
Margaret M. DiBianca, Esquire (No. 4539)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3467
Email:  mdibianca@ycst.com
Attorneys for Defendants


DATED:  January 31, 2007

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................V

NATURE AND STAGE OF THE PROCEEDINGS ....................................1

SUMMARY OF THE ARGUMENT ..............................................2

ARGUMENT ...........................................................4

I.    THE APPLICABLE STANDARD OF LAW FOR A 12(C)
      MOTION....................................................4

II.   PLAINTIFF'S FAILURE TO EFFECTUATE TIMELY AND
      SUFFICIENT SERVICE OF PROCESS REQUIRES THE
      DISMISSAL OF THE AMENDED COMPLAINT ................................5

III.  PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE
      THE NECESSARY ELEMENTS OF TITLE VII..................................9

      A.    Plaintiff Cannot State a Claim Against Edward Fleming
            Because Title VII Does Not Impose Individual Liability...........................9

      B.    The Amended Complaint Fails to Allege any of the
            Necessary Elements Required to Sustain a Viable Claim
            Against Lawns Under Title VII. ........................................9

IV.   PLAINTIFF CANNOT ESTABLISH A CLAIM FOR COBRA
      BENEFITS UNDER TITLE VII OR ERISA .....................................12

      A.    COBRA Claims May Not Be Alleged as a Subset of a Title
            VII Claim ......................................................13

      B.    Even if Added by Amendment or Implied, a COBRA Claim
            Does Not Withstand the Present Motion ..................................14

      C.    Leave to Amend to Add a COBRA Claim Would Be Futile....................18

V.    PLAINTIFF'S CLAIMS FOR UNPAID VACATION, OVERTIME
      AND BONUS ARE BARRED BY THE DELAWARE WAGE
      PAYMENT ACT AND MUST BE DISMISSED ................................20

      A.    Overtime, Vacation, Personal and Sick Leave, and Bonus
            Payments Are Wages Under Delaware Law and, Therefore,
            Must Be Alleged In a Separate Action under the Wage
            Payment and Collection Act ..........................................20

iii

B.    Claims for Unpaid Vacation, Personal and Sick Time Must
Be Dismissed Where Plaintiff Fails to Allege that She Was
Even Entitled to These Benefits..................................................................22

C.    Leave to Amend to Add a State Wage Claim Would Be
Futile ...........................................................................................................23

CONCLUSION.......................................................................................................25

# TABLE OF AUTHORITIES

**Cases**

Arots v. Salesianum Sch., Inc.,
    C.A. No. 01-334-GMS,
    2003 U.S. Dist. LEXIS 10171 (D. Del. June 17, 2003)................................................... 5

Ayres v. Jacobs & Crumplar, P.A.,
    99 F.3d 565 (3d Cir. 1996) ........................................................................................... 7

Breiner v. Litwhiler,
    No. 03-1543,
    2004 U.S. App. LEXIS 5400 (3d Cir. Mar. 23, 2004)................................................... 18

Bullen v. DeBretteville,
    239 F.2d 824, 833 (9th Cir. 1956),
    cert. denied, 353 U.S. 947 (1957) ............................................................................ 5, 12

Carter v. 3 Unknown Police Officers of the Wilmington Police Dep't,
    112 F.R.D. 48 (D. Del. 1986) ....................................................................................... 8

Compass v. Am. Mirrex Corp.,
    72 F. Supp. 2d 462 (D. Del. 1999)................................................................................ 23

Dici v. Pa.,
    91 F.3d 542 (3d Cir. 1996) ........................................................................................... 9

Fenner v. Favorite Brands, Int'l,
    No. 97-5906,
    1998 U.S. Dist. LEXIS 7224 (N.D. Ill. May 11, 1998)................................................. 16

Fernandez v. U.S.,
    No. 93-5378-NHP,
    1994 U.S. Dist. LEXIS 10619 (D.N.J. July 20, 1994)................................................... 7

Foman v. Davis,
    371 U.S. 178 (1962)....................................................................................................... 18

Francis v. Joint Force Headquarters,
    C.A. No. 05-4484 (RBK),
    2006 U.S. Dist. LEXIS 72738 (D.N.J. Oct., 2006)........................................................ 9

Gelardi v. Pertec Comp. Corp.,
    761 F.2d 1323 (9th Cir. 1985) ...................................................................................... 17

Guiles v. Metro. Life Ins. Co.,
  No. 00-5029,
  2002 U.S. Dist. LEXIS 2393 (E.D. Pa. Feb. 13, 2002) ................................. 17

Hall v. Glenn O. Hawbaker, Inc.,
  No. 4:06-1101,
  2006 U.S. Dist. LEXIS 81760 (M.D. Pa. Nov. 8, 2006) ............................... 17

Holley v. Schreibeck,
  758 F. Supp. 283 (E.D. Pa. 1991) ............................................................. 5, 12

In Re Burlington Coat Factory Sec. Litig.,
  114 F.3d 1410 (3d Cir. 1997) ..................................................................... 18

Jones v. SABIS Educ. Sys.,
  52 F. Supp. 2d 868 (N.D. Ill. 1999) ............................................................ 15

Kersh v. Derozier,
  851 F.2d 1509 (5th Cir. 1998) ....................................................................... 7

Kost v. Kozakiewicz,
  1 F.3d 176 (3d Cir. 1993) .............................................................................. 4

Lloyd v. Wilmington Sav. Fund Socy.,
  No. 84C-FE-68,
  1985 Del. Super. LEXIS 1194 (Del. Super. May 28, 1985) ......................... 21

Lynch v. City of Phila.,
  194 Fed. Appx. 89 (3d Cir. 2006) ................................................................ 12

Manns v. Leather Shop Inc.,
  960 F. Supp. 925 (D.V.I. 1997) ..................................................................... 9

McEntyre v. City of Wilmington,
  No. 01-396-GMS,
  2002 U.S. Dist. LEXIS 14569 (D. Del. July 9, 2002) ................................ 10, 11, 12, 18

McNeil v. U.S.,
  508 U.S. 106 (1993) ....................................................................................... 5

Miller v. Comp. Sciences Corp.,
  C.A. No. 05-10-JJF,
  2006 U.S. Dist. LEXIS 48746 (D. Del. July 14, 2006) ................................. 21

Momah v. Albert Einstein Med. Ctr.,
  158 F.R.D. 66 (E.D. Pa. 1994) ....................................................................... 7

Moran v. Aetna Life Ins. Co.,
  872 F.2d 396 (9th Cir. 1989) ................................................................ 17

Parker v. Del.,
  No. 98-445-SLR,
  2000 U.S. Dist. LEXIS 3112 (D. Del. Mar. 13, 2000) ............................ 6, 8

Petrucelli v. Bohringer & Ratzinger,
  46 F.3d 1298 (3d Cir. 1995) ................................................................... 7

Powell v. Bob Downes Chrylser-Plymouth, Inc.,
  No. 90-226-C,
  1992 U.S. Dist. LEXIS 22540 (D. Mo. July 20, 1992)............................. 17

Sayed v. Hercules, Inc.,
  214 F.3d 155 (3d Cir. 2001) ............................................................ 19, 20

Seitz v. Siegfried Group,
  No. 99C-12-025-CHT,
  2001 Del. Super. LEXIS 364 (Del. Super. Oct. 2, 2001)............................ 21

Sorenson v. Overland Corp.,
  142 F.Supp. 354 (D. Del. 1956).............................................................. 20

Spiegel v. Schulmann,
  No. 03-5088-SLT,
  2006 U.S. Dist. LEXIS 8653 (E.D.N.Y. Nov. 30, 2006)............................ 14

Stafford v. E.I. DuPont de Nemours,
  27 Fed. Appx. 137 (3d Cir. 2002) .......................................................... 19

State v. Dineen,
  No. 5882,
  1981 Del. Ch. LEXIS 496 (Del. Ch. Oct. 29, 1981)................................... 22

Sykes v. Blockbuster Video,
  No. 06-1745,
  2006 U.S. App. LEXIS 28424 (3d Cir. Nov. 15, 2006) ................................ 5

Toy v. Plumbers & Pipefitters Local 74,
  439 F. Supp. 2d 337 (D. Del. 2006)........................................................ 19

Turbe v. Govn't of V.I.,
  938 F.2d 427 (3d Cir. 1991) ................................................................... 4

Weaver v. Wilcox,
  650 F.2d 22 (3d Cir. 1981) ..................................................................... 18

Willis v. Tarasen,
No. 04-4110-JMR-FLN,
2005 U.S. Dist. LEXIS 43270 (D. Minn. July 14, 2005).....................................................6

Wilmington Housing Auth. v. Rocky Marciano Constr. Co.,
    407 F. Supp. 228 (D. Del. 1976)................................................................................... 21

Zilich v. Lucht,
981 F.2d 694 (3d Cir. 1992)..........................................................................................5

McEntyre v. City of Wilmington,
    No. 01-396-GMS,
    2002 U.S. Dist. LEXIS 14569 (D. Del. July 9, 2002) ............................... 10, 11, 12, 18

Willis v. Tarasen,
    No. 04-4110-JMR-FLN,
    2005 U.S. Dist. LEXIS 43270 (D. Minn. July 14, 2005) ............................................... 6

**Statutes**

10 Del. C. § 8111 .................................................................................................... 19, 23

19 Del. C. § 1113 ......................................................................................................... 20

26 U.S.C. § 4980B(f)(3)(B) .......................................................................................... 13

29 U.S.C. § 1166........................................................................................................... 13

Delaware Wage Payment and Collection Act ("WPCA"),
19 Del. C.  §§ 1101-15................................................................................................. 20

Title VII of the Civil Rights Act of 1964, as amended,
42 U.S.C. § 2000(e)-5 .................................................................................................... 9

**Other Authorities**

26 C.F.R. § 54.4980B-2 .................................................................................................15

29 U.S. NITA § 1132 ....................................................................................................18

## NATURE AND STAGE OF THE PROCEEDINGS

The present matter is a claim of employment discrimination filed by Plaintiff *pro se* Renée M. Butz on July 15, 2005.  (D.I. 2).  Plaintiff named Lawns Unlimited, Ltd. ("Lawns") and its President, Edward Fleming, as Defendants.  Pursuant to stipulation, Plaintiff filed her First Amended Complaint on August 16, 2006.  (D.I. 19).

Plaintiff brought her claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e)-5, alleging discriminatory treatment based on her sex.  (D.I. 19).  The discriminatory acts alleged in Plaintiff's Amended Complaint include termination of employment, cancellation of health insurance without written notice, failure to offer COBRA benefits, and failure to pay wages including, "vacation, sick and personal time," overtime hours and bonus.  (D.I. 19 at ¶10).

Discovery has closed but there are several discovery-related motions currently pending.  (D.I. 36-39).  Defendants have filed a Motion for Judgment on the Pleadings.  This is their Opening Brief in Support thereof.  Defendants have also filed a Motion to Compel simultaneously with the present Motion.  (D.I. 43).  In their simultaneous filing, Defendants ask the Court to preclude Plaintiff's father-in-law, Michael Butz, a non-lawyer, from providing legal assistance to Plaintiff in this matter.  Defendants respectfully request that the Court's Ruling on the Motion to Compel be applied or, if appropriate, be extended as necessary, to prevent Mr. Butz from providing legal assistance to Plaintiff in preparation of her answer to the present Motion for Judgment on the Pleadings.

DB02:5724700.1

065789.1001

## SUMMARY OF THE ARGUMENT

1.      Plaintiff's Amended Complaint is subject to dismissal under Rule 12(c) for failure to state a claim upon which relief can be granted.

2.      As an initial matter, Plaintiff's failure to properly effectuate timely service of process upon Defendants in compliance with Rule 4 requires the dismissal of her Amended Complaint.

3.      Even if the Amended Complaint was not subject to dismissal under Rule 4, it fails to allege any facts that would constitute the basis of a viable Title VII claim.

4.      As a threshold matter, Edward Fleming, the individual defendant, is not subject to suit under Title VII and any claim against him must, therefore, be dismissed.

5.      Further, the Amended Complaint fails to allege any of the necessary elements required to establish a Title VII claim against Lawns Unlimited, Ltd.

6.      Plaintiff cannot allege COBRA violations as part of her Title VII claim because both claims are based on the same set of underlying facts.

7.      Even if the Amended Complaint could be construed as having asserted both Title VII and COBRA claims, no facts are alleged that support a viable COBRA claim.

8.      It would be futile for the Court to grant Plaintiff leave to amend to add a COBRA claim because such a claim would be barred by the statute of limitations.

9.      Plaintiff's claims for unpaid wages are barred by the Delaware Wage Payment & Collection Act, which is the exclusive remedy for unpaid vacation, overtime, sick and personal time, and bonus payments.

10.     Even if Plaintiff could assert a claim for unpaid wages in addition to her Title VII claim, the WPCA claim would be subject to dismissal because Plaintiff has failed to allege that she was legally entitled to any of the claimed wages.

11.     Further, it would be futile for the Court to grant Plaintiff leave to amend her Amended Complaint to add a state wage claim because it would be barred by the statute of limitations.

**ARGUMENT**

In her Amended Complaint, Plaintiff *pro se* Renee M. Butz alleges that Defendants Lawns Unlimited, Ltd. ("Lawns"), and Edward Fleming violated Title VII when they allegedly:  (1) terminated her employment; (2) "cancelled [her] health insurance without written notice;" (3) "did not offer COBRA;" and (4) unlawfully withheld wages, including vacation, sick and personal time, overtime hours, and "bonus."  (D.I. 19 at ¶10).  As a matter of law, Fleming must be dismissed from the suit because there is no individual liability under Title VII.  Further, the practices allegedly committed by Lawns are unprotected by Title VII and, therefore, are insufficient to withstand the present Motion.

## I.    THE APPLICABLE STANDARD OF LAW FOR A 12(c) MOTION

The purpose of a 12(c) motion is to test the sufficiency of a complaint.  <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993).  As this Court recently explained, the standard of review for a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standards that apply to a motion to dismiss under Rule 12(b)(6).  <u>Magten Absent Mgm't Corp. v. Paul Hastings Janofsky & Walker, LLP</u>, C.A. No. 04-1256-JJF, slip op. at *5 (D. Del. Jan. 12, 2007).  This Court stated:

> Specifically, the Courts must accept the facts alleged in the pleadings as true and draw all reasonable factual inferences in the light most favorable to the nonmovant.  The movant bears the burden of demonstrating that no material issue of fact remains to be resolved and judgment as a matter of law is appropriate.

<u>Id.</u>  If the Complaint fails to state a claim upon which relief can be granted, the Complaint must be dismissed.  <u>See</u>  <u>Turbe v. Govn't of V.I.</u>, 938 F.2d 427, 428 (3d Cir. 1991).

Although this is the standard of law to be applied to Plaintiff's Amended Complaint, her original Complaint will not be evaluated under any standard, as it is

excluded from the analysis.  Plaintiff's Amended Complaint completely supersedes the original Complaint, which is now "treated as non-existent."  See Holley v. Schreibeck, 758 F. Supp. 283, 284 (E.D. Pa. 1991).  Since its amendment, the original Complaint "no longer performs any function as a pleading and cannot be utilized to aid a defective amendment."  Bullen v. DeBretteville, 239 F.2d 824, 833 (9th Cir. 1956), cert. denied, 353 U.S. 947 (1957).  Therefore, in evaluating whether Plaintiff has sufficiently stated a claim upon which relief can be granted, only the Amended Complaint may be considered.

Defendant recognizes that certain considerations must be made for Plaintiff's *pro se* status.  A complaint filed by a *pro se* litigant will be construed liberally.  Zilich v. Lucht, 981 F.2d 694, 694 (3d Cir. 1992) (internal citations omitted).  And, "although . . . conformity with procedural rules should be viewed liberally when a litigant is acting *pro se*," *pro se* status does not excuse every failure.  Arots v. Salesianum Sch., Inc., C.A. No. 01-334-GMS, 2003 U.S. Dist. LEXIS 10171, at *10 (D. Del. June 17, 2003) (internal quotations omitted).

In this District, "the rules are not suspended simply because the litigant is unrepresented by counsel."  Id. at *10.  The procedural rules of litigation should not be interpreted "so as to excuse mistakes by those who proceed without counsel."  McNeil v. U.S., 508 U.S. 106, 113 (1993).  In short, Plaintiff's *pro se* status will "not justify failure to comply with the rules of procedures."  Sykes v. Blockbuster Video, No. 06-1745, 2006 U.S. App. LEXIS 28424, at *5 (3d Cir. Nov. 15, 2006).

## II.    PLAINTIFF'S FAILURE TO EFFECTUATE TIMELY AND SUFFICIENT SERVICE OF PROCESS REQUIRES THE DISMISSAL OF THE AMENDED COMPLAINT

Plaintiff filed her Complaint on July 15, 2005.  (D.I. 2).  Plaintiff served both Defendants with a summons on March 1, 2006.  (D.I. 6).  Neither summons included a

copy of the Complaint. (D.I. 7). Plaintiff filed a Return of Service for both Defendants on May 12, 2006. (D.I. 9-10).

Plaintiff failed to effectuate proper service of process on either Defendant. Rule 4(m) mandates that service be made within 120 days from the filing of the Complaint. Fed. R. Civ. P. 4(m). Here, Plaintiff served Defendants nearly four months after the expiration of the 120-day period on November 15, 2005. Fed. R. Civ. P. 4(m) (setting time limit for service at 120 days after filing the complaint). Even then, Plaintiff's attempted service failed to comply with the Rules because it did not include a copy of the Complaint, as required by Rule 4(e). See Fed. R. Civ. P. 4(e) (requiring a plaintiff to serve a copy of both the summons and the complaint). [1]

Plaintiff's failure to comply with the procedural rules of this Court warrants the dismissal of her Amended Complaint. A plaintiff who has failed to properly effectuate service of process before the 120-day deadline will face dismissal unless she can demonstrate good cause for the failure. See Parker v. Del., No. 98-445-SLR, 2000 U.S. Dist. LEXIS 3112, at *5 (D. Del. Mar. 13, 2000). If the plaintiff cannot demonstrate good cause, the court is "compelled to dismiss the action." Sykes, 2006 U.S. App. LEXIS at *3.

---

[1] Defendants' original Answer, filed by previous counsel, did not assert the affirmative defense of insufficient service of process or, more generally, lack of personal jurisdiction. However, after retaining the undersigned counsel, Defendants filed a Motion for Leave to Amend their Answer, which is currently pending before the Court. (D.I. 39). The proposed Amended Answer asserts both of these affirmative defenses. (D.I. 39). Defendants do not dispute that, if denied leave to amend, Rule 12(h)(1)(b) would preclude an insufficiency of service defense. See Fed. R. Civ. P. 12(h)(1)(b) (insufficient service defense is waived if not asserted in a Rule 12 motion, a responsive pleading, or amendment thereof). However, if leave to amend is granted and the proposed Amended Answer given effect, Defendants are deemed to have timely asserted the affirmative defenses of insufficient service and lack of personal jurisdiction. See Willis v. Tarasen, No. 04-4110-JMR-FLN, 2005 U.S. Dist. LEXIS 43270, at *8-10 (D. Minn. July 14, 2005) (dismissing complaint on the grounds that defendant's amended answer constituted a timely assertion of the defense of insufficient service, even though the defense was not raised in the original Answer).

In the Third Circuit, the standard for good cause is "at least as stringent as the 'excusable neglect' standard under Rule 6(b)."  See Momah v. Albert Einstein Med. Ctr., 158 F.R.D. 66, 69 (E.D. Pa. 1994) (collecting cases).  This standard is not an easy one to meet.  Id.  at 69-70 (dismissing complaint served just one day after the expiration of 120-day period).  A plaintiff's "disregard for the 'technical niceties' of service of process" does not constitute good cause.  Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996).  Further, "inadvertence, 'half-hearted' efforts, and misplaced reliance does not constitute good cause."  Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1307 (3d Cir. 1995).

Plaintiff's *pro se* status is of no import to the evaluation of Defendants' affirmative defense.  Fernandez v. U.S., No. 93-5378-NHP, 1994 U.S. Dist. LEXIS 10619, at *3 (D.N.J. July 20, 1994) (dismissing complaint of *pro se* plaintiff who served defendants a summons, without enclosing a copy of the complaint, outside of the 120-day period).  Plaintiff is expected to comply with the Federal Rules of Civil Procedure whenever she files a lawsuit in federal court, regardless of whether or not she is represented by counsel.  Sykes, 2006 U.S. App. LEXIS at *5 (affirming dismissal of complaint where *pro se* plaintiff served the defendant with a copy of the summons—but not a copy of the complaint—26 days beyond the expiration of the 120-day period imposed by Rule 4(m)).  Plaintiff's ignorance of the rules does not constitute good cause sufficient to excuse her failure to act within the time allotted.  Id.; see also Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1998) (*pro se* plaintiff's ignorance of service rules does not constitute good cause).

Further, the Third Circuit has explained that the running of the limitations period does not compel the court to grant an extension of the service deadline.  <u>Parker</u>, 2000 U.S. Dist. LEXIS at *7.  In fact, just the opposite is true.  An expired statute of limitations actually weighs in favor of dismissal for insufficient service.  <u>Carter v. 3 Unknown Police Officers of the Wilmington Police Dep't</u>, 112 F.R.D. 48, 50 (D. Del. 1986) (finding dismissal was warranted where *pro se* plaintiff failed to comply with Rule 4(m), coupled with the likelihood that the statute had expired prior to the filing of his amended complaint).  Although the use of discretion is particularly important in a case where the plaintiff is acting *pro se*, "the Court's discretion to save the action is severely limited" where, as here, the action is barred by Rule 15(c) and the applicable statute of limitations. <u>Id.</u>  Extension of the service period is "particularly inappropriate" where the complaint may be subject to a statute of limitations defense and it is likely that "much of the complaint would be dismissed anyway."  <u>Parker</u>, 2000 U.S. Dist. LEXIS at *7; <u>see</u> <u>also</u> <u>Arots v. Salesianum Sch., Inc.</u>, No. 01-334-GMS, 2003 U.S. Dist. LEXIS 10171, at *11 (D. Del. June 17, 2003) (finding that the action "must be dismissed" where *pro se* plaintiff failed to serve summons within the 120-day period and, additionally, failed to timely file his complaint).

As discussed in the sections that follow, Plaintiff's claims suffer from numerous fatal defects, including the expiration of the statute of limitations prior to the filing of her Complaint.  Plaintiff cannot proffer an excuse for her failure that would constitute legally sufficient good cause.  Further, Plaintiff's *pro se* status cannot act to save her claims.  Because of Plaintiff's repeated failures to comply with the procedural rules of this Court, dismissal of her claims is both appropriate under and mandated by the Federal Rules.

III.    **PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE THE NECESSARY ELEMENTS OF TITLE VII**

A.    **Plaintiff Cannot State a Claim Against Edward Fleming Because Title VII Does Not Impose Individual Liability**

As an initial matter, the individual defendant, Edward Fleming, is not subject to suit and, therefore, must be dismissed from the case.  Plaintiff filed suit under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e)-5, alleging that she was wrongfully terminated by Lawns Unlimited.  (D.I. 19).  Lawns' President, Edward Fleming, was named as an individual defendant.  (D.I. 19).  "Title VII does not permit the imposition of liability upon individuals unless they meet . . . [the] definition of 'employer.'"  Manns v. Leather Shop Inc., 960 F. Supp. 925, 928 (D.V.I. 1997); see also Dici v. Pa., 91 F.3d 542, 552 (3d Cir. 1996) (holding that individual employees cannot be held liable under Title VII).  As a matter of law, therefore, Plaintiff's claims against Fleming must be dismissed.  Francis v. Joint Force Headquarters, C.A. No. 05-4484 (RBK), 2006 U.S. Dist. LEXIS 72738, at*15 (D.N.J. Oct., 2006) (dismissing the plaintiff's claims against the individual defendants).

B.    **The Amended Complaint Fails to Allege any of the Necessary Elements Required to Sustain a Viable Claim Against Lawns Under Title VII.**

Plaintiff's Amended Complaint fails to allege any facts in support of her claims.  Instead, it states that a "copy of the charges filed with the [EEOC] is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim."  (D.I. 19 at 12).  All that is attached, however, is a copy of the Notice of Right to Sue issued by the EEOC.  (D.I. 19).  The only "fact" indicated by the Notice is that the EEOC had terminated its processing of the Charge and that Plaintiff had 90 days from the issuance of the Notice to file suit.  Nowhere in the Notice are there any facts about the nature of the Charge or the

circumstances relating to Plaintiff's alleged termination.  Instead, the only mention of the

Charge is that it was brought pursuant to Title VII "and/or the Americans With Disabilities

Act."  Plaintiff's Amended complaint undoubtedly fails to allege any set of facts that could

warrant relief.  See McEntyre v. City of Wilmington, No. 01-396-GMS, 2002 U.S. Dist.

LEXIS 14569, at *11 (D. Del. July 9, 2002).

Title VII imposes limits only on "covered employers" in the actions they take

concerning "covered employees."  Plaintiff failed to even allege that either of these most

basic threshold requirements are satisfied in the present case.  In fact, Plaintiff's Amended

Complaint does not even identify an employment relationship subject to the requirements

of Title VII.

The only mention of any "employment" is found in Paragraphs 4 and 10 of the

Amended Complaint.  In Paragraph 4, Plaintiff states that the complained of actions

occurred "in connection with" her "employment at, or application to be employed at

defendant's Edward Fleming (Lawns Unlimited) place of business . . .."  (D.I. 19 at 4).  She

then points to the "termination of [her] employment" as grounds for her claim.  (D.I. 19 at

10).

Plainly absent from these assertions is any allegation that Plaintiff was, in fact,

employed by either Defendant.  For example, although she claims that she was terminated

from her employment, she does not allege that she was terminated from employment with

Defendants. Because Plaintiff fails to allege that an employment relationship existed with

either Defendant, she has failed to allege that she was a covered employee entitled to the

protections of Title VII.

Nor does Plaintiff allege that Lawns was a "covered employer" subject to liability under Title VII.  Title VII defines an "employer" as a business with fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.  42 U.S.C. § 2000e.  The Amended Complaint makes no mention of the number of employees employed by Lawns during 2002.  Plaintiff's failure to allege any facts from which it could be inferred that she was employed by a covered employer who terminated her in violation of Title VII.

Perhaps most disturbing is that Plaintiff makes no mention whatsoever of the most basic element of a Title VII claim: that her sex was a motivating factor in the alleged discriminatory acts.  McEntyre, 2002 U.S. Dist. LEXIS at *11.  Plaintiff's Amended Complaint makes "absolutely no reference to any specific facts that constitute direct proof of [gender-based] animus."  Id. at *12.  Instead, the single reference to the claimed protected characteristic is found in Paragraph 11 of the Amended Complaint.  There, Plaintiff states, "Defendant's conduct is discriminatory with respect to the following: Plaintiff's sex."  (D.I. 19 at 11).  Plaintiff's absolute failure to allege any set of facts or circumstances that could give rise to a finding of sex discrimination requires that her claim be dismissed in the present Motion.  See id. (dismissing complaint where plaintiff failed to set forth any facts that could support a finding of racial discrimination).

Her failure to allege even the most fundamental requirements of a Title VII claim renders the Amended Complaint to insufficient as a matter of law.  It may be worthy to note that Plaintiff's reference to the Charge of Discrimination made in her original Complaint will not save her claims from dismissal.  Although Plaintiff attached a copy of

the Charge to her original filing, she failed to do so in her Amended Complaint. Instead, she attached only the Notice of Right to Sue to the revised Complaint.

Plaintiff cannot "reach back" to the original Complaint, retrieve the attached Charge, and somehow append the Charge to the Amended Complaint. As discussed above, an amended pleading replaces the initial pleading its entirety. Holley, 758 F. Supp. at 284. The Complaint, therefore, cannot be used to save the defective Amended Complaint. Bullen, 239 F.2d at 833. An amended complaint that "incorporates by reference" previous complaints will be dismissed for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Lynch v. City of Phila., 194 Fed. Appx. 89, 90 (3d Cir. 2006).

Even assuming that Plaintiff had sufficiently alleged that Lawns was a covered employer and that she was a covered employee, she still fails to allege that Lawns committed any action in violation of Title VII. In order to withstand a 12(b) or 12(c) motion on her Title VII claim, Plaintiff must produce evidence that her sex was a motivating factor in the alleged discriminatory acts. McEntyre, 2002 U.S. Dist. LEXIS at *11. Plaintiff's Amended Complaint makes "absolutely no reference to any specific facts that constitute direct proof of [gender-based] animus." Id. at *12.

## IV.    PLAINTIFF CANNOT ESTABLISH A CLAIM FOR COBRA BENEFITS UNDER TITLE VII OR ERISA

Plaintiff's Amended Complaint alleges that Defendants "did not offer COBRA." (D.I. 19 at ¶10). Plaintiff is apparently claiming that this alleged failure constituted a direct violation of the Employee Retirement Income Security Program ("ERISA"),[2] or that a violation of ERISA somehow triggered a subsequent violation of Title VII. Even assuming, *arguendo*, that Defendants' actions were contrary to the notice requirements

imposed by the COBRA statute, Plaintiff fails to allege any facts sufficient to form the basis of an actionable claim against Lawns.

In order to properly frame the issues, a brief overview of the COBRA notice provisions is set forth.  In general, COBRA requires certain employers to let their employees keep their health care coverage following an event that would otherwise cause a loss of coverage.  These duties are triggered, if at all, when an employee beneficiary ceases to be qualified for coverage.  See generally, 29 U.S.C. § 1166.  Termination of an employee is one such trigger, also known as a "qualifying event."  26 U.S.C. § 4980B(f)(3)(B).

The employer must notify the "plan administrator" that a covered employee has been terminated within 30 days of the termination effective date.  29 U.S.C. § 1166(a)(2).  The "plan administrator" is defined in the plan documents, or if not so defined, is the plan sponsor.  29 U.S.C. § 1002(16)(A)(i-ii).  Once he receives notice of the qualifying event, the plan administrator has 14 days within which to notify the employee of her right to elect continued coverage.  29 U.S.C. § 1166(a)(4).  This "election notice" informs the employee that she has 60 days from the date of her termination to notify the plan administrator of her election.  29 U.S.C. § 1166(a)(3).

### A.    COBRA Claims May Not Be Alleged as a Subset of a Title VII Claim

Construed in the light most favorable to Plaintiff, her Amended Complaint seems to allege that Lawns violated COBRA by failing to provide her with the proper "election notice" as described above.  (D.I. 19 at ¶10).  However, Plaintiff filed the present matter as

---

[2] The Consolidated Omnibus Budge Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, is part of the ERISA statutory scheme.

a Title VII claim.  (D.I. 19).  Plaintiff did not file a federal ERISA claim and, therefore, is precluded from now asserting a COBRA violation.

If Plaintiff wants to assert a claim under COBRA, she must do so on the face of the Complaint by identifying it as a separate count.  Further, she must, at the least, allege facts sufficient to support the statutory elements of that claim.  Here, a COBRA claim would necessarily be based on the same actual allegations that underlie her Title VII claim.  The duplicative nature of the two claims require that a COBRA claim, if one could be inferred, be dismissed for failure to state a claim.  See Spiegel v. Schulmann, No. 03-5088-SLT, 2006 U.S. Dist. LEXIS 86531, at *63 (E.D.N.Y. Nov. 30, 2006) (dismissing ERISA and COBRA claim, which were based on the same factual allegations underlying plaintiff's ADA claim).

In Hall v. Tyco International, Ltd., the plaintiff alleged that the defendant failed to reimburse him for "accrued vacation, personal day and other benefits."  223 F.R.D. 219, 255 (M.D.N.C. 2004).  The court held that the plaintiff's complaint constituted either a claim under the Wage and Hour Act or for a breach of contract, both of which were barred by the applicable statute of limitations.  Id.  Claims for unpaid wages must be brought under a wage payment act.  They have no place in a discrimination complaint.

> **B.    Even if Added by Amendment or Implied, a COBRA Claim Does Not Withstand the Present Motion**

Even if the Amended Complaint could be read to assert both Title VII and COBRA claims, Plaintiff has failed to sufficiently plead any of the necessary elements required to establish a COBRA violation.  Plaintiff failed to sufficiently plead the requisite elements of a COBRA claim as required to withstand a motion to dismiss.

1.    **Plaintiff's Amended Complaint Fails to Allege the Elements Required to State a COBRA Claim Against Lawns**

As a threshold matter, Plaintiff has failed to allege any of the elements necessary to state a COBRA claim.  On the most basic level, Plaintiff does not even claim that she was employed by Lawns, as discussed above.  Clearly, without alleging the requisite employment relationship, there can be no actionable claim for duties arising from that relationship.  On the most fundamental level, Plaintiff's Amended Complaint fails to allege a cognizable COBRA claim.

Even if an employment relationship was inferred, the Amended Complaint still fails to withstand the present Motion.  Plaintiff has failed to allege that Lawns is a covered employer subject to the requirements of COBRA.  See Jones v. SABIS Educ. Sys., 52 F. Supp. 2d 868, 881 (N.D. Ill. 1999) (dismissing COBRA claim where plaintiff failed to allege that defendant was a covered employer and that it satisfied the minimum employee requirement).  COBRA applies only to employers with twenty or more covered employees. 26 C.F.R. § 54.4980B-2.  Employees are counted based on the number of hours worked. Id. at Q&A-5(b-c).  The self-employed are excluded from this calculation.  Id. at Q&A-5(c)(1).

In short, Lawns is subject to the COBRA statute only if it (i) employed the equivalent of 20 or more employees; (ii) during each workday; (iii) of at least half of the workweeks; (iv) during 2002.  Each of these elements must be present to establish a cognizable COBRA claim.  The Amended Complaint fails to allege even one of these four elements.  Plaintiff's failure to allege that Lawns was a covered employer subject to the duties of COBRA precludes her from recovery under that statute as a matter of law.

Further, the Amended Complaint fails to allege that Plaintiff was a covered employee-beneficiary eligible for COBRA benefits. Only participants who are enrolled and in good standing in the employer's health care plan at the time of the qualifying event (the termination) are entitled to receive an election notice. Plaintiff does not allege that she ever participated in Lawns' health care plan. Nor does she allege that she was a participant in good standing at the time of her termination.

Also fatal to Plaintiff's claim is her failure to allege that Lawns was the "plan administrator," as defined by COBRA, of its health care plan. Only the administrator has the duty to give a terminated participant the prescribed notice. 29 U.S.C. § 1002(16)(A)(i-ii). Unless an employer is specifically named the administrator in the summary plan description, it has no duty to provide the employee with an election notice. A claim that the employer violated COBRA requirements, simply as a by-product of its status as an employer, must fail. See Fenner v. Favorite Brands, Int'l, No. 97-5906, 1998 U.S. Dist. LEXIS 7224, at *11 (N.D. Ill. May 11, 1998) (holding that an employer has no duty to provide notice of election rights unless the employer has been previously defined as the plan administrator).

### 2.    Plaintiff's Amended Complaint Fails to Allege Any Facts Sufficient to State a COBRA Claim Against Fleming

Plaintiff could not assert a COBRA claim against Fleming as an individual defendant. Just as she failed to do with Lawns, Plaintiff's Amended Complaint failed to allege that Fleming was the plan administrator of the Lawns' health care plan at the time of her termination. "Thus, on the face of the complaint, he is not liable to Plaintiff for a violation of COBRA." Lloyd v. N.Y. Botanical Garden, No. 03-7557, 2004 U.S. Dist. LEXIS 21961, at *7 (S.D.N.Y. Aug. 16, 2004); see also LaFauci v. St. John's Riverside

Hosp., 381 F. Supp. 2d 329, 332 (S.D.N.Y. 2005) (dismissing plaintiff's claim against Union for failure to provide COBRA notice where the Union was not the plan administrator).

This finding holds true regardless of the extent of Fleming's personal involvement in the administration of the Lawns' health care plan. The plain language of the statute makes clear that an individual's personal involvement in the daily administration of an insurance plan is irrelevant to a determination of whether he has been previously defined as the administrator. See Moran v. Aetna Life Ins. Co., 872 F.2d 296, 299-300 (9th Cir. 1989) (Congress' specific definition of "plan administrator in 29 U.S.C. §1002(16) precludes the Court from extending liability beyond that entity) (cited by Powell v. Bob Downes Chrylser-Plymouth, Inc., No. 90-226-C, 1992 U.S. Dist. LEXIS 22540, at *12 (D. Mo. July 20, 1992)).

Further, COBRA does not provide for an award of monetary damages against an individual defendant. See generally Lloyd, 2004 U.S. Dist. LEXIS at *5-6 (dismissing COBRA claim against individual defendant for failure to state a claim for damages). The statute plainly states: "Any money judgment under this title against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person . . .." 29 U.S.C. § 1132(d)(2) (cited in Hall v. Glenn O. Hawbaker, Inc., No. 4:06-1101, 2006 U.S. Dist. LEXIS 81760, at *25-26 (M.D. Pa. Nov. 8, 2006)). Only the plan may be subject to suit for claimed plan benefits. Guiles v. Metro. Life Ins. Co., No. 00-5029, 2002 U.S. Dist. LEXIS 2393, at *3 (E.D. Pa. Feb. 13, 2002); see also Gelardi v. Pertec Comp. Corp., 761 F.2d 1323, 1324-25 (9th Cir. 1985). Plaintiff cannot state a claim for damages against Fleming, an individual defendant and, therefore,

the claim that Defendants failed to "offer COBRA" should be dismissed.  See 29 U.S.

NITA § 1132, Commentary, at 6 (participants seeking monetary damages are limited to the

civil penalties and precluded from seeking compensatory damages, and a complaint

seeking such civil penalties must name the plan administrator as defendant).

### C. Leave to Amend to Add a COBRA Claim Would Be Futile

Once dismissed, Plaintiff could not successfully move the Court for leave to amend

her Complaint for a second time.  Pursuant to Rule 15(a) of the Federal Rules of Civil

Procedure, leave of court must be sought and given before a second amendment may be

made.  Fed. R. Civ. P. 15(a); Breiner v. Litwhiler, No. 03-1543, 2004 U.S. App. LEXIS

5400, at *6 (3d Cir. Mar. 23, 2004) ("a party may amend a complaint without leave of court

only once, and [] additional amendments may be made only by leave of court or by written

consent of the adverse party") (internal citations omitted).  Certainly, leave to amend

should be "freely given."  See Foman v. Davis, 371 U.S. 178, 183 (1962). This is especially

true for pro se plaintiffs, who "should be given the opportunity to amend their complaints

unless it clearly appears that, even if amended, the claims would not withstand a motion to

dismiss."  Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981).

However, leave to amend should be denied, even to pro se plaintiffs, where the

court finds that the plaintiff's "undue delay, bad faith, [or] dilatory motive," caused the

need to amend, or finds "prejudice [or] futility" sufficient to justify denying leave to

amend.  In Re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)

(dismissing complaint where submission of an amended complaint would be futile).

Therefore, after making the determination that Plaintiff's Amended Complaint does not

state a claim upon which relief may be granted, it is appropriate to determine whether leave to amend the complaint would be granted.  <u>McIntyre</u>, 2002 U.S. Dist. LEXIS at *16-17.

After dismissal of the Amended Complaint, Plaintiff would be required to request leave to amend the pleading to formally add a COBRA claim in addition to the Title VII claim.  Such an amendment, however, would be futile.  Futility is found where the complaint, as amended, would fail to state a claim upon which relief could be granted.  <u>Id.</u>

COBRA does not provide for individual liability as a matter of law nor does it provide for an award of monetary damages against any person or entity other than the plan.  This fact alone constitutes futility sufficient to deny leave to amend.  Additionally, any potential COBRA claim would be barred by the statute of limitations, which expired several months prior to the filing of Plaintiff's original Complaint.  Plaintiff's Complaint was filed on July 15, 2005, more than six months after the statute expired.  Even assuming that a second amendment would relate back to the filing date of Plaintiff's first Complaint, the amendment would be barred by the statute of limitations and, therefore, would be futile.

The Third Circuit has made clear that an ERISA claim for employment benefits is subject to a one-year statute of limitations.  <u>See</u> 10 <u>Del. C.</u> § 8111; <u>Toy v. Plumbers & Pipefitters Local 74</u>, 439 F. Supp. 2d 337, 340-41 (D. Del. 2006) (<u>citing</u> <u>Sayed v. Hercules, Inc.</u>, 214 F.3d 155, 158-61 (3d Cir. 2001)); <u>see also</u> <u>Stafford v. E.I. DuPont de Nemours</u>, 27 Fed. Appx. 137, 141 (3d Cir. 2002).  Any COBRA-based rights Plaintiff claims to have would necessarily arise from her employment relationship with Lawns.  Claims arising from a plan provided by the claimant's employer or any duties imposed by such a plan are subject to the one-year statute of limitations.  <u>See</u> <u>Sayed</u>, 214 F. 3d at 159.

The one-year statute "has a comprehensive sweep" intended to bar "all claims arising out of the employer-employee relationship." Sorenson v. Overland Corp., 142 F. Supp. 354, 360 (D. Del. 1956). Here, Plaintiff attempts to claim damages arising from Defendants' failure to provide her with proper COBRA notice. COBRA notice, which stems from an employer's health care plan provided to eligible employees, is a "benefit" "arising from work, labor or services" performed by Plaintiff. Sayed, 214 F.3d at 159.

COBRA's one-year statute of limitations began to accrue, at the latest, at Plaintiff's termination on January 7, 2004. (D.I. 19 at ¶5). The Amended Complaint confirms that the latest date of discrimination was January 7, 2004. (D.I. 19 at ¶5). The one-year statute, therefore, expired no later than January 7, 2005. Plaintiff's Complaint was filed on July 15, 2005, more than six months after the statute of limitations had expired. Even if Plaintiff were permitted to amend her Complaint yet again, the addition of a COBRA claim would be futile as barred by a statute of limitations defense.

## V.    PLAINTIFF'S CLAIMS FOR UNPAID VACATION, OVERTIME AND BONUS ARE BARRED BY THE DELAWARE WAGE PAYMENT ACT AND MUST BE DISMISSED

In the Amended Complaint, Plaintiff alleges that Defendants engaged in several discriminatory practices including the alleged failure to "offer COBRA," as discussed above. Plaintiff also claims that Defendants unlawfully withheld wages, including vacation, sick and personal time, overtime hours, and "bonus." (D.I. 19 at ¶10).

### A.    Overtime, Vacation, Personal and Sick Leave, and Bonus Payments Are Wages Under Delaware Law and, Therefore, Must Be Alleged In a Separate Action under the Wage Payment and Collection Act

Claims for unpaid wages cannot be asserted in a Title VII claim. Instead, they must be brought as a separate action under the Delaware Wage Payment and Collection Act

("WPCA"), 19 <u>Del. C.</u> §§ 1101-15. Because Plaintiff failed to bring a separate wage claim, her allegations regarding vacation, sick, and personal hours and overtime and bonus pay, must be dismissed.

The WPCA provides that "[a] civil action to recover unpaid wages and liquidated damages may be maintained in any court of competent jurisdiction." 19 <u>Del. C.</u> § 1113 (<u>quoted by</u> <u>Miller v. Comp. Sciences Corp.</u>, C.A. No. 05-10-JJF, 2006 U.S. Dist. LEXIS 48746, at *5 (D. Del. July 14, 2006)). Plaintiff's allegations are actually claims for unpaid wages. Overtime pay is considered wages for purposes of the WPCA. <u>Wilmington Housing Auth. v. Rocky Marciano Constr. Co.</u>, 407 F. Supp. 228 (D. Del. 1976). A bonus, particularly a "year-end bonus based upon . . . performance," such as the bonus claimed by Plaintiff, falls within the WCPA's definition of "wages," as well. <u>Seitz v. Siegfried Group</u>, No. 99C-12-025-CHT, 2001 Del. Super. LEXIS 364, at *14 (Del. Super. Oct. 2, 2001); <u>Miller</u>, 2006 U.S. Dist. LEXIS at *5; 19 <u>Del. C.</u> § 1101(a)(2). Because her claims for unpaid overtime and bonus pay are actually claims for unpaid wages, they fall within the exclusive jurisdiction of the WPCA and outside the scope of Title VII.

The WCPA also requires employers to timely pay "benefits and wage supplements" owed to employees. 10 <u>Del. C.</u> § 1109. Reimbursement for health care expenses, vacation and sick pay are included in the definition of "benefits and wage supplements" under the WPCA. <u>Id.</u> at § 1109(b); <u>see also</u> <u>Lloyd v. Wilmington Sav. Fund Socy.</u>, No. 84C-FE-68, 1985 Del. Super. LEXIS 1194, at *5 (Del. Super. May 28, 1985 (holding that plaintiff's claims for unpaid vacation and sick pay were properly brought under the WPCA"); <u>L.H. Doane Assoc. v. Seymour</u>, No. 172, 1985 Del. LEXIS 589, at *5 (Del. Apr. 23,1985) (finding that the plaintiff's claim for unpaid vacation time was properly brought under the

WPCA).  Just as her claims for overtime and bonus pay are subject to dismissal because they were not filed under an appropriate statue, so is Plaintiff's failure to assert a WPCA action fatal to her claims for compensation for vacation, sick and personal time.

>    **B.    Claims for Unpaid Vacation, Personal and Sick Time**
>    **Must Be Dismissed Where Plaintiff Fails to Allege that**
>    **She Was Even Entitled to These Benefits**

Plaintiff's claims for unpaid vacation, personal and sick time are subject to dismissal for yet another reason.  In Delaware, unlike the payment of overtime wages, employers are not required to pay employees for accrued but unused vacation or personal time upon termination or separation of employment.  Whether to offer this benefit is a policy decision left to the discretion of the employer.  See State v. Dineen, No. 5882, 1981 Del. Ch. LEXIS 496, at *3 (Del. Ch. Oct. 29, 1981) ("It was the *policy and practice* of the School District to pay its professional employees for unused vacation leave upon termination of employment . . ..") (emphasis supplied).

Plaintiff fails to allege that it was the policy or practice of Lawns to pay its employees for unused vacation, personal, or sick leave upon the termination of employment.  See id.  If Lawns did not ordinarily pay employees for unused vacation or leave time upon termination, then it had no obligation to pay Plaintiff for such time.

Even assuming, *arguendo*, that Lawns did offer payout of unused compensatory time as a benefit to some of its employees, Plaintiff does not allege how eligibility was determined.  Nor does she allege that she qualified as an eligible employee.  And, even assuming all of these unplead elements could be proved in Plaintiff's favor, Plaintiff does not allege that she actually had accrued but had not used any amount of paid leave time at the time of her termination.  Plaintiff failed to allege that nay failure to pay her for these

wages was due to Plaintiff's sex or that other employees outside the Plaintiff's protected class were paid these wages at termination.

These essential elements may not be implied on Plaintiff's behalf.  It cannot be assumed or implied that Lawns offered any of its employees paid time off for vacation or personal time.  Nor can it be assumed that, if it did have a paid vacation policy, that it also had a policy to "payout" vacation time that an employee had accrued but not used at the end of employment.  Plaintiff's failure to allege any of these elements is fatal to her claim.  There can be no harm under the law where no duty was first imposed.  Plaintiff has failed, in short, to allege Lawns had any duty to pay her for these benefits.

     **C.    Leave to Amend to Add a State Wage Claim Would Be Futile**

As was the case with the COBRA analysis, a newly asserted WPCA claim would be subject to dismissal under the applicable statute of limitations.  Therefore, an amendment adding a claim would be futile.  Section 8111 of the WPCA applies a one-year statute of limitations to claims for "wages, salary, or overtime . . . or for any other benefits arising from such work, labor or personal services performed."  10 Del. C. § 8111; Compass v. Am. Mirrex Corp., 72 F. Supp. 2d 462, 467 (D. Del. 1999).  Plaintiff's claim that Defendants breached a duty to provide benefits or to pay wages for work already performed is, therefore, bound by the one-year statute.  Id. at 466; see Wilmington Housing Auth., 407 F. Supp. 228 (finding that an action for unpaid overtime was subject to the one year limitations period); Seitz, 2001 Del. Super. LEXIS 364 (same for bonus claims).

 A claim for unpaid wages began to accrue when the wages became due upon Plaintiff's termination on January 7, 2004.  As previously discussed, Plaintiff did not file her Complaint until July 15, 2005.  (D.I. 2).  Because Plaintiff filed her Complaint more

than six months after the expiration of the one-year statute of limitations period, an

amendment to add a state wage claim would be futile even if granted.

## CONCLUSION

For the reasons set forth in the brief above, Defendants Lawns Unlimited and

Edward Fleming respectfully request that their Motion for Judgment on the Pleadings be

granted and that Plaintiff's Amended Complaint be dismissed in its entirety.

Respectfully submitted,

/s/ Margaret M. DiBianca
William W. Bowser, Esquire (No. 2239)
Margaret M. DiBianca, Esquire (No. 4539)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3467
Email:  mdibianca@ycst.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, Margaret M. DiBianca, hereby certify that on January 31, 2007, I electronically

filed a true and correct copy of the ***Defendants' Opening Brief in Support of Their Motion for***

***Judgment on the Pleadings*** with the Clerk of the Court using CM/ECF.  I further certify that on

January 31, 2007, I caused to be served a true and correct copy of the foregoing ***Defendants'***

***Opening Brief in Support of Their Motion for Judgment on the Pleadings*** via Certified U.S.

Mail/Return Receipt Requested:

Renee M. Butz
58 Hickory Drive
North East, Maryland 21901
renee@scottbutz.com


YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca, Esq.
William W. Bowser, Esquire (Bar I.D. 2239)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6601, 571-5008
Facsimile :  (302) 576-3282, 576-3476
Email:  wbowser@ycst.com; mdibianca@ycst.com

065789.1001