IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RENEE M. BUTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-495-JJF |
| | ) | Judge Joseph J. Farnan Jr. |
| LAWNS UNLIMITED LTD. and | ) | |
| EDWARD FLEMING, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANTS' MOTION FOR JUDGMENT**

Plaintiff, Renee M. Butz, hereby responds to Defendants' Motion for Judgment on the pleadings as follows:

1. Defendants argue that amended complaint supersedes original complaint. Plaintiff argues that defendant's attorney, at the time Plaintiff filed the amended complaint, communicated to the Plaintiff that it was not necessary to re-file the original complaint along with the amended complaint. This was communicated via e-mail (Exhibit A). In addition, the US District Courts' clerk returned the original complaint to the Plaintiff indicating that it was not required (See Exhibit B). Therefore, the original complaint has not been superseded.

2. Where *pro se* Plaintiffs seek to institute legal proceedings before the United States District Court, the Court provides pre-printed complaint forms. Plaintiff herein bears no responsibility in the drafting of such forms -- only in the completion of designated "fill in the blanks". The Court form must past muster to state a Title VII claim since the forms are drafted by the Court. The Court pre-printed complaint form also requires that the underlying charge of

discrimination filed with the applicable agency be attached to the preprinted form in further support of stating a Title VII claim. (D.I. 2 and D.I. 19).

3. Furthermore, Plaintiff's receipt of a Right to Sue Letter from the Equal Employment Opportunity Commission suggests that her claims of discrimination as stated in the Complaint may have merit.

4. Defendants argue that individual Defendant Edward Fleming is not subject to Title VII liability because he cannot be considered an "employer" under Sec. 2000e(b). The defendants, however, do not address the issue of whether Defendant Fleming could be considered to be an agent of Defendant Lawns Unlimited Ltd. so as to expose Defendant Fleming to Title VII liability. Although the Complaint does not refer to Fleming as the owner of the business and supervisor of Plaintiff's work duties, the supporting materials to the Complaint support such fact.

5. Although Plaintiff's original Complaint and Amended Complaint do not specifically refer to Defendant Fleming as an agent of Lawns Unlimited Ltd., the Plaintiff should not be precluded from pursuing that theory for failing to so specify. Title VII's provisions should be construed liberally, see *Harvey v. Blake*, 913 F.2d 226 (5th Cir. 1990), especially in this case where a *pro se* Plaintiff may not have mastered the technicalities of the statute. See *Platsky v. Central Intelligence Agency*, Civ. No. 91-6109, 2nd Cir. Slip Op. at 421 (November 25, 1991)(district courts must construe pro se complaints liberally.)

WHEREFORE, Plaintiff prays this Court to DENY defendants' Motion for Judgment on the Pleadings.

*Renee M. Butz*

Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410) 441-4300
Plaintiff pro se

Dated: 3/7/07

*Renee M. Butz*



Exhibit "A"



"Eric C. Howard" &lt;ECHoward@whblaw.com&gt;
08/02/2006 05:52 PM

To &lt;RButz@ccgov.org&gt;
cc
bcc
Subject RE: Lawns Unlimited

History:    🠆 This message has been forwarded.

I have no objection to the amended complaint. I will put signed stipulation in the mail.
Eric Howard


**From:** RButz@ccgov.org [mailto:RButz@ccgov.org]
**Sent:** Tuesday, August 01, 2006 12:48 PM
**To:** Eric C. Howard
**Subject:** Lawns Unlimited
**Importance:** High


Dear Mr. Howard -

I need to amend the Amended Complaint that I originally sent to you to conform with the Local Rules of the Court. We can either attach the correct one to the one you have already signed or you can resign these and mail them back to me. What ever you feel comfortable doing. Please let me know what you would like to do.

Thanks,

Renee Butz

Exhibit "D"

**Search Results**

Renee M. Butz
Renee M. Butz, Pro se
58 Hickory Drive
North East, MD 21901


Eric C. Howard
Wilson, Halbrook & Bayard
107 W. Market St.
P.O. Box 690
Georgetown, DE 19947


**Total labels:** 2


**Not printed due to inadequate address:** 4

Ms Butz —   8/17/06

Please see where your Amended Complaint was docketed on 8/16/06. Per our conversation, we have returned your latest submission as it is not required.

Ron E[illegible]
573-6170

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RENEE M. BUTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-495-JJF |
| | ) | Judge Joseph J. Farnan Jr. |
| LAWNS UNLIMITED LTD. and | ) | |
| EDWARD FLEMING, | ) | |
| | ) | |
| Defendants. | ) | |

AFFIDAVIT OF SERVICE

I hereby affirm that a true and correct copy of the foregoing Response to Defendants' Motion for Judgment was sent by email and by first-class United States mail, postage duly paid, on this __7__ day of March, 2007, to the following:

Margaret M. DiBianca
Young Conaway Stargatt & Taylor, LLP
Post Office Box 391
Wilmington, DE 19899-0391
mdibianca@ycst.com

_Renee M. Butz_
Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410) 441-4300
Plaintiff pro se

Dated: 3/7/07

4