IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RENEE M. BUTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-495-JJF |
| | ) | |
| LAWNS UNLIMITED, LLC AND | ) | |
| EDWARD FLEMING, | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

I, Margaret M. DiBianca, Esquire, hereby certify that on March 13, 2007**,** (2) true and correct copies of **DEFENDANTS' FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF** were caused to be served by depositing same in the United States Mail, for delivery via Certified Mail with a Return Receipt Requested and via U.S. First Class Mail, postage prepaid to the following non-registered participant:

Renee M. Butz
58 Hickory Drive
Northeast, MD 21901

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca, Esq.
William W. Bowser, Esquire (Bar I.D. 2239)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 571-3476
E-mail: mdibianca@ycst.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2007, I electronically filed **NOTICE OF DEFENDANTS' FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF** with the Clerk of Court using CM/ECF, and, on the same day, caused two (2) copies of such Notice to be deposited in United States Mail, for delivery via Certified Mail with a Return Receipt Requested and via U.S. First Class Mail, postage prepaid to the following non-registered participant:

> Renee M. Butz
> 58 Hickory Drive
> Northeast, MD 21901

> YOUNG CONAWAY STARGATT & TAYLOR, LLP

> /s/ Margaret M. DiBianca, Esq.
> William W. Bowser, Esquire (Bar I.D. 2239)
> Margaret M. DiBianca, Esquire (Bar I.D. 4539)
> The Brandywine Building, 17th Floor
> 1000 West Street
> P.O. Box 391
> Wilmington, Delaware 19899-0391
> Telephone: (302) 571-5008
> Facsimile: (302) 571-3476
> E-mail: mdibianca@ycst.com
> Attorneys for Defendants

DATED: March 13, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RENEE M. BUTZ,                          )
                                        )
                    Plaintiff,          )
            v.                          )
                                        )    C.A. No. 05-495-JJF
LAWNS UNLIMITED, LLC AND                )
EDWARD FLEMING,                         )
                                        )
                    Defendants.         )
                                        )

**DEFENDANTS' FIRST SET OF INTERROGATORIES
DIRECTED TO PLAINTIFF**

**<u>INSTRUCTIONS</u>**

      A.      You are hereby required, under oath in accordance with Fed. R. Civ. P. 33, to answer the following interrogatories within 30 days of service.

      B.      In answering these interrogatories, furnish all information in your possession or in the possession of your officers, agents, employees, attorneys, and investigators for your attorneys.

      C.      If you cannot answer the following interrogatories in full after exercising due diligence to secure the information to do so, state the answer to the extent possible, specifying your inability to answer the remainder, and state whatever information you have concerning the unanswered portion.

      D.      These interrogatories are continuing.  If you or your attorney become aware of the existence of any information within the scope of these interrogatories after your answers have been served, such additional information shall be immediately provided to Defendants' attorneys.

E.      Each Interrogatory is to be answered separately.

F.      If you object to any of these Interrogatories or document requests on the ground that the information or documents sought is privileged, please provide with your answer a privileged log containing the following for each such piece of information or document: the date of the information or document, the nature of the information or document, the subject matter of the information or document, the participant in the communication of information or the author(s) and recipient(s) of the documents, the privilege which you claim protects the information or document, and all persons having knowledge of the information sought, or any person having possession, custody or control of the original documents and all copies thereof.

G.      If any of the documents identified in your answers to these interrogatories have been destroyed, or otherwise discarded, you are requested to identify the document destroyed or discarded in the same manner as identification is requested for "privileged" documents.

## DEFINITIONS

A.      The word "document" or "documents" as used herein shall include without limitation the original and any non-identical copy of any written, recorded, or graphic matter, however produced or reproduced, including but not limited to, any correspondence, memoranda, notes of meetings, telegrams, reports, medical records, statements, transcripts of telephone conversations or any other writings of documentary material of any nature whatsoever, other photographic and retrievable matter (whether taped or coded, electrostatically, electromagnetically, or otherwise) in possession, custody, or control of the above-named Plaintiff and/or her attorneys.

B.      The words "you" or "your" or "Plaintiff" shall mean Renee M. Butz and shall include any and all agents or representatives thereof and/or any individual or other organization acting in her behalf.

C.      "Person" means and includes any individual, corporation, partnership, association or other entity.

D.      "And" as well as "or" as used herein shall be read and applied as though interchangeable, and shall be construed either disjunctively or conjunctively so as to require the fullest and most complete disclosure or all requested information and documents.

E.      The term "identify" as used herein in connection with a "person" or "persons" means: state the name, present addresses, the person's business affiliation and title or employer and position as the case may be at the times relevant to the response, the person's last known employers, positions, and employers' address and telephone number, and the responsibilities held by the person during the times relevant to the response.

F.      The term "identify" as used herein in connection with a document means:

a.      Furnish the name and date of the document, the name and address of the person originating the document, the names and addresses of all persons to whom copies of the document were to have been sent, nature of the document (e.g., letter, memorandum, etc.), subject matter, number of pages, and a summary of its contents.

3

b.      State whether you are in possession of the original of the document or a copy thereof, and if not in possession of the original nor a copy, furnish the name and address of the custodian of the original or a copy.

G.      The term "identify" with respect to communication shall mean to indicate whether the communication was oral or embodied or evidenced by a document. If the latter is the case, please identify the communication in accordance with the instruction for identifying documents set forth in paragraph "F" above. If the communication was oral, please identify all conversations or other oral communications pertaining to the subject matter of the interrogatory and include the following information: the date of transmittal, the place or location at which the communication occurred, including the state, city, street address and name or nature of the premises, whether the communication occurred over the telephone or other electronic device, or at a face to face meeting, please identify each of the persons participating in such communication and each person in the immediate presence of such persons participating therein, a brief description of the subject matters discussed, and a brief description of the statement made by each person participating in such communication.

H.      The term "identify" with respect to an act, transaction or occurrence means tell, articulate, specify, relate, state or explain every fact necessary to describe such event fully and completely, including the following information for each event: the date such event occurred, the nature of such event, the subject matter of such event, each participant in the event, including each witness of such event, any privilege which you claim protects any information associated with this event, and all persons

4

having knowledge of such event, including all persons having possession, custody or control of any document of such event or copies thereof.

I.       The words "record," or "records" has the broadest meaning that can be ascribed to it pursuant to Rule 34 of the Federal Rules of Civil Procedure.  Among other things, it refers to and includes the final form and all drafts and revisions of any type of written or graphic matter, original or reproduced, however produced or reproduced, of any kind and of every kind, and all copies thereof that are different in any way from the original, regardless of whether different by reason of any notation made on such copies or otherwise, or whether designated "confidential," "privileged," or otherwise restricted.  Without limiting the generality of the foregoing, "document" includes correspondence, records, tables, descriptions, memoranda, notes, diaries, statistics, communications, letters, telegrams, minutes, messages, contracts, reports, studies, ledgers, checks, statements, receipts, returns, summaries, pamphlets, books, journals, purchase orders, invoices, publications, inter-office and intra-office communications, notations, transcriptions, or printouts of any sort of conversations, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices, work sheets, all drafts, oral records, or representations of any kind (including, without limitation, photographs, charts, graphs, schedules, reports, drawings, data compilations, microfiche, microfilm, video tapes, recordings, motion pictures), and any electronic, mechanical, or electric records or representations of any kind (including without limitation, tapes, cassettes, discs, recordings, computer memories), or any other recorded information of any kind

whatsoever, within your knowledge, possession, custody, control, or subject to your control, or accessible to you or your attorneys.

J.    As used herein, a "communication" is any transmission or exchange of information, written or oral, formal or informal, regarding any event, action taken, or policy here inquired into.

K.    "Concerning" is used in its broadest sense and shall mean concerning, referring or relating in any way to the subject matter.

L.    Whenever the context in which words are used in these Interrogatories indicates or suggests that such is the intent, words in the singular shall include the plural and vice versa, and words in the masculine, feminine or neuter shall include each of the other genders.

1.   Identify each document that you have, and each document of which you are aware, which relates to any alleged wrongful act by Defendants, the claims made in the Complaint, or the facts of this case, including without limitation, any document of any kind identified by, produced to or referred to by you during any and all investigations conducted on your behalf by the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

2.   Describe in detail the factual basis for your claim that you were discriminated against based on gender/pregnancy, including but not limited to (a) the identity of all individuals currently or formerly employed by Defendants whom you contend were biased against you based on gender/pregnancy; (b) the specific discriminatory or otherwise unlawful act(s) of each such individual; and (c) the date(s) of such discriminatory or otherwise unlawful act(s).

3.    With respect to each factual allegation contained in the Complaint, identify each and every person known or believed by you to have knowledge with respect to any instance, act, event, occurrence or other circumstance which you contend forms the basis of or supports your allegations against Defendants, and for each such person describe in detail the information known or believed to be known by each such person including without limitation, each person employed by Defendants or any affiliate with whom you discussed alleged discrimination, harassment, or retaliation based on gender.

DB02:5841533.1                                                                                      065789.1001

4.   Identify each person by name, telephone number, and address, who has been interviewed on your behalf, either by you or by another on your behalf and whether formally or informally conducted, including in your answer the date of the interview, the identity of each person present for each such interview.

065789.1001

5.   Identify all persons, other than your attorneys, with whom you have discussed the matters that are the subject of this lawsuit, and supply the address and telephone number of each person.

6.    Identify and describe in detail all medical expenses incurred by you or another on your behalf that you assert should have been paid by Defendants or which you assert as damages, beginning on December 23, 2003, including but not limited to descriptions of the health care provider and/or facility, the treatment or services provided, the diagnosis or determination, the follow-up treatments or services directed by the health care provider, the name of the person for whom the treatment or services were provided, all costs associated with such treatment or services, and all documents of which you are aware that support such claims.

7.   Identify and describe any medical expenses described in Interrogatory No. 6 but for the limited period of December 23, 2003 through January 20, 2004 for which you submitted a request for coverage or reimbursement to Defendants' health insurance provider and for each claim submitted, identify and describe the response, if any, you received from said provider, including but not limited to whether and in what amount requested reimbursement was provided, in what amount, and any other information or correspondence received relating to health insurance coverage during this period.

13

8.   Identify and describe any medical expenses described in Interrogatory No. 6 but for the limited period of December 23, 2003 through January 20, 2004 for which you did not submit a request for coverage or reimbursement to Defendants' health insurance provider and for each claim not submitted, explain the reason for such failure to submit.

14

9.   Describe in detail each way in which you contend you were injured or have suffered damages as a result of the claims made in your Complaint including, but not limited to:  (a) stating the total amount of damages claimed for pecuniary or financial losses of any kind; (b) itemizing the amount of each element of damages claimed; (c) stating all facts or grounds upon which you rely to support each element of damages claimed; (d) stating the methods, theories and calculations by which you arrived at the claimed dollar amounts of each element of damages claimed; (e) identifying any person (including expert witnesses) whom you know or whom you believe has knowledge of the basis for and calculation of such damages; and (f) identifying the person(s) who calculated the amount of each element of damages claimed.

DB02:5841533.1                                                                                                          065789.1001

10. Describe all benefits of employment for which you are currently eligible, including but not limited to, vacation, sick, and personal paid time off, health, life, and disability insurance, pension or other retirement fund.

16

11. Identify all non-monetary relief you are seeking and the basis for your request for such relief.

17

12. Identify each physician, psychologist, psychiatrist, therapist, counselor, social worker or any other health care provider you consulted or who examined or treated you and any medical records or other documents concerning treatment or consultation for any physical or emotional injuries allegedly sustained by any person as a result of the facts alleged in the Complaint, and state the dates and purposes of each such treatment and exam, the diagnosis, prognosis and/or treatment you received with respect to each such consultation, examination or treatment.

13. Identify each doctor, psychiatrist, psychologist, therapist, counselor, social worker or health care provider of any kind who treated you in the last ten years.

14. Describe in detail all efforts by you to obtain other employment during or after your employment with Defendant, including but not limited to stating the name and address of each prospective employer or employment agency you contacted or that contacted you or your agent; the position for which you applied; the date that you applied; the person to whom you applied; the number of hours per week that the person holding that position would work; the hourly, weekly, or monthly rate of pay; whether you were offered the position; and, if you rejected the offer, the reason for such rejection.

DB02:5841533.1                                                                                              065789.1001

15. With respect to each position of employment (including employment by a family member and self-employment) held by you during or after your employment with Defendant, state the following: name and address of the employer; the positions held; the dates you applied for, began and/or ended employment; the number of hours worked per week; the hourly, weekly or monthly rate of pay; the person who supervises you or to whom you report; identify any applicable employment or similar contracts, and state the reasons for leaving if not still employed.

16. Describe in detail all income, employment benefits (including but not limited to disability or social security benefits), social security benefits, workers' compensation benefits, and/or unemployment compensation benefits earned or received by you since your separation of employment with Defendants (excluding any income and benefits received from Defendants), including but not limited to the source of such income or benefits, the amount and nature of such income or benefits, and the dates received.

17. Describe all criminal, civil, and administrative actions (including, but not limited to, arbitration matters, grievance hearings, administrative proceedings, civil, criminal, family and bankruptcy court matters, and/or charges filed with the EEOC, the DDOL, the DDOL's Unemployment Division and/or any other state or local human rights agency) to which you have been a party or witness, including, but not limited to, the identity of the parties, the date the action was brought or filed, the case number for the action, the court or administrative agency with which the action was brought or filed, the nature of the allegations upon which the action was based, and the outcome of the action.

DB02:5841533.1                                                                065789.1001

18. Please state your current home address, each address where you have lived for each of the last ten years and, for each address, the name, current telephone number and current address of each person who lived with you at the same address.

19. Identify the person answering and signing the answers to these interrogatories, and identify each person, other than counsel, who has been consulted, who has provided information for, or who assisted in answering these interrogatories, either directly or indirectly as a third party.


YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca
William W. Bowser, Esquire (No. 2239)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
Email:  mdibianca@ycst.com
Attorneys for Defendants

Dated:  March 13, 2007