IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RENEE M. BUTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | C.A. No. 05-495-JJF |
| LAWNS UNLIMITED, LTD. and | ) | |
| EDWARD FLEMING, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS LAWNS UNLIMITED, LTD. AND EDWARD
FLEMING'S REPLY BRIEF IN SUPPORT OF THEIR
MOTION FOR JUDGMENT ON THE PLEADINGS**

William W. Bowser, Esquire (No. 2239)
Margaret M. DiBianca, Esquire (No. 4539)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
Email:  mdibianca@ycst.com
Attorneys for Defendant

Dated:  March 19, 2007

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. ii

ARGUMENT ............................................................................................................... 1

   I.   The Parties' Contentions ...................................................................... 1

   II.   The Amended Complaint Superseded the Original Complaint ............................. 3

      A.   Upon the Filing of the Amended Complaint, Plaintiff's Original Complaint Was Rendered Without Legal Effect ................................................................. 4

      B.   The Original Complaint Was Not Specifically Referenced by the Amended Complaint and Therefore Cannot Be Considered In the Present Motion .......... 5

      C.   Even Under the Most Liberal Standard, the Amended Complaint Does Not Contain Any Facts Upon Which Relief Can Be Granted.................................... 5

      D.   Plaintiff's Failure to Attach a Copy of Her Charge of Discrimination to the Amended Complaint Further Supports Dismissal of Her Claims...................... 7

   III.   The Form of the Complaint Has No Impact on the Present Motion...................... 9

   IV.   This Court's Recent Ruling in <u>Grumbkow</u> Provides Additional Support for Dismissal................................................................................................. 9

CONCLUSION........................................................................................................... 11

DB02:5838433.1                                                                 065789.1001

## TABLE OF AUTHORITIES

**Cases**

Amiot v. Kemper Ins. Co.,
   122 Fed. Appx. 577 (3d Cir. 2004) ................................................................. 6

Assoc.Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,
   459 U.S. 519 (1983) .................................................................................. 6

Brown v. Rumsfeld,
   211 F.R.D. 601 (N.D. Cal. 2002) ........................................................... 6, 8, 9

Caldwell v. CVS Corp.,
   443 F. Supp. 2d 654 (D.N.J. 2006) ............................................................... 6

Carr v. Sharp,
   454 F.2d 271 (3d Cir. 1971) ...................................................................... 6

Conley v. Gibson,
   355 U.S. 41 (1957) .................................................................................. 7

Franklin v. Kan. Dep't of Corrections,
   160 Fed. Appx. 730 (10th Cir. 2005) ........................................................... 4

Fullerton v. Maynard,
   943 F.2d 57 (10th Cir. 1991) ..................................................................... 5

Glover v. N.Y. City Transit Auth.,
   No. 03-1140,
   2006 U.S. Dist. LEXIS 80661 (E.D.N.Y. Sept. 6, 2006) ............................... 4

Green v. Dorrell,
   969 F.2d 915 (10th Cir. 1992),
   cert. denied, 507 U.S. 940 (1993) ............................................................... 5

Grumbkow v. Walt Disney Co.,
   C.A. No. 06-489-JJF,
   slip op. (D. Del. Feb. 20, 2007) ...................................................... 6, 7, 9, 10

Heineman v. U.S.,
   No. 96-4086-SAC,
   2006 U.S. Dist. LEXIS 83592 (D. Kan. Nov. 16, 2006) ............................... 5

In re Atlas Van Lines, Inc.,
   209 F.3d 1064 (8th Cir. 2000) ................................................................... 4

Kerrigan v. Chaou,
   No. 04-1189,
   2004 U.S. Dist. LEXIS 21500 (E.D. Pa. Oct. 26, 2004)............................................. 5, 6

Kolling v. Am. Power Conversion Corp.,
   347 F.3d 11 (1st Cir. 2003)............................................................................................... 4

Magten Absent Mgm't Corp. v. Paul Hastings Janofsky & Walker, LLP,
   C.A. No. 04-1256-JJF,
   2007 U.S. Dist. LEXIS 2786 (D. Del. Jan. 12, 2007)...................................................... 1

McQuaid v. ACTS Retirement Communities,
   C.A. No. 04-3620,
   2005 U.S. Dist. LEXIS 18565 (E.D. Pa. Aug. 8, 2005) ................................................. 8

Putignano v. S.R. Lifestyle Corp.,
   No. 94-3203,
   1995 U.S. Dist. LEXIS 11228 (N.D. Ill. Aug. 7, 1995) ............................................. 6, 8

Spruill v. Winner Ford of Dover, Ltd.,
   175 F.R.D. 194 (D. Del. 1997) ....................................................................................... 8

## Other Authorities

6 Charles A. Wright, et al., Fed. Practice & Proc., § 1476 (2d ed. 1990).......................... 4


Fed. R. Civ. P. 10(c) ......................................................................................................... 5

DB02:5838433.1                                                                                                                                    065789.1001

**ARGUMENT**

**I.    THE PARTIES' CONTENTIONS**

Defendants have moved for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure requesting the Court to dismiss Plaintiff's Amended Complaint. (D.I. 44). A Motion brought under 12(c) and a Motion to Dismiss brought under Rule 12(b)(6) are evaluated under the same standard of law. <u>Magten Absent Mgm't Corp. v. Paul Hastings Janofsky & Walker, LLP</u>, C.A. No. 04-1256-JJF, 2007 U.S. Dist. LEXIS 2786, at *6 (D. Del. Jan. 12, 2007). In their Opening Brief in Support of the present Motion, Defendants contend that Plaintiff's Amended Complaint fails to state a claim upon which relief could be granted. (D.I. 45). In sum, Defendants contend that:

- For the purposes of the present Motion, Plaintiff's Amended Complaint is the only relevant pleading and the Original Complaint is excluded from the present analysis.

- The Amended Complaint fails to allege any of the elements necessary to maintain a viable claim under Title VII, such as the existence of an employment relationship, or the dates, location, or nature of the alleged discrimination.

- Defendant Fleming is not subject to liability under Title VII, which does not impose liability upon individuals.

- Plaintiff failed to comply with the mandatory requirements of Rule 4 by failing to effectuate service upon Defendants within the 120 day period proscribed by Rule 4(m) and by failing to include a copy of the Complaint with the summonses as required by Rule 4(e).

- Plaintiff brought her claim under Title VII of the Civil Rights Act of 1964 but sought redress under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), which is part of the Federal Employee Retirement Income Security Act ("ERISA"). The incongruence between the statute under which Plaintiff filed her claim and the statute under which she seeks redress precludes any recovery.

1

- Even if the Amended Complaint was read as asserting a COBRA claim, Plaintiff failed to sufficiently plead any of the elements necessary to withstand a motion to dismiss.

- Even if Plaintiff was granted leave to amend her Amended Complaint to include a COBRA claim, such amendment would be futile because it would be barred by the applicable statute of limitations.

- Leave to amend would be futile as to Defendant Fleming because COBRA does not provide for individual liability.

- Plaintiff's claims for overtime, vacation, personal and sick leave, and bonus payments are ineligible for consideration in a federal Title VII action and, instead, must be brought pursuant to the State Wage Payment and Collection Act.

- Even if her state Wage claim was not dismissed, Plaintiff's failure to allege any of the required elements for such a claim, even including any allegation that she was entitled to such wages, precludes recovery under the state wage and hour statute.

- Leave to amend her Amended Complaint to add a state Wage claim would be futile because it would be barred by the applicable statute of limitations.

Plaintiff failed to respond to Defendants' Motion prior to the expiration of the February 20, 2007 deadline. (D.I. 47). The Court ordered Plaintiff to file her response, if at all, on or before March 9, 2007. (D.I. 47). Plaintiff filed her response on March 7, 2007. (D.I. 50). The response consists of a mere five paragraphs and two single-page exhibits and, in sum, contends that:

- The Original Complaint was not superseded by the Amended Complaint because opposing counsel and the Clerk of Court told her that it was not necessary to re-file her Original Complaint. (D.I. 50 at ¶1).

- By using the Court's pre-printed form when filing her Original Complaint, Plaintiff's Amended Complaint is somehow able to avoid dismissal. (D.I. 50 at ¶2).

- The Notice of Right to Sue Letter issued by the Equal Employment Opportunity Commission ("EEOC") suggests that her claims have merit. (D.I. 50 at ¶3).

2

- Individual Defendant Fleming may be subject to liability under Title VII even though the pleadings "do not refer to Fleming as the owner of the business and supervisor of Plaintiff's work duties" and "do not specifically refer to Defendant Fleming as an agent of Lawns Unlimited, Ltd." (D.I. 50 at ¶4-5).

Plaintiff did not address any of Defendants' other contentions, such as whether she asserts her claims under the COBRA statute or whether she seeks wages as part of her claimed damages. In accordance with Local Rule 7.1.3(c)(2), which prohibits materials contained in an opening brief to be repeated in a reply brief, the argument contained herein will address only the contentions made in Plaintiff's Response. (D.I. 50). Defendants' contentions made in their Opening Brief but not addressed by Plaintiff's response will not, however, be repeated here. Instead, Defendants respectfully request that the Court consider such contentions based on the information and supporting references contained in their Opening Brief. (D.I. 45).

Plaintiff has failed to provide the Court with any explanation of how her Amended Complaint could survive the present Motion. Defendants, however, have provided several alternative ways to construe Plaintiff's claims and, under each, have demonstrated that she has failed to allege any grounds sufficient to sustain an actionable claim. Plaintiff's Amended Complaint, therefore, is properly subject to dismissal in its entirety.

## II.    THE AMENDED COMPLAINT SUPERSEDED THE ORIGINAL COMPLAINT

Plaintiff's Amended Complaint is the only pleading relevant to the present Motion. (D.I. 19). Plaintiff's Original Complaint was rendered without legal effect upon the filing of the Amended Complaint. (D.I. 2). Because the Original Complaint is not referenced by or incorporated into the Amended Complaint, only those facts and

3

allegations contained within the Amended Complaint may be considered for the purposes of the present analysis.  Even under the most liberal standard, the Amended Complaint does not state any facts sufficient to support a viable Title VII claim.  Therefore, Plaintiff's Amended Complaint should be dismissed in its entirety.

> **A.     Upon the Filing of the Amended Complaint, Plaintiff's Original Complaint Was Rendered Without Legal Effect**

Upon the filing the Amended Complaint the original Complaint "no longer performs any function in the case."  Kolling v. Am. Power Conversion Corp., 347 F.3d 11, 16 (1st Cir. 2003).  The interposed pleading renders the original pleading "without legal effect."  See Franklin v. Kan. Dep't of Corrections, 160 Fed. Appx. 730, 733-34 (10th Cir. 2005); see also In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000) (same).  The Court's examination, therefore, is limited to "those claims included in the most recently amended complaint."  6 Charles A. Wright, et al., Fed. Practice & Proc., § 1476, at 556-67 (2d ed. 1990).  Thus, "the original pleading, once superseded, cannot be utilized to cure defects in the amended pleading, unless the relevant portion is specifically incorporated into the new pleading."  Glover v. N.Y. City Transit Auth., No. 03-1140, 2006 U.S. Dist. LEXIS 80661, at *6 (E.D.N.Y. Sept. 6, 2006) (limiting its 12(b)(6) analysis to the second amended complaint because the prior complaints were deemed superseded and ineligible for consideration) (quoting id. at p. 559); (holding that the "amended complaint completely supersedes [the] original complaint, and thus the original complaint no longer performs any function in the case") (internal citations omitted).

**B.      The Original Complaint Was Not Specifically Referenced by the Amended Complaint And Therefore Cannot Be Considered In the Present Motion**

Rule 10(c) of the Federal Rules of Civil Procedure permits specific allegations of a prior complaint to be referenced or incorporated into the amended complaint but only if reference to allegations in the prior complaint is direct and specific.  <u>Heineman v. U.S.</u>, No. 96-4086-SAC, 2006 U.S. Dist. LEXIS 83592, at *6 (D. Kan. Nov. 16, 2006).  It is not enough that an amended complaint merely mentions the existence of a prior complaint and refers generally to the relief sought in that complaint.  <u>Id.</u> (<u>quoting</u> <u>Fullerton v. Maynard</u>, 943 F.2d 57 (10th Cir. 1991)).  Here, Plaintiff's Amended Complaint fails to incorporate or adopt by reference the Original Complaint or the claims and parties alleged there.  <u>See</u> Fed. R. Civ. P. 10(c).  Therefore, the present analysis is limited to the facts and allegations set forth in the Amended Complaint.

**C.      Even Under the Most Liberal Standard, the Amended Complaint Does Not Contain Any Facts Upon Which Relief Can Be Granted**

The pleadings of a *pro se* plaintiff are liberally construed.  However, even the *pro se* plaintiff is "subject to the same rules of procedure that govern other litigants." <u>Heineman</u>, 2006 U.S. Dist. LEXIS at *6. <u>see also</u>  <u>Green v. Dorrell</u>, 969 F.2d 915, 917 (10th Cir. 1992), <u>cert. denied</u>, 507 U.S. 940 (1993).  Further, the Court should not "assume the role of advocate for the *pro se* litigant."  <u>Heineman</u>, 2006 U.S. Dist. LEXIS at *6; <u>Kerrigan v. Chaou</u>, No. 04-1189, 2004 U.S. Dist. LEXIS  21500, at *3 (E.D. Pa. Oct. 26, 2004) ("A judge may not become a surrogate attorney for the party, even one who is proceeding *pro se*.").  In this same vein, courts should not assume that "the non-moving party can prove facts that it has not alleged or that the moving party has violated laws in ways that have not been alleged."  <u>Brown v. Rumsfeld</u>, 211 F.R.D. 601, 604

5

(N.D. Cal. 2002) (citing Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983)). In short, the court may not "supply additional factual allegations to round out a plaintiff's complaint." Kerrigan, 2004 U.S. Dist. LEXIS at *3.

Here, Plaintiff's Amended Complaint contains only conclusions of law without any supporting facts. Such a pleading is properly subject to dismissal. See Carr v. Sharp, 454 F.2d 271, 272 (3d Cir. 1971) (dismissing a *pro se* complaint for failure to state a claim upon which relief may be granted because the complaint failed to include any supporting facts); see also Grumbkow v. Walt Disney Co., C.A. No. 06-489-JJF, slip op. at 9 (D. Del. Feb. 20, 2007) ("the Court should reject 'unsupported allegations,' 'bald assertions,' or 'legal conclusions.'") (citing Amiot v. Kemper Ins. Co., 122 Fed. Appx. 577, 579 (3d Cir. 2004)).

Plaintiff's Amended Complaint does not contain even the most basic set of facts necessary to avoid dismissal. The Amended Complaint does not assert that Plaintiff was even employed by Defendants or, if so employed, what position she held. Putignano v. S.R. Lifestyle Corp., No. 94-3203, 1995 U.S. Dist. LEXIS 11228, at *9-10 (N.D. Ill. Aug. 7, 1995) (dismissing "incomprehensible" complaint that did not identify plaintiff's position with Defendant, state any of the facts regarding the alleged incident or even that such incident occurred). Further, the Amended Complaint does not even describe the facts that constitute the alleged discrimination or the identity of the employees alleged to have participated in the discrimination. Caldwell v. CVS Corp., 443 F. Supp. 2d 654, 658 (D.N.J. 2006) (dismissing *pro se* complaint where it stated no facts in support of the allegations, such as the nature of the incident or the actions of the defendant's employee).

6

Nor does the Amended Complaint "state where the alleged actions occurred."

Grumbkow, slip op. at 10 (finding complaint deficient where it did not describe the

alleged actions, when the actions took place, or where they occurred).

Plaintiff herself actually points out additional factual omissions.  In her Response

to the present Motion, Plaintiff admits that the Amended Complaint does not identify the

role of individual Defendant Fleming.  (D.I. 50 at ¶4).  She goes on to admit that the

Amended Complaint does not "specifically refer to Defendant Fleming as an agent of

[Defendant] Lawns Unlimited Ltd."  (D.I. 50 at ¶5).  Indeed, the Amended Complaint

does not indicate the nature or extent of Fleming's participation in any allegedly

discriminatory conduct.  Instead, she asserts for the first time that Fleming is the "owner

of the business and [Plaintiff's] supervisor."  (D.I. 50 at ¶4).  This factual assertion made

only in response to Defendants' 12(c) Motion comes too late to save her complaint from

dismissal.  Under even the most liberal construction of the Amended Complaint, Plaintiff

has failed to comply with her duty to present sufficient facts to allow Defendants to

conduct discovery and prepare a defense.  Grumbkow, slip op. at 9 (citing Conley v.

Gibson, 355 U.S. 41, 45-46 (1957)).

**D.    Plaintiff's Failure to Attach a Copy of Her Charge of Discrimination
to the Amended Complaint Further Supports Dismissal of Her
Claims**

Plaintiff  attached a copy of the EEOC's Notice of Right to Sue to the Amended

Complaint.  (D.I. 19).  She did not, however,  attach a copy of the Charge of

Discrimination she references in Paragraph 8 of the Amended Complaint.  (D.I. 19 at ¶8).

Instead, Plaintiff asserts that the Notice of Right to Sue "suggests that her claims of

discrimination . . . may have merit."  (D.I. 50 at ¶3).   This assertion is unsupportable.

7

See, e.g, Spruill v. Winner Ford of Dover, Ltd., 175 F.R.D. 194 (D. Del. 1997) (excluding agency's factual findings as cumulative and not relevant, excluding legal conclusions because of potential prejudicial effect and risk of confusion).

Plaintiff's failure to attach a copy of her Charge strongly supports the Defendants Motion. See Brown, 211 F.R.D. at 605 (dismissing *pro se* plaintiff's amended complaint because she did not allege any facts in support of her claims for discrimination and did not attach the EEOC's decision to her amended complaint); Putignano, 1995 U.S. Dist. LEXIS at *9-10 (finding that, where the plaintiff failed to attach her EEOC Charge or Notice of Right to Sue to the amended complaint, the amended complaint "could not possibly state any claim of employment discrimination"). Plaintiff admits that she was required to attach a copy of the Charge to her Amended Complaint. (D.I. 50 at ¶2). She not only failed to do so when she filed the Amended Complaint, but she did not attempt to provide a copy in response to the present Motion despite her admission that the document was required.

Further, the mere attachment of a Charge of Discrimination will not necessarily save a complaint from a motion to dismiss. For example, in McQuaid v. ACTS Retirement Communities, the plaintiff filed her complaint *pro se*, listing only her address, the address of the defendant, and a request for relief. C.A. No. 04-3620, 2005 U.S. Dist. LEXIS 18565, at *2 (E.D. Pa. Aug. 8, 2005). She attached a copy of her Charge of Discrimination and Notice of Right to Sue to the complaint. Id. A few weeks after filing, she moved to add additional defendants. Id. Despite the information contained within the Charge, the court dismissed the amended complaint because it did not contain any facts necessary to support a claim of discrimination. Id. at *9.

8

## III.     THE FORM OF THE COMPLAINT HAS NO IMPACT ON THE PRESENT MOTION

Plaintiff asserts that her use of the District Court's pre-printed complaint form supplied to *pro se* plaintiffs automatically renders her complaint sufficient. This assertion is both misplaced and unsupported by the law. First, any complaint that fails to allege supporting facts will be subject to dismissal, regardless of whether the plaintiff used the court's pre-printed complaint form. See Brown, 211 F.R.D. at 605 (dismissing amended complaint where plaintiff failed to fill out the section for "basic facts surrounding claims of discrimination" on the court's pre-printed complaint form).

Further, only Plaintiff's Original Complaint was completed using the District Court's *pro se* Complaint form. (D.I. 2). Plaintiff's Amended Complaint, however, was submitted in conformance with the Local Rules and drafted in normal pleading format. (D.I. 19). The Amended Complaint included a styled caption, numbered paragraphs, a demand for relief, and a signature block. (D.I. 19). Far from the "fill-in-the-blanks" format of the court-supplied complaint, Plaintiff's Amended Complaint was drafted in conformity with the Federal and Local Rules. Plaintiff's claims are, in no way, safe from dismissal due merely to the document used to file her Original Complaint.

## IV.     THIS COURT'S RECENT RULING IN GRUMBKOW PROVIDES ADDITIONAL SUPPORT FOR DISMISSAL

In Grumbkow v. Walt Disney Co., this Court addressed the failure of a *pro se* plaintiff to properly serve opposing parties with a summons and complaint in the context of a Motion to Dismiss. Slip op. This Honorable Court dismissed the *pro se* plaintiff's complaint under Rule 4(m) of the Federal Rules of Civil Procedure. Slip op. at 10. Under the strikingly similar set of facts in the present case, the Grumbkow decision

9

demonstrates that dismissal of Plaintiff's Amended Complaint is both warranted and necessary.

Just as in <u>Grumbkow</u>, here Plaintiff received a copy of Rule 4 and acknowledged such receipt on March 1, 2006. <u>Id.</u> at 7-8; (D.I. 6). Plaintiff signed the acknowledgment, which states that she "understand[s] that it is [her] responsibility to make service of process on Defendants in accordance" with Rule 4. (D.I. 6). More than 120 days passed before Plaintiff effectuated service on Defendants and, even at that late date, Plaintiff failed to include a copy of the Complaint with the summonses. (D.I. 7); (D.I. 45 at 5-6). And, just as in <u>Grumbkow</u>, Plaintiff here failed to respond to the service issue raised in Defendants' Motion for Judgment on the Pleadings, nor has she provided any reason for her failure to comply with the Federal Rules of Civil Procedure in respect to sufficient service of process. <u>See</u> slip op. at 7; 8.

Under those facts, this Court dismissed the complaint. <u>Id.</u> at 10. An identical result is warranted and appropriate in the present case and, therefore, Plaintiff's Amended Complaint should be dismissed in its entirety.

## CONCLUSION

For the reasons set forth more fully above, Defendants Lawns Unlimited, Ltd. and Edward Fleming request that their Motion for Judgment on the Pleadings be granted and Plaintiff's Amended Complaint be dismissed in its entirety.


Respectfully submitted,

/s/ Margaret M. DiBianca, Esquire
William W. Bowser, Esquire (No. 2239)
Margaret M. DiBianca, Esquire (No. 4539)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
Email:  mdibianca@ycst.com
Attorneys for Defendant

Dated:  March 19, 2007

## CERTIFICATE OF SERVICE

I, Margaret M. DiBianca, hereby certify that on March 19, 2007, I electronically filed a true and correct copy of the **Defendants' Reply Brief in Support of Their Motion for Judgment on the Pleadings** with the Clerk of the Court using CM/ECF. I further certify that on March 19, 2007, I caused to be deposited a true and correct copy of the foregoing **Defendants' Reply Brief in Support of Their Motion for Judgment on the Pleadings** in the U.S. Mail and Certified U.S. Mail/Return Receipt Requested to the following non-registered participant:

> Renee M. Butz, Pro Se
> 58 Hickory Drive
> North East, Maryland 21901

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca

William W. Bowser, Esquire (Bar I.D. No 2239)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
Email:  wbowser@ycst.com; mdibianca@ycst.com
Attorneys for Defendants