IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE M. BUTZ )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LAWNS UNLIMITED LTD., and )<br>EDWARD FLEMING )<br>)<br>Defendants. ) | C.A. No.: 05-495 (JJF) |

## DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendants Lawns Unlimited and Edward Fleming ("Lawns") hereby move for a protective order precluding Plaintiff Renee M. Butz from taking the deposition of Edward Fleming at Grazer Technologies on May 2, 2007 and from the attendance of Michael L. Butz at any deposition taken in this matter other than Plaintiff's deposition, to be held on April 20, 2007.  In support of this Motion, Lawns states the following:

## FACTUAL AND PROCEDURAL BACKGROUND

1. On January 31, 2007, Defendants filed a Motion to Compel (D.I. 43) requesting the Court to preclude Michael L. Butz, the non-lawyer father-in-law of Plaintiff *pro se*, from providing Plaintiff with guidance or acting as her counsel, taking depositions, or defending Plaintiff at her deposition.

2. On April 4, 2007, the Court issued an Order granting Defendants' Motion to Compel.  (D.I. 58).  The Court's Order states, in relevant part:

> (2) Michael L. Butz is precluded from engaging in the unauthorized practice of law by acting as a legal representative of Plaintiff including such activities as providing legal advice, speaking on Plaintiff's behalf at depositions or other proceeding before the Court, taking depositions, and defending Plaintiff at depositions;
>
> (3) Michael L. Butz is not precluded from attending Plaintiff's deposition and other proceedings before the Court.

3. On March 12, 2007, Defendants noticed Plaintiff's deposition for April 20, 2007 to be held in the Wilmington, Delaware office of Young Conaway Stargatt & Taylor, LLP ("YCST"). (D.I. 52). Plaintiff notified Defendants' counsel that "the deposition should not be held at [the YCST] office, but a neutral place." *See* Exhibit 3. She further stated that the deposition would need to be held "before 8:30 a.m. or after 1:00 p.m." *See* Exhibit 3.

4. On April 6, 2007, Plaintiff forwarded to the undersigned a Notice of Deposition of Edward Fleming.[1] *See* Exhibit 1. The Notice provides that Fleming will be deposed on May 2, 2007,[2] at 9:00 a.m. "at Graver Technologies 200 Lake Drive, Glasgow, DE 19702, second floor conference room." Upon information and belief, Graver Technologies is Michael Butz's place of employment.

5. On April 6, 2007, the undersigned spoke with Plaintiff via telephone and explained that it was Defendants' position that (1) Michael Butz's place of employment was not an acceptable location for the deposition of Defendant Fleming; and

---

[1] At the time of the drafting of this Motion, Defendants have not received notice from the Clerk that Plaintiff's Notice has since been filed. Presumably, Plaintiff has either already filed the Notice or is in the process of doing so, as Plaintiff re-stated her intentions to depose Fleming as indicated in her prior e-mail. *See* Exhibit 2.

[2] Mr. Fleming will be traveling with his family in Colorado from May 2 through May 7, 2007 and is, therefore, unavailable for the May 2 date selected by Plaintiff. Mr. Fleming will, however, make himself available for alternative dates suitable to both parties.

(2) Michael Butz is precluded from attending the deposition of Defendant Fleming, or any deposition other than Plaintiff's, which has been noticed for April 20, 2007.

6. On April 9, 2007, Plaintiff confirmed that she intended to have Mr. Butz attend Fleming's deposition, which she still intended to conduct at Mr. Butz's place of employment. *See* Exhibit 2. She stated that she "[would] agree to the time & place" of her deposition as noticed but "[i]n turn, [] will expect [Defendants] to agree to the time & place of [her] deposition of Mr. Fleming." *See* Exhibit 2. Plaintiff also stated that she elected to hold the deposition at Grazer Technologies "because [she] did not have to pay for the conference room."

7. In compliance with Local Rule 7.1.1 of the District of Delaware Local Rules, the undersigned hereby affirms that counsel for Defendants has conferred via telephone and e-mail several times with Plaintiff *pro se* to attempt to reach agreement on the matters set forth in this Motion and that such attempts have been unsuccessful.

**REQUEST FOR RELIEF**

8. Rule 26(c) of the Federal Rules of Civil Procedure authorizes this Court, for good cause shown, to issue a protective order precluding a deposition so as to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The Court's power in this respect includes the power to make an order that "the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place." Fed. R. Civ. P. 26(c)(2).

9. To prevail in the present Motion, Defendants must demonstrate good cause, which "is established on a showing that disclosure will work a clearly defined and serious injury" to the movant. Heron v. Potter, C.A. No. 03-313-JJF, 2006 U.S. Dist. LEXIS 77094, at *3 (D. Del. Oct. 23, 2006) (internal citations omitted).

10. Defendants are cognizant that where the person to be deposed is a party, then the noticing party may set the place for deposition subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different location. Trans Pacific Ins. Co. v. Trans Pacific Ins. Co., 136 F.R.D. 385, 392 (E.D. Pa. 1991). However, where the party to be deposed is a corporate officer or agent, the "general rule" is that his deposition should be taken at the corporation's principal place of business. Id.; Generale Bank Nederland N.V. v. First Sterling Bank, C.A. No. 97-2273, 1997 U.S. Dist. LEXIS 20040 (E.D. Pa. Dec. 18, 1997) (citing Salter v. Upjohn Co., 593 F.2d 649, 651 (5th cir. 1979); Oxford Indus., Inc. v. Luminco, Inc., 1990 U.S. Dist 17392 (E.D. Pa. Dec. 21, 1990); Farquhar v. Shelden, 116 F.R.D. 70, 72 (E.D. Mich. 1987); Zuckert v Berkliff Corp., 96 F.R.D. 161, 162 (N.D. Ill. 1982); Mitchell v. Am. Tobacco Co., 33 F.R.D. 262 (M.D. Pa. 1963); and Mill Run Tours v. Khashoggi, 124 F.R.D. 547, 550 (S.D.N.Y. 1989); Work v. Bier, 107 F.R.D. 789, 792 n.4 (D.D.C. 1985)).

11. Further, cases in which the deposition of a corporate officer was permitted to occur at a place other than the principal place of business also required the payment of expenses by the deposing party or some other voluntary agreement between the parties. Schreiber v. Carney, No. 6202, 1982 Del. Ch. LEXIS 556 (Del. Ch. Dec. 3, 1982) (internal citations omitted).

12. Defendants' principal place of business is located in Milton, Delaware, Sussex County. (D.I. 2).

13. Defendants request that the deposition of Fleming be held at its principal place of business, at the Lawns Unlimited, Ltd. Milton, Delaware facility. See South Seas Catamaran, Inc. v. The Motor Vessel "Leeway", 120 F.R.D. 17 (D.N.J. 1988),

aff'd without op., 993 F.2d 878 (3d Cir. 1993).  Alternatively, in an attempt to assuage Plaintiff's concern about "a neutral location," Defendants are amenable to conducting the deposition at the YCST Georgetown, Delaware office, which is located approximately twelve miles from Lawns Unlimited or, if the Court deems more appropriate, at the Wilmington, Delaware office of YCST.  Neither alternative location will impose any additional costs on Plaintiff.

14. Local Rule 30.3 sets forth who may attend a deposition.  D. Del. LR 30.3.  The Rule specifically designates the deponent and his counsel, a party who is a natural person or an officer or employee of a party which is not a natural person, counsel for any party, and any consultant or expert previously designated.  D. Del. LR 30.3.

15. The Court has ordered that Michael L. Butz may attend Plaintiff's deposition but is prohibited from speaking on Plaintiff's behalf.  (D.I. 58).

16. Plaintiff asserts that the Court's Order does not preclude Mr. Butz from attending any and all depositions conducted in the present case, including the deposition of Mr. Fleming.

17. Defendants request that the Court preclude Mr. Butz from attending any deposition other than Plaintiff's, at which he may not speak on Plaintiff's behalf or otherwise participate.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca
William W. Bowser, Esquire (Bar I.D. 2293)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19801-0391
Telephone: (302) 571-5008
Facsimile : (302) 576-3476
wbowser@ycst.com; mdibianca@ycst.com
Attorneys for Defendants

DATED:   April 9, 2007

## CERTIFICATE OF SERVICE

I, Margaret M. DiBianca, hereby certify that on April 9, 2007, I electronically filed a true and correct copy of the *Defendants' Motion for Protective Order* with the Clerk of the Court using CM/ECF.  I further certify that on April 9, 2007, I caused to be served a true and correct copy of the foregoing *Defendants' Motion for Protective Order* via Certified U.S. Mail/Return Receipt Requested and U.S. Mail to the following non-registered participant:

> Renee M. Butz
> 58 Hickory Drive
> North East, Maryland 21901

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/ Margaret M. DiBianca, Esq.
> William W. Bowser, Esquire (Bar I.D. 2239)
> Margaret M. DiBianca, Esquire (Bar I.D. 4539)
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, Delaware 19801
> Telephone:  (302) 571-6601, 571-5008
> Facsimile :  (302) 576-3282, 576-3476
> Email:  wbowser@ycst.com; mdibianca@ycst.com