

April 3, 2007

**Via E-Mail and via First Class**

Young Conaway Stargatt & Taylor, LLP
Margaret M. DiBianca
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

   Re: **Butz v. Lawns Unlimited, Ltd. and Edward Fleming**
      C.A. No. 05-495 (JJF)

Dear Ms. DiBianca:

  I write in response to your letter dated April 2, 2007. Overlooking your condescending tone, I will do my best to respond to the points you addressed. I think it is necessary to point out that your client and his previous attorney were unresponsive and uncooperative in establishing a deposition time and providing discovery answers and production. I am more than a little disturbed that you insinuate through your letter that I have been uncooperative.

**Plaintiff's Deposition**

  My understanding is the date, time, and location of the party's deposition is usually mutually agreed upon by both parties. You indicate that typically the deposition is customarily conducted at the office of the noticing party. Typically, a deposition occurs with the deposed party's attorney present. As a pro se, I would feel much more comfortable in neutral surroundings. I also understand that as a matter of convenience, depositions can be held after the close of normal business hours or on weekends. Regarding Michael L. Butz's participation in any of these legal matters, until the Court has ruled that Michael L. Butz cannot act in an advisory capacity, I will have him present at the deposition. If this is unacceptable, I suggest we have immediate conference with the Court. And I remind you that Mr. Fleming refused to attend my scheduled deposition in November 2006.

  Please contact me to schedule a mutually acceptable deposition time and place.

**Request for Authorization to Release Medical Records**

 I object to the extent of the information requested on your medical release form. First, you do not indicate a time period that you are authorized to obtain this information. Based on the language of your release form, unless I provide written revocation, counsel could obtain additional information any time in the future. Second, I do not see any reason for you to obtain any medical information other than billing documentation.

April 3, 2007
Page 2

Third, I have previously provided copies of all medical bills and statements to both the Court and the Defendants. If appropriate revisions can be made to the medical release form, I would then consider signing it.

### **Supplementation of Plaintiff's Rule 26 Disclosures**

The following are the individuals who are likely to have discoverable information:

| Name | Address | City/State/Zip | Phone |
| --- | --- | --- | --- |
| Renee M. Butz | 58 Hickory Drive | North East, MD 21901 | 410-441-4300 |
| Scott M. Butz | 58 Hickory Drive | North East, MD 21901 | 302-367-4447 |
| Michael L. Butz | 408 Creek Bend Drive | Newark, DE 19711 | 302-737-0591 |
| Laurie Schatz | 7269 Parkers Farm Lane | Frederick, MD 21703 | Unpublished |
| Dina Alderucci | 35410 Bushnell Ct, Apt 6 | Lewes, DE 19958 | Unpublished |
| Barbara Imwold | 129 E. Main Street | Elkton, MD 21921 | 410-996-5320 |

The EEOC/DDOL records that I have in my possession were obtained by me at my own cost. I again offer to provide you with copies at a $30.00 administration fee plus $0.30 per copy, or alternatively, I will make the documents available for copying and inspection at the Cecil County Courthouse.

Sincerely,

*Renee Butz*

Renee M. Butz
Pro Se

cc: Judge Joseph J. Farnan, Jr.

Attachment: Margaret M. DiBianca's letter dated April 2, 2007

## YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. McBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DiLIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH

JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 571-5008
DIRECT FAX: 576-3476
mdibianca@ycst.com

JOSEPH M. BARRY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR
JEFFREY T. CASTELLANO
KARA HAMMOND COYLE
KRISTEN SALVATORE DePALMA
MARGARET M. DiBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN

SPECIAL COUNSEL
JOHN D. McLAUGHLIN, JR
KAREN L. PASCALE
PATRICIA A. WIDDOSS

MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. McDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
  (NJ & PA ONLY)
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P STAFFORD
CHAD S.C. STOVER
JOHN E. TRACEY
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

April 2, 2007

**BY CERTIFIED MAIL RETURN RECEIPT REQUESTED**
**BY E-MAIL**
**& BY UNITED STATES MAIL**

Renee M. Butz
58 Hickory Dr.
Northeast, MD 21901

Re:   Butz v. Lawns Unlimited, Ltd. and Edward Fleming

Dear Ms. Butz:

I write in response to three pieces of recent correspondence. First, there is the e-mail you sent on Saturday evening regarding the Defendants' recently filed Notice of Deposition in the above-referenced matter. Second, there is Plaintiff's Response to Defendant's Medical Record Release, which you filed with the Court on March 23, 2007. Third, there is Plaintiff's Supplementary Calculations provided as a Supplement to Plaintiff's Rule 26 Initial Disclosures. I will address each separately, below.

**Plaintiff's Deposition Scheduled to Be Held April 20, 2007**

You indicate that you will attend a deposition only if it is before 8:30 a.m. or after 1 p.m. and that you will not attend a deposition taken at the YCS&T offices, but only at a "neutral place."

Unfortunately, I believe there has been some confusion regarding the nature and scope of a plaintiff's deposition. First, I should point out that your deposition has been properly noticed with generous advance notice. Failure to appear for a properly noticed deposition will

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Renee M. Butz
April 2, 2007
Page 2

result in mandatory sanctions, including expenses and attorneys' fees incurred by Defendants in preparing for the deposition. See F.R.C.P. 37(d) (a copy of which is enclosed for your reference). So, although I will certainly try to be flexible in accommodating your scheduling needs, ultimately you have the obligation to attend the deposition at the date, time and location indicated on the Notice of Deposition.

I turn next to your stated time constraints. A plaintiff's deposition normally takes at least an entire business day to complete. Often, due to frequent breaks or meal periods, it can require a second day to complete the deposition. A half-day session is simply not enough time to complete your deposition, thereby requiring the parties to attend 3-4 days worth of testimony. Due to the costs of the court reporter and the difficulty in starting and stopping between sessions, multiple half-day sessions will not suffice. I am willing to begin the deposition at 9:30 a.m. instead of 10 a.m., but will not be able to change to any time earlier than 10 a.m.

Turning next to your objection to having the deposition take place at my firm. In Delaware, and in all other jurisdictions of which I am aware, the deposition is customarily conducted at the office of the noticing party as a mater of course. Absent order or agreement to the contrary, the deposition must occur in the district in which the courts sit. Similarly, corporate representatives must be made available at the location of the corporate defendant's primary place of business. See Trans Pacific Ins. Co. v. Trans-Pacific Co., 136 FRD 385 (E.D. Pa. 1991).

Although your letter did not indicate what your reasons were for not wanting to be deposed at my office, I can assure you that we have a fully equipped, modern facility, which is easily accessible from I-95. The deposition will be held in a private conference room, undisturbed by staff and personnel. The only people in attendance will be you, me, my paralegal, and the Court Reporter.[1] By no means do I expect it to be a "hostile" atmosphere. Instead, I expect that it will be civil and professional, as is the norm in the State of Delaware.

Please contact me should you have any additional questions or concerns about the procedures of deposition. Unless agreed upon by both parties in advance, Defendants plan to proceed with the Noticed Deposition on April 20, 2007 at 10 a.m.

### Request for Authorization to Release Medical Records

On March 13, 2007, I forwarded to your attention an authorization form for your signature. The form, which is HIPPA compliant, permits your health care providers to release certain medical records upon request instead of upon subpoena. You are not obligated to sign the form.

---

[1] It may be practical at this time to advise you that no other persons will be permitted to attend the deposition, including Michael Butz. Local Rule 30.3 (attached) makes clear that only the deponent, his or her counsel, the parties, and designated experts may attend. Refusal to comply with this Rule will require an immediate conference with the Court.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Renee M. Butz
April 2, 2007
Page 3

However, without it, I will proceed with the same course of action using alternative means. In short, I will issue subpoenas for your health care records. It is much less costly and time-consuming to proceed voluntarily by signing the release form. The form also ensures that only the appropriate records will be released.

The scope of discovery is very broad and is not limited to what may be relevant or admissible at trial. In the present action, you assert you are entitled to recover damages associated with health care and medical costs. Therefore, your medical health is well within the scope of permissible discovery, as it is essential to Defendants' liability and damages defenses.

I ask that you reconsider signing the authorization form. If I do not receive the signed form or hear from you otherwise prior to April 4, 2007, I will issue the subpoenas as indicated above.

**Supplementation of Plaintiff's Rule 26 Disclosures**

On March 20, 2007, I requested that you provide additional information as part of Rule 26's Mandatory Disclosures. Specifically, I stated that Rule 26(a)(1)(A) requires the name, address and telephone number of each individual likely to have discoverable information. Also, I asked that you produce the documents you identified as "publicly available" in your Rule 26 disclosures.

In response, you filed D.I. 57, "Plaintiff's Response to Defendants' Request for Detail Damages List" in which you provide "detailed lists" calculating your claimed damages. Although these lists incline me to comment for other reasons, I will limit this letter to the requirements of Rule 26.

D.I. 57 does not address my initial concerns—the contact information for persons likely to have discoverable information or the documents you are currently withholding, identified as "publicly available" in your Rule 26 disclosures.

Ms. Butz, the discovery period in this case is very short and, in order to fully complete the discovery process, both parties must comply strictly with the deadlines set forth by the Federal and Local Rules of Civil Procedure. These rules required this information to be produced to Defendants many months ago. Certainly, pursuant to my written request for this information, you are aware of your obligations to disclose under Rule 26. Without the contact information of the witnesses, for example, I am unable to schedule depositions or conduct interviews. Further, without a copy of the documents you are currently withholding, I am unable to fully prepare for the case.

There is no privilege under which you may assert that the requesting party has alternative access to the documents you possess. They are not protected by the Attorney-Client nor the Work Product doctrines. They must, therefore, be produced.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Renee M. Butz
April 2, 2007
Page 4

      Defendants demand that the requisite information, as set forth in this letter, as well as two previous letters from the undersigned, be produced on or before Friday, April 5, 2007.

      Should Plaintiff fail to comply with the requests as set forth above, Defendants will have no alternative but to move the Court to compel your compliance and to assess sanctions for your knowing disregard of the Federal and Local Rules, including Defendants' costs incurred in preparing this sequence of letters (currently estimated at $1,200), as well as costs incurred in preparing any related letters or motions.

      Sincerely,

      /s/ Margaret M. DiBianca

      Margaret M. DiBianca

MMD:y



Ms. Renee M. Butz
58 Hickory Dr
North East, MD 21901

U.S.M.S
X-RAY

Judge Joseph J. Farnan Jr.
J. Caleb Boggs Federal Building
844 N. King St.
Wilmington DE 19801

