IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RENEE M. BUTZ,                          )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )        Civ. No. 05-495-JJF
                                        )        Judge Joseph J. Farnan Jr.
LAWNS UNLIMITED, LTD. and               )
EDWARD FLEMING,                         )
                                        )
                    Defendants,         )

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
FIRST REQUEST FOR PRDUCTION OF DOCUMENTS**

Plaintiff Renee Butz makes the following responses to Defendants'
Edward Fleming and Lawns Unlimited, LTD's First Request for Production of
Documents:

<u>**Preliminary Statement and General Objections**</u>

1.    Plaintiff objects to Defendants' document request to the
extent that they seek discovery of:

- Information or documents subject to the attorney-client
  privilege, or any other privilege.

- Information or documents constituting the work product
  of Plaintiff or its attorneys; and

- Information generated or documents prepared in
  anticipation of litigation or for trial by or for Plaintiff or
  its agents and representatives.

2.    Plaintiff objects to each document request to the extent that
it calls for confidential or private information or documents, unless and until the
information or documents are the subject of a suitable protective order.  Plaintiff
reserve the right to produce documents and designate certain documents as
"confidential" based upon the expectation that the parties will reach agreement on
the terms of a protective order.  Plaintiff reserves the right, however, to withhold
further production to the extent that the parties are unable to reach agreement on

the terms of a protective order or to the extent that Defendants' withholds its production pending finalization of a protective order.

3.     Plaintiff objects to each document request to the extent that it is overbroad, unduly burdensome and attempts to impose duties on Plaintiff that are not provided for by the Federal Rules of Civil Procedure or other applicable law.

4.     Plaintiff has made diligent inquiry but, given the breadth of the information requested, Plaintiff cannot be certain that it has produced "all" documents responsive to the Defendants request.  Plaintiff reserves the right to revise, correct, add to, supplement, and or clarify any of their responses as may be necessary.

5.     Plaintiff reserves the right to retract any inadvertent disclosures of information or documents that are protected by the attorney-client privilege, the work product doctrine or any other applicable protection.

The response given by Plaintiff is subject to these general objections as well as the objections, if any, made to each specific document request.

## Specific Objections and Responses

1.  All audio or videotapes, tape recordings, notes, diaries, logs, calendars, chronologies, reports of investigation, and other documents taken, made, or prepared by you or on your behalf concerning any fact at issue in this case, including without limitation, summaries, statements, or recorded interviews of any person concerning any matter in issue in the pleadings.

**RESPONSE:**  Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information.  Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession.

2.  All correspondence between you and Defendants referring or relating to any of your claims against Defendants.

**RESPONSE:**  Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information.  Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession.  Defendants' have in their possession all correspondents between Plaintiff and Defendants'.

3. All correspondence between you and any other person or entity (other than privileged documents) referring or relating to any of your claims against Defendants.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession. Defendants' have in their possession all correspondents between Plaintiff and Defendants'.

4. All documents that you contend form the factual basis for or support your contention that Defendants committed any wrongful act, failure to act, unlawful discrimination, and/or unlawful retaliation.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession. Plaintiff has provided copy of timesheets.

5. All documents (including those that support any claim for punitive or liquidated damages) establishing, supporting, evidencing, referring or relating to any relief you seek in your Complaint, including but not limited to, all pecuniary or financial losses such as lost income, salary, bonuses or other compensation, benefits, damages for personal or bodily injury or for emotional distress, and/or any injunctive or other non-pecuniary relief you request.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession.

6. All documents that you filed with, or that were sent to you by, the Equal Employment Opportunity Commission ("EEOC"), Delaware Department of Labor ("DDOL"), and or any other state, local or federal agency in connection with your claims.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession. Plaintiff is providing "DDOL" obtained at a cost.

3

7.    All documents which relate or refer to your employment with Defendants, including, but not limited to, all documents concerning any alleged changes in working conditions, assignments, rates of pay, and evaluations, or other documents concerning your performance.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession. Defendants' has all these documents.

8.    Copies of all medical records of each physician, psychologists, psychiatrist or other health care provider for treatment or consultations for physical or emotional injuries you allegedly sustained as a result of the facts alleged in the Complaint.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession.

9.    All records reflecting income received by Plaintiff during the past five years, whether as a result of employment or self employment including copies of all federal and state income tax returns with all attached schedules.

**RESPONSE:** Plaintiff objects to this request to the extent it is overly broad, incomprehensibly vague and unduly burdensome. Plaintiff objects to this request to the extent it seeks personal, private, and confidential information. Plaintiff objects to this request to the extent that it is irrelevant.

10.    All documents concerning your efforts to secure employment in any job or position made any time during or after his employment with Defendants, including without limitation correspondence, employment applications, resumes, curriculum vitae, or biographical sketches sent to any prospective employer, employment agency, employment search firm, recruiter, temporary staffing firm, or vocational counselor and/or all documents he received from any prospective employer or employment agency.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession.

4

11.    Any and all documents you received from, provided to, or obtained through Defendants related to employment at Lawns Unlimited, LLC, including but not limited to employee manuals or handbooks, job applications, resumes, information relating to employee benefits such as paid time off, health, disability and/or life insurance, job descriptions (formal and informal), attendance records, and employment related correspondence.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession. Defendants' has all these documents.

12.    Any and all documents you received from, provided to, or obtained through your current employer or, if you are not currently employed, your most recent employer, related to your employment, including but not limited to, employee manuals or handbooks, job applications, resumes, information relating to employee benefits such as paid time off, health, disability and/or life insurance, job descriptions (formal and informal), attendance records, and employment related correspondence.

**RESPONSE:** Plaintiff objects to this request to the extent it is overly broad, incomprehensibly vague and unduly burdensome. Plaintiff objects to this request to the extent it seeks personal, private, and confidential information. Plaintiff objects to this request to the extent that it is irrelevant.

13.    All documents reflecting damages incurred on behalf of yourself or others as claimed in the Complaint, including but not limited to, medical or health care expenses, non-reimbursed purchases, and other costs expended.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession.

14.    All documents identified or referred to, in your answers to Defendant's First Set of Interrogatories Directed to Plaintiff.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession.

15.    Any other document or thing in your possession or available to you, in addition to the items specified in previous sections of this Request for Production that is relevant to any issue in the litigation, including but not limited to issues of liability and or damages.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information.  Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession.

Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410)441-4300
Plaintiff pro se

Dated: 4/10/07

*Production #4*
*P1*

## Employee Details Report

### Lawns Unlimited
Period 11/10/2003 - 11/23/2003

HTO - Hours Toward Weekly Overtime     ? Exception
    < Previous Pay Period Punch     * Tardy
    + Added Item     ^ Adjusted Value
    { Previous Day Punch     ~ Holiday Punch

*1 hour*

**Not Assigned**

**BUTZ, RENEE M**     Badge: 25     Employee ID: 0001

| Date | In | Out | In | Out | Total | OT | HTO | Meal | Amts |
|------|-----|-----|-----|-----|-------|-----|-----|------|------|
| 11/10/2003 Mon | 7:07 am | 12:11 pm | 12:51 pm | 5:54 pm | 10.12 | 0.00 | 10.12 | 0.00 | $0.00 |
| 11/11/2003 Tue | 7:02 am | 11:36 am | 12:19 pm | 6:20 pm | 10.58 | 0.00 | 20.70 | 0.00 | $0.00 |
| 11/12/2003 Wed | 7:06 am | 11:44 am | 12:36 pm | 6:18 pm | 10.33 | 0.00 | 31.03 | 0.00 | $0.00 |
| 11/13/2003 Thu | 7:06 am | 11:46 am | 12:24 pm | 5:33 pm | 9.82 | 0.00 | 40.85 | 0.00 | $0.00 |
| 11/14/2003 Fri | 7:06 am | 8:22 am | 12:36 pm | 5:15 pm | 5.92 | 0.00 | 46.77 | 0.00 | $0.00 |
| 11/15/2003 Sat | None | | | | 0.00 | 0.00 | 46.77 | 0.00 | $0.00 |
| 11/16/2003 Sun | None | | | | 0.00 | 0.00 | 46.77 | 0.00 | $0.00 |
| 11/17/2003 Mon | 7:02 am | 11:34 am | 12:28 pm | +4:15 pm | 8.32 | 0.00 | 8.32 | 0.00 | $0.00 |
| 11/18/2003 Tue | 7:08 am | 11:22 am | 12:01 pm | 4:10 pm | 8.38 | 0.00 | 16.70 | 0.00 | $0.00 |
| 11/19/2003 Wed | 6:52 am | 11:42 am | 12:42 pm | 5:01 pm | 9.15 | 0.00 | 25.85 | 0.00 | $0.00 |
| 11/20/2003 Thu | 7:05 am | 11:31 am | 12:32 pm | 4:15 pm | 8.15 | 0.00 | 34.00 | 0.00 | $0.00 |
| 11/21/2003 Fri | 7:07 am | 9:21 am | 10:41 am | 12:00 pm | 3.55 | 0.00 | 37.55 | 0.00 | $0.00 |
| 11/21/2003 Fri | 12:32 pm | 4:55 pm | | | 4.38 | 0.00 | 41.93 | 0.00 | $0.00 |
| 11/22/2003 Sat | None | | | | 0.00 | 0.00 | 41.93 | 0.00 | $0.00 |
| 11/23/2003 Sun | None | | | | 0.00 | 0.00 | 41.93 | 0.00 | $0.00 |

| Department | REG | OT1 | VAC | SIC | HOL | PER | Misc | Total | Amts |
|------------|-----|-----|-----|-----|-----|-----|------|-------|------|
| Not Assigned | 88.70 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 88.70 | $0.00 |

Badge: 2     Employee ID: 0005

*Production #4*  *Attachment C*

## Employee Details Report

### Lawns Unlimited
### Period 11/24/2003 - 12/7/2003

HTO - Hours Toward Weekly Overtime
< Previous Pay Period Punch
+ Added Item
( Previous Day Punch

? Exception
* Tardy
^ Adjusted Value
~ Holiday Punch

**Not Assigned**

**BUTZ, RENEE M**                                    Badge: 25                      Employee ID:  0001

| Date | In | Out | In | Out | Total | OT | HTO | Meal | Amts |
|------|-----|-----|-----|-----|-------|-----|-----|------|------|
| 11/24/2003 Mon | 7:07 am | 5:31 pm | | | 9.40 | 0.00 | 9.40 | -1.00 | $0.00 |
| 11/25/2003 Tue | 7:02 am | 5:18 pm | | | 9.27 | 0.00 | 18.67 | -1.00 | $0.00 |
| 11/26/2003 Wed | 7:02 am | 5:18 pm | | | 9.27 | 0.00 | 27.93 | -1.00 | $0.00 |
| 11/27/2003 Thu | Holiday | | | | 8.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| 11/28/2003 Fri | 6:59 am | 4:04 pm | | | 8.08 | 0.00 | 36.02 | -1.00 | $0.00 |
| 11/29/2003 Sat | None | | | | 0.00 | 0.00 | 36.02 | 0.00 | $0.00 |
| 11/30/2003 Sun | None | | | | 0.00 | 0.00 | 36.02 | 0.00 | $0.00 |
| 12/1/2003 Mon | 7:01 am | 1:37 pm | 3:24 pm | 6:11 pm | 8.00 | 0.00 | 8.38 | 0.00 | $0.00 |
| 12/2/2003 Tue | 7:01 am | 5:41 pm | | | 8.00 | 0.00 | 18.05 | -1.00 | $0.00 |
| 12/3/2003 Wed | 7:04 am | +4:00 pm | | | 8.93 | 0.00 | 25.98 | -1.00 | $0.00 |
| 12/4/2003 Thu | 8:30 am | +5:30 pm | | | 8.00 | 0.00 | 33.98 | -1.00 | $0.00 |
| 12/5/2003 Fri | 7:00 am | +4:00 pm | | | 8.00 | 0.00 | 41.98 | -1.00 | $0.00 |
| 12/6/2003 Sat | None | | | | 0.00 | 0.00 | 41.98 | 0.00 | $0.00 |
| 12/7/2003 Sun | None | | | | 0.00 | 0.00 | 41.98 | 0.00 | $0.00 |

| Department | REG | OT1 | VAC | SIC | HOL | PER | Misc | Total | Amts |
|------------|-----|-----|-----|-----|-----|-----|------|-------|------|
| Not Assigned | 78.00 | 0.00 | 0.00 | 0.00 | 8.00 | 0.00 | 0.00 | 86.00 | $0.00 |

*Rate 1 = 80.00*
*Rate 2 = 8.00 → 86.00 hrs*
*Holiday Rate = 8.00*

**CANTU, CESAR C**                                   Badge: 2                       Employee ID:  0005

| Date | In | Out | In | Out | Total | OT | HTO | Meal | Amts |
|------|-----|-----|-----|-----|-------|-----|-----|------|------|
| 11/24/2003 Mon | 7:03 am | 5:52 pm | | | 10.32 | 0.00 | 10.32 | -0.50 | $0.00 |
| 11/25/2003 Tue | 6:57 am | 5:59 pm | | | 10.53 | 0.00 | 20.85 | -0.50 | $0.00 |
| 11/26/2003 Wed | 7:02 am | 5:09 pm | | | 9.62 | 0.00 | 30.47 | -0.50 | $0.00 |
| 11/27/2003 Thu | None | | | | 0.00 | 0.00 | 30.47 | 0.00 | $0.00 |
| 11/28/2003 Fri | 7:05 am | 5:14 pm | | | 9.65 | 0.00 | 40.12 | -0.50 | $0.00 |
| 11/29/2003 Sat | None | | | | 0.00 | 0.00 | 40.12 | 0.00 | $0.00 |
| 11/30/2003 Sun | None | | | | 0.00 | 0.00 | 40.12 | 0.00 | $0.00 |
| 12/1/2003 Mon | 6:59 am | 5:19 pm | | | 9.83 | 0.00 | 9.83 | -0.50 | $0.00 |
| 12/2/2003 Tue | 6:57 am | 5:46 pm | | | 10.32 | 0.00 | 20.15 | -0.50 | $0.00 |
| 12/3/2003 Wed | 7:09 am | 5:20 pm | | | 9.68 | 0.00 | 29.83 | -0.50 | $0.00 |
| 12/4/2003 Thu | 7:05 am | 5:37 pm | | | 10.03 | 0.00 | 39.87 | -0.50 | $0.00 |
| 12/5/2003 Fri | 8:24 am | 5:03 pm | | | 8.15 | 0.00 | 48.02 | -0.50 | $0.00 |
| 12/6/2003 Sat | None | | | | 0.00 | 0.00 | 48.02 | 0.00 | $0.00 |
| 12/7/2003 Sun | None | | | | 0.00 | 0.00 | 48.02 | 0.00 | $0.00 |

| Department | REG | OT1 | VAC | SIC | HOL | PER | Misc | Total | Amts |
|------------|-----|-----|-----|-----|-----|-----|------|-------|------|
| Not Assigned | 88.13 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 88.13 | $0.00 |

*Rate 1 = 80.0*
*Rate 2 = 8.14*

PRODUCTION # 6
P 1

## THE DEPARTMENT OF LABOR OF THE STATE OF DELAWARE

### OFFICE OF LABOR LAW ENFORCEMENT

CHARGING PARTY:    **Renee Butz**

RESPONDENT:    **Lawns Unlimited, Ltd**

    CASE NO.:    **04020302**    EEOC NO.:    **17CA400296**

### GENERAL RESPONDENT QUESTIONNAIRE

Pursuant to the provisions of 19 Del. C. §§712 and 714(a), you are requested to provide a position statement along with your responses to the following questions within twenty (20) days of the date of the attached letter:

1. Please provide the following information with respect to the above-named Respondent:

   a. The full and complete legal name of the employer;

       Lawns Unlimited, Ltd.

   b. The address of the headquarters or primary place of business of the employer;

       15089 Coastal Hwy.
       Milton, DE 19968

   c. The names of the officers, directors, partners, or proprietor responsible for the management of the affairs of the employer; and,

       Edward Fleming, President
       Jeanne Fleming, Sec-Treas.

   d. The name and title of the individual who is Charging Party's immediate supervisor, and the name and title of that individual's immediate supervisor, if applicable.

       Edward Fleming, Pres.
       Jeanne Fleming, Sec-Treas.

PRODUCTION # 6
P2

2. Please provide the name, title, address, and telephone number of the person who will be responsible for supplying the information requested as part of this investigation.

EoL - Jeanine - Eric

15089 Coastal Hwy.
Milton, DE 19968
302-645-5296

3. Briefly describe the nature of the employer's business.

Lawn Maintenance

4. How many people were employed by the employer at the time of the alleged violation?   N A

   a. In the State of Delaware: 25-30

   b. Nationwide: NA

9.1.03
12.23.03

5. Furnish a workforce analysis showing the number of workers within the appropriate protected classification(s), (other then religion or disability) based on the complaint of discrimination.

   Clerical 2       1  4 or 2
   Laborers

   (Provide a separate attachment.)

6. Does the employer have a personnel manual and/or written rules relating to employee duties and conduct?  Yes   If so, please state:

   a. Whether or not all employees, including Charging Party, received a copy of these policies;

      Yes

   b. If applicable, provide proof of Charging Party's receipt of such manual and/or rules; and,

      Office Manager - she is in charge of
      Company Manual - in her desk

   c. With respect to the conduct alleged, was the policy or practice applied on Charging Party's behalf?

      Yes

distributing

PRODUCTION #6
P3

7. Within the past three (3) years, has any other employee complained of discriminatory treatment by any supervisor or manager named or referred to in the Charge of Discrimination?

No ~~never~~

If so, please provide a separate statement identifying the name of the employee, the date of the complaint, the substance of the complaint, what action if any was taken by the employer, who investigated the complaint, and the result of the employer's responsive actions.

8. Is the employee covered by a collective bargaining agreement?

No

If so, was a grievance filed as a result of the alleged discrimination? __N/A__

If so, submit a copy of the grievance and the decision or outcome of the grievance proceedings.

9. Is the company a federal government contractor? __No__

If so, submit the following:

   a. The name of the contract compliance agency;
   N/A

   b. The name, address and telephone number of that agency's compliance review officer; and,
   N/A

   c. Submit the most recent EEO-1 or EEO-4 report.
   N/A

10. If applicable, state the Charging Party's job title and department at the time of the alleged discrimination.

Office Manager, Main Office

PRODUCTION #6
P4

11. If applicable, state the Charging Party's date of hire and date of termination of employment.

D.O.H.   9-4-02

Que ?  Termination Date  12-23-03

Resignation Date?  L - Resigned em ployment on

12. Did the Charging Party complain of discriminatory treatment? If yes, explain.

No Never

I HEREBY CERTIFY THAT the answers to the above questions are true and correct to the best of my knowledge, information and belief, and that I have made an inquiry into the facts and circumstances relating to the substance of this questionnaire.

Signature:

Title/Position:

Date:

RESPONDENT #6
P5

## THE DEPARTMENT OF LABOR OF THE STATE OF DELAWARE

### OFFICE OF LABOR LAW ENFORCEMENT

CHARGING PARTY:       **Renee Butz**

RESPONDENT:          **Lawns Unlimited, Ltd**

   CASE NO.:       **04020302**       EEOC NO.:   **17CA400296**

### GENERAL RESPONDENT QUESTIONNAIRE

Pursuant to the provisions of 19 Del. C. §§712 and 714(a), you are requested to provide a position statement along with your responses to the following questions within twenty (20) days of the date of the attached letter:

1.   Please provide the following information with respect to the above-named Respondent:

     a.   The full and complete legal name of the employer;
       Lawns Unlimited, LTD.

     b.   The address of the headquarters or primary place of business of the employer;
       15089 Coastal Highway
       Milton, DE 19968

     c.   The names of the officers, directors, partners, or proprietor responsible for the management of the affairs of the employer; and,
       Edward Fleming, President
       Jeanne Fleming, Secretary - Treasurer

     d.   The name and title of the individual who is Charging Party's immediate supervisor, and the name and title of that individual's immediate supervisor, if applicable.

       Edward Fleming, President
       Jeanne Fleming, Secretary - Treasurer

PRODUCTION #6
P 6

2.   Please provide the name, title, address, and telephone number of the person who will be responsible for supplying the information requested as part of this investigation.

   15089 Coastal Highway
   Milton, DE 19968
   (302) 645-5296

3.   Briefly describe the nature of the employer's business.

   Lawn Maintenance

4.   How many people were employed by the employer at the time of the alleged violation?          N/A

   a.   In the State of Delaware:   _25-30_

   b.   Nationwide:  _N/A_

5.   Furnish a workforce analysis showing the number of workers within the appropriate protected classification(s), (other then religion or disability) based on the complaint of discrimination.

   (Provide a separate attachment.)                 Clerical  _2_

6.   Does the employer have a personnel manual and/or written rules relating to employee duties and conduct? _Yes_  If so, please state:

   a.   Whether or not all employees, including Charging Party, received a copy of these policies;
       Yes

   b.   If applicable, provide proof of Charging Party's receipt of such manual and/or rules; and,
       Office Manager - She is in charge of distributing
                         Company Manuel - in her desk.

   c.   With respect to the conduct alleged, was the policy or practice applied on Charging Party's behalf?
       Yes

PRODUCTIONAL
P 7

7.   Within the past three (3) years, has any other employee complained of discriminatory treatment by any supervisor or manager named or referred to in the Charge of Discrimination?

No

If so, please provide a separate statement identifying the name of the employee, the date of the complaint, the substance of the complaint, what action if any was taken by the employer, who investigated the complaint, and the result of the employer's responsive actions.

8.   Is the employee covered by a collective bargaining agreement?

No

If so, was a grievance filed as a result of the alleged discrimination? ___N/A___

If so, submit a copy of the grievance and the decision or outcome of the grievance proceedings.

9.   Is the company a federal government contractor? ___No___

If so, submit the following:

    a.   The name of the contract compliance agency;
         N/A

    b.   The name, address and telephone number of that
         agency's compliance review officer; and,
         N/A

    c.   Submit the most recent EEO-1 or EEO-4 report.
         N/A

10.  If applicable, state the Charging Party's job title and department at the time of the alleged discrimination.

Office Manager, Main Office

2011

PRODUCTION #6
P8

11.  If applicable, state the Charging Party's date of hire and date of termination of employment.

Date of Hire: 9-4-02
Resigned Employment on 12-23-03

12.  Did the Charging Party complain of discriminatory treatment? If yes, explain.
No

I HEREBY CERTIFY THAT the answers to the above questions are true and correct to the best of my knowledge, information and belief, and that I have made an inquiry into the facts and circumstances relating to the substance of this questionnaire.

Signature:

Title/Position:

Date:

PRODUCTION #6
P9

Edward W. Fleming time line:

On December 23, 2003, Renee called Jeanne at our house at approx. 6:50 a.m. and told her she was on her way to Beebe Hospital, she thought her water broke. At approx. 8:30 a.m., Renee came to work. She stated to me she lost her mucos plug. At approx. 12:15 p.m., I was walking downstairs in our office and Debbie Watson, our other office employee stopped me and told me that Renee was leaving and was not coming back. I thought Debbie meant that Renee was leaving to have the baby, not that she was permanently not coming back. Renee at that time told me that her contractions were 10 minutes apart. Renee said that she was going to Beebe and that her Mom and Scott were on their way to take her. I told Renee if anyone of her or Scott's family needed to use our house in Lewes to sleep or shower while she was at Beebe Hospital that they were welcomed. Jeanne, our children and I were all excited about Renee having the baby as we have 5 children and love kids. Just before leaving the office I told Renee to fill out the company leave authorization form before she left and I handed her one of the forms. I was leaving the office in my truck. I was stopped at the end of the drive to turn on Route One and Scott and Renee's Mom were pulling into our driveway. I waved but they did not acknowledge me and I thought that was strange. After leaving the office, I called the office, Debbie answered the phone. I asked to speak to Renee, to make sure that she told Scott and her Mom that they could stay at our house that night or the next couple of days while she was having the baby. She said thank you and OK. I returned back to work around 4:00 p.m., Debbie told me to sit down, she had something to tell me. Debbie continued with everything that had transpired that she knew had been told to her by Renee. After hearing what Debbie told me I was devastated. I thought Renee was a caring honest employee and I found out otherwise, that she lied to me about the events that took place earlier that morning.

PRODUCTION #6
P 10

Jeanne time line

1. Whole family went to Renee's wedding in September out of town.

2 . Renee asked at one time approx August if we could have Scott put on our medical insurance as he had lost his job and didn't have insurance and I told her no, that it is not in our insurance program for family members, only the employee. Again toward the end of September she asked me if she could have her baby added to insurance. Again I told her we could not, it was a management decision not to include family members and it had never been done in the past. Two other employees asked the same thing and were told the same thing., Bruce and Mauricio, one before her and one after. Mauricio had a new baby Sept. 25, 2003 and has been with the company longer than anyone, a key employee and he was told the same thing.

3. I went to Missouri for approx. 2 weeks to help my Mother with cancer.

4. Came back beginning of November. Brought Renee a baby gift I purchased in Missouri for the Baby.

5. While back we did interviews and hired Debbie Watson. She started work 11-7-03.

6. I was called home during the night of 11-13-03, left suddenly for Missouri again and Mom passed away. Didn't get to come back to Delaware til the week of Thanksgiving.

7. I was in on occasion to work after that and noticed Renee was short with me but I attributed it to the fact that she was pregnant. Otherwise I had no indication whatsoever that anything was wrong. We, Ed, myself and the kids were all very excited for the baby to be born. The girls couldn't wait to babysit.

8. Renee told all of us in the office several times that after the baby came she would bring the baby and come in to help with anything, income tax, etc. just to call her.

9. 12-23-03  Renee called the house  and asked for Ed, he had left for work and said she was on her way to Beebe Hospital, that she thought she may have broke her water.

10. Ed called that morning and said Renee had came back to work and she had lost her mucos plug.  Later in the day he called me and said Renee had left - - - - -gone, cleaned out her desk and was not coming back.  I was devastated. I went to the office in tears, talked to Ed and Debbie, I couldn't believe it, as Renee always said we were her family and she said over and over, "I love my job".  I couldn't understand what could have happened.  Why hadn't she told Ed or myself?  We were always there when she needed anything.  But then I looked back, my mother passed away, no card, no nothing, something had changed, but I still had no idea what was wrong.  Why was she telling the employees one thing and Ed and I another?  Nothing made sense to me. As I look back the only thing I could figure out and I knew she was worried about was her medical

FEB. 22. 2005  2:29PM

PRODUCTION #6
P11

insurance for her self, she was probably afraid of loosing it because in November she had moved to Newark because Scott had lost his job and had found a new job in Wilmington and she had no intentions of returning to work after the baby was born. But we extended her insurance. Also she had asked for medical insurance on her baby approx. September time frame. She said "you can't not insure my baby". I explained to her it was not in our insurance program. I think that upset her. Also we can only make changes at our renewal period which is March 15th. At that time Debbie explained to us the stories and what Renee had been telling her all along.

11. After finding out that Renee had suddenly left work, that night of 12-23-03, Ed and I went to confessions that St. Judes church. Ed was on the phone to Renee at home and he handed me the phone. I politely asked her how she was and then proceeded to tell her that I needed a written statement from her whether she was coming back to work or not and authorization from her doctor. She said ok.

PRODUCTION #6
P 12

LAW OFFICES
## WILSON, HALBROOK & BAYARD
PROFESSIONAL ASSOCIATION
107 WEST MARKET STREET
P. O. BOX 690
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-0015
TELECOPIER (302) 856-7116

EUGENE H. BAYARD
CLAYTON E. BUNTING
DENNIS L. SCHRADER
ROBERT G. GIBBS
ERIC C. HOWARD
MARK D. OLSON

DAVID C. HUTT
ROBERT H. ROBINSON, JR.

HOUSTON WILSON
(1910-1980)
ROBERT L. HALBROOK
RETIRED

February 22, 2005

VIA FACSIMILE
(302) 761-6601

Theodore R. Robinson
State of Delaware
Department of Labor
Division of Industrial Affairs
4425 North Market Street
Wilmington, DE 19802

      Re:    Butz v. Lawns Unlimited, Ltd.
           Case No.: 04020302/17CA400296

Dear Mr. Robinson:

      I represent Lawns Unlimited, Ltd. I am responding to your letter dated February 15, 2005. I apologize that we did not respond earlier. We were under the impression that a response had been filed. Lawns Unlimited Ltd. denies that it in anyway discriminated against Ms. Butz on the basis of sex or pregnancy. I am enclosing the general respondent questionnaire. I am also enclosing statements from persons who worked with Ms. Butz: Debra Watson, Mauricio Miranda, Jeanne Fleming and Edward Fleming.

      As those statements indicate there was a total lack of communication from Ms. Butz to Lawns Unlimited. Based on that lack of communication, Lawns Unlimited was under the impression that Ms. Butz had resigned her employment because she had moved to the New Castle County area.

      While Ms. Butz might disagree with that decision, it had nothing to do with Ms. Butz' gender or pregnancy. Had Lawns Unlimited intended in anyway to discriminate it would not have paid, as it did, all cost associated with the pregnancy and delivery. Nor would Lawns Unlimited, as it did, have offered Ms. Butz her job had she wished to return. As the enclosed statements indicate, the overall problem with Ms. Butz was her total lack of communication and inconsistency on what she intended to do following her pregnancy.

PROVETANYG
P 13

Theodore R. Robinson
State of Delaware
Department of Labor
February 22, 2005
Page 2 of 2

I am also enclosing copies of Lawns Unlimiteds' correspondence to and from Ms. Butz. We would be happy to discuss the matter further with you and provide any information you wish. As stated, we strongly dispute any claim that any action taken with regard to Ms. Butz was in any way motivated by gender or pregnancy.

Very truly yours,

WILSON, HALBROOK & BAYARD

Eric C. Howard

ECH/pdb
Enclosure(s)
Cc: Lawns Unlimited, Ltd.

Renee Butz vs. Lawns Unlimited
March 2004

PRODUCTION #6
P14

Two – Three Weeks prior to Renee leaving:

1.  She went up stairs – phone call to previous employer re: new job.
    a.  Who will I be working with?
    b.  Came down – I confronted her.  No she is not coming back
    c.  She told Jack and I she had no intentions of returning to work after the baby was born and she in fact had another job waiting for her in Wilmington.

2   Don't leave me stranded.
    a.  She typed daily, mthly, qtrly., yearly to do's.

3.  New job has no insurance:  Scott's co. has already got us on a plan $1,200 month cost was a concern for her.

4.  Many conversations at work (whispering because Ed was upstairs) and at home re: she is not coming back.

5   Taking 6 wks maternity Leave – after 4 weeks, giving 2 wks notice to put her into January.  Entitled to Vacation pay, sick days, etc.  Told me to make sure all of that was in her last pay check.

6.  If Ed & Jeanne don't cooperate – She will sue them for pregnancy discrimination.

7.  If anyone calls for Reference on her – give it to Jeanne or Ed.  She is going to have people (friends) call and see what they say about her.  They give bad ref. she will sue them w/ labor board.

8.  Angry at Ed, not paying her overtime she worked and not letting her be the office manager like the title she was given.  She said Ed always micro managed everything himself, so why have an office manager.  Angry at Jeanne because she simply did not like her and hated her in the office at all.

9.  She had already talked with a previous employee (Dina) of LU who is willing to testify J & Ed were unfair and hard to work for.

10.  New Phone Number: she gave me her new home phone no. and told me not to give it to Jeanne or Ed.  She was officially on maternity leave and legally they were not allowed to call and bother her.  If they called her cell she would not answer.  If I wanted to talk with her call her home and she would know it was me.  I called and asked for help after she left and she never called me back.

1

Renee Butz vs. Lawns Unlimited
March 2004

PRODUCTION #6
P 15

11. Ed and Jeanne are forbidden to come to hospital to see baby. If they show up, Scott will have them removed and not let them in. Had the baby 12/30/03 and called LU and left message 1/5/04 @ 2:13 pm had baby 6lbs. 9 oz. 18" long she will e-mail pictures. No pictures. No chance to see baby.

12. Ed opened his home up to Renee and her family as a place to stay while she was in the hospital. Or, if we were to get snow and she did not want to travel to Wilmington (being pregnant). If he was such a bad person why would he do that for her????

13. Called my Cell and home on the evening of 12/23 three times: I called her back – she was angry and said Ed called and fussed her out and Ed wanted her to come to work tomorrow and have a meeting to clear all of this up. She was not coming because she did not have to. She asked why I told them of her plans, I said, I was worried about my job with the company and it was not fair to anyone what she was doing. Our conversation ended shortly thereafter.

14. Keys: Upon leaving, Renee' said she should give me the keys back but if she does that Jeanne and Ed will know that she is planning not to come back. She will mail keys to me.

I, **DEBRA S. WATSON,** do hereby attest the above statements are true and accurate indications of the events that took place regarding Renee Butz and Lawns Unlimited. I will voluntarily take a lie detector test to confirm the accuracy of my statements.

Debra S. Watson

2

PRODUCTION #16
P16

TO WHOM IT MAY CONCERN:

I **MAURICIO MIRANDA** do hereby make the following true and accurate statement indicating my conversations with Renee Butz prior to her leaving Lawns Unlimited. I make this statement in writing due to the fact that I am needed at Lawns Unlimited and cannot attend the hearing involving Renee and Lawns Unlimited.

On December 23, 2003, I was out on a job, I called in to the office to have Renee Place on order for me. Debbie answered the phone and said that Renee was not in the office yet, she had gone to the hospital in labor to have the baby.

Later in the day, I called into the office again and Renee answered the phone. I said, "I thought you were in the hospital in labor having your baby." She replied, "No it was a false alarm." I gave her my order and asked her to get it placed for me. She indicated she would take care of it.

At the end of my work day, I returned to the office to find Renee not only had not placed my order but she had left and was not coming back. I have not spoken to or heard from her since.

*Mauricio Miranda*

Mauricio Miranda

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RENEE M. BUTZ,                          )
                                        )
                    Plaintiff,          )
                                        )
            v.                          )          Civ. No. 05-495-JJF
                                        )          Judge Joseph J. Farnan Jr.
LAWNS UNLIMITED LTD. and                )
EDWARD FLEMING,                         )
                                        )
                    Defendants.         )

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response To

Defendants' First Request for Production of Documents were sent by first-class United States

mail, postage duly paid, on this ___10___ day of ___April___, 2007, to counsel of record

as follows:

Margaret M. DiBianca
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
100 West Street
Wilmington, DE 19801

_Renee Butz_____
Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410) 441-4300
Plaintiff pro se

Dated: _4/10/07_

U.S. POSTAGE
PAID
ELKTON MD
APR 10 '07
2192
0004446-18
19801

AMOUNT
$4.55

0000



Furman Building

PRIORITY MAIL
UNITED STATES POSTAL SERVICE



PRIORITY MAIL
UNITED STATES POSTAL SERVICE
www.usps.com
Label 107R, February 2006

U.S District Court
Attn: Judge Joseph J.
J. Caleb Boggs Federal
844 N. King Street
Wilmington DE 1980

Renee Butz
58 Hickory DR
North East MD 21901


S.M.S-RAY



United States Postal Service®
DELIVERY CONFIRMATION™

0305 2710 0001 2013 1451