IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE M. BUTZ, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 05-495-JJF |
| | ) |
| LAWNS UNLIMITED LTD., and | ) |
| EDWARD FLEMING | ) |
| Defendants. | ) |
| | ) |

### DEFENDANTS' RESPONSE TO
### PLAINTIFF'S MOTIONS TO COMPEL

Defendants Lawns Unlimited and Edward Fleming respond to

(1) Plaintiff's Motion to Compel the Cancellation of Plaintiff's Deposition; and

(2) Plaintiff's Motion to Compel the Deposition of Edward Fleming (D.I. 74 & 77), as

follows:

### FACTUAL & PROCEDURAL BACKGROUND

1. There are several motions currently pending in this matter, many of which seem to request the same relief. In order to avoid duplicative responses and unnecessary use of the Court's resources, Defendants herein respond simultaneously to both of Plaintiff's Motions to Compel. (D.I. 74 & D.I. 77).

2. On April 9, 2007, Defendants filed a Motion for a Protective Order relating to the date, location, and permitted attendees for the deposition of Edward Fleming. (D.I. 68). That Motion resulted from the parties' differing interpretations of the Court's Order dated April 4, 2007, which granted Defendants' motion to preclude Michael L. Butz from engaging in the unauthorized practice of law and set forth the permissible limits of Mr. Butz's participation. (D.I. 58).

3. Plaintiff did not file a response to Defendants' Motion for a Protective Order. Instead, on April 13, 2007, Plaintiff filed two Motions to Compel. First, Plaintiff filed a Motion to Compel the Cancellation of Plaintiff's deposition. (D.I. 74). Second, Plaintiff filed a Motion to Compel the Deposition of Edward Fleming (D.I. 77), which she had noticed two days earlier (D.I. 73).

4. In both Motions to Compel, Plaintiff contends the following:

- that she was "unreasonably refused a neutral location" for her deposition; (D.I. 74 at ¶1, 77 at ¶4);
- that she provided two dates for Fleming's deposition but was advised that Defendants were unavailable on both dates; (D.I. 74 at ¶3, 77 at ¶2); and
- that she had difficulties in scheduling depositions with Defendants' prior counsel, (D.I. 74 at ¶2, 77 at ¶1).

5. Plaintiff has deduced that Defendants do not intend to produce Mr. Fleming for deposition and are engaging in some form of deceit. (D.I. 74 at ¶4). Plaintiff notified Defendants' counsel that she would not attend her deposition on April 20, 2007 and that she refused to appear for a deposition until after Mr. Fleming has been deposed.[1] See Exhibit 1. She stated that she believed Mr. Fleming's deposition "will not ever take place." See Id.

**REQUEST FOR RELIEF**

6. Plaintiff's refusal to appear for her deposition on April 20, 2007, renders her Motion to Compel Cancellation of Plaintiff's Deposition moot. (D.I. 74). The Court is unable to provide the relief requested in the Motion because Plaintiff has

---

[1] Plaintiff's deposition was properly noticed on March 12, 2007. (D.I. 52). The deposition was scheduled to be held more than one month later, on Friday, April 20, 2007, at the Wilmington, Delaware law offices of Young Conaway Stargatt & Taylor, LLP. (D.I. 52).

already failed to attend her deposition and the deposition cannot, therefore, be "cancelled."

7. Plaintiff's second motion, which requests the Court to compel Defendant Fleming to appear for deposition on May 2, 2007 in the "2nd floor conference room" at "Grazer Technologies in Glasgow, Delaware" appears to be a response to Defendant's Motion for a Protective Order. (D.I. 68).

8. On April 5, 2007, Plaintiff forwarded to the undersigned via e-mail a draft copy of a Notice of Deposition of Defendant Edward Fleming, scheduling the deposition for April 23, 2007. See Exhibit 2. The undersigned had a scheduling conflict on the proposed date. See Exhibit 3. Plaintiff sent a new draft with a different date that, unfortunately, also conflicted with Counsel's schedule. See E-Mail Exhibit 4. The next day, Plaintiff forwarded "the new deposition date" of May 2, 2007. See Exhibit 5.

9. The following day, April 6, 2007, Defendants' counsel and Plaintiff spoke at length via telephone. Defendants' counsel explained Defendants' objection to Plaintiff's proposed location for Mr. Fleming's deposition. The next day, April 7, 2007, Defendants' counsel again attempted to resolve the dispute and provided Plaintiff with an explanation of Defendants' position via e-mail.[2] See Exhibit 6.

10. On April 9, 2007, Plaintiff responded that the location was non-negotiable. See Exhibit 7. Defendants' counsel notified Mr. Fleming that, subject to the resolution of the location issue, he should plan on being deposed on May 2. At that time, Defendants' counsel learned that Mr. Fleming and his wife would be in Colorado from May 2 to May 7, 2007, visiting their daughter at college. The trip had been planned long

---

[2] The reasons for and support of this request are set forth fully in Defendant's Motion for a Protective Order. (D.I. 68).

in advance and travel arrangements had already been made. The undersigned immediately notified Plaintiff of the conflict. See Exhibit 8. Despite Mr. Fleming's unavailability and despite Defendants' requests regarding the location of the deposition, Plaintiff proceeded to file the Notice of Deposition of Fleming, for May 2, 2007 "in the 2nd floor conference room" at "Graver Technologies." (D.I. 73).

11. Mr. Fleming is unavailable from May 2 -7, 2007 due to his travel plans. He will, however, certainly appear for his deposition on a mutually agreeable date. Defendants do not withdraw their Motion for Protective Order and renew their request that the Court order Mr. Fleming's deposition be held at a location other than Mr. Butz's place of work.

12. Plaintiff's refusal to appear for deposition "until after Mr. Fleming has been deposed" is also unsupportable. See Exhibit 9. Defendants filed notice of Plaintiff's deposition more than a month in advance of the deposition date and more than a month before Plaintiff filed notice of Mr. Fleming's deposition. Plaintiff refused to attend her deposition. On these facts, it is both fair and logical that the depositions be conducted in the order in which they were originally scheduled. Plaintiff should not be rewarded for violating Federal Rule of Civil Procedure 37(d).

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca
William W. Bowser, Esquire (Bar I.D. 2293)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19801-0391
Telephone: (302) 571-5008
Facsimile : (302) 576-3476

DB02:5934367.1                                                                                                   065789.1001

                                          wbowser@ycst.com; mdibianca@ycst.com
                                          Attorneys for Defendants

DATE:  April 25, 2007

DB02:5934367.1             065789.1001

## CERTIFICATE OF SERVICE

I, Margaret M. DiBianca, Esquire, hereby certify that on April 25, 2007, I electronically filed a true and correct copy of **Defendants' Response to Plaintiff's Motions to Compel** with the Clerk of the Court using CM/ECF. I further certify that on April 25, 2007, I caused to be served two (2) true and correct copies of the foregoing **Defendants' Response to Plaintiff's Motions to Compel** on the following non-registered participant via postage prepaid, First Class Certified U.S. Mail/Return Receipt Requested and via U.S. Mail:

> Renee M. Butz, *pro se*
> 58 Hickory Drive
> North East, MD  21901

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/ Margaret M. DiBianca
>
> Margaret M. DiBianca, Esquire (No. 4329)
> The Brandywine Building, 17th Floor
> 1000 West Street
> P.O. Box 391
> Wilmington, Delaware  19899-0391
> Telephone: (302) 571-5008
> Facsimile: (302) 576-3467
> Email:  mdibianca@ycst.com
> Attorneys for Defendants

DATE:  April 25, 2007