IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE M. BUTZ, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 05-495-JJF |
| ) | |
| LAWNS UNLIMITED, LTD. and ) | |
| EDWARD FLEMING, ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER**

Defendants Lawns Unlimited and Edward Fleming respond to Plaintiff's Motion for Protective Order (D.I. 75), as follows:

**FACTUAL & PROCEDURAL BACKGROUND**

1.  On April 13, 2007, Plaintiff filed a Motion for a Protective Order on Medical Records (D.I. 75), requesting the Court to limit the scope of medical subpoenas issued by Defendants to the time period of December 2003 through March 2004.

2.  In support of her Motion, Plaintiff asserts that she is seeking damages only for the time period of December 2003 through March 2004. (D.I. 75 at ¶2). However, Plaintiff has also demanded damages for "pain and suffering and emotional distress."[1] (D.I. 25 at ¶3(c); D.I. 78 at No. 11).

---

[1] In fact, Plaintiff's damages demands have changed several times. Plaintiff's "Detail Damages List," filed with Court on March 30, 2007, does not assert a claim for pain and suffering or emotional distress damages. (D.I. 57 at 1 & 3). Instead, the List requests "Medical Costs," "Wages," and "Miscellaneous Costs." (D.I. 57 at 1 & 3). In Plaintiff's Responses to Defendants' First Set of Interrogatories Plaintiff provides another itemized list of claimed damages. (D.I. 78 at No. 9). Medical expenses, medical insurance, lost earnings and other "miscellaneous" damages are listed in response to Interrogatory No. 9.

**RELIEF REQUESTED**

3.      A motion to quash a subpoena will be granted where the subpoena requires disclosure of privileged information and no waiver or other exception applies.

4.      Rule 26(b)(1) provides that parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Fed. R. Civ. P. 26(b)(1). McOwen v. Marie, C.A. No. 06-2617, 2007 U.S. Dist. LEXIS 6951, at *3 (E.D. Pa. Jan. 31, 2007).

5.      Plaintiff's medical history is relevant as she has placed her health in issue by claiming emotional distress. Todd v. Kyler, C.A. No. 05-994, 2007 U.S. Dist. LEXIS, at *15 (M.D. Pa, Jan. 5, 2007). As such, Plaintiff has implicitly waived her privilege of confidentiality in these records.

6.      Plaintiffs should not recover damages for harm resulting from factors unrelated to the alleged discrimination, such as prior injuries, that have caused emotional distress or other harm, and awards may be reduced to account for such outside factors. See e.g., McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 506 (1st Cir. 1996) (affirming decision to reduce compensatory damage award where it was difficult to distinguish between harm caused by childhood abuse and workplace harassment).

---

The response does not include damages for pain and suffering or emotional distress. However, in response to Interrogatory No. 11, Plaintiff states that she seeks "lost wages, related monetary benefits, medical expenses and insurance premiums, court related costs, pain and suffering, and punitive damages." (D.I. 78 at No. 11). Finally, on April 9, 2007, Plaintiff provided Defendants with an itemized list similar to D.I. 57. This list, however, included claims for Pain & Suffering and Punitive Damages in the amount of $5,000 each. See Exhibit 1.

       7.      Thus, prior injuries that may have caused or contributed to Plaintiff's claimed emotional distress are relevant and not a proper subject for a Motion to Quash.[2]

       8.      Defendants, therefore, request the Court deny Plaintiff's Motion for a Protective Order.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca, Esq.
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 571-3476
Email: mdibianca@ycst.com
Attorney for Defendants

DATED: April 25, 2007

---

[2] Although captioned as a "Motion to Compel," the motion at issue is more akin to a Motion to Quash.

## CERTIFICATE OF SERVICE

I, Margaret M. DiBianca, Esquire, hereby certify that on April 25, 2007, I electronically filed a true and correct copy of **DEFENDANTS' RESPONSES TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** with the Clerk of the Court using CM/ECF.

I further certify that on April 25, 2007 I caused to be served two (2) true and correct copies of the foregoing **DEFENDANTS' RESPONSES TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** on the following non-registered participant via postage prepaid, First Class Certified U.S. Mail/Return Receipt Requested:

>Renee M. Butz, *pro se*
>58 Hickory Drive
>North East, MD  21901

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Margaret M. DiBianca
>
>Margaret M. DiBianca, Esquire (No. 4539)
>The Brandywine Building, 17th Floor
>1000 West Street
>P.O. Box 391
>Wilmington, Delaware  19899-0391
>Telephone: (302) 571-5008
>Facsimile: (302) 576-3467
>Email:  mdibianca@ycst.com
>Attorneys for Defendants