IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RENEE M. BUTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-495-JJF |
| | ) | |
| LAWNS UNLIMITED, LTD. and | ) | |
| EDWARD FLEMING, | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES**

Defendants Lawns Unlimited, Ltd. and Edward Fleming, by and through their undersigned counsel and pursuant to Rule 37 of the Federal Rules of Civil Procedure, hereby move for the entry of an Order compelling Plaintiff Renee M. Butz, to respond fully and completely to document requests and interrogatories propounded by Defendants. The grounds for this motion are as follows:

1. On March 13, 2007, Defendants served on Plaintiff a set of document requests (D.I. 53) (Exhibit 1) and a set of interrogatories (D.I. 4) (Exhibit 2).

2. On April 13, 2007, Plaintiff served unverified and incomplete answers to Defendants' First Set of Interrogatories (D.I. 78) (Exhibit 3) and incomplete responses to Defendants' First Request for Production (D.I. 76) (Exhibit 4).

3. Plaintiff makes multiple objections to each and every interrogatory and to every request for documents. The objections are baseless.

4. Plaintiff's responses to Requests No. 9 and 12 provide no documents and no information. Instead, Plaintiff responds to both Requests with the same answer: "Plaintiff objects to the interrogatory as overly broad, incomprehensibly

1

vague and unduly burdensome. Plaintiff objects to this request to the extent it seeks personal, private, and confidential information. Plaintiff objects to this request to the extent it is irrelevant."

5. In response to Requests No. 8 and 10, Plaintiff again provides identical answers: "Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Such to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession." Plaintiff's *pro se* status prohibits this objection. Further, although Plaintiff states that responsive documents were produced, Plaintiff has produced no such documents.

6. In response to Requests No. 2, 3, 7, and 11, Plaintiff again issues her standard objections and then states that "Defendants' have in their possession all correspondents [sic] between Plaintiff and Defendants'" (No. 2&3), or that "Defendants' has [sic] all these documents" (No. 7, 10, & 11). Whether or not Defendants have such documents or whether Defendants have equal access to such documents is irrelevant for the purposes of discovery. Plaintiff is required to produce any and all responsive documents in her possession, regardless of what documents she believes Defendants' may also possess.

7. In response to Request No. 6, Plaintiff states that she "is providing 'DDOL' obtained at a cost." Presumably, Plaintiff is referring to a 16-page document identified as "Production #6," which was included with Plaintiff's responses. (D.I. 76). Defendants believe that this is an incomplete copy of the DDOL file in Plaintiff's possession, as Plaintiff had previously indicated that she would require Defendants to

remit a copying charge of $30 before she would produce these records. Even at $.30 per page, the total copying cost for 16 pages is less than $5. If Plaintiff had any additional documents she received from the DDOL, she should be required to produce them.

8.     Plaintiff's answers to Interrogatories 10, 13, and 16 were completely non-responsive and consisted only of several unfounded objections.

9.     Plaintiff's answers to Interrogatories 12, 14, 15, and 18 were evasive and incomplete, either by providing only a partial response or by providing only select information not requested in the interrogatory.

10.    By their requests 2, 3, 6 through 8 through 12, and by their interrogatories 10 through 16 and 18, Defendants seek routine and basic information relevant to this action and admissible on its face, as well as information reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)

{*continued on next page*}

WHEREFORE, Defendants Lawns Unlimited, Ltd. and Edward Fleming respectfully request that this Court enter an order in the form attached hereto, compelling Plaintiff Renee M. Butz to respond fully and completely to their interrogatories and to order Plaintiff to pay Defendants' reasonable attorneys' fees incurred in connection with this motion.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca, Esq.
William W. Bowser (Bar I.D. 2239)
Margaret M. DiBianca (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
Email: mdibianca@ycst.com
Attorneys for Defendant

DATE: April 26, 2007