IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RENEE M. BUTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-495-JJF |
| | ) | |
| LAWNS UNLIMITED, LLC AND | ) | |
| EDWARD FLEMING, | ) | |
| Defendants. | ) | |

## <u>NOTICE OF SERVICE</u>

I, Margaret M. DiBianca, Esquire, hereby certify that on March 13, 2007**,** (2) true and correct copies of **DEFENDANTS' FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF** were caused to be served by depositing same in the United States Mail, for delivery via Certified Mail with a Return Receipt Requested and via U.S. First Class Mail, postage prepaid to the following non-registered participant:

Renee M. Butz
58 Hickory Drive
Northeast, MD 21901

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca, Esq.
William W. Bowser, Esquire (Bar I.D. 2239)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 571-3476
E-mail: mdibianca@ycst.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2007, I electronically filed **NOTICE OF DEFENDANTS' FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF** with the Clerk of Court using CM/ECF, and, on the same day, caused two (2) copies of such Notice to be deposited in United States Mail, for delivery via Certified Mail with a Return Receipt Requested and via U.S. First Class Mail, postage prepaid to the following non-registered participant:

> Renee M. Butz
> 58 Hickory Drive
> Northeast, MD 21901

> YOUNG CONAWAY STARGATT & TAYLOR, LLP

> /s/ Margaret M. DiBianca, Esq.
> William W. Bowser, Esquire (Bar I.D. 2239)
> Margaret M. DiBianca, Esquire (Bar I.D. 4539)
> The Brandywine Building, 17th Floor
> 1000 West Street
> P.O. Box 391
> Wilmington, Delaware 19899-0391
> Telephone: (302) 571-5008
> Facsimile: (302) 571-3476
> E-mail: mdibianca@ycst.com
> Attorneys for Defendants

DATED:  March 13, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RENEE M. BUTZ,                               )
                                             )
                        Plaintiff,           )
              v.                             )
                                             )    C.A. No. 05-495-JJF
LAWNS UNLIMITED, LLC AND                     )
EDWARD FLEMING,                              )
                                             )
                        Defendants.          )
                                             )

## DEFENDANTS' FIRST SET OF INTERROGATORIES
## DIRECTED TO PLAINTIFF

## INSTRUCTIONS

A.    You are hereby required, under oath in accordance with Fed. R.

Civ. P. 33, to answer the following interrogatories within 30 days of service.

B.    In answering these interrogatories, furnish all information in your

possession or in the possession of your officers, agents, employees, attorneys, and

investigators for your attorneys.

C.    If you cannot answer the following interrogatories in full after

exercising due diligence to secure the information to do so, state the answer to the extent

possible, specifying your inability to answer the remainder, and state whatever

information you have concerning the unanswered portion.

D.    These interrogatories are continuing.  If you or your attorney

become aware of the existence of any information within the scope of these

interrogatories after your answers have been served, such additional information shall be

immediately provided to Defendants' attorneys.

E.      Each Interrogatory is to be answered separately.

F.      If you object to any of these Interrogatories or document requests on the ground that the information or documents sought is privileged, please provide with your answer a privileged log containing the following for each such piece of information or document: the date of the information or document, the nature of the information or document, the subject matter of the information or document, the participant in the communication of information or the author(s) and recipient(s) of the documents, the privilege which you claim protects the information or document, and all persons having knowledge of the information sought, or any person having possession, custody or control of the original documents and all copies thereof.

G.      If any of the documents identified in your answers to these interrogatories have been destroyed, or otherwise discarded, you are requested to identify the document destroyed or discarded in the same manner as identification is requested for "privileged" documents.

## DEFINITIONS

A.      The word "document" or "documents" as used herein shall include without limitation the original and any non-identical copy of any written, recorded, or graphic matter, however produced or reproduced, including but not limited to, any correspondence, memoranda, notes of meetings, telegrams, reports, medical records, statements, transcripts of telephone conversations or any other writings of documentary material of any nature whatsoever, other photographic and retrievable matter (whether taped or coded, electrostatically, electromagnetically, or otherwise) in possession, custody, or control of the above-named Plaintiff and/or her attorneys.

2

B.      The words "you" or "your" or "Plaintiff" shall mean Renee M. Butz and shall include any and all agents or representatives thereof and/or any individual or other organization acting in her behalf.

C.      "Person" means and includes any individual, corporation, partnership, association or other entity.

D.      "And" as well as "or" as used herein shall be read and applied as though interchangeable, and shall be construed either disjunctively or conjunctively so as to require the fullest and most complete disclosure or all requested information and documents.

E.      The term "identify" as used herein in connection with a "person" or "persons" means: state the name, present addresses, the person's business affiliation and title or employer and position as the case may be at the times relevant to the response, the person's last known employers, positions, and employers' address and telephone number, and the responsibilities held by the person during the times relevant to the response.

F.      The term "identify" as used herein in connection with a document means:

a.      Furnish the name and date of the document, the name and address of the person originating the document, the names and addresses of all persons to whom copies of the document were to have been sent, nature of the document (e.g., letter, memorandum, etc.), subject matter, number of pages, and a summary of its contents.

b.      State whether you are in possession of the original of the document or a copy thereof, and if not in possession of the original nor a copy, furnish the name and address of the custodian of the original or a copy.

G.      The term "identify" with respect to communication shall mean to indicate whether the communication was oral or embodied or evidenced by a document. If the latter is the case, please identify the communication in accordance with the instruction for identifying documents set forth in paragraph "F" above.  If the communication was oral, please identify all conversations or other oral communications pertaining to the subject matter of the interrogatory and include the following information: the date of transmittal, the place or location at which the communication occurred, including the state, city, street address and name or nature of the premises, whether the communication occurred over the telephone or other electronic device, or at a face to face meeting, please identify each of the persons participating in such communication and each person in the immediate presence of such persons participating therein, a brief description of the subject matters discussed, and a brief description of the statement made by each person participating in such communication.

H.      The term "identify" with respect to an act, transaction or occurrence means tell, articulate, specify, relate, state or explain every fact necessary to describe such event fully and completely, including the following information for each event: the date such event occurred, the nature of such event, the subject matter of such event, each participant in the event, including each witness of such event, any privilege which you claim protects any information associated with this event, and all persons

4

having knowledge of such event, including all persons having possession, custody or control of any document of such event or copies thereof.

I.      The words "record," or "records" has the broadest meaning that can be ascribed to it pursuant to Rule 34 of the Federal Rules of Civil Procedure.  Among other things, it refers to and includes the final form and all drafts and revisions of any type of written or graphic matter, original or reproduced, however produced or reproduced, of any kind and of every kind, and all copies thereof that are different in any way from the original, regardless of whether different by reason of any notation made on such copies or otherwise, or whether designated "confidential," "privileged," or otherwise restricted.  Without limiting the generality of the foregoing, "document" includes correspondence, records, tables, descriptions, memoranda, notes, diaries, statistics, communications, letters, telegrams, minutes, messages, contracts, reports, studies, ledgers, checks, statements, receipts, returns, summaries, pamphlets, books, journals, purchase orders, invoices, publications, inter-office and intra-office communications, notations, transcriptions, or printouts of any sort of conversations, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices, work sheets, all drafts, oral records, or representations of any kind (including, without limitation, photographs, charts, graphs, schedules, reports, drawings, data compilations, microfiche, microfilm, video tapes, recordings, motion pictures), and any electronic, mechanical, or electric records or representations of any kind (including without limitation, tapes, cassettes, discs, recordings, computer memories), or any other recorded information of any kind

whatsoever, within your knowledge, possession, custody, control, or subject to your control, or accessible to you or your attorneys.

        J.     As used herein, a "communication" is any transmission or exchange of information, written or oral, formal or informal, regarding any event, action taken, or policy here inquired into.

        K.     "Concerning" is used in its broadest sense and shall mean concerning, referring or relating in any way to the subject matter.

        L.     Whenever the context in which words are used in these Interrogatories indicates or suggests that such is the intent, words in the singular shall include the plural and vice versa, and words in the masculine, feminine or neuter shall include each of the other genders.

DB02:5841533.1

065789.1001

1.   Identify each document that you have, and each document of which you are aware, which relates to any alleged wrongful act by Defendants, the claims made in the Complaint, or the facts of this case, including without limitation, any document of any kind identified by, produced to or referred to by you during any and all investigations conducted on your behalf by the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

2.   Describe in detail the factual basis for your claim that you were discriminated against based on gender/pregnancy, including but not limited to (a) the identity of all individuals currently or formerly employed by Defendants whom you contend were biased against you based on gender/pregnancy; (b) the specific discriminatory or otherwise unlawful act(s) of each such individual; and (c) the date(s) of such discriminatory or otherwise unlawful act(s).

DB02:5841533.1                                                                              065789.1001

3.    With respect to each factual allegation contained in the Complaint, identify each and every person known or believed by you to have knowledge with respect to any instance, act, event, occurrence or other circumstance which you contend forms the basis of or supports your allegations against Defendants, and for each such person describe in detail the information known or believed to be known by each such person including without limitation, each person employed by Defendants or any affiliate with whom you discussed alleged discrimination, harassment, or retaliation based on gender.

4.   Identify each person by name, telephone number, and address, who has been interviewed on your behalf, either by you or by another on your behalf and whether formally or informally conducted, including in your answer the date of the interview, the identity of each person present for each such interview.

5. Identify all persons, other than your attorneys, with whom you have discussed the matters that are the subject of this lawsuit, and supply the address and telephone number of each person.

6.   Identify and describe in detail all medical expenses incurred by you or another on your behalf that you assert should have been paid by Defendants or which you assert as damages, beginning on December 23, 2003, including but not limited to descriptions of the health care provider and/or facility, the treatment or services provided, the diagnosis or determination, the follow-up treatments or services directed by the health care provider, the name of the person for whom the treatment or services were provided, all costs associated with such treatment or services, and all documents of which you are aware that support such claims.

12

7.   Identify and describe any medical expenses described in Interrogatory No. 6 but for the limited period of December 23, 2003 through January 20, 2004 for which you submitted a request for coverage or reimbursement to Defendants' health insurance provider and for each claim submitted, identify and describe the response, if any, you received from said provider, including but not limited to whether and in what amount requested reimbursement was provided, in what amount, and any other information or correspondence received relating to health insurance coverage during this period.

13

8.   Identify and describe any medical expenses described in Interrogatory No. 6 but for the limited period of December 23, 2003 through January 20, 2004 for which you did not submit a request for coverage or reimbursement to Defendants' health insurance provider and for each claim not submitted, explain the reason for such failure to submit.

14

9.   Describe in detail each way in which you contend you were injured or have suffered damages as a result of the claims made in your Complaint including, but not limited to:  (a) stating the total amount of damages claimed for pecuniary or financial losses of any kind; (b) itemizing the amount of each element of damages claimed; (c) stating all facts or grounds upon which you rely to support each element of damages claimed; (d) stating the methods, theories and calculations by which you arrived at the claimed dollar amounts of each element of damages claimed; (e) identifying any person (including expert witnesses) whom you know or whom you believe has knowledge of the basis for and calculation of such damages; and (f) identifying the person(s) who calculated the amount of each element of damages claimed.

15

10. Describe all benefits of employment for which you are currently eligible, including but not limited to, vacation, sick, and personal paid time off, health, life, and disability insurance, pension or other retirement fund.

16

11. Identify all non-monetary relief you are seeking and the basis for your request for such relief.

DB02:5841533.1                                                                                                      065789.1001

12. Identify each physician, psychologist, psychiatrist, therapist, counselor, social worker or any other health care provider you consulted or who examined or treated you and any medical records or other documents concerning treatment or consultation for any physical or emotional injuries allegedly sustained by any person as a result of the facts alleged in the Complaint, and state the dates and purposes of each such treatment and exam, the diagnosis, prognosis and/or treatment you received with respect to each such consultation, examination or treatment.

18

13. Identify each doctor, psychiatrist, psychologist, therapist, counselor, social worker or health care provider of any kind who treated you in the last ten years.

DB02:5841533.1                                                                                          065789.1001

14. Describe in detail all efforts by you to obtain other employment during or after your employment with Defendant, including but not limited to stating the name and address of each prospective employer or employment agency you contacted or that contacted you or your agent; the position for which you applied; the date that you applied; the person to whom you applied; the number of hours per week that the person holding that position would work; the hourly, weekly, or monthly rate of pay; whether you were offered the position; and, if you rejected the offer, the reason for such rejection.

DB02:5841533.1                                                                                                   065789.1001

15. With respect to each position of employment (including employment by a family member and self-employment) held by you during or after your employment with Defendant, state the following: name and address of the employer; the positions held; the dates you applied for, began and/or ended employment; the number of hours worked per week; the hourly, weekly or monthly rate of pay; the person who supervises you or to whom you report; identify any applicable employment or similar contracts, and state the reasons for leaving if not still employed.

16. Describe in detail all income, employment benefits (including but not limited to disability or social security benefits), social security benefits, workers' compensation benefits, and/or unemployment compensation benefits earned or received by you since your separation of employment with Defendants (excluding any income and benefits received from Defendants), including but not limited to the source of such income or benefits, the amount and nature of such income or benefits, and the dates received.

17. Describe all criminal, civil, and administrative actions (including, but not limited to, arbitration matters, grievance hearings, administrative proceedings, civil, criminal, family and bankruptcy court matters, and/or charges filed with the EEOC, the DDOL, the DDOL's Unemployment Division and/or any other state or local human rights agency) to which you have been a party or witness, including, but not limited to, the identity of the parties, the date the action was brought or filed, the case number for the action, the court or administrative agency with which the action was brought or filed, the nature of the allegations upon which the action was based, and the outcome of the action.

065789.1001

18. Please state your current home address, each address where you have lived for each of the last ten years and, for each address, the name, current telephone number and current address of each person who lived with you at the same address.

24

19. Identify the person answering and signing the answers to these interrogatories, and identify each person, other than counsel, who has been consulted, who has provided information for, or who assisted in answering these interrogatories, either directly or indirectly as a third party.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca
William W. Bowser, Esquire (No. 2239)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
Email:  mdibianca@ycst.com
Attorneys for Defendants

Dated:  March 13, 2007

AO 240 (Rev. 10/03)

RECEIVED
JAN 10 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

# UNITED STATES DISTRICT COURT

District of _Delaware_

Plaintiff

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

V.

_Lawns Unlimited, Ltd and
Edward Fleming_

Defendant

CASE NUMBER:    0 5 - - 4 9 5

I, _Renee M Butz_ _____ declare that I am the (check appropriate box)

☑ petitioner/plaintiff/movant          ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs
under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief
sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.  Are you currently incarcerated?          ☐ Yes          ☑ No          (If "No," go to Part 2)

    If "Yes," state the place of your incarceration _____

    Are you employed at the institution? _____ Do you receive any payment from the institution? _____

    Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six months'**
    transactions.

2.  Are you currently employed?          ☑ Yes          ☐ No

    a.  If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name
        and address of your employer. _Cecil County Government, 129 E Main St, Elkton,
        MD, 21921   Pay end 6/24/05 take home $736 ; take home
        on biweekly basis is $716.91_

    b.  If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages
        and pay period and the name and address of your last employer.

3.  In the past 12 twelve months have you received any money from any of the following sources?

    a.  Business, profession or other self-employment          ☐ Yes          ☑ No
    b.  Rent payments, interest or dividends          ☐ Yes          ☑ No
    c.  Pensions, annuities or life insurance payments          ☐ Yes          ☑ No
    d.  Disability or workers compensation payments          ☐ Yes          ☑ No
    e.  Gifts or inheritances          ☐ Yes          ☑ No
    f.  Any other sources          ☐ Yes          ☑ No

    2005 JUL 15    PM 1:1    FILED U.S. DISTRICT COURT DISTRICT OF DELAWARE

    If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the
    amount received and what you expect you will continue to receive.

AO 240 Reverse (Rev. 10/03)

4.  Do you have any cash or checking or savings accounts?     ☒Yes          ☐ No

    If "Yes," state the total amount.  $ 600

5.  Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?     ☒Yes          ☐ No

    If "Yes," describe the property and state its value.

        so Car-Hyundai Santa Fe $10000.00
        IRA              $2000.00 (approx)

6.  List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

        (          ' : daughter   $400/month

I declare under penalty of perjury that the above information is true and correct.


7/15/05                          _Renee Beitz_
_____                   _____
    Date                              Signature of Applicant


**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets.  In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RENEE M. BUTZ,                                )
                                             )
                    Plaintiff,                )
                                             )
          v.                                  )          Civ. No. 05-495-JJF
                                             )          Judge Joseph J. Farnan Jr.
LAWNS UNLIMITED, LTD. and                    )
EDWARD FLEMING,                              )
                                             )
                    Defendants,               )

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
FIRST SET OF INTERROGATORIES**

<u>General Responses and Objections</u>

1.  Plaintiff object to any and all Interrogatories to the extent they seek the disclosure of information or documents protected by the attorney-client privilege and/or work product privilege.

2.  Plaintiff object to any and all Interrogatories to the extent they seek information not relevant to the subject matter of this action and information not reasonably calculated to lead to the discovery of admissible evidence.

3.  Plaintiff objects to any and all Interrogatories to the extent they require a response other than as described by FRCP 33.

Each of the responses provided below are subject to the general responses and objections outlined herein.  Plaintiff reserves the right to supplement these interrogatories as additional, responsive, non-privileged information becomes available.

Specific Objections and Responses

1. Identify each document that you have, and each document of which you are aware, which relates to any alleged wrongful act by Defendants, the claims made in the Complaint, for the facts of this case, including without limitation, any document of any kind identified by, produced to or referred to by you during any and all investigations conducted on your behalf by the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome. Subject to and without waiving the foregoing objections, Plaintiff has previously produced responsive documents in their possession during the initial disclosure. Defendants have possession of these documents. Plaintiff paid for addition documents from "DDOL". Additional documents were Defendants' submitted statements.

2. Describe in detail the factual basis for your claim that you were discriminated against based on gender/pregnancy, including but not limited to (a) the identify of all individuals currently or formerly employed by Defendants whom you contend were biased against you based on gender/pregnancy; (b) the specific discriminatory or otherwise unlawful act(s) of each such individual; and (c) the date(s) of such discriminatory or otherwise unlawful act(s).

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome. Subject to and without waiving the foregoing objections, (a) Edward Fleming; (b) Terminated Plaintiff's employment when Plaintiff was on pregnancy leave, request Plaintiff to sign an employment agreement when no other employees were required to, made sexist remarks concerning women's role as the person who is responsible for caring for the children, constantly remarked that women's role was to be at home taking care of children, Defendants' spouse also made similar comments throughout Plaintiff's pregnancy, etc; (c) Comments were made throughout the Plaintiff's pregnancy, Termination letter was received on January 13, 2004, and requested Plaintiff to sign Employment contract on January 14, 2007.

3. With respect to each factual allegation contained in the Complaint, identify each and every person known or believed by you to have knowledge with respect to any instance, act, event, occurrence or other circumstance which you contend forms the basis of or supports your allegations against Defendants, and for each such person describe in detail the information known or believed to be known by each such person including without limitation, each person employed by Defendants or any affiliate with whom you discussed alleged discrimination, harassment, or retaliation based on gender.

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome. Plaintiff objects to the extent that this Interrogatory seeks the disclosure of information or documents protected by the attorney-client privilege. Subject to and without waiving the foregoing objections, Plaintiff has provided Defendants' name and addresses of all potential witnesses.

4. Identify each person by name, telephone number, and address, who has been interviewed on your behalf, either by you or by another on your behalf and whether formally or informally conducted, including in your answer the date of the interview, the identify of each person present for each such interview.

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome. Plaintiff objects to the extent that this Interrogatory seeks the disclosure of information or documents protected by the attorney-client privilege. Subject to and without waiving the foregoing objections, Plaintiff has provided Defendants' name and addresses of all potential witnesses. Discussions with these witnesses consisted of letting these individuals know that they may be deposed and requested to serve as witnesses at a trial.

5. Identify all persons, other than your attorneys, with whom you have discussed the matters that are the subject of this lawsuit, and supply the address and telephone number of each person.

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome. Plaintiff objects to the extent that this Interrogatory seeks the disclosure of information or documents protected by the attorney-client privilege. Subject to and without waiving the foregoing objections, Plaintiff has provided Defendants' name and addresses of all potential witnesses.

6. Identify and describe in detail all medical expenses incurred by you or another on your behalf that you assert should have been paid by Defendants or which you assert as damages, beginning on December 23, 2003, including but not limited to descriptions of the health care provider and/or facility, the treatment or services provided, the diagnosis or determination, the follow-up treatments or services directed by the health care provider, the name of the person for whom the treatment or services were provided, all costs associated with such treatment or services, and all documents of which you are aware that support such claims.

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome. Subject to and without waiving the foregoing objections, Plaintiff provides the following list:

| Date | Vendor | Description | Amount | Paid | For Who |
|------|--------|-------------|--------|------|---------|
| 01/01/04 | Eckerd | RX 646925200 | | 3.54 | Renée |
| 01/01/04 | Eckerd | RX 246925100 | | 4.96 | Renée |
| 01/02/04 | William B Funk MD | Well Visit | 60.00 | 60.00 | Corrine |
| 01/04/04 | Eckerd | Pain medicine | | 4.96 | Renée |
| 01/04/04 | Eckerd | Pain medicine | | 3.54 | Renée |
| 01/04/04 | Christiana Care Health Services | Lab | 11.50 | 11.50 | Corrine |
| 01/04/04 | Christiana Care VNA | | 363.00 | 363.00 | Corrine |
| 01/05/04 | Christiana Care VNA | Nurse Visit | 150.00 | 150.00 | Corrine |
| 01/06/04 | Christiana Care VNA | Nurse Visit | 150.00 | 150.00 | Corrine |
| 01/08/04 | William B Funk MD | Well Visit | 60.00 | 60.00 | Corrine |
| 01/08/04 | William B Funk MD | | | 30.00 | Renée |
| 01/12/04 | William B Funk MD | Well Visit | 110.00 | 110.00 | Corrine |
| 01/12/04 | William B Funk MD | Back pain, cough, fever | 110.00 | 15.00 | Renée |
| 01/12/04 | William B Funk MD | | | 65.00 | Renée |
| 01/14/04 | Bayside Health OBGYN | Post Partum visit | | 15.00 | Renée |
| 02/01/04 | Happy Harrys | Birth Control | 30.75 | 30.75 | Renée |
| 02/11/04 | Bayside Health OBGYN | Post Partum visit | | 15.00 | Renée |
| 04/12/04 | William B Funk MD | Breast feeding | 60.00 | 15.00 | Renée |
| 04/12/04 | William B Funk MD | | 60.00 | 10.00 | Renée |
| 04/22/04 | William B Funk MD | Breast feeding problems | 60.00 | 10.00 | Renée |

7. Identify and describe any medical expenses described in Interrogatory No. 6 but for the limited period of December 23, 2003 through January 20, 2004 for which you submitted a request for coverage or reimbursement to Defendants' health insurance provider and for each claim submitted, identify and describe the response, if any, you received from said provider, including but not limited to whether and in what amount requested reimbursement was provided, in what amount, and any other information or correspondence received relating to health insurance coverage during this period.

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome. Subject to and without waiving the foregoing objections, Plaintiff provided in Interrogatory No. 6.

8.    Identify and describe any medical expenses described in Interrogatory No. 6 but for the limited period of December 23, 2003 through January 20, 2004 for which you did not submit a request for coverage or reimbursement to Defendants' health insurance provider and for each claim not submitted, explain the reason for such failure to submit.

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome. Subject to and without waiving the foregoing objections, Plaintiff has none.

9.    Describe in detail each way in which you contend you were injured or have suffered damages as a result of the claims made in your Complaint including, but not limited to: (a) stating the total amount of damages claimed for pecuniary or financial losses of any kind; (b) itemizing the amount of each element of damages claimed; (c) stating all facts or grounds upon which you rely to support each element of damages claimed; (d) stating the methods, theories, and calculations by which you arrived at the claimed dollar amounts of each element of damages claimed; (e) identify any person (including expert witnesses) whom you know or whom you believe has knowledge of the basis for and calculation of such damages; and (f) identifying the person(s) who calculated the amount of each element of damages claimed.

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome. Subject to and without waiving the foregoing objections, Plaintiff is providing the following list:

| Description | Calculation | $ Amount | Explanation |
|---|---|---|---|
| Medical Expenses | See List | 1,127.25 | Medical Expenses incured by Plaintiff that Insurance should have covere |
| Medical Insurance | See List | 2,657.58 | Medical Premiums now paid that were not previously Plaintiff's responsib |
| Earnings Lost | $1008 - $726 | 282.00 | Difference of Unemployment to Regular Earnings |
| Overtime Earnings | 10 Hours at 19.13 | 193.00 | Unpaid overtime hours actually worked & shorted on last paycheck |
| Vacation | 40 hours x $12.75 | 510.00 | 2003 Unpaid Vacation Days (5 Accrued Days) |
| Personal | 16 hours x $12.75 | 204.00 | 2003 Personal Days (2 Accrued Days) |
| Holiday Pay | 8 hours x $12.75 | 204.00 | Unpaid Christmas 2003 & New Year's Day 2004 |
| Bonus Pay | Estimated | 500.00 | Anticipated 2003 Bonus (2002 Bonus was $500) |
| Miscellaneous | See list | 661.66 | Costs incurred relating to lawsuit |

10.     Describe all benefits of employment for which you are currently eligible, including but not limited to, vacation, sick, and personal paid time off, health, life, and disability insurance, pension or other retirement fund.

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome. Plaintiff objects to this request to the extent it seeks personal, private, and confidential information. Plaintiff objects to this request to the extent that it is irrelevant.

11.     Identify all non-monetary relief you are seeking and the basis for your request for such relief.

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome. Subject to and without waiving the foregoing objections, Plaintiff seeks only reimbursement of lost wages, related monetary benefits, medical expenses and insurance premiums, court related costs, pain and suffering, and punitive damages.

12.     Identify each physician, psychologist, psychiatrist, therapist, counselor, social worker or any other health care provider you consulted or who examined or treated you and any medical records or other documents concerning treatment or consultation for any physical or emotional injuries allegedly sustained by any person as a result of the facts alleged in the Complaint, and state the dates and purposes of each such treatment and exam, the diagnosis, prognosis and/or treatment you received with respect to each such consultation, examination or treatment.

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome. Subject to and without waiving the foregoing objections, Plaintiff was treated by Dr. William Funk for breast feeding issues. Dr. Funk expressed that the breast feeding issues could be stress related.

13.     Identify each doctor, psychiatrist, psychologist, therapist, counselor, social worker or health care provider of any kind who treated you in the last ten years.

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome. Plaintiff objects to this request to the extent it seeks personal, private, and confidential information. Plaintiff objects to this request to the extent that it is irrelevant.

14.     Describe in detail all efforts by you to obtain other employment during or after your employment with Defendant, including but not limited to stating the name and address of each prospective employer or employment agency you contacted or that contacted you or your agent; the position for which you applied; the number of hours per week that the person holding that position would work; the hourly, weekly, or monthly rate of pay; whether you were offered the position; and, if you rejected the offer, the reason for such rejection.

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome. Subject to and without waiving the foregoing objections, Plaintiff provided this information with the initial disclosures. Plaintiff began seeking employment after receiving the Defendants' Termination letter. And accepted the first job offered.

15.     With respect to each position of employment (including employment by a family member and self-employment) held by you during or after your employment with Defendant, state the following: name and address of the employer; the positions held; the dates you applied for, began and/or ended employment; the number of hours worked per week; the hourly, weekly, or monthly rate of pay; the person who supervises you or to whom you report; identify any applicable employment or similar contracts, and state the reasons for leaving if not still employed.

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome. Subject to and without waiving the foregoing objections, Plaintiff provided this information with the initial disclosures. Only employer that Plaintiff has worked for since employment with Defendant is Cecil County Government.

16.     Describe in detail all income, employment benefits (including but not limited to disability or social security benefits), social security benefits, workers' compensation benefits, and/or unemployment compensation benefits earned or received by you since your separation of employment with Defendants (excluding any income and benefits received from Defendants), including but not limited to the source of such income or benefits, the amount and nature of such income or benefits, and the dates received.

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome. Plaintiff objects to this request to the extent it seeks personal, private, and confidential information. Plaintiff objects to this request to the extent that it is irrelevant.

17.    Describe all criminal, civil, and administrative actions (including, but not limited to, arbitration matters, grievance hearings, administrative proceedings, civil, criminal, family and bankruptcy court matters, and/or charges filed with the EEOC, the DDOL, the DDOL's Unemployment Division and/or any other state or local human rights agency) to which you have been a party or witness, including, but not limited to, the identify of the parties, the date the action was brought or filed, the case number for the action, the court or administrative agency with which the action was brought or filed, the nature of the allegations upon which the action was based, and the outcome of the action.

**RESPONSE:**  Plaintiff objects to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome.  Subject to and without waiving the foregoing objections, Plaintiff has no history of criminal, civil, or administrative actions.

18.    Please state your current home address, each address where you have lived for each of the last ten years and, for each address, the name, current telephone number and current address of each person who lived with you at the same address.

**RESPONSE:**  Plaintiff objects to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome.  Plaintiff objects to this request to the extent it seeks personal, private, and confidential information.  Plaintiff objects to this request to the extent that this request is overly extensive and is irrelevant.  Plaintiff has provided current address and telephone number to Court and Defendants.

19.    Identify the person answering and signing the answers to these interrogatories, and identify of each person, other than counsel, who has been consulted, who has provided information for, or who assisted in answering these interrogatories, either directly or indirectly as a third party.

**RESPONSE:**  Plaintiff objects to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome.  Plaintiff objects to this request to the extent it seeks personal, private, and confidential information.  Plaintiff answers and signs Interrogatories.  Plaintiff has used many resources including library, yahoo, and google in handling all legal filings and responses.

Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410)441-4300
Plaintiff pro se

Dated: 4/10/07

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RENEE M. BUTZ,                          )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )          Civ. No. 05-495-JJF
                                        )          Judge Joseph J. Farnan Jr.
LAWNS UNLIMITED LTD. and                )
EDWARD FLEMING,                         )
                                        )
                    Defendants.         )

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response To

Defendants' First Set of Interrogatories were sent by first-class United States mail, postage duly

paid, on this ___10___ day of ___April___, 2007, to counsel of record as follows:

Margaret M. DiBianca
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
100 West Street
Wilmington, DE 19801

_____
Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410) 441-4300
Plaintiff pro se

Dated: 4/10/07

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RECEIVED

APR 1 3 2007

RENEE M. BUTZ,                    )
                                  )
                   Plaintiff,     )
                                  )
          v.                      )          Civ. No. 05-495-JJF
                                  )          Judge Joseph J. Farnan Jr.
LAWNS UNLIMITED, LTD. and         )
EDWARD FLEMING,                   )
                                  )
                   Defendants,    )

## PLAINTIFF'S RESPONSE TO DEFENDANTS'
## FIRST REQUEST FOR PRDUCTION OF DOCUMENTS

Plaintiff Renee Butz makes the following responses to Defendants'
Edward Fleming and Lawns Unlimited, LTD's First Request for Production of
Documents:

### Preliminary Statement and General Objections

1.      Plaintiff objects to Defendants' document request to the
extent that they seek discovery of:

- Information or documents subject to the attorney-client
  privilege, or any other privilege.

- Information or documents constituting the work product
  of Plaintiff or its attorneys; and

- Information generated or documents prepared in
  anticipation of litigation or for trial by or for Plaintiff or
  its agents and representatives.

2.      Plaintiff objects to each document request to the extent that
it calls for confidential or private information or documents, unless and until the
information or documents are the subject of a suitable protective order.  Plaintiff
reserve the right to produce documents and designate certain documents as
"confidential" based upon the expectation that the parties will reach agreement on
the terms of a protective order.  Plaintiff reserves the right, however, to withhold
further production to the extent that the parties are unable to reach agreement on

the terms of a protective order or to the extent that Defendants' withholds its production pending finalization of a protective order.

3.      Plaintiff objects to each document request to the extent that it is overbroad, unduly burdensome and attempts to impose duties on Plaintiff that are not provided for by the Federal Rules of Civil Procedure or other applicable law.

4.      Plaintiff has made diligent inquiry but, given the breadth of the information requested, Plaintiff cannot be certain that it has produced "all" documents responsive to the Defendants request. Plaintiff reserves the right to revise, correct, add to, supplement, and or clarify any of their responses as may be necessary.

5.      Plaintiff reserves the right to retract any inadvertent disclosures of information or documents that are protected by the attorney-client privilege, the work product doctrine or any other applicable protection.

The response given by Plaintiff is subject to these general objections as well as the objections, if any, made to each specific document request.

## Specific Objections and Responses

1. All audio or videotapes, tape recordings, notes, diaries, logs, calendars, chronologies, reports of investigation, and other documents taken, made, or prepared by you or on your behalf concerning any fact at issue in this case, including without limitation, summaries, statements, or recorded interviews of any person concerning any matter in issue in the pleadings.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession.

2. All correspondence between you and Defendants referring or relating to any of your claims against Defendants.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession. Defendants' have in their possession all correspondents between Plaintiff and Defendants'.

2

3.  All correspondence between you and any other person or entity (other than privileged documents) referring or relating to any of your claims against Defendants.

**RESPONSE:**  Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information.  Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession.  Defendants' have in their possession all correspondents between Plaintiff and Defendants'.

4.  All documents that you contend form the factual basis for or support your contention that Defendants committed any wrongful act, failure to act, unlawful discrimination, and/or unlawful retaliation.

**RESPONSE:**  Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information.  Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession.  Plaintiff has provided copy of timesheets.

5.  All documents (including those that support any claim for punitive or liquidated damages) establishing, supporting, evidencing, referring or relating to any relief you seek in your Complaint, including but not limited to, all pecuniary or financial losses such as lost income, salary, bonuses or other compensation, benefits, damages for personal or bodily injury or for emotional distress, and/or any injunctive or other non-pecuniary relief you request.

**RESPONSE:**  Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information.  Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession.

6.  All documents that you filed with, or that were sent to you by, the Equal Employment Opportunity Commission ("EEOC"), Delaware Department of Labor ("DDOL"), and or any other state, local or federal agency in connection with your claims.

**RESPONSE:**  Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information.  Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession.  Plaintiff is providing "DDOL" obtained at a cost.

3

7.    All documents which relate or refer to your employment with Defendants, including, but not limited to, all documents concerning any alleged changes in working conditions, assignments, rates of pay, and evaluations, or other documents concerning your performance.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession. Defendants' has all these documents.

8.    Copies of all medical records of each physician, psychologists, psychiatrist or other health care provider for treatment or consultations for physical or emotional injuries you allegedly sustained as a result of the facts alleged in the Complaint.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession.

9.    All records reflecting income received by Plaintiff during the past five years, whether as a result of employment or self employment including copies of all federal and state income tax returns with all attached schedules.

**RESPONSE:** Plaintiff objects to this request to the extent it is overly broad, incomprehensibly vague and unduly burdensome. Plaintiff objects to this request to the extent it seeks personal, private, and confidential information. Plaintiff objects to this request to the extent that it is irrelevant.

10.   All documents concerning your efforts to secure employment in any job or position made any time during or after his employment with Defendants, including without limitation correspondence, employment applications, resumes, curriculum vitae, or biographical sketches sent to any prospective employer, employment agency, employment search firm, recruiter, temporary staffing firm, or vocational counselor and/or all documents he received from any prospective employer or employment agency.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession.

4

11.    Any and all documents you received from, provided to, or obtained through Defendants related to employment at Lawns Unlimited, LLC, including but not limited to employee manuals or handbooks, job applications, resumes, information relating to employee benefits such as paid time off, health, disability and/or life insurance, job descriptions (formal and informal), attendance records, and employment related correspondence.

**RESPONSE:**  Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information.  Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession.  Defendants' has all these documents.

12.    Any and all documents you received from, provided to, or obtained through your current employer or, if you are not currently employed, your most recent employer, related to your employment, including but not limited to, employee manuals or handbooks, job applications, resumes, information relating to employee benefits such as paid time off, health, disability and/or life insurance, job descriptions (formal and informal), attendance records, and employment related correspondence.

**RESPONSE:**  Plaintiff objects to this request to the extent it is overly broad, incomprehensibly vague and unduly burdensome.  Plaintiff objects to this request to the extent it seeks personal, private, and confidential information.  Plaintiff objects to this request to the extent that it is irrelevant.

13.    All documents reflecting damages incurred on behalf of yourself or others as claimed in the Complaint, including but not limited to, medical or health care expenses, non-reimbursed purchases, and other costs expended.

**RESPONSE:**  Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information.  Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession.

14.    All documents identified or referred to, in your answers to Defendant's First Set of Interrogatories Directed to Plaintiff.

**RESPONSE:**  Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information.  Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession.

15.    Any other document or thing in your possession or available to you, in addition to the items specified in previous sections of this Request for Production that is relevant to any issue in the litigation, including but not limited to issues of liability and or damages.

**RESPONSE:**  Plaintiff objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information.  Subject to and without waiving forgoing objections, Plaintiff has produced responsive documents in their possession.


*Renee Butz*

Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410)441-4300
Plaintiff pro se


Dated: 4/10/07

Production #4
P 1

## Employee Details Report

**Lawns Unlimited**
Period 11/10/2003 - 11/23/2003

HTO - Hours Toward Weekly Overtime
< Previous Pay Period Punch
+ Added Item
{ Previous Day Punch

? Exception
* Tardy
^ Adjusted Value
~ Holiday Punch

1 hour

**Not Assigned**

**BUTZ, RENEE M**          Badge: 25          Employee ID: 0001

| Date | In | Out | In | Out | Total | OT | HTO | Meal | Amts |
|---|---|---|---|---|---|---|---|---|---|
| 11/10/2003 Mon | 7:07 am | 12:11 pm | 12:51 pm | 5:54 pm | 10.12 | 0.00 | 10.12 | 0.00 | $0.00 |
| 11/11/2003 Tue | 7:02 am | 11:36 am | 12:19 pm | 6:20 pm | 10.58 | 0.00 | 20.70 | 0.00 | $0.00 |
| 11/12/2003 Wed | 7:06 am | 11:44 am | 12:36 pm | 6:18 pm | 10.33 | 0.00 | 31.03 | 0.00 | $0.00 |
| 11/13/2003 Thu | 7:06 am | 11:46 am | 12:24 pm | 5:33 pm | 9.82 | 0.00 | 40.85 | 0.00 | $0.00 |
| 11/14/2003 Fri | 7:06 am | 8:22 am | 12:36 pm | 5:15 pm | 5.92 | 0.00 | 46.77 | 0.00 | $0.00 |
| 11/15/2003 Sat | None | | | | 0.00 | 0.00 | 46.77 | 0.00 | $0.00 |
| 11/16/2003 Sun | None | | | | 0.00 | 0.00 | 46.77 | 0.00 | $0.00 |
| 11/17/2003 Mon | 7:02 am | 11:34 am | 12:28 pm | +4:15 pm | 8.32 | 0.00 | 8.32 | 0.00 | $0.00 |
| 11/18/2003 Tue | 7:08 am | 11:22 am | 12:01 pm | 4:10 pm | 8.38 | 0.00 | 16.70 | 0.00 | $0.00 |
| 11/19/2003 Wed | 6:52 am | 11:42 am | 12:42 pm | 5:01 pm | 9.15 | 0.00 | 25.85 | 0.00 | $0.00 |
| 11/20/2003 Thu | 7:05 am | 11:31 am | 12:32 pm | 4:15 pm | 8.15 | 0.00 | 34.00 | 0.00 | $0.00 |
| 11/21/2003 Fri | 7:07 am | 9:21 am | 10:41 am | 12:00 pm | 3.55 | 0.00 | 37.55 | 0.00 | $0.00 |
| 11/21/2003 Fri | 12:32 pm | 4:55 pm | | | 4.38 | 0.00 | 41.93 | 0.00 | $0.00 |
| 11/22/2003 Sat | None | | | | 0.00 | 0.00 | 41.93 | 0.00 | $0.00 |
| 11/23/2003 Sun | None | | | | 0.00 | 0.00 | 41.93 | 0.00 | $0.00 |

| Department | REG | OT1 | VAC | SIC | HOL | PER | Misc | Total | Amts |
|---|---|---|---|---|---|---|---|---|---|
| Not Assigned | 88.70 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 88.70 | $0.00 |

Badge: 2          Employee ID: 0005

Production
Attachment C

# Employee Details Report

## Lawns Unlimited
### Period 11/24/2003 - 12/7/2003

HTO - Hours Toward Weekly Overtime
&lt; Previous Pay Period Punch
+ Added Item
( Previous Day Punch

? Exception
* Tardy
^ Adjusted Value
~ Holiday Punch

### Not Assigned

**BUTZ, RENEE M**   Badge: 25   Employee ID: 0001

| Date | In | Out | In | Out | Total | OT | HTO | Meal | Amts |
|---|---|---|---|---|---|---|---|---|---|
| 11/24/2003 Mon | 7:07 am | 5:31 pm | | | 9.40 | 0.00 | 9.40 | -1.00 | $0.00 |
| 11/25/2003 Tue | 7:02 am | 5:18 pm | | | 9.27 | 0.00 | 18.67 | -1.00 | $0.00 |
| 11/26/2003 Wed | 7:02 am | 5:18 pm | | | 9.27 | 0.00 | 27.93 | -1.00 | $0.00 |
| 11/27/2003 Thu | Holiday | | | | 8.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| 11/28/2003 Fri | 6:59 am | 4:04 pm | | | 8.08 | 0.00 | 36.02 | -1.00 | $0.00 |
| 11/29/2003 Sat | None | | | | 0.00 | 0.00 | 36.02 | 0.00 | $0.00 |
| 11/30/2003 Sun | None | | | | 0.00 | 0.00 | 36.02 | 0.00 | $0.00 |
| 12/1/2003 Mon | 7:01 am | 1:37 pm | 3:24 pm | 6:11 pm | 8.00 | 0.00 | 8.38 | 0.00 | $0.00 |
| 12/2/2003 Tue | 7:01 am | 5:41 pm | | | 8.00 | 0.00 | 18.05 | -1.00 | $0.00 |
| 12/3/2003 Wed | 7:04 am | +4:00 pm | | | 8.93 | 0.00 | 25.98 | -1.00 | $0.00 |
| 12/4/2003 Thu | 8:30 am | +5:30 pm | | | 8.00 | 0.00 | 33.98 | -1.00 | $0.00 |
| 12/5/2003 Fri | 7:00 am | +4:00 pm | | | 8.00 | 0.00 | 41.98 | -1.00 | $0.00 |
| 12/6/2003 Sat | None | | | | 0.00 | 0.00 | 41.98 | 0.00 | $0.00 |
| 12/7/2003 Sun | None | | | | 0.00 | 0.00 | 41.98 | 0.00 | $0.00 |

| Department | REG | OT1 | VAC | SIC | HOL | PER | Misc | Total | Amts |
|---|---|---|---|---|---|---|---|---|---|
| Not Assigned | 78.00 | 0.00 | 0.00 | 0.00 | 8.00 | 0.00 | 0.00 | 86.00 | $0.00 |

Rate 1 = 80.00
Rate 2 = 8.00 > 86.00 hrs
Holiday Rate = 8.00

**CANTU, CESAR C**   Badge: 2   Employee ID: 0005

| Date | In | Out | In | Out | Total | OT | HTO | Meal | Amts |
|---|---|---|---|---|---|---|---|---|---|
| 11/24/2003 Mon | 7:03 am | 5:52 pm | | | 10.32 | 0.00 | 10.32 | -0.50 | $0.00 |
| 11/25/2003 Tue | 6:57 am | 5:59 pm | | | 10.53 | 0.00 | 20.85 | -0.50 | $0.00 |
| 11/26/2003 Wed | 7:02 am | 5:09 pm | | | 9.62 | 0.00 | 30.47 | -0.50 | $0.00 |
| 11/27/2003 Thu | None | | | | 0.00 | 0.00 | 30.47 | 0.00 | $0.00 |
| 11/28/2003 Fri | 7:05 am | 5:14 pm | | | 9.65 | 0.00 | 40.12 | -0.50 | $0.00 |
| 11/29/2003 Sat | None | | | | 0.00 | 0.00 | 40.12 | 0.00 | $0.00 |
| 11/30/2003 Sun | None | | | | 0.00 | 0.00 | 40.12 | 0.00 | $0.00 |
| 12/1/2003 Mon | 6:59 am | 5:19 pm | | | 9.83 | 0.00 | 9.83 | -0.50 | $0.00 |
| 12/2/2003 Tue | 6:57 am | 5:46 pm | | | 10.32 | 0.00 | 20.15 | -0.50 | $0.00 |
| 12/3/2003 Wed | 7:09 am | 5:20 pm | | | 9.68 | 0.00 | 29.83 | -0.50 | $0.00 |
| 12/4/2003 Thu | 7:05 am | 5:37 pm | | | 10.03 | 0.00 | 39.87 | -0.50 | $0.00 |
| 12/5/2003 Fri | 8:24 am | 5:03 pm | | | 8.15 | 0.00 | 48.02 | -0.50 | $0.00 |
| 12/6/2003 Sat | None | | | | 0.00 | 0.00 | 48.02 | 0.00 | $0.00 |
| 12/7/2003 Sun | None | | | | 0.00 | 0.00 | 48.02 | 0.00 | $0.00 |

| Department | REG | OT1 | VAC | SIC | HOL | PER | Misc | Total | Amts |
|---|---|---|---|---|---|---|---|---|---|
| Not Assigned | 88.13 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 88.13 | $0.00 |

Rate 1 = 80.0
Rate 2 = 8.14

FEB. 22. 2007 2:27 JOY. HALLROCKESHARKS

PRODUCTION # 6
P 1

## THE DEPARTMENT OF LABOR OF THE STATE OF DELAWARE

### OFFICE OF LABOR LAW ENFORCEMENT

CHARGING PARTY:    **Renee Butz**

RESPONDENT:    **Lawns Unlimited, Ltd**

CASE NO.:    **04020302**    EEOC NO.:    **17CA400296**

### GENERAL RESPONDENT QUESTIONNAIRE

Pursuant to the provisions of 19 Del. C. §§712 and 714(a), you are requested to provide a position statement along with your responses to the following questions within twenty (20) days of the date of the attached letter:

1.    Please provide the following information with respect to the above-named Respondent:

a.    The full and complete legal name of the employer;

Lawns Unlimited, Ltd.

b.    The address of the headquarters or primary place of business of the employer;

15089 Coastal Hwy.
Milton, DE 19968

c.    The names of the officers, directors, partners, or proprietor responsible for the management of the affairs of the employer; and,

Edward Fleming, President
Jeanne Fleming, Sec-Treas.

d.    The name and title of the individual who is Charging Party's immediate supervisor, and the name and title of that individual's immediate supervisor, if applicable.

Edward Fleming, Pres.
Jeanne Fleming, Sec-Treas.

PRODUCTION #6
P2

2. Please provide the name, title, address, and telephone number of the person who will be responsible for supplying the information requested as part of this investigation.

Est - Jeanne - Exic.

15089 Coastal Hwy.
Milton, DE 19968
302-645-5296

3. Briefly describe the nature of the employer's business.

Lawn Maintenance

4. How many people were employed by the employer at the time of the alleged violation? N A

a. In the State of Delaware: 25-30

9.1.03
12.23.03

b. Nationwide: UA

5. Furnish a workforce analysis showing the number of workers within the appropriate protected classification(s), (other then religion or disability) based on the complaint of discrimination. Clarion 2 1 4 or 2
Laborers

(Provide a separate attachment.)

6. Does the employer have a personnel manual and/or written rules relating to employee duties and conduct? Yes If so, please state:

a. Whether or not all employees, including Charging Party, received a copy of these policies;

Yes

b. If applicable, provide proof of Charging Party's receipt of such manual and/or rules; and,

Office Manager - she is in charge of
Company Manual - in her desk

c. With respect to the conduct alleged, was the policy or practice applied on Charging Party's behalf?

Yes

distributing

PRODUCTION #6
P3

7.  Within the past three (3) years, has any other employee complained of discriminatory treatment by any supervisor or manager named or referred to in the Charge of Discrimination?

No ~~Never~~

If so, please provide a separate statement identifying the name of the employee, the date of the complaint, the substance of the complaint, what action if any was taken by the employer, who investigated the complaint, and the result of the employer's responsive actions.

8.  Is the employee covered by a collective bargaining agreement?

No

If so, was a grievance filed as a result of the alleged discrimination? __N/A__

If so, submit a copy of the grievance and the decision or outcome of the grievance proceedings.

9.  Is the company a federal government contractor? __No__

If so, submit the following:

a.  The name of the contract compliance agency;
    N/A

b.  The name, address and telephone number of that agency's compliance review officer; and,
    N/A

c.  Submit the most recent EEO-1 or EEO-4 report.
    N/A

10. If applicable, state the Charging Party's job title and department at the time of the alleged discrimination.

Office Manager, Main Office

PRODUCTION #6
P4

11. If applicable, state the Charging Party's date of hire and date of termination of employment.

D.O.H.    9-4-02

~~Termination Date~~ 12-23-03
Resignation Date?    — Resigned employment on

12. Did the Charging Party complain of discriminatory treatment? If yes, explain.

No Never

I HEREBY CERTIFY THAT the answers to the above questions are true and correct to the best of my knowledge, information and belief, and that I have made an inquiry into the facts and circumstances relating to the substance of this questionnaire.

Signature:

Title/Position:

Date:

Case 1:05-cv-00495-JJF Document 87-6 Filed 04/26/2007 Page 51 of 64 No. 3430 P. 6

PROXTO W#6
P5

# THE DEPARTMENT OF LABOR OF THE STATE OF DELAWARE

## OFFICE OF LABOR LAW ENFORCEMENT

CHARGING PARTY: **Renee Butz**

RESPONDENT: **Lawns Unlimited, Ltd**

CASE NO.: **04020302** EEOC NO.: **17CA400296**

## GENERAL RESPONDENT QUESTIONNAIRE

Pursuant to the provisions of 19 Del. C. §§712 and 714(a), you are requested to provide a position statement along with your responses to the following questions within twenty (20) days of the date of the attached letter:

1. Please provide the following information with respect to the above-named Respondent:

  a. The full and complete legal name of the employer;
  Lawns Unlimited, LTD.

  b. The address of the headquarters or primary place of business of the employer;
  15089 Coastal Highway
  Milton, DE 19968

  c. The names of the officers, directors, partners, or proprietor responsible for the management of the affairs of the employer; and,
  Edward Fleming, President
  Jeanne Fleming, Secretary - Treasurer

  d. The name and title of the individual who is Charging Party's immediate supervisor, and the name and title of that individual's immediate supervisor, if applicable.
  Edward Fleming, President
  Jeanne Fleming, Secretary - Treasurer

PRODUCTION #6
P 6

2. Please provide the name. title, address, and telephone number of the person who will be responsible for supplying the information requested as part of this investigation.

15089 Coastal Highway
Milton, DE 19968
(302) 645-5296

3. Briefly describe the nature of the employer's business.

Lawn Maintenance

4. How many people were employed by the employer at the time of the alleged violation?    N/A.

   a.    In the State of Delaware: ___25-30___

   b.    Nationwide: ___N/A___

5. Furnish a workforce analysis showing the number of workers within the appropriate protected classification(s), (other then religion or disability) based on the complaint of discrimination.

                                                          Clerical    2
         (Provide a separate attachment.)

6. Does the employer have a personnel manual and/or written rules relating to employee duties and conduct? ___Yes___ If so, please state:

   a.    Whether or not all employees, including Charging
         Party, received a copy of these policies;
              Yes

   b.    If applicable, provide proof of Charging Party's
         receipt of such manual and/or rules; and,
              Office Manager - She is in charge of distributing
                               Company Manual - in her desk.

   c.    With respect to the conduct alleged, was the policy
         or practice applied on Charging Party's behalf?
              Yes

PRODUCTION AC
P 7

7.   Within the past three (3) years, has any other employee complained of discriminatory treatment by any supervisor or manager named or referred to in the Charge of Discrimination?

No

If so, please provide a separate statement identifying the name of the employee, the date of the complaint, the substance of the complaint, what action if any was taken by the employer, who investigated the complaint, and the result of the employer's responsive actions.

8.   Is the employee covered by a collective bargaining agreement?

No

If so, was a grievance filed as a result of the alleged discrimination?   N/A

If so, submit a copy of the grievance and the decision or outcome of the grievance proceedings.

9.   Is the company a federal government contractor?   No

If so, submit the following:

a.   The name of the contract compliance agency;
N/A

b.   The name, address and telephone number of that agency's compliance review officer; and,
N/A

c.   Submit the most recent EEO-1 or EEO-4 report.
N/A

10.  If applicable, state the Charging Party's job title and department at the time of the alleged discrimination.

Office Manager, Main Office

Production #6
P8

11. If applicable, state the Charging Party's date of hire and date of termination of employment.

   Date of Hire: 9-4-02
   Resigned Employment on 12-23-03

12. Did the Charging Party complain of discriminatory treatment? If yes, explain.
   No

   I HEREBY CERTIFY THAT the answers to the above questions are true and correct to the best of my knowledge, information and belief, and that I have made an inquiry into the facts and circumstances relating to the substance of this questionnaire.

Signature:

Title/Position:

Date:

PRODUCTION #6
PG

Edward W. Fleming time line:

On December 23, 2003, Renee called Jeanne at our house at approx. 6:50 a.m. and told her she was on her way to Beebe Hospital, she thought her water broke. At approx. 8:30 a.m., Renee came to work. She stated to me she lost her mucos plug. At approx. 12:15 p.m., I was walking downstairs in our office and Debbie Watson, our other office employee stopped me and told me that Renee was leaving and was not coming back. I thought Debbie meant that Renee was leaving to have the baby, not that she was permanently not coming back. Renee at that time told me that her contractions were 10 minutes apart. Renee said that she was going to Beebe and that her Mom and Scott were on their way to take her. I told Renee if anyone of her or Scott's family needed to use our house in Lewes to sleep or shower while she was at Beebe Hospital that they were welcomed. Jeanne, our children and I were all excited about Renee having the baby as we have 5 children and love kids. Just before leaving the office I told Renee to fill out the company leave authorization form before she left and I handed her one of the forms. I was leaving the office in my truck. I was stopped at the end of the drive to turn on Route One and Scott and Renee's Mom were pulling into our driveway. I waved but they did not acknowledge me and I thought that was strange. After leaving the office, I called the office, Debbie answered the phone. I asked to speak to Renee, to make sure that she told Scott and her Mom that they could stay at our house that night or the next couple of days while she was having the baby. She said thank you and OK. I returned back to work around 4:00 p.m., Debbie told me to sit down, she had something to tell me. Debbie continued with everything that had transpired that she knew had been told to her by Renee. After hearing what Debbie told me I was devastated. I thought Renee was a caring honest employee and I found out otherwise, that she lied to me about the events that took place earlier that morning.

PRODUCTION #6
P 10

Jeanne time line

1. Whole family went to Renee's wedding in September out of town.

2. Renee asked at one time approx August if we could have Scott put on our medical insurance as he had lost his job and didn't have insurance and I told her no, that it is not in our insurance program for family members, only the employee. Again toward the end of September she asked me if she could have her baby added to insurance. Again I told her we could not, it was a management decision not to include family members and it had never been done in the past. Two other employees asked the same thing and were told the same thing., Bruce and Mauricio, one before her and one after. Mauricio had a new baby Sept. 25, 2003 and has been with the company longer than anyone, a key employee and he was told the same thing.

3. I went to Missouri for approx. 2 weeks to help my Mother with cancer.

4. Came back beginning of November. Brought Renee a baby gift I purchased in Missouri for the Baby.

5. While back we did interviews and hired Debbie Watson. She started work 11-7-03.

6. I was called home during the night of 11-13-03, left suddenly for Missouri again and Mom passed away. Didn't get to come back to Delaware til the week of Thanksgiving.

7. I was in on occasion to work after that and noticed Renee was short with me but I attributed it to the fact that she was pregnant. Otherwise I had no indication whatsoever that anything was wrong. We, Ed, myself and the kids were all very excited for the baby to be born. The girls couldn't wait to babysit.

8. Renee told all of us in the office several times that after the baby came she would bring the baby and come in to help with anything, income tax, etc. just to call her.

9. 12-23-03 Renee called the house and asked for Ed, he had left for work and said she was on her way to Beebe Hospital, that she thought she may have broke her water.

10. Ed called that morning and said Renee had came back to work and she had lost her mucos plug. Later in the day he called me and said Renee had left - - - - -gone, cleaned out her desk and was not coming back. I was devastated. I went to the office in tears, talked to Ed and Debbie, I couldn't believe it, as Renee always said we were her family and she said over and over, "I love my job". I couldn't understand what could have happened. Why hadn't she told Ed or myself? We were always there when she needed anything. But then I looked back, my mother passed away, no card, no nothing, something had changed, but I still had no idea what was wrong. Why was she telling the employees one thing and Ed and I another? Nothing made sense to me. As I look back the only thing I could figure out and I knew she was worried about was her medical

PRODUCTION #6
P11

insurance for her self, she was probably afraid of loosing it because in November she had moved to Newark because Scott had lost his job and had found a new job in Wilmington and she had no intentions of returning to work after the baby was born. But we extended her insurance. Also she had asked for medical insurance on her baby approx. September time frame. She said "you can't not insure my baby". I explained to her it was not in our insurance program. I think that upset her. Also we can only make changes at our renewal period which is March 15th. At that time Debbie explained to us the stories and what Renee had been telling her all along.

11. After finding out that Renee had suddenly left work, that night of 12-23-03, Ed and I went to confessions that St. Judes church. Ed was on the phone to Renee at home and he handed me the phone. I politely asked her how she was and then proceeded to tell her that I needed a written statement from her whether she was coming back to work or not and authorization from her doctor. She said ok.

PRODUCTION #6
P 12

LAW OFFICES
## WILSON, HALBROOK & BAYARD
PROFESSIONAL ASSOCIATION
107 WEST MARKET STREET
P. O. BOX 690
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-0015
TELECOPIER (302) 856-7116

EUGENE H. BAYARD
CLAYTON E. BUNTING
DENNIS L. SCHRADER
ROBERT G. GIBBS
ERIC C. HOWARD
MARK D. OLSON

DAVID C. HUTT
ROBERT H. ROBINSON, JR.

HOUSTON WILSON
(1910-1980)
ROBERT L. HALBROOK
RETIRED

February 22, 2005

VIA FACSIMILE
(302) 761-6601

Theodore R. Robinson
State of Delaware
Department of Labor
Division of Industrial Affairs
4425 North Market Street
Wilmington, DE 19802

   Re: Butz v. Lawns Unlimited, Ltd.
     Case No.: 04020302/17CA400296

Dear Mr. Robinson:

   I represent Lawns Unlimited, Ltd. I am responding to your letter dated February 15, 2005. I apologize that we did not respond earlier. We were under the impression that a response had been filed. Lawns Unlimited Ltd. denies that it in anyway discriminated against Ms. Butz on the basis of sex or pregnancy. I am enclosing the general respondent questionnaire. I am also enclosing statements from persons who worked with Ms. Butz: Debra Watson, Mauricio Miranda, Jeanne Fleming and Edward Fleming.

   As those statements indicate there was a total lack of communication from Ms. Butz to Lawns Unlimited. Based on that lack of communication, Lawns Unlimited was under the impression that Ms. Butz had resigned her employment because she had moved to the New Castle County area.

   While Ms. Butz might disagree with that decision, it had nothing to do with Ms. Butz' gender or pregnancy. Had Lawns Unlimited intended in anyway to discriminate it would not have paid, as it did, all cost associated with the pregnancy and delivery. Nor would Lawns Unlimited, as it did, have offered Ms. Butz her job had she wished to return. As the enclosed statements indicate, the overall problem with Ms. Butz was her total lack of communication and inconsistency on what she intended to do following her pregnancy.

PRODUCTION
P 13

Theodore R. Robinson
State of Delaware
Department of Labor
February 22, 2005
Page 2 of 2

I am also enclosing copies of Lawns Unlimiteds' correspondence to and from Ms. Butz. We would be happy to discuss the matter further with you and provide any information you wish. As stated, we strongly dispute any claim that any action taken with regard to Ms. Butz was in any way motivated by gender or pregnancy.

Very truly yours,

WILSON, HALBROOK & BAYARD

Eric C. Howard

ECH/pdb
Enclosure(s)
Cc: Lawns Unlimited, Ltd.

Renee Butz vs. Lawns Unlimited
March 2004

PRODUCTION #6
P 14

Two – Three Weeks prior to Renee leaving:

1. She went up stairs – phone call to previous employer re: new job.
   a. Who will I be working with?
   b. Came down – I confronted her. No she is not coming back
   c. She told Jack and I she had no intentions of returning to work after the baby was born and she in fact had another job waiting for her in Wilmington.

2 Don't leave me stranded.
   a. She typed daily, mthly, qtrly., yearly to do's.

3. New job has no insurance: Scott's co. has already got us on a plan $1,200 month cost was a concern for her.

4. Many conversations at work (whispering because Ed was upstairs) and at home re: she is not coming back.

5 Taking 6 wks maternity Leave – after 4 weeks, giving 2 wks notice to put her into January. Entitled to Vacation pay, sick days, etc. Told me to make sure all of that was in her last pay check.

6. If Ed & Jeanne don't cooperate – She will sue them for pregnancy discrimination.

7. If anyone calls for Reference on her – give it to Jeanne or Ed. She is going to have people (friends) call and see what they say about her. They give bad ref. she will sue them w/ labor board.

8. Angry at Ed, not paying her overtime she worked and not letting her be the office manager like the title she was given. She said Ed always micro managed everything himself, so why have an office manager. Angry at Jeanne because she simply did not like her and hated her in the office at all.

9. She had already talked with a previous employee (Dina) of LU who is willing to testify J & Ed were unfair and hard to work for.

10. New Phone Number: she gave me her new home phone no. and told me not to give it to Jeanne or Ed. She was officially on maternity leave and legally they were not allowed to call and bother her. If they called her cell she would not answer. If I wanted to talk with her call her home and she would know it was me. I called and asked for help after she left and she never called me back.

1

Renee Butz vs. Lawns Unlimited
March 2004

PRODUCTION # 6
P 15

11. Ed and Jeanne are forbidden to come to hospital to see baby. If they show up, Scott will have them removed and not let them in. Had the baby 12/30/03 and called LU and left message 1/5/04 @ 2:13 pm had baby 6lbs. 9 oz. 18" long she will e-mail pictures. No pictures. No chance to see baby.

12. Ed opened his home up to Renee and her family as a place to stay while she was in the hospital. Or, if we were to get snow and she did not want to travel to Wilmington (being pregnant). If he was such a bad person why would he do that for her????

13. Called my Celland home on the evening of 12/23 three times: I called her back – she was angry and said Ed called and fussed her out and Ed wanted her to come to work tomorrow and have a meeting to clear all of this up. She was not coming because she did not have to. She asked why I told them of her plans, I said, I was worried about my job with the company and it was not fair to anyone what she was doing. Our conversation ended shortly thereafter.

14. Keys: Upon leaving, Renee' said she should give me the keys back but if she does that Jeanne and Ed will know that she is planning not to come back. She will mail keys to me.

I, **DEBRA S. WATSON,** do hereby attest the above statements are true and accurate indications of the events that took place regarding Renee Butz and Lawns Unlimited. I will voluntarily take a lie detector test to confirm the accuracy of my statements.

Debra S. Watson

2

PRODUCTION #6
P16

TO WHOM IT MAY CONCERN:

I **MAURICIO MIRANDA** do hereby make the following true and accurate statement indicating my conversations with Renee Butz prior to her leaving Lawns Unlimited. I make this statement in writing due to the fact that I am needed at Lawns Unlimited and cannot attend the hearing involving Renee and Lawns Unlimited.

On December 23, 2003, I was out on a job, I called in to the office to have Renee Place on order for me. Debbie answered the phone and said that Renee was not in the office yet, she had gone to the hospital in labor to have the baby.

Later in the day, I called into the office again and Renee answered the phone. I said, "I thought you were in the hospital in labor having your baby." She replied, "No it was a false alarm." I gave her my order and asked her to get it placed for me. She indicated she would take care of it.

At the end of my work day, I returned to the office to find Renee not only had not placed my order but she had left and was not coming back. I have not spoken to or heard from her since.

*Mauricio Miranda*
Mauricio Miranda

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RENEE M. BUTZ,                                )
                                             )
                    Plaintiff,               )
                                             )
        v.                                   )          Civ. No. 05-495-JJF
                                             )          Judge Joseph J. Farnan Jr.
LAWNS UNLIMITED LTD. and                     )
EDWARD FLEMING,                              )
                                             )
                    Defendants.              )

CERTIFICATE OF SERVICE

        I hereby certify that a true and correct copy of the foregoing Plaintiff's Response To

Defendants' First Request for Production of Documents were sent by first-class United States

mail, postage duly paid, on this _____10_____ day of _____April_____, 2007, to counsel of record

as follows:


Margaret M. DiBianca
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
100 West Street
Wilmington, DE 19801


                                            _____
                                            Renee M. Butz
                                            58 Hickory Drive
                                            North East, MD 21901
                                            (410) 441-4300
                                            Plaintiff pro se


Dated: _4/10/07_



U.S. POSTAGE
PAID
ELKTON MD
21921
APR 10, 07
0004446-18
19801

AMOUNT
**$4.55**

0000



Renée Butz
58 Hickory DR
North East MD 21901



U.S District Court
Attn: Judge Joseph J.
J. Caleb Boggs Federal
844 N. King Street
Wilmington DE 1980)

Farnan Building



PRIORITY
MAIL
UNITED STATES POSTAL SERVICE ®
www.usps.com
Label 107R, February 2006



PRIORITY
MAIL
UNITED STATES POSTAL SERVICE ®

United States Postal Service®

DELIVERY CONFIRMATION™

0305 2710 0001 2013 1451

