IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE M. BUTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 05-495-JJF |
| ) | Judge Joseph J. Farnan Jr. |
| LAWNS UNLIMITED, LTD. and ) | |
| EDWARD FLEMING, ) | |
| ) | |
| Defendants, ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
SECOND REQUEST FOR PRDUCTION OF DOCUMENTS**

Plaintiff Renee Butz makes the following responses to Defendants' Edward Fleming and Lawns Unlimited, LTD's Second Request for Production of Documents:

**Preliminary Statement and General Objections**

1. Plaintiff objects to Defendants' document request to the extent that they seek discovery of:

- Information or documents subject to the attorney-client privilege, or any other privilege.

- Information or documents constituting the work product of Plaintiff or its attorneys; and

- Information generated or documents prepared in anticipation of litigation or for trial by or for Plaintiff or its agents and representatives.

2. Plaintiff objects to each document request to the extent that it calls for confidential or private information or documents, unless and until the information or documents are the subject of a suitable protective order. Plaintiff reserve the right to produce documents and designate certain documents as "confidential" based upon the expectation that the parties will reach agreement on the terms of a protective order. Plaintiff reserves the right, however, to withhold further production to the extent that the parties are unable to reach agreement on

the terms of a protective order or to the extent that Defendants' withholds its production pending finalization of a protective order.

        3.     Plaintiff objects to each document request to the extent that it is overbroad, unduly burdensome and attempts to impose duties on Plaintiff that are not provided for by the Federal Rules of Civil Procedure or other applicable law.

        4.     Plaintiff has made diligent inquiry but, given the breadth of the information requested, Plaintiff cannot be certain that it has produced "all" documents responsive to the Defendants request. Plaintiff reserves the right to revise, correct, add to, supplement, and or clarify any of their responses as may be necessary.

        5.     Plaintiff reserves the right to retract any inadvertent disclosures of information or documents that are protected by the attorney-client privilege, the work product doctrine or any other applicable protection.

The response given by Plaintiff is subject to these general objections as well as the objections, if any, made to each specific document request.

### Specific Objections and Responses

1. Any and all documents relating to insurance available through your current employer, including but not limited, conditions for eligibility for such insurance, amount of employee contribution on a monthly or yearly basis, the insurance plan ("the Plan"), and any and all documents describing the coverage available under the Plan.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks production of Cecil County Government related documents and Plaintiff is not permitted to provide these documents. Plaintiff's contribution amounts have been previously provided.

2. Any and all documents or correspondence between you and Optimum Choice Health Care or any other health care provider or insurer retained by Defendants during the time period of December 1, 2003 through May 1, 2004, including but not limited to, billing records, documents reflecting payments made by Plaintiff, submitted claims, rejected claim, and descriptive documents relating to insurance carried by Defendants.

**RESPONSE:** Correspondence between Plaintiff and health care providers or insurers, were previously provided in the Initial Disclosure.

  3. Any and all documents containing information about insurance Defendants offered to its employees, including a copy of the plan or parts thereof, Defendants' policy or policies relating to insurance, and payments made as co-payment, premium or contribution for insurance coverage during Plaintiff's employment with Defendants, including copies of returned checks or credit card statements and invoices or statements.

  **RESPONSE:** Plaintiff was never provided Defendants' health care policy. All other documents request, were previously provided in the Initial Disclosure.

  4. All documents identified or referred to, in your answers to Defendant's Second Set of Interrogatories Directed to Plaintiff.

  **RESPONSE:** Plaintiff has previously provided the information requested through Initial Disclosure and through a Settlement offer.

  5. All documents identified or referred to, in your answers to Defendant's First Request for Admissions Directed to Plaintiff.

  **RESPONSE:** Plaintiff has previously provided the information requested through Initial Disclosure and through a Settlement offer.

  6. Any other documents or thing in your possession or available to you, in addition to the items specified in previous sections of this Request for Production that is relevant to any issue in the litigation, including but not limited to issues of liability and/or damages and which has not been previously produced.

  **RESPONSE:** Plaintiff has previously provided the information requested through Initial Disclosure and through a Settlement offer.

*/s/ Renee M. Butz*
Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410)441-4300
Plaintiff pro se

Dated: 5/22/07

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RENEE M. BUTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-495-JJF |
| | ) | Judge Joseph J. Farnan Jr. |
| LAWNS UNLIMITED LTD. and | ) | |
| EDWARD FLEMING, | ) | |
| | ) | |
| Defendants. | ) | |

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response to Defendants' Second Request for Production of Documents were sent by first-class United States mail, postage duly paid, on this 22 day of May, 2007, to counsel of record as follows:

Margaret M. DiBianca
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19899

*Renee M. Butz*
Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410) 441-4300
Plaintiff pro se

Dated: 5/22/07



Renee Dutz
58 Hickory Run
New Castle MD 21901

U.S.M.S
X-RAY

US District Court
Attn: Judge Joseph S. Farnan Jr
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801