IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE M. BUTZ, | : |
|     Plaintiff, | : |
| v. | : Civil Action No. 05-495-JJF |
| LAWNS UNLIMITED LTD. and<br>EDWARD FLEMING, | : |
|     Defendants. | : |

**MEMORANDUM ORDER**

Pending before the Court is Defendants' Motion For Judgment On The Pleadings (D.I. 44). For the reasons discussed, the Court will deny the Motion.

I.   **BACKGROUND**

On July 17, 2005, pro se Plaintiff filed this gender discrimination action pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff alleges that the discrimination occurred in connection with her employment with Defendant Lawns Unlimited Ltd. from September 1, 2003, through January 7, 2004. Specifically, Plaintiff alleges that she was terminated while on maternity leave. Plaintiff also alleges other discriminatory acts by Defendants as a result of her pregnancy and maternity leave including cancelled health insurance without notice, failure to provide vacation or personal leave time, deletion of overtime hours, and failure to pay a bonus. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and with the State of Delaware Department of Labor. On June 9, 2006, the EEOC issued a Notice of Right to Sue letter.

## II. PARTIES' CONTENTIONS

By their Motion, Defendants contend that judgment on the pleadings is warranted because Plaintiff failed to effectuate timely service of her Complaint. Defendants further contend that Plaintiff fails to state a claim against Defendant Edward Fleming because Title VII does not impose individual liability and because Plaintiff fails to allege the elements of a gender discrimination claim. Defendants also contend that Plaintiff's allegations are inadequate to the extent her Amended Complaint could be construed to allege a claim for continuing health coverage under the Consolidated Omnibus Budget Reconciliation Act ("COBRA") or a claim under the Delaware Wage Payment Act.[1]

In response, Plaintiff contends that her Amended Complaint should be read in tandem with the original Complaint. Plaintiff further contends that Defendant Edward Fleming is subject to liability under Title VII as an agent of Defendant Lawns Unlimited Ltd.

## III. LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standards that apply to a motion to dismiss under Rule 12(b)(6). Specifically, the Court must accept all factual allegations in the pleadings as

---

[1] The Court understands Plaintiff's Complaint to allege gender discrimination in violation of Title VII. The Court does not construe Plaintiff's Complaint to include a claim for benefits under COBRA or under the Delaware Wage Payment Act. Thus, the Court need not discuss whether Plaintiff has adequately alleged facts sufficient to state these claims.

true and draw all reasonable factual inferences in the light most favorable to the nonmovant. The Court is not required to accept legal conclusions alleged or inferred from the pleaded facts. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1969 (2007). Under Federal Rule of Civil Procedure 12(h)(2), a defense of failure to state a claim may be raised by a motion for judgment on the pleadings pursuant to Rule 12(c).

## IV. DISCUSSION

### A. Failure To Timely Serve Complaint

Pursuant to Federal Rule of Civil Procedure 4(m), the plaintiff has 120 days after the filing of the complaint to effectuate service on the defendant. Fed. R. Civ. P. 4(m). The Court is required to dismiss a complaint without prejudice if the requirements of Rule 4(m) are not satisfied, unless the plaintiff shows good cause justifying an extension of time to complete service. Id.

Defendants contend that Plaintiff's Complaint must be dismissed for failure to effectuate service of process within the 120-day period pursuant to Rule 4(m). Plaintiff filed her Complaint with the Court on July 15, 2005. Contemporaneous with her Complaint, Plaintiff filed a Motion For Leave To Proceed in forma pauperis (D.I. 1). The Court denied Plaintiff's Motion on January 11, 2006. On January 27, 2006, Plaintiff paid the filing fee. By letter dated March 28, 2006, then counsel for Defendants

3

informed Plaintiff that Defendants received the summonses without an attached complaint. On May 3, 2006, Defendants filed an Answer (D.I. 8).

The Court concludes that the Court's delay in resolving Plaintiff's request to proceed in forma pauperis is good cause justifying an extension of time for service. The court's delay in resolving such a request should not prejudice plaintiff's ability to proceed. See Scary v. Philadelphia Gas Works, 202 F.R.D. 148, 151 (E.D.Pa. 2001) (holding that, where a motion to proceed in forma pauperis is filed with the complaint, the 120-period for service begins when the filing fee is paid). Particularly, whether a plaintiff is responsible for service depends on resolution of a motion to proceed in forma pauperis because, where a plaintiff proceeds in forma pauperis, service is effected by a U.S. Marshal pursuant to Rule 4(c)(2). Additionally, the Court concludes that Plaintiff completed service within a reasonable time after paying the filing fee. Here, Plaintiff served the summonses on or about March 28, 2006; approximately sixty days after the filing fee was paid. Although Plaintiff did not attach the Complaint to the original service of the summonses, Defendants filed their Answer on May 3, 2006, presumably with the benefit of the Complaint. They filed their Answer in a timely manner with knowledge of the nature and extent of Plaintiff's allegations. Thus, the Court concludes that Defendants did not suffer prejudice from any delay of service.

Accordingly, in the circumstances of this case, dismissal of the Complaint for failure to effect service of process is not warranted, and therefore, the Court will deny Defendant's Motion on this ground.

    B.    <u>Whether Plaintiff States A Claim For Gender Discrimination Under Title VII</u>

Generally, an amended pleading supersedes the original. However, in the circumstances in this case, the Court concludes that placing form over function is not warranted. The allegations in the Amended Complaint (D.I. 19) are nearly identical to the original Complaint (D.I. 2). Also, the Amended Complaint does not add any parties or claims. Further, Defendants were permitted to amend their Answer after the filing of the Amended Complaint. Defendants suffer little prejudice by reading the two complaints together because the nature of Plaintiff's claims and extent of her allegations are part of the record.

With respect to the adequacy of the allegations in the original Complaint, the Court concludes that Plaintiff has alleged sufficient facts to state a Title VII claim for gender discrimination. In the original Complaint, Plaintiff used a Title VII Complaint Form provided by the Court. This Complaint incorporated by reference the statement of facts in Plaintiff's Charge of Discrimination to the EEOC, which is attached to the Complaint (see D.I. 2). In light of Plaintiff's <u>pro se</u> status and the liberal pleading requirements of the Federal Rules of

5

Civil Procedure, the Court concludes that it is proper to read the statement of facts on the EEOC form into the Complaint itself. Thus, construing the statement of facts in the light most favorable to Plaintiff, the Court concludes that Plaintiff's allegations are sufficient to state a claim for gender discrimination.

However, for the sake of clarity of the record, the Court will permit Plaintiff to submit a second amended complaint which combines the original (D.I. 2) and Amended Complaint (D.I. 19), so long as Plaintiff does not add claims, parties, or essential facts not already alleged. If Plaintiff wishes to add claims, parties, or essential facts not already alleged, she must request leave to amend her Amended Complaint by motion.

C.   Whether Defendants Are Employers Under Title VII

Title VII makes it unlawful for an employer to discriminate on the basis of an individual's gender. 42 U.S.C. § 2000e-2(a). Under the statute, the definition of "employer" includes agents of the employer. 42 U.S.C. § 2000e(b). Individual employees cannot be held liable under Title VII. Sheridan v. E.I. Dupont de Nemours & Co., 100 F.3d 1061, 1077 (3d Cir. 1996).

Plaintiff contends that Defendant Fleming is an agent of the employer because he is the owner of Defendant Lawns Unlimited Ltd. and was Plaintiff's supervisor. The Court concludes that whether Defendants are "employers" for purposes of Title VII

6

liability is an issue that cannot be resolved on the pleadings. Accordingly, the Court will deny Defendants' Motion on this ground. However, the Court will entertain renewed arguments on the issue in the context of summary judgment.

### ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that:

1) Defendants' Motion For Judgment On The Pleadings (D.I. 44) is **DENIED**;

2) Plaintiff shall submit a Second Amended Complaint consistent with this Memorandum Order **by Friday, August 17, 2007**.

July 23, 2007

_____
UNITED STATES DISTRICT JUDGE