```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE
```

RENEE M. BUTZ,                  :
                                :
       Plaintiff,             :
                                :
  v.                            : Civil Action No. 05-495-JJF
                                :
LAWNS UNLIMITED LTD. and        :
EDWARD FLEMING,                 :
                                :
       Defendants.            :

### MEMORANDUM ORDER

Pending before the Court are various discovery motions. The Court will address each individually.

### I. MOTIONS FOR PROTECTIVE ORDER

In pertinent part, Rule 26(c) provides that upon "motion by a party or by the person from who discovery is sought...the court... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). To prevail, the movant must demonstrate good cause for a protective order. Id. "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) (quoting Publicker Indus. Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). In determining whether there is good cause, courts will balance the interests of the parties and the public. Pansy, 23 F.3d at 787.

A.   Defendant's Motion For A Protective Order (D.I. 68)

By their Motion, Defendants request that the Court enter a protective order to preclude Plaintiff from taking the deposition of Defendant Fleming in Glasgow, Delaware, and to preclude the attendance of Michael L. Butz, Plaintiff's father-in-law, at any deposition other than Plaintiff's deposition.  Plaintiff did not file a response.

With respect to Mr. Butz's attendance at depositions, the Court concludes that Defendants have not demonstrated good cause to show that preclusion of Mr. Butz from depositions is warranted.  The Court's Order granting permission for Mr. Butz to attend "Plaintiff's deposition and other proceedings before the Court" (D.I. 58) should be read to include permission for Mr. Butz to attend any deposition in this litigation.  As stated in the previous Order, Mr. Butz is precluded from acting as a legal representative to Plaintiff while attending the depositions.  The Court concludes this limitation is sufficient protection of Defendants' interests at this juncture.

With respect to the location of Plaintiff's deposition of Defendant Fleming, Defendants contend that the workplace of Mr. Butz in Glasgow, Delaware, is not acceptable.  Plaintiff contends that she sought that location because it was "neutral" and she did not have to pay for use of the conference room.  Defendants contend that the deposition should take place at the Defendants'

2

place of business in Milton, Delaware or, alternatively, at the office of its counsel, Young Conaway Stargatt & Taylor ("YCST"). The Court concludes that the offices of YCST in Wilmington, Delaware, are a reasonable alternative and should alleviate the concerns of both parties.

Accordingly, the Court will grant the Motion (D.I. 68) to the extent Defendants request relief with respect to the location of Defendant Fleming's deposition, and deny the Motion regarding the attendance of Michael L. Butz at any deposition during this litigation.[1]

    B.    <u>Plaintiff's Motion For Protective Order On Medical Records (D.I. 75)</u>

By her Motion, Plaintiff requests that the Court enter a protective order prohibiting Defendants from requesting medical records outside the scope of her claims. Plaintiff contends that she seeks only damages related to her pregnancy and medical expenses corresponding to the time frame of December 2003 through March 2004. Plaintiff further contends that subpoenas of medical records by Defendants to Plaintiff's medical providers are overly

---

[1] Resolution of this Motion implicates Plaintiff's Motions To Compel (D.I. 74, 77). By her Motions, Plaintiff requests relief with respect to the scheduling and location of depositions. Specifically, Defendant seeks a Court order compelling Defendant Fleming to appear for a deposition in Glasgow, Delaware, on May 2, 2007, and a Court order to postpone the taking of her deposition until the Court resolves the Defendants' Motion For Protective Order. Based on the discussion above regarding Defendants' Motion For Protective Order, the Court will deny Plaintiff's Motions To Compel as moot.

broad because they did not include a specified time frame (see D.I. 75). In response, Defendants contend that Plaintiff's entire medical history is relevant because she is seeking damages for pain and suffering and emotional distress. Although Plaintiff's original and Amended Complaints do not include a request for pain and suffering and emotional distress, Plaintiff confirmed that she is requesting such relief by her reply to Defendant's response (D.I. 87).[2]

The Court concludes that the scope of Plaintiff's medical records request is not overly broad. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The Court concludes that Plaintiff's medical history prior to December 2003 and after March 2004 is relevant because Plaintiff seeks damages for pain and suffering and emotional distress resulting from the termination of her employment. The medical history is relevant to determine whether the actions of Defendants proximately caused Plaintiff's distress. Thus, the Court concludes that Plaintiff has not met her burden to demonstrate good cause for a protective order, and therefore, the Motion will be denied.

---

[2] Typically, a request for specific damages such as emotional distress must be pleaded with particularity in accordance with Fed. R. Civ. P. 9(g). However, in light of Plaintiff's pro se status, the Court will liberally construe her demand for judgment to include a request for pain and suffering and emotional distress.

## II. **DEFENDANTS' MOTION TO COMPEL (D.I. 81)**

By their Motion, Defendants request that the Court enter an order compelling Plaintiff to respond fully and completely to their first set of document requests and interrogatories. Defendants contend that Plaintiff makes various baseless objections to the discovery requests including assertions that the information requested is overly broad, irrelevant, personal and private, protected by attorney-client privilege and the work product doctrine, and already produced. In response, Plaintiff contends that the objections are not baseless and makes specific objections to several items requested by Defendants.

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Such discovery is not limited to admissible evidence, but to evidence that is reasonably calculated to lead to the discovery of admissible evidence. Id. A party must produce relevant information and documents in its possession, regardless if he or she believes the information is already possessed by or available to the requesting party. The attorney-client privilege protects only the communications made by a client to his or her attorney in order to obtain legal advice or services. The attorney-client privilege does not protect the underlying facts of the case or documents provided to the attorney. The party asserting the privilege has the burden to establish that the privilege exists.

5

The Court understands that the parties have continued to engage in the discovery process and a second set of requests for production of documents and interrogatories has been exchanged without motion to the Court. However, to the extent that the requested discovery is still in dispute, and upon review of the requests and interrogatories at issue, the Court concludes that the following categories of information are discoverable as relevant: 1) Plaintiff's medical history, including the time period before and after December 2003 through March 2004, is relevant to Plaintiff's request for damages based on pain and suffering and emotional distress; 2) Plaintiff's financial records and salary information are relevant to Plaintiff's claims for back wages and unpaid bonus money; 3) information related to Plaintiff's employment with Defendants including communications with Defendants regarding benefits, vacation and personal time, and bonuses are relevant to Plaintiff's claim. However, the Court concludes that information related to Plaintiff's current employment is not relevant to the claim or defense of any party. Future objections by Plaintiff to discovery requests that are unduly burdensome or related to information Plaintiff contends is privileged should be made with such specific detail that Defendants can consider revising their requests accordingly.

**ORDER**

NOW THEREFORE, IT IS HEREBY ORDERED that:

1) Defendant's Motion For Protective Order (D.I. 68) is **GRANTED IN PART** to the extent Defendants request relief with respect to the location of Defendant Fleming's deposition, and **DENIED IN PART** to the extent Defendants request that the Court preclude Michael L. Butz from attending any depositions;

2) Plaintiff's Motions To Compel (D.I. 74, 77) are **DENIED as moot**;

3) Plaintiff's Motion For Protective Order On Medical Records (D.I. 75) is **DENIED**;

4) Defendants' Motion To Compel (D.I. 81) is **GRANTED**;

5) Defendants' Motion For Extension Of Time To Complete Discovery (D.I. 96) is **GRANTED**; exchange and completion of interrogatories, identification of all fact witnesses and document production shall be completed **by September 21, 2007**; any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before **October 5, 2007**.

July 25, 2007

_____
UNITED STATES DISTRICT JUDGE