IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE M. BUTZ, : | |
| : | C.A. No.: 05-495 JJF |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| LAWNS UNLIMITED LTD, AND : | |
| EDWARD FLEMING : | |
| : | |
| Defendants. : | |

## **ANSWER**

Defendants hereby respond to the numbered paragraphs of the Complaint herein as follows:

1. This paragraph states legal conclusions to which no response is required.

2. Upon information and belief, this paragraph states Plaintiff's current address.

3. Admitted that Defendant Lawns Unlimited, LTD operates its business 15089 Coastal Highway, Milton, Delaware 19968.

4. Denied.

5. Denied.

6. Denied that any discriminatory practice occurred; admitted that it is not continuing.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the matter alleged.

8. Admitted that Plaintiff filed a Charge of Discrimination with the Delaware Department of Labor on February 17, 2004.

9. Admitted that Plaintiff attached a copy of a Notice of Right to Sue, issued on June 9, 2006 by the EEOC. Defendants lack knowledge or information sufficient to form a belief as to the truth of the matter alleged in the rest of this paragraph.

10. Denied.

11. Denied.

12. Denied. Denied that any such document is attached to Plaintiff's First Amended Complaint.

13. Denied.

14. Denied.

### FIRST AFFIRMATIVE DEFENSE

15. The complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

16. The complaint is barred by the applicable statue of limitations.

### THIRD AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred in whole or in part by her failure to exhaust all available statutory, administrative, or contractual remedies and/or other applicable federal or state statutes of limitation, jurisdiction, and/or administrative requirements.

### FOURTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims fail in whole or in part because at all times Defendant made a good faith effort to comply with applicable law, acted lawfully and with legitimate non-discriminatory business reasons that were not a pretext for unlawful discrimination.

## FIFTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred in whole or in part with the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

20. Plaintiff's claims are barred in whole or in part by her failure to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred because the Court does not have jurisdiction over the persons.

## EIGHTH AFFIRMATIVE DEFENSE

22. Plaintiff's Complaint may be denied in whole or in part due to insufficient service.

## NINTH AFFIRMATIVE DEFENSE

23. Plaintiff's claims are barred in whole or in part for insufficient service of process.

## TENTH AFFIRMATIVE DEFENSE

24 Plaintiff's Complaint may be denied in whole or in part with the doctrine of after-acquired evidence.

WHEREFORE, Defendants demand that judgment be entered in their favor and against Plaintiff on the basis of any or all of the defenses set out above, with all the cost of this action, including reasonable attorneys fees, taxed to Plaintiff.

Dated:  December 26, 2006

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        /s/ Margaret M. DiBianca
        William W. Bowser, Esquire (No. 2239)
        Margaret M. DiBianca, Esquire (No. 4329)
        The Brandywine Building, 17th Floor
        1000 West Street
        P.O. Box 391
        Wilmington, Delaware  19899-0391
        Telephone: (302) 571-5008
        Facsimile: (302) 576-3467
        Email:  mdibianca@ycst.com
        Attorneys for Defendants