ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED

AUG 1 5 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RENEE M. BUTZ, )
)
Plaintiff, )
)
v. )
)
LAWNS UNLIMITED LTD. and )
EDWARD FLEMING, )
)
Defendants. )

Civ. No. 05-495-JJF
Judge Joseph J. Farnan Jr.

## SECOND AMENDED COMPLAINT

Consist with Judge Joseph J. Farnan Jr. memorandum order of July 23, 2007, Plaintiff is

submitting this Second Amended Complaint which combines the Original (D.I. 2) and Amended

Complaint (D.I. 19).

1.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as

amended, for employment discrimination. Jurisdiction exists by virtue of 42 U.S.C. §2000e-5.

Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2.     Plaintiff resides at 58 Hickory Drive, North East, Cecil County, MD 21901.

Telephone number 410-441-4300.

3.     Defendant resides at, or its business is located at 15089 Coastal Highway, Milton,

Sussex County, DE 19968.

4.     The discriminatory conduct occurred in connection with plaintiff's employment at,

or application to be employed at, defendant's Edward Fleming (Lawns Unlimited) place of

business located at 15089 Coastal Highway, Milton, Sussex County, DE 19968.

5.     The alleged discriminatory acts occurred [on] from [01-09-2003 to 07-01-2004]

September 1, 2003 to January 7, 2004.

6.      The alleged discriminatory practice is not continuing.

7.      Plaintiff filed charges with the Department of Labor of the State of Delaware,
Division of Industrial Affairs & EEOC, 4425 N. Market St., Wilmington, New Castle County,
DE 19802, regarding defendant's alleged discriminatory conduct [on] from [01-09-2003 to 07-
01-2004] September 1, 2003 to January 7, 2004.

8.      Plaintiff filed charges with the Equal Employment opportunity Commission of the
United States regarding defendant's alleged discriminatory conduct on [17-02-2004] February 17,
2004.

9.      The Equal Employment Opportunity Commission issued the attached Notice of
Right to Sue letter which was received by plaintiff on [30-04-2005] June 9, 2006. See attached.

10.     The alleged discriminatory acts, in this suit, concern: termination of plaintiff's
employment and other acts including but not limited to cancel health insurance without written
notice and did not offer Cobra. Did not receive vacation, sick, and personal time. Deleted
overtime hours and no pay out on bonus.

11.     Defendant's conduct is discriminatory with respect to the following: Plaintiff's
sex.

12.     A copy of the charges filed with the Equal Employment Opportunity Commission
is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

13.     If relief is not granted, plaintiff[s] will be irreparable denied rights secured by
Title VII of the 1964 Civil Rights Act, as amended.

14.     Plaintiff['s] has no adequate remedy at law to redress the wrongs described above.


THEREFORE, Plaintiff prays as follows:

A.      That all fees, cost or security attendant to this litigation by hereby waived.

B.    That the Court appoint legal counsel.

C.    That the Court grant such relief as may be appropriate, including injunctive orders,

damages, cost and attorney's fees.

I declare under penalty of perjury that the foregoing is true and correct.

Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410)441-4300
Plaintiff pro se

Dated: 8/13/07.

(Del. Rev. 12/98)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

2005 JUL 15 PM 1:27

Renée M Butz

_____

(Name of Plaintiff or Plaintiffs)

v.

CIVIL ACTION No. _05 - 495_

Lawns Unlimited Ltd and
Edward Fleming

(Name of Defendant or Defendants)

### _COMPLAINT UNDER TITLE VII_

### _OF THE CIVIL RIGHTS ACT OF 1964_

1.    This action is brought pursuant to _Title VII of the Civil Rights Act of 1964_, as amended, for **employment discrimination.** Jurisdiction exists by virtue of 42 U.S.C. $2000e-5. Equitable and other relief are also sought under 42 U.S.C. $2000e-5(g).

2.    Plaintiff resides at **58 Hickory Drive**
(Street Address)

**North East    Cecil      MD        21901**
(City)        (County)       (State)      (Zip Code)

**410 4414300**
(Area Code) (Phone Number)

3.    Defendant resides at, or its business is located at **15089 Coastal Highway**
(Street Address)

**Milton     Sussex     DE      19968**
(City)       (County)      (State)    (Zip Code)

4.    The discriminatory conduct occurred in connection with plaintiff's employment at, or application to be employed at, defendant's **Edward Fleming (Lawns Unlimited)** place of bussiness
(Defendant's Name)

located at **15089 Coastal Highway #_____          2**
(Street Address)

**Milton     Sussex     DE      19968**
(City)       (County)      (State)    (Zip Code)

5.    The alleged discriminatory acts occurred on _O1___ , _O9___ , _2003___ to (letter u
         _7___ , _O1___ , _2004___ dated on
         (Day)         (Month)         (Year)

6.    The alleged discriminatory practice    ○ is    ✗ is not continuing.

7.    Plaintiff filed charges with the Department of Labor of the State of Delaware, st
Division of Industrial Affairs & EEOC  4425 N market  Wilmington
      (Agency)          (Street Address)          (City)

New Castle      DE      19802           O9        2003  to  , regarding
      (County)          (State)          (Zip Code)
defendant's alleged discriminatory conduct on  _O1___ , _O1___ , _2004___ .
                                                (Day)      (Month)      (Year)

8.    Plaintiff filed charges with the Equal Employment opportunity Commission of the United States
regarding defendant's alleged discriminatory conduct on:  _17___ , _O2___ , _2004___ .
                                                           (Day)      (Month)      (Year)

9.    The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to-Sue letter
which was received by plaintiff on:  _3O___ , _O4___ , _2005___ .
                                      (Day)      (Month)      (Year)

### *(NOTE:    ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)*

10.    The alleged discriminatory acts, in this suit, concern:

   A.    ○  Failure to employ plaintiff.

   B.    ✗  Termination of plaintiff's employment.

   C.    ○  Failure to promote plaintiff.

   D.    ✗  Other acts (please specify below)

Canceled health insurance without written notice
and did not offer Cobra. Did not receive Vacation,
Sick, and Personal Time. Deleted overtime hours
and no pay out on bonus.

11.    Defendant's conduct is discriminatory with respect to the following:

    A.    **O**    Plaintiff's race

    B.    **O**    Plaintiff's color

    C.    **⊗**    Plaintiff's sex

    D.    **O**    Plaintiff's religion

    E.    **O**    Plaintiff's national origin

12.    A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

13.    If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 CivilRights Act, as amended.

14.    Plaintiff's has no adequate remedy at law to redress the wrongs described above.

### *THEREFORE*, Plaintiff prays as follows: (Check appropriate letter(s))

    A.    **⊗**    That all fees, cost or security attendant to this litigation be hereby waived.

    B.    **⊗**    That the Court appoint legal counsel.

    C.    **⊗**    That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: 7|15|05

(Signature of Plaintiff)

(Signature of additional Plaintiff)

CC  ACCOUNTING  DEPT

## STATE OF DELAWARE
## DEPARTMENT OF LABOR
### DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION UNIT

Ms. Renee Butz
58 Hickory Drive,
North East, MD 21901
vs.
Lawns Unlimited C/o
Wilson, Halbrook & Bayard
15089 Coastal Hwy
Milton, DE 19968
Attn: Eric C. Howard, Esq.

Case Number 04020302

### FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

### *Reasonable Cause Determination and Notice of Mandatory Conciliation.*
In this case, the Department has completed its investigation and found that there is reasonable cause to believe that an unlawful employment practice has occurred. Under the provisions of the law, the parties are now required to engage in mandatory conciliation with Theodore R. Robinson. Please be prepared to appear for conciliation on the following date and time  Monday April 11, 2005 at 1:00 p. m.  at the location of 4425 North Market Street Wilmington, DE 19809.

Your cooperation and good faith effort is anticipated. Your corresponding Delaware Right to Sue Notice will be effective one day after your compliance with the conciliation effort.

The reasonable cause finding is based primarily on the following facts:

In a Discrimination case, Charging Party must prove that she was treated less favorably/terminated based on her sex and pregnancy. The evidence provided in this case established that Charging Party was discharged in a discriminatorily biased manner based upon her sex and pregnancy. According to Title VII of the Civil Rights Act of 1964 Charging Party must successfully established that the Respondent did not hold open her employment position for her pregnancy related absence. The evidence did show that the Respondent ended the employment relationship prior to the conclusion of Charging Party's scheduled maternity leave. Respondent offered an explanation but did not provide sufficient evidence to support their position. Therefore, Charging Party has met her burden of proof in this case.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Unit. See the attached Notice of Rights.

3/31/05
Date issued

Julie K. Cutler, Administrator

4/25/05
Date conciliation completed

Julie K. Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-12RC : 12/04

## NOTICE OF DELAWARE RIGHTS

*The Department of Labor Discrimination Unit provides the following excerpt from 19 Del. C. § 710, et seq. as information regarding the Delaware Right to Sue Notice. If you need legal advice, please seek your own legal counsel.*

### § 714. Civil action by the Charging Party; Delaware Right to Sue Notice; election of remedies.

(a) A Charging Party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same.

(b) The Delaware Right to Sue Notice shall include authorization for the Charging Party to bring a civil action under this Chapter in Superior Court by instituting suit within ninety (90) days of its receipt or within ninety (90) days of receipt of a Federal Right to Sue Notice, whichever is later.

(c) The Charging Party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A Charging Party is barred by this election of remedies from filing cases in both Superior Court and the federal forum. If the Charging Party files in Superior Court and in a federal forum, the Respondent may file an application to dismiss the Superior Court action under this election of remedies provision.

## NOTICE OF FEDERAL RIGHTS

1. If your case was also filed under federal law and resulted in a "No Cause" finding, you have additional appeal rights with the Equal Employment Opportunity Commission. Under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the DDOL's final finding. To obtain this review, you must request it by writing to EEOC within *15 days of your receipt* of DDOL's final finding in your case. Otherwise, EEOC will generally adopt the DDOL's findings.

2. If your case was also filed under federal law, you have the right to request a federal Right to Sue Notice from the EEOC. To obtain such a federal Right to Sue Notice, you must make a written request directly to EEOC at the address shown below. Upon its receipt, EEOC will issue you a Notice of Right to Sue and you will have ninety (90) days to file suit. The issuance of a Notice of Right to Sue will normally result in EEOC terminating all further processing.

3. Requests to the EEOC should be sent to:

    Equal Employment Opportunity Commission
    The Bourse, Suite 400
    21 S. Fifth Street
    Philadelphia, PA 19106-2515

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-13 : 8/04

## STATE OF DELAWARE
## DEPARTMENT OF LABOR
## DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION UNIT

Ms. Renee Butz                                    Case Number 04020302
58 Hickory Drive,
North East, MD 21901
vs.
Lawns Unlimited C/o
Wilson, Halbrook & Bayard
15089 Coastal Hwy.
Milton, DE 19968
Attn: Eric C. Howard, Esq.

### FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

#### *Reasonable Cause Determination and Notice of Mandatory Conciliation.*

In this case, the Department has completed its investigation and found that there is reasonable cause to believe that an unlawful employment practice has occurred. Under the provisions of the law, the parties are now required to engage in mandatory conciliation with Theodore R. Robinson. Please be prepared to appear for conciliation on the following date and time __Monday April 11, 2005 at 1:00 p. m.__ at the location of 4425 North Market Street Wilmington, DE 19809.

Your cooperation and good faith effort is anticipated. Your corresponding Delaware Right to Sue Notice will be effective one day after your compliance with the conciliation effort.

The reasonable cause finding is based primarily on the following facts:

In a Discrimination case, Charging Party must prove that she was treated less favorably/terminated based on her sex and pregnancy. The evidence provided in this case established that Charging Party was discharged in a discriminatorily biased manner based upon her sex and pregnancy. According to Title VII of the Civil Rights Act of 1964 Charging Party must successfully established that the Respondent did not hold open her employment position for her pregnancy related absence. The evidence did show that the Respondent ended the employment relationship prior to the conclusion of Charging Party's scheduled maternity leave. Respondent offered an explanation but did not provide sufficient evidence to support their position. Therefore, Charging Party has met her burden of proof in this case.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Unit. See the attached Notice of Rights.

__3/31/05__                                    __Julie K. Cutler__
Date issued                                    Julie K. Cutler, Administrator


_____                        _____
Date conciliation completed                    Julie K. Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-12RC : 12/04

## STATE OF DELAWARE
### DEPARTMENT OF LABOR
#### DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION UNIT

Ms. Renee Butz                                    Case Number 04020302
58 Hickory Drive,
North East, MD 21901
vs.
Lawns Unlimited C/o
Wilson, Halbrook & Bayard
15089 Coastal Hwy
Milton, DE 19968
Attn: Eric C. Howard, Esq.

### FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

### *Reasonable Cause Determination and Notice of Mandatory Conciliation.*

In this case, the Department has completed its investigation and found that there is reasonable cause to believe that an unlawful employment practice has occurred. Under the provisions of the law, the parties are now required to engage in mandatory conciliation with Theodore R. Robinson. Please be prepared to appear for conciliation on the following date and time _Monday April 11, 2005 at 1:00 p. m._ at the location of 4425 North Market Street Wilmington, DE 19809.

Your cooperation and good faith effort is anticipated. Your corresponding Delaware Right to Sue Notice will be effective one day after your compliance with the conciliation effort.

The reasonable cause finding is based primarily on the following facts:

In a Discrimination case, Charging Party must prove that she was treated less favorably/terminated based on her sex and pregnancy. The evidence provided in this case established that Charging Party was discharged in a discriminatorily biased manner based upon her sex and pregnancy. According to Title VII of the Civil Rights Act of 1964 Charging Party must successfully established that the Respondent did not hold open her employment position for her pregnancy related absence. The evidence did show that the Respondent ended the employment relationship prior to the conclusion of Charging Party's scheduled maternity leave. Respondent offered an explanation but did not provide sufficient evidence to support their position. Therefore, Charging Party has met her burden of proof in this case.

DOL Form C-12RC : 12/04

| **CHARGE OF DISCRIMINATION** | **ENTER CHARGE NUMBER** |
|---|---|
| This form is affected by the Privacy Act of 1974 | ☐ FEPA 04020302<br>☐ EEOC 17CA400296 |

| **Delaware Department of Labor** | and **EEOC** |
|---|---|

(State, or local Agency, if any)

| **NAME** (Indicate Mr., Mrs., Ms) | **HOME TELEPHONE NO.** (Include Area Code) |
|---|---|
| Renee Marie Butz | (302) 832-1704 |

| **STREET ADDRESS** | **CITY, STATE AND ZIP CODE** | **COUNTY** |
|---|---|---|
| 2 Cymbal Court    Newark DE 19702    NCC | | |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)**

| **NAME** | **NO. OF EMPLOYEES OR MEMBERS** 23 | **TELEPHONE NUMBER (Incl. Area Code)** |
|---|---|---|
| Lawns Unlimited, Ltd. | | (302) 645-5296 |

| **STREET ADDRESS** | **CITY, STATE AND ZIP CODE** | |
|---|---|---|
| 15089 Coastal Hwy    Milton, DE    19968 | | |

| **NAME** | **TELEPHONE NUMBER (include Area Code)** |
|---|---|
| | |

| **STREET ADDRESS** | **CITY, STATE AND ZIP CODE** |
|---|---|
| | |

| ☐RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☐ AGE<br><br>☐ RETALIATION    ☐ DISABILITY    ☐ OTHER (Specify) | **DATE DISCRIMINATION TOOK PLACE**<br>**EARLIEST** 09/01/03<br>**LATEST** 12/23/2003<br>☐ CONTINUING ACTION |
|---|---|

**THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):**

I. I am a female individual who began working for Respondent on 09/01/02 most recently as an Office Manager. In April 2003 I informed Respondent that I was pregnant and would be taking maternity leave once the baby was born. During my pregnancy Ed Fleming (President/Owner) and Jeanne Fleming (Owner/Treasurer) made numerous comments about my pregnancy and what I should do after the baby was born in regards to staying home and being a homemaker. On 12/23/03 I went into labor and worked half a day and then went out on maternity leave. That same day in the evening Respondent contacted me at home and demanded I come into work the next day and sign an employment contract. The following day I was contacted by Respondent again and instructed to come into work. That same day I sent Respondent an email stating that I was on maternity leave and would return to work after six weeks. I did not report to work on 12/24/03 and it was during my maternity leave that Respondent terminated my employment.

II. Respondent states that my employment was terminated because I did not inform them of my intended leave from work to take care of my new baby.

III. I believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as ammended and the Delaware Discrimination in Employment Act based upon my pregnancy because: 1.Respondent was aware of my pregnancy from the time that I found out I was pregnant, 2. Respondent was aware that I would probably have the baby prior to my due date in January 2004, 3. On the day I went into labor I went to work and before leaving at 2pm I informed Respondent that I would begin my maternity leave effective immediately, 4.I informed Respondent that I would not be back to work until six weeks after the last date I worked and yet Respondent claims I abandoned my job. 5. Raul Rodriguez/Roberto Gonzales was absent from work for a period of 1 week due to a motor vehicle accident and was not terminated while he was out on medical leave.

| ☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | **SIGNATURE OF COMPLAINANT**<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>2-17-04    Renee Butz<br>**Date**        **Charging Party (Signature)** | **NOTARY -** (When necessary to meet State and Local Requirements)<br><br>Subscribed and sworn to before me this date        (Day, month, and year) |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

**ENTER CHARGE NUMBER**

☐ FEPA
☐ EEOC

**Delaware Department of Labor** and **EEOC**

(State, or local Agency, if any)

| NAME (Indicate Mr., Mrs., Ms) | HOME TELEPHONE NO. (Include Area Code) |
|---|---|
| Renee Marie Butz | (302) 832-1704 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 2 Cymbal Court   Newark DE 19702   NCC | | |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** *(If more than one, list below.)*

| NAME | NO. OF EMPLOYEES OR | TELEPHONE NUMBER (Incl. Area Code) |
|---|---|---|
| Lawns Unlimited, Ltd. | MEMBERS 23 | (302) 645-5296 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 15089 Coastal Hwy  Milton, DE   19968 | |

| NAME | TELEPHONE NUMBER (include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| | |

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☐ AGE

☐ RETALIATION  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST   09/01/03
LATEST    12/23/2003
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

I. I am a female individual who began working for Respondent on 09/01/02 most recently as an Office Manager. In April 2003 I informed Respondent that I was pregnant and would be taking maternity leave once the baby was born. During my pregnancy Ed Fleming (President/Owner) and Jeanne Fleming (Owner/Treasurer) made numerous comments about my pregnancy and what I should do after the baby was born in regards to staying home and being a homemaker. On 12/23/03 I went into labor and worked half a day and then went out on maternity leave. That same day in the evening Respondent contacted me at home and demanded I come into work the next day and sign an employment contract. The following day I was contacted by Respondent again and instructed to come to work. That same day I sent Respondent an email stating that I was on maternity leave and would return to work after six weeks. I did not report to work on 12/24/03 and it was during my maternity leave that Respondent terminated my employment.

II. Respondent states that my employment was terminated because I did not inform them of my intended leave from work to take care of my new baby.

III. I believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as ammended and the Delaware Discrimination in Employment Act based upon my pregnancy because: 1.Respondent was aware of my pregnancy from the time that I found out I was pregnant, 2. Respondent was aware that I would probably have the baby prior to my due date in January 2004, 3. On the day I went into labor I went to work and before leaving at 2pm I informed Respondent that I would begin my maternity leave effective immediately, 4.I informed Respondent that I would not be back to work until six weeks after the last date I worked and yet Respondent claims I abandoned my job. 5. Raul Rodriguez/Roberto Gonzales was absent from work for a period of 1 week due to a motor vehicle accident and was not terminated while he was out on medical leave.

| ☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SIGNATURE OF COMPLAINANT |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | NOTARY - (When necessary to meet State and Local Requirements) |
| | |
| Date          Charging Party (Signature) | Subscribed and sworn to before me this date          (Day, month, and year) |

# EEOC AFFIDAVIT

| Charge #: | Date: 02/17/04 |
|---|---|

## Charging Party Information

**Name:**     Renee Marie Butz

**Street:**  2 Cymbal Court                      **City:**    Newark

**County:**  NCC        **State:**  DE            **Zip:**    19702

**Tel (H):** (302) 832-1704                      **Tel (W):**

**DOB:**                        **Sex:** Female    **Race:**    White

**Nat'l Origin:** U.S.                           **SSN:**           `-7861

## Contact Person

**Name:**     Darlene Rizzo
**Tel (H):** (```) ```-````                      **Tel (W):**
**Address:**

## Employment Information

**Date of Hire:** 09/01/02
**Date of Termination:** 12/23/03
**Date of Alleged Violation:** 12/23/03
**Relief Sought:** Other Damages
**Check One:** ☐ working  ☒ not working  ☐ sought employment at

## Respondent Information

**Name:**     Lawns Unlimited, Ltd.
**Address:** 15089 Coastal Hwy  Milton, DE  19968
**Type of Business:** Lawn Care
**Size of Business:** 23

## Basic Charge Data

| | |
|---|---|
| **Receiving Office:** 17C | **Intake Unit:** 1 |
| **Accountable Office:** 17C | **Intake Officer:** mss |
| **Initial Inquiry:** 01/23/04 | **Respondent Type:** E |
| **Received this Office:** 02/17/04 | **County:** 003 |
| **Source of Complaint:** A | **SMSA:** 9160 |
| **Federal Referral Transfer:** | **SIC:** 078 |
| **Alleged Basis:** GP | **Federal Agency:** |
| | **Alleged Issues:** T2, D2 |

## CONTINUATION OF AFFIDAVIT

**1.**    **COVERAGE/RESPONDENT'S BUSINESS:**
Lawn Care Services

**2.**    **RELEVANT WORK HISTORY:**
I. I ama female individual who began working for Respondent on 09/01/02 most recently as an Office Manager. In April 2003 I informed Respondent that I was pregnant and would be taking maternity leave once the baby was born. During my pregnancy Ed Fleming (President/Owner) and Jeanne Fleming (Owner/Treasurer) made numerous comments about my pregnancy and what I should do after the baby was born in regards to staying home and being a homemaker. On 12/23/03 I went into labor and worked half a day and then went out on maternity leave. The following day I was contacted by Respondent and instructed to come to work. I did not return to work and it was during my maternity leave that Respondent terminated my employment.

**3.**    **PERSONAL HARM:**
I believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as ammended and the Delaware Discrimination in Employment Act based upon my pregnancy because: 1.Respondent was aware of my pregnancy from the time that I found out I was pregnant, 2. Respondent was aware that I would probably have the baby prior to my due date in January 2004, 3. On the day I went into labor I went to work and before leaving at 2pm I informed Respondent that I would begin my maternity leave effective immediately, 4.I informed Respondent that I would not be back to work until six weeks after the last date I worked and yet Respondent claims I abandoned my job. 5. Raul Rodriguez/Roberto Gonzales was absent from work for a period of 1 week due to a motor vehicle accident and was not terminated while he was out on medical leave.

**4.**    **RESPONDENT'S EXPLANATION FOR THE ALLEGED HARM AND ITS POLICIES AND PRACTICES:**
Respondent states that my employment was terminated because I did not inform them of my intended leave from work to take of my new baby.

**5.**    **DIRECT EVIDENCE:**
See attached

**6.**

Debbie Watson (302) 9~~ ___ __ Home (
~~~ m
_ _ 3
~~~ ~~~ I began training her 6 weeks prior to
~~~ ~~~ cooper    Wa:

**7.**    **COMPARATIVE DATA:**
Raul Rodriguez/Roberto Gonzales (same person 2 names) took time off work for medical reasons and was not terminated

**8.**    **CLASS HARM:**
N/A

**9.**    **REMEDY/RELIEF SOUGHT:**
Other Damages

_____
**DATE AND INITIAL**

**PAGE #**

## CONTINUATION OF EEOC AFFIDAVIT

## SIGNATURE PAGE

**This Affidavit has been prepared by a representative of the EEOC in an official capacity as part of an investigation. It has been read by me and I agree with the contents. Where changes (if any) were necessary, I have initialed such changes.**

If affidavit is signed before a Notary Public, complete the following:

_____

Signature of Interviewee

State of _____                      My Commission expires _____

County of _____

Subscribed and sworn to before me on

This   day of              ,

20  , at          .                                      _____

Signature of Notary Public

Sign below if affidavit is signed before an EEO Representative:

| I declare under the penalty that the foregoing is true and correct. | | | |
|------|----------------------|----------------------------------|------------|
| DATE | SIGNATURE OF WITNESS | SIGNATURE OF EEOC REPRESENTATIVE | PAGE OF |

**PRIVACY ACT STATEMENT: (This form is covered by the Privacy Act of 1974, Public Law 93-579. Authority for requesting and uses of the personal date are given below.)**

1.    **FORM NUMBER/TITLE/DATE: EEOC FORM 133, EEOC AFFIDAVIT, August 1985.**

2.    **AUTHORITY: 42: USC 2000e(9), 29 USC 201, 29 USC 621.**

3.    **PRINCIPAL PURPOSES. Provides a standardized format for obtaining from the Charging Party, Respondent and Witness sworn statements of information relevant to a charge of discrimination.**

4.    **ROUTINE USES. These affidavits are used to: (1) make an official determination regarding the validity of the charge of discrimination; (2) guide the Commission's investigatory activity; and (3) in Title VII, Equal Pay Act, and Age Discrimination in Employment Act litigation, to impeach or substantiate a witness's testimony.**

5.    **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION: Voluntary. Failure to provide an affidavit has no effect upon the jurisdiction of the Commission to process a charge. However, sworn statements submitted by the parties are, of course, relied upon more heavily than unsworn statements in making determination as to the existence of unlawful discrimination.**



**Lawn & Tree Health Care Specialists**
15089 COASTAL HWY.  MILTON, DE 19968
(302) 645-5296   (302) 629-8873   (302) 678-5296
FAX (302) 645-5276

January 7, 2004

Renée Beauchemin Butz
2 Cymbal Court                                          **Via Cert. w/ Return Receipt**
Newark, De  19702

RE: Leave of Absence

Dear Renée;

I am writing in regards to your sudden leave of absence wherein you indicated you would be on maternity leave for six (6) weeks. I have several concerns regarding this issue.

First, you are well aware of our company policy that requires you to have prior written authorization signed by myself before any time off from your duties is permissible. For absences in excess of three (3) days, all employees are required to submit a request at least four (4) weeks prior to your intended date of leave. In accordance with the law, you must provide us with a written doctor's notice indicating that you require such time off. As of this date, you have not provided us with either of the above.

Our greater concern is that you told fellow co-workers, whom are willing to testify, that you never had any intentions of returning at all from your maternity leave. In fact you have sought and apparently accepted employment elsewhere. At this point, I feel I must make a professional employment decision based on information that I have. I have determined that you have terminated your employment with Lawns Unlimited, effective December 23, 2003, when you left the premises cleaning out your desk and taking all of your belongings.

Per conversation with our health insurance representative, your coverage disenrollment date is December 23, 2003. However, provided the insurance company will allow, Lawns Unlimited will extend your health insurance coverage through December 31, 2003. We will pay the premium for that extension on your behalf. I believe your main concern was covering the delivery of the baby. Having had your baby on December 30, 2003, this extension will allow those costs to be covered. Lawns Unlimited has now incurred a much higher premium as a result of your working for us for one (1) year and using the insurance to pay bills estimated to be in excess of $23,000.00, then leaving the company. Lawns Unlimited has never been in the practice of denying benefits to any employee. However, it is our belief that an employee will do as they say and stay long term with our company. We are disappointed when we see an employee, such as yourself, take advantage of the benefits, hours and overtime, etc. that we offer and abuse those privileges.

We wish you well with your new baby. If you have any questions or concerns, please feel free to contact me.

Respectfully Submitted,

*Edward Fleming*

Edward Fleming

**RETURN TO WORK OR SCHOOL**

**BAYSIDE HEALTH ASSOCIATION**
.................................................(302) 645-4700
.................................................(302) 856-3597
.................................................(302) 537-5395

Date _12|29|03_

This is to certify that

_Renee Beauchemin_

has been under my care for the following:

_Pregnancy_

and is able to return to work/school on _____

Remarks: _Please excuse from_
_work 12/29/03 and 12/30/03._

_J. Besler, M.D. /PS, LPN_
(SIGNATURE)

## Mike Butz

**From:** ReneeMButz@aol.com

**Sent:** Wednesday, December 24, 2003 1:00 PM

**To:** lawnsunlimited@msn.com

**Cc:** ReneeMButz@aol.com

**Subject:** Maternity Leave

To Ed and Jeanne-

This letter is to follow up with our conversation yesterday, December 23, 2003, concerning my maternity leave. As of 2:00 PM on December 23, 2003, I am officially on maternity leave. My intentions are to return back to work six weeks after the baby is born.

Sincerely,

Rene M. Butz

Renee Butz
58 Hickory Drive
North East, MD  21901

June 2, 2005

JO

The following is a brief synopsis of all of the events leading up to my contacting you for
representation.

My name is Renee Butz; I started working for Lawns Unlimited LTD in September 2002
as the Office Manager.  When I found out that I was pregnant in June 2003, I advised my
employer (Ed and Jeanne Fleming) that same day.  The Flemings and I discussed my
plans to return to work after my maturity leave.  I was to educate the office assistant on
all my responsibilities before I left.  As my due date came closer, the Fleming's started
making comments and references to Jeanne being at stay home mother and how she did
not decide this until after the birth of their first child.  Also, comments were made to the
fact that my husband was laid off when working for a company in Delmar, MD but was
accepting a job in Wilmington.  We were looking for a place that was half way between
our jobs.  They made comments of how anyone could commute more than half hour to
work.  I told them they I use to drive an hour to get to work before moving to Bethany
Beach with my husband (Scott).  Then comments were made about my overtime.   I
would come in early and/or leave late, worked through my lunch to get a lot of work done
due to tax season, software conversion, projects, and training the office assistant on my
responsibilities.  Ed started deducting my overtime without prior notice but demanded
certain work to be done before leaving.  My doctor appointments were made up during
my lunch hour most of the time.  Due to the high-risk pregnancy, I was put on pelvic rest.
This demanded more appointments.  Ed and Jeanne had no problems with me leaving
and making up the time, which I always did.

On December 23, 2003, I woke up around 5:30 AM in pain.  I got myself ready for work
and went to the hospital to make sure I was ok.  The nurse told me I was 3 cm dilated
and was told that I could have this baby anytime and that I should not be driving long
distances.  I got to work on time and advised Ed and Jeanne that I would be leaving
around 12:00PM, noon, and will be starting my maternity leave.  My husband and mother
came to pick me up.  As they were pulling in the driveway, Ed was leaving and waived to
them.  He also called me by radio and announced, "Your ambulance is here".  I went
over all the items with Debbie, the assistant I trained, and advised everyone that if they

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RENEE M. BUTZ,                          )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )        Civ. No. 05-495-~~SLR~~ JJF
                                        )        ~~Chief Judge Robinson~~
LAWNS UNLIMITED LTD. and                )        JUDGE JOSEPH J. FARNAN JR,
EDWARD FLEMING,                         )
                                        )
                    Defendants.         )

STIPULATION GRANTING LEAVE TO FILE
AMENDED COMPLAINT

IT IS STIPULATED BY THE PARTIES THAT:

   Plaintiff, Renee M. Butz, pursuant to Fed.R.Civ.P. 15(a), should be granted leave to
file within ten (10) days of the date of a Court Order the proposed Amended Complaint, a
copy of which is attached as Exhibit A.

Dated: 8|7|06                           _Renee Butz_
                                        Renee M. Butz
                                        58 Hickory Drive
                                        North East, MD 21901
                                        (410)441-4300
                                        Plaintiff pro se

Dated: 8/3/06                           _____
                                        Eric C. Howard, Esquire (#2006)
                                        Wilson, Halbrook & Bayard
                                        107 West Market Street
                                        P. O. Box 690
                                        Georgetown, DE 19947
                                        (302)856-0015
                                        Attorneys for Defendant

SO ORDERED:

_____
~~Sue L. Robinson, Chief Judge~~  JOSEPH J. FARNAN JR, JUDGE
United States District Court

2006 AUG -9  AM 9: 44
[DISTRICT COURT / DISTRICT OF DELAWARE stamp]

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE M. BUTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-495-SLR |
| | ) Chief Judge Robinson |
| LAWNS UNLIMITED LTD. and | ) |
| EDWARD FLEMING, | ) |
| | ) |
| Defendants. | ) |

### FIRST AMENDED COMPLAINT

1.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, for employment discrimination. Jurisdiction exists by virtue of 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2.    Plaintiff resides at 58 Hickory Drive, North East, Cecil County, MD 21901. Telephone number 410-441-4300.

3.    Defendant resides at, or its business is located at 15089 Coastal Highway, Milton, Sussex County, DE 19968.

4.    The discriminatory conduct occurred in connection with plaintiff's employment at, or application to be employed at, defendant's Edward Fleming (Lawns Unlimited) place of business located at 15089 Coastal Highway, Milton, Sussex County, DE 19968.

5.    The alleged discriminatory acts occurred [on] from [01-09-2003 to 07-01-2004] September 1, 2003 to January 7, 2004.

6.    The alleged discriminatory practice is not continuing.

7.    Plaintiff filed charges with the Department of Labor of the State of Delaware, Division of Industrial Affairs & EEOC, 4425 N. Market St., Wilmington, New Castle County,

EXHIBIT A

DE 19802, regarding defendant's alleged discriminatory conduct [on] from [01-09-2003 to 07-01-2004] September 1, 2003 to January 7, 2004.

8.     Plaintiff filed charges with the Equal Employment opportunity Commission of the United States regarding defendant's alleged discriminatory conduct on [17-02-2004] February 17, 2004.

9.     The Equal Employment Opportunity Commission issued the attached Notice of Right to Sue letter which was received by plaintiff on [30-04-2005] June 9, 2006. See attached.

10.    The alleged discriminatory acts, in this suit, concern: termination of plaintiff's employment and other acts including but not limited to canceled health insurance without written notice and did not offer Cobra. Did not receive vacation, sick, and personal time. Deleted overtime hours and no pay out on bonus.

11.    Defendant's conduct is discriminatory with respect to the following: Plaintiff's sex.

12.    A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

13.    If relief is not granted, plaintiff[s] will be irreparable denied rights secured by Title VII of the 1964 Civil Rights Act, as amended.

14.    Plaintiff['s] has no adequate remedy at law to redress the wrongs described above.


THEREFORE, Plaintiff prays as follows:

A.     That all fees, cost or security attendant to this litigation by hereby waived.

B.     That the Court appoint legal counsel.

C.     That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

EXHIBIT A

I declare under penalty of perjury that the foregoing is true and correct.

Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410)441-4300
Plaintiff pro se

Dated: 8|7|06 .

EEOC Form 161-B (10/96)                    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:Renee Butz
58 Hickory Drive
North East, MD 21901

From: Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse
21 S. Fifth Street, Suite 400
Philadelphia, PA  19106-2515

[   ]   *On behalf of person(s) aggrieved whose identity is*
         *CONFIDENTIAL (29 CFR § 1601.7(a)).*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2004-00296(formerly 17CA400296) | Legal Unit | (215) 440-2828 |

*(See also the additional information attached to this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ]    More than 180 days have passed since the filing of this charge.

[   ]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]    The EEOC is terminating its processing of this charge.

[   ]    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[   ]    The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[   ]    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the
Commission

Marie M. Tomasso, District Director                    *(Date Mailed)*

Enclosure(s)

Information Sheet

cc:    Director of Human Resources, Lawns Unlimited

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RENEE M. BUTZ,                          )
                                        )
                Plaintiff,              )
                                        )
        v.                              )        Civ. No. 05-495-JJF
                                        )        Judge Joseph J. Farnan Jr.
LAWNS UNLIMITED LTD. and                )
EDWARD FLEMING,                         )
                                        )
                Defendants.             )

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Second Amended

Complaint were sent by first-class United States mail, postage duly paid, on this ⟨13⟩ day of

⟨August⟩, 2007, to counsel of record as follows:

Margaret M. DiBianca
Young Conway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410) 441-4300
Plaintiff pro se

Dated: ⟨8 13 07⟩