IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
AUG 1 5 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE M. BUTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 05-495-JJF |
| ) | Judge Joseph J. Farnan Jr. |
| LAWNS UNLIMITED, LTD. and ) | |
| EDWARD FLEMING, ) | |
| ) | |
| Defendants, ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
FIRST SET OF INTERROGATORIES**

General Responses and Objections

1. Plaintiff object to any and all Interrogatories to the extent they seek the disclosure of information or documents protected by the attorney-client privilege and/or work product privilege.

2. Plaintiff object to any and all Interrogatories to the extent they seek information not relevant to the subject matter of this action and information not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to any and all Interrogatories to the extent they require a response other than as described by FRCP 33.

Each of the responses provided below are subject to the general responses and objections outlined herein. Plaintiff reserves the right to supplement these interrogatories as additional, responsive, non-privileged information becomes available.

Specific Objections and Responses

1. Identify each document that you have, and each document of which you are aware, which relates to any alleged wrongful act by Defendants, the claims made in the Complaint, for the facts of this case, including without limitation, any document of any kind identified by, produced to or referred to by you during any and all investigations conducted on your behalf by the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

**RESPONSE:** Plaintiff has previously produced responsive documents in their possession during the initial disclosure. Defendants have possession of these documents. Plaintiff provided "DDOL" documents.

2. Describe in detail the factual basis for your claim that you were discriminated against based on gender/pregnancy, including but not limited to (a) the identify of all individuals currently or formerly employed by Defendants whom you contend were biased against you based on gender/pregnancy; (b) the specific discriminatory or otherwise unlawful act(s) of each such individual; and (c) the date(s) of such discriminatory or otherwise unlawful act(s).

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome. Subject to and without waiving the foregoing objections, (a) Edward Fleming; (b) Terminated Plaintiff's employment when Plaintiff was on pregnancy leave, requested Plaintiff to sign an employment agreement when no other employees were required to, made sexist remarks concerning women's role as the person who is responsible for caring for the children, constantly remarked that women's role was to be at home taking care of children, Defendants' spouse also made similar comments throughout Plaintiff's pregnancy, etc; (c) Comments were made throughout the Plaintiff's pregnancy, Termination letter was received on January 13, 2004, and requested Plaintiff to sign Employment contract on January 14, 2007.

3. With respect to each factual allegation contained in the Complaint, identify each and every person known or believed by you to have knowledge with respect to any instance, act, event, occurrence or other circumstance which you contend forms the basis of or supports your allegations against Defendants, and for each such person describe in detail the information known or believed to be known by each such person including without limitation, each person employed by Defendants or any affiliate with whom you discussed alleged discrimination, harassment, or retaliation based on gender.

**RESPONSE:** Plaintiff has provided Defendants' name of all potential witnesses during Initial Disclosures, however will provide again:

| | |
|---|---|
| Renee M. Butz | Facts surrounding claim of pregnancy discrimination against Defendants. |
| Donna Nichols | Defendant's employment processes. |
| Dina Alderucci | Defendant's leave of absence policy and coverage for plaintiff while out on leave. |
| Laurie Schatz | Defendant's company practices. |
| Scott Butz | Plaintiff's leave of absence request and defendant's awareness of pregnancy and acknowledgement of leave. |
| Edward Fleming | Plaintiff's leave of absence request, pregnancy and employment termination. |
| Michael Butz | Knowledge of Employment contract offer |

4. Identify each person by name, telephone number, and address, who has been interviewed on your behalf, either by you or by another on your behalf and whether formally or informally conducted, including in your answer the date of the interview, the identify of each person present for each such interview.

**RESPONSE:** Plaintiff has provided Defendants' name and addresses of all potential witnesses. Discussions with these witnesses consisted of letting these individuals know that they may be deposed and requested to serve as witnesses at a trial. In addition, Dina Alderucci (34510 Bushnell Court, Apt 6, Lewes, DE, 19958) and Laurie Schatz (7269 Parkers Farm Lane, Frederick, MD, 21703) were interviewed concerning Mr. Fleming's employment practices.

5. Identify all persons, other than your attorneys, with whom you have discussed the matters that are the subject of this lawsuit, and supply the address and telephone number of each person.

**RESPONSE:** Plaintiff has provided Defendants' name and addresses of all potential witnesses.

6. Identify and describe in detail all medical expenses incurred by you or another on your behalf that you assert should have been paid by Defendants or which you assert as damages, beginning on December 23, 2003, including but not limited to descriptions of the health care provider and/or facility, the treatment or services provided, the diagnosis or determination, the follow-up treatments or services directed by the health care provider, the name of the person for whom the treatment or services were provided, all costs associated with such treatment or services, and all documents of which you are aware that support such claims.

**RESPONSE:** Plaintiff provides the following list:

| Date | Vendor | Description | Amount | Paid | For Who |
|---|---|---|---|---|---|
| 01/01/04 | Eckerd | RX 646925200 | | 3.54 | Renée |
| 01/01/04 | Eckerd | RX 246925100 | | 4.96 | Renée |
| 01/02/04 | William B Funk MD | Well Visit | 60.00 | 60.00 | Corrine |
| 01/04/04 | Eckerd | Pain medicine | | 4.96 | Renée |
| 01/04/04 | Eckerd | Pain medicine | | 3.54 | Renée |
| 01/04/04 | Christiana Care Health Services | Lab | 11.50 | 11.50 | Corrine |
| 01/04/04 | Christiana Care VNA | | 363.00 | 363.00 | Corrine |
| 01/05/04 | Christiana Care VNA | Nurse Visit | 150.00 | 150.00 | Corrine |
| 01/06/04 | Christiana Care VNA | Nurse Visit | 150.00 | 150.00 | Corrine |
| 01/08/04 | William B Funk MD | Well Visit | 60.00 | 60.00 | Corrine |
| 01/08/04 | William B Funk MD | | | 30.00 | Renée |
| 01/12/04 | William B Funk MD | Well Visit | 110.00 | 110.00 | Corrine |
| 01/12/04 | William B Funk MD | Back pain, cough, fever | 110.00 | 15.00 | Renée |
| 01/12/04 | William B Funk MD | | | 65.00 | Renée |
| 01/14/04 | Bayside Health OBGYN | Post Partum visit | | 15.00 | Renée |
| 02/01/04 | Happy Harrys | Birth Control | 30.75 | 30.75 | Renée |
| 02/11/04 | Bayside Health OBGYN | Post Partum visit | | 15.00 | Renée |
| 04/12/04 | William B Funk MD | Breast feeding | 60.00 | 15.00 | Renée |
| 04/12/04 | William B Funk MD | | 60.00 | 10.00 | Renée |
| 04/22/04 | William B Funk MD | Breast feeding problems | 60.00 | 10.00 | Renée |

7. Identify and describe any medical expenses described in Interrogatory No. 6 but for the limited period of December 23, 2003 through January 20, 2004 for which you submitted a request for coverage or reimbursement to Defendants' health insurance provider and for each claim submitted, identify and describe the response, if any, you received from said provider, including but not limited to whether and in what amount requested reimbursement was provided, in what amount, and any other information or correspondence received relating to health insurance coverage during this period.

**RESPONSE:** Plaintiff provided in Interrogatory No. 6.

8. Identify and describe any medical expenses described in Interrogatory No. 6 but for the limited period of December 23, 2003 through January 20, 2004 for which you did not submit a request for coverage or reimbursement to Defendants' health insurance provider and for each claim not submitted, explain the reason for such failure to submit.

**RESPONSE:** Plaintiff has none.

9. Describe in detail each way in which you contend you were injured or have suffered damages as a result of the claims made in your Complaint including, but not limited to: (a) stating the total amount of damages claimed for pecuniary or financial losses of any kind; (b) itemizing the amount of each element of damages claimed; (c) stating all facts or grounds upon which you rely to support each element of damages claimed; (d) stating the methods, theories, and calculations by which you arrived at the claimed dollar amounts of each element of damages claimed; (e) identify any person (including expert witnesses) whom you know or whom you believe has knowledge of the basis for and calculation of such damages; and (f) identifying the person(s) who calculated the amount of each element of damages claimed.

**RESPONSE:** Plaintiff is providing the following list:

| Description | Calculation | $ Amount | Explanation |
|---|---|---|---|
| Pain and Suffering | None | $50,000.00 | Defendants' brought stress into a period of time when Plantiff and Plainti spouse should have been enjoying new parenthood. |
| Punitive Damages | None | $50,000.00 | Defendants' broke the law |
| Medical Expenses | See List | 1,127.25 | Medical Expenses incurred by Plaintiff that Insurance should have covere |
| Medical Insurance | See List | 2,657.58 | Medical Premiums now paid that were not previously Plaintiff's responsib |
| Earnings Lost | $1008 - $726 | 282.00 | Difference of Unemployment to Regular Earnings |
| Overtime Earnings | 10 Hours at 19.13 | 193.00 | Unpaid overtime hours actually worked & shorted on last paycheck |
| Vacation | 40 hours x $12.75 | 510.00 | 2003 Unpaid Vacation Days (5 Accrued Days) |
| Personal | 16 hours x $12.75 | 204.00 | 2003 Personal Days (2 Accrued Days) |
| Holiday Pay | 8 hours x $12.75 | 204.00 | Unpaid Christmas 2003 & New Year's Day 2004 |
| Bonus Pay | Estimated | 500.00 | Anticipated 2003 Bonus (2002 Bonus was $500) |
| Miscellaneous | See list | 661.66 | Costs incurred relating to lawsuit |

10. Describe all benefits of employment for which you are currently eligible, including but not limited to, vacation, sick, and personal paid time off, health, life, and disability insurance, pension or other retirement fund.

**RESPONSE:** Plaintiff objects to this request to the extent that it is irrelevant and based on Judge's ruling.

11. Identify all non-monetary relief you are seeking and the basis for your request for such relief.

**RESPONSE:** Plaintiff seeks reimbursement of lost wages, related monetary benefits, medical expenses and insurance premiums, court related costs, pain and suffering, and punitive damages.

12. Identify each physician, psychologist, psychiatrist, therapist, counselor, social worker or any other health care provider you consulted or who examined or treated you and any medical records or other documents concerning treatment or consultation for

any physical or emotional injuries allegedly sustained by any person as a result of the facts alleged in the Complaint, and state the dates and purposes of each such treatment and exam, the diagnosis, prognosis and/or treatment you received with respect to each such consultation, examination or treatment.

**RESPONSE:** Plaintiff was treated by Dr. William Funk for breast feeding issues. Dr. Funk expressed that the breast feeding issues could be stress related. With the lack of medical insurance coverage, Plaintiff could not afford to seek medical care for stress related condition.

13. Identify each doctor, psychiatrist, psychologist, therapist, counselor, social worker or health care provider of any kind who treated you in the last ten years.

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome. Plaintiff objects to this request to the extent it seeks personal, private, and confidential information. Subject to and without waiving the foregoing objections, Plaintiff used Bayside Health OBGYN and Dr. William Funk. Before that, Plaintiff can not remember all the doctor's dealt with.

14. Describe in detail all efforts by you to obtain other employment during or after your employment with Defendant, including but not limited to stating the name and address of each prospective employer or employment agency you contacted or that contacted you or your agent; the position for which you applied; the number of hours per week that the person holding that position would work; the hourly, weekly, or monthly rate of pay; whether you were offered the position; and, if you rejected the offer, the reason for such rejection.

**RESPONSE:** Plaintiff provided this information with the Initial Disclosures. Plaintiff began seeking employment after receiving the Defendants' Termination letter. And accepted the first job offered. Plaintiff objects to this request to the extent that it is irrelevant and based on Judge's ruling.

15. With respect to each position of employment (including employment by a family member and self-employment) held by you during or after your employment with Defendant, state the following: name and address of the employer; the positions held; the dates you applied for, began and/or ended employment; the number of hours worked per week; the hourly, weekly, or monthly rate of pay; the person who supervises you or to whom you report; identify any applicable employment or similar contracts, and state the reasons for leaving if not still employed.

**RESPONSE:** Plaintiff provided this information with the Initial Disclosures. Only employer that Plaintiff has worked for since employment with Defendant is Cecil County Government. Plaintiff objects to this request to the extent that it is irrelevant and based on Judge's ruling.

16. Describe in detail all income, employment benefits (including but not limited to disability or social security benefits), social security benefits, workers' compensation benefits, and/or unemployment compensation benefits earned or received by you since your separation of employment with Defendants (excluding any income and benefits received from Defendants), including but not limited to the source of such income or benefits, the amount and nature of such income or benefits, and the dates received.

**RESPONSE:** Plaintiff objects to this request to the extent that it is irrelevant and based on Judge's ruling.

17. Describe all criminal, civil, and administrative actions (including, but not limited to, arbitration matters, grievance hearings, administrative proceedings, civil, criminal, family and bankruptcy court matters, and/or charges filed with the EEOC, the DDOL, the DDOL's Unemployment Division and/or any other state or local human rights agency) to which you have been a party or witness, including, but not limited to, the identify of the parties, the date the action was brought or filed, the case number for the action, the court or administrative agency with which the action was brought or filed, the nature of the allegations upon which the action was based, and the outcome of the action.

**RESPONSE:** Plaintiff has no history of criminal, civil, or administrative actions.

18. Please state your current home address, each address where you have lived for each of the last ten years and, for each address, the name, current telephone number and current address of each person who lived with you at the same address.

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, incomprehensibly vague and unduly burdensome. Plaintiff objects to this request to the extent it seeks personal, private, and confidential information. Plaintiff objects to this request to the extent that this request is overly extensive and is irrelevant. Plaintiff has provided current address and telephone number to Court and Defendants.

19. Identify the person answering and signing the answers to these interrogatories, and identify of each person, other than counsel, who has been consulted, who has provided information for, or who assisted in answering these interrogatories, either directly or indirectly as a third party.

**RESPONSE:** Plaintiff answers and signs Interrogatories. Plaintiff has used many resources including library, yahoo, and google in handling all legal filings and responses.

*Renee M Butz*
Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410)441-4300
Plaintiff pro se

Dated: 8/13/07

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RENEE M. BUTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-495-JJF |
| | ) | Judge Joseph J. Farnan Jr. |
| LAWNS UNLIMITED LTD. and | ) | |
| EDWARD FLEMING, | ) | |
| | ) | |
| Defendants. | ) | |

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response To Defendants' First Set of Interrogatories were sent by first-class United States mail, postage duly paid, on this 13 day of August, 2007, to counsel of record as follows:

Margaret M. DiBianca
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
100 West Street
Wilmington, DE 19801

_Renee M. Butz_
Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410) 441-4300
Plaintiff pro se

Dated: 8/13/07



U.S District Court
844 N. King Str[eet]
Wilmington DE 1[9801]
Attn: Judge Joseph [Farnan]