IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RENEE M. BUTZ,<br><br>Plaintiff,<br>v.<br><br>LAWNS UNLIMITED LTD., and<br>EDWARD FLEMING<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-495-JJF |

**DEFENDANTS' ANSWER TO PLAINTIFF'S REQUEST FOR MOTION TO ADD NEW CLAIM**

Defendants Lawns Unlimited Ltd. and Edward Fleming respond to Plaintiff's Request for Motion to Add New Claim as follows:

1. Plaintiff *pro se* Renee M. Butz filed the present Motion on August 15, 2007. (D.I. 106). The Motion seeks leave to amend her Second Amended Complaint to include a claim for "Pain and Suffering and Punitive Damages." (D.I. 106).

2. To date, Plaintiff has filed an Original Complaint (D.I. 2), an Amended Complaint (D.I. 19), and a Second Amended Complaint (D.I. 105). None of the three versions of the complaint included a request for pain and suffering or punitive damages.

3. On March 30, 2007, Plaintiff filed her "Response to Defendants' Request for Detailed Damages Information." (D.I. 57). This list includes calculations for her requested damages. Neither Punitive damages nor Pain and Suffering damages were identified on this list as damages being sought by Plaintiff. (D.I. 57).

4. On April 13, 2007, Plaintiff responded to Defendants' First Interrogatories. (D.I. 78 at 9). Included in her response to Interrogatory No. 9 was a list of claimed damages, including medical expenses, medical insurance premiums, wages, and miscellaneous costs. (D.I. 78 at 9). This list was changed from her March 30, 2007, submission

but still did not include a request for Punitive or Pain and Suffering damages. In her response to Interrogatory No. 11, however, Plaintiff stated that she sought "pain and suffering and punitive damages." (D.I. 78 at 11).

5. On August 20, 2007, Plaintiff filed a revised Response to Defendants' First Set of Interrogatories.[1] (D.I. 107). Plaintiff added two line items to the original itemized list of requested damages she had provided in her "Detailed Damages" filing and in her original Interrogatory responses: (i) Punitive Damages in the amount of $50,000; and (ii) Pain and Suffering Damages in the amount of $50,000. (D.I. 107 at 9). No additional information was provided to explain or support the addition of these claims. No additional information was provided to explain or support the omission of the claims from her initial Responses.

## ARGUMENT

### I. Plaintiff's Motion Should Be Denied For Failure to Comply With the Basic Procedural Requirements of Rule 15(a)

#### A. Rule 15 Procedural Standard

6. Through the present Motion, Plaintiff seeks leave to amend her Second Amended Complaint. Inasmuch as this request can be construed as a Motion for Leave to Amend filed under Rule 15(a), the Motion should be dismissed for failure to comply with Local Rule 15.1.

7. The Local Rules requires a party seeking to amend a pleading to attach the proposed pleading as amended to her Motion. See D. Del. L.R. 15.1. Plaintiff has failed to comply with this fundamental requirement, thereby precluding any meaningful response by

---

[1] Though this filing was not captioned as a "Supplemental," or "Revised" Response, Defendants describe them as such because some of the responses were identical to those provided in her initial response, some answers had been changed since her initial response, and some answers had been supplemented, presumably in response to the Court's Order Granting in Part Defendants' Motion to Compel Discovery Responses. (D.I. 100).

Defendants. Unless Defendants are provided with the factual particularity required by the Federal Rules, they are unable to effectively respond to the request.

**B. Rule 15(a) Does Not Provide for the Addition of Punitive Damages Without a Change in Facts or Circumstances**

8. Rule 15(a) provides for the amendment of "the underlying facts or circumstances relied upon by a plaintiff." Forman v. Davis, 317 U.S. 178, 182 (1962). Here, Plaintiff does not allege that there has been a change in any of the facts or circumstances underlying her claims. Instead, she seeks to add a "claim for Pain and Suffering and Punitive Damages." (D.I. 106). "Punitive damages are not a cause of action, but rather a remedy awarded apart from any compensatory or nominal damages." Charles Shaid of Pa., Inc. v. George Hyman Construction Co., C.A. No. 92-3654, 1994 U.S. Dist. LEXIS 9391, at *4 (E.D. Pa. July 12, 1994). Plaintiff has failed to allege any new facts or circumstances that constitute "particularly aggravated misconduct" by Defendants that could justify a punitive damages remedy and, therefore, her request to add a "punitive damages claim" should be denied. Id.

**C. Plaintiff's Request Fails to Provide Any Meaningful Factual or Legal Grounds for Review**

9. Not only has Plaintiff failed to provide the proposed amended pleading but she has altogether failed to allege any facts in support of her request. She does not claim that she has acquired any new evidence or that any new events have occurred since filing her prior Complaints. Instead, she simply alleges that the parties "discussed" punitive and pain and suffering damages "with regards to a previously submitted settlement offer." (D.I. 106 at 3). She then states that punitive damages "are sought to teach small business owners that employment laws pertain to them and they cannot discriminate[.]" (D.I. 106 at 4).

10. No matter how liberal the standard is for leave to amend, Plaintiff's Motion cannot be said to provide Defendants with information sufficient to prepare their defense. Defendants are unable to assess the legal sustainability of claims for which no facts are asserted. Because Plaintiff has not provided any facts that would support punitive or emotional distress damages, the present Motion should be denied.

## II. Plaintiff's Motion Should be Denied on Substantive Grounds Because Defendants Would Suffer Substantial Prejudice and the Proposed "Claims" Are Futile

### A. Rule 15(a) Substantive Standard

11. Once a responsive pleading has been served, a "party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be feely given when justice so requires." Fed. R. Civ. P. 15(a). Whether to grant or deny the motion is within the district court's discretion. Foman v. Davis, 371 U.S. 178, 182 (1962). A court may deny a motion for leave to amend if "(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives; (2) the amendment would be futile; or (3) the amendment would prejudice the opposing party." Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003).

### B. Plaintiff's Repeated Failures to Cure Prohibit the Filing of Another Amended Complaint

12. Leave to amend should be denied where the plaintiff has failed to cure deficiencies through previous amendments. See e.g., Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002); 6 Wright & Miller, Fed. Practice & Proc., at §1487 ("where plaintiff has had sufficient opportunity to state a claim but has failed to so, leave to amend may be denied"). Here, Plaintiff provides no explanation for her repeated failure to add claims for punitive or pain and suffering damages in prior filings.

13. The Original Complaint was filed on July 15, 2005, more than two years before the present Motion was submitted. (D.I. 2). Then, approximately a year later, she filed her Amended Complaint. (D.I. 19). The Amended Complaint was similarly without a request for relief in the form of punitive or pain and suffering damages. (D.I. 19).

14. In March 2007, Plaintiff filed a "Response to Defendants' Request for Detail[ed] Damages List," in which she set out several pages of calculations in support of her various damages claims. (D.I. 57). She made no claim for punitive or pain and suffering damages anywhere in this "Detailed Damages List."

15. Then, just this month, in August 2007, Plaintiff filed her Second Amended Complaint. (D.I. 105). Again, the newly requested damages are missing from her request for relief. (D.I. 105).

16. In two years, Plaintiff has filed three complaints and only now seeks to add new damages claims. This third bite at the jurisdictional apple must not be permitted. See In re Federated Dep't Stores, Inc. Secs. Litig., 00-CV-6362-(RCC), 2005 U.S. Dist. LEXIS 4743, at *17 (S.D.N.Y. Mar. 25, 2005) (denying leave to amend where plaintiff had filed previous amendments but had failed to cure the pleading deficiencies even though it was put on notice of such deficiencies). Plaintiff has presented no new facts and has provided no explanation for her failure to assert this claim in previous amendments. See Allen v. City of Beverly Hills, 911 F.2d 367 (9th Cir. 1990) (denying leave to amend on the grounds that there were no additional facts and no explanation for the plaintiff's failure to develop the new theory in two previous amendments).

17. At some point, the court is "confronted with the problem of how far [to go] when the amended complaints fail to cure the defect of the prior ones. Clearly, a party that

repeatedly fails to adequately plead jurisdiction in spite of opportunities given to amend its complaint has no place in the federal courts." Baker v. Murphy, 495 F. Supp. 462, 464 (D.P.R. 1980). It is "an intolerable imposition" on the Court's time and resources to grant Plaintiff the opportunity to amend, when Plaintiff has failed to adequately plead on previous occasions. Id.

**C. Plaintiff's Undue Delay Will Substantially Prejudice Defendants**

18. Plaintiff provides no explanation for her delay in submitting her proposed damages claims. Discovery in this case is substantially complete. Written discovery has been exhausted. Both parties have propounded the maximum number of Interrogatories and Requests for Admissions. Plaintiff's deposition has been taken and, at this time, Defendants do not intend to take additional depositions. Plaintiff has also completed the deposition of Defendant Fleming, whom she indicated is the only witness she intends to depose.

19. Allowing Plaintiff to now amend her Second Amended Complaint to add claims for punitive damages and pain and suffering damages would significantly prejudice their ability to prepare a defense in this case. McKnight v. Sch. Dist. of Phila., C.A. No. 00-563, 2001 U.S. Dist. LEXIS 667, at *5 (E.D. Pa. Jan. 302, 2001) (denying the plaintiff's request to add claims for punitive and compensatory damages after discovery had closed due to the significant prejudice that would be caused to the defendants). "The passage of time, without more, does not require that a motion to amend be denied; however, at some point, the delay will become 'undue,' placing an unfair burden on the opposing party." Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984) (cited in Koken v. GPC Int'l, Inc., 443 F. Supp. 2d 631, 634 (D. Del. 2006)).

**D. A Request for Punitive Damages Would Be Futile**

20. Leave to amend should be denied where the proposed amendment would be futile. See Heyl & Patterson Int'l, Inc., 663 F.2d 419, 426 (3d Cir. 1981). "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." Jablonski v. Pan Amer. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) (citing Massarksky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S. 937 (1983)); see also In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (holding that "futility" is defined as the 12(b)(6) standard for legal sufficiency). Plaintiff's new damage demands are insufficient as a matter of law. Thus, her Motion should be denied.

21. Plaintiff's own submissions also preclude the assessment of punitive damages against Defendants. Punitive damages are available only when the alleged conduct is "shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983); see also Alexander v. Riga, 208 F.3d 419, 430-431 (3d Cir. 2000). Here, Plaintiff requests punitive damages on the grounds that punitive damages are appropriate to "teach small business owners that employment laws pertain to them." (D.I. 106 at 4). As a matter of law, this allegation falls fall short of the standard required to support an actionable claim for punitive damages.

[continued next page]

For the reasons set forth above, Defendants respectfully request Plaintiff's Request for Motion to Add New Claim be DENIED.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca

William W. Bowser, Esquire (Bar I.D. 2293)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19801-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
wbowser@ycst.com; mdibianca@ycst.com
Attorneys for Defendants

DATE: September 4, 2007

**CERTIFICATE OF SERVICE**

I, Margaret M. DiBianca, Esquire, hereby certify that on September 4, 2007, I electronically filed a true and correct copy of **Defendants' Response to Plaintiff's Request for Motion to Add New Claim** with the Clerk of the Court using CM/ECF. I further certify that on September 4, 2007, I caused to be served two (2) true and correct copies of the foregoing **Defendants' Response to Plaintiff's Request for Motion to Add New Claim** on the following non-registered participant via postage prepaid, First Class Certified U.S. Mail/Return Receipt Requested and via U.S. Mail:

Renee M. Butz
58 Hickory Drive
North East, MD 21901
Plaintiff *Pro Se*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca
William W. Bowser, Esquire (No. 2293)
Margaret M. DiBianca, Esquire (No. 4329)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3467
E-mail: mdibianca@ycst.com
Attorneys for Defendants

DATE: September 4, 2007