IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE M. BUTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-495-JJF |
| | ) Judge Joseph J. Farnan Jr. |
| LAWNS UNLIMITED LTD. and | ) |
| EDWARD FLEMING, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S THIRD REQUEST FOR
## PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT

TO:    Margaret M. DiBianca
       Young Conaway Stargatt & Taylor, LLP
       The Brandywine Building
       1000 West Street, 17th Floor
       Wilmington, DE 19801
       COUNSEL FOR DEFENDANT

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Renee M. Butz

(hereinafter "Plaintiff") hereby requests that Defendants Edward Fleming and Lawns Unlimited

Ltd. (hereinafter collectively "Defendant") produce for inspection and copying within 30 days

after service of this request, the documents designated below.

### GENERAL INSTRUCTIONS

1.     In responding to this request for production of documents, the responding party is

requested to furnish all documents that are in his possession, custody or control, including

information in the possession of his attorneys or other persons directly or indirectly employed or



F I L E D

SEP 1 3 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

retained by him, or connected with the responding party or his attorneys, or anyone else acting on his behalf or otherwise subject to his control.

2.    If the responding party cannot respond to any document request in full, he should respond to the fullest extent possible, explain why he cannot respond to the remainder, and describe the nature of the documents that he cannot furnish.

3.    The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

## DEFINITIONS

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

1.    "Document" includes, but is not limited to, any writing, whether printed, typewritten, handwritten, recorded or produced by any electronic, magnetic or other mechanical process, including the originals or copies when originals are not available, and any non-identical copies, including any copy that has been modified or annotated in any way.  Such documents include, but are not limited to, any writing filed for reporting or other purposes with any federal, state or local agency; notes; memoranda; letters; correspondence; telegrams; intraoffice or interoffice communications; circulars, bulletins; manuals; results of investigations; progress reports; analyses; projections; studies made by or for any business or personal use; working papers; contracts; agreements; affidavits; declarations; statements; bills; books of accounts; vouchers; evaluations; drawings; calendars; financial ledgers; photographs; bank checks; pay stubs; invoices; charge slips; receipts; expense accounts; statistical records; cost sheets; journals; diaries; personal notes; time sheets or logs; computer data (whether in written, magnetic, electronic, physical or other form); computer disks; audio or video recordings; job or transaction

2

files; appointment books; books; records, copies, extracts and summaries of documents; and preliminary intermediate and final drafts of any of the above, whether used or not.

2.      "Communication" or "communications" means any type of oral, written or visual contact(s) between two or more persons in which information, facts, statements, conversations or opinions were exchanged, imparted or received, including by way of example and without limitation, personal conversations, telephone conversations, letters, electronic mail messages, meetings, memoranda, telegraphic and telex communications or transmittals of documents, and all documents concerning such writing or such oral conversation.

3.      "Person," "persons" or "people" shall include both the singular and plural and shall include natural persons, firms, corporations, partnerships, associations, joint ventures and any other form of business organization or arrangement, government and/or government agencies of every nature and type.

4.      "Relating to" or "relates to" means consisting of, connected or involved with, addressing the subject matter of, or summarizing or describing in any way.

5.      Any reference to "and" includes "or." Any reference to "or" includes "and." Any references to the singular include the plural. Any reference to the plural includes the singular. Any reference to the masculine, feminine or neuter includes the masculine, feminine and neuter.

6.      If any document requested was at one time in existence, but is no longer in existence, your sworn response must state for each document:

        (a)     the type of document;

        (b)     the date upon which it ceased to exist;

        (c)     the circumstances under which it ceased to exist;

3

(d)    the name, address, and telephone number of each person having

knowledge of the circumstances under which it ceased to exist; and

(e)    the name, address and telephone number of each person having knowledge

of the contents thereof.

## PRIVILEGED MATERIAL

For any documents withheld on grounds of privilege, or any other grounds, please

provide a written response with the following information:

1.    a description of the document sufficiently particular to identify it for purposes of a

court order;

2.    the date of the document;

3.    the number of pages of the document;

4.    a list of all persons who participated in the preparation of the document;

5.    a list of all persons who have received or reviewed copies of the document;

6.    a list of all persons to whom the document was circulated, or its contents

communicated; and

7.    the nature of the protection claimed.

## DOCUMENTS TO BE PRODUCED

18.  Resulting from Defendants' testimony during the Defendants' deposition, request is

made for Lawn's Unlimited, LTD. business land line telephone (302-645-5296) bills

for December 2003 and January 2004.

**RESPONSE:**

4

19. Resulting from Defendants' testimony during the Defendants' deposition, request is made for Defendants, Mr. Edward Fleming's cellular telephone (302-228-4395) bills for December 2003 and January 2004.

**RESPONSE:**

20. Resulting from Defendants' attorney's comments during the Plaintiff's deposition, request is made for pay stubs of employees indicating medical insurance premium deductions paid by the employee from January 2004 to present.

**RESPONSE:**

21. Resulting from Defendants' testimony during the Defendants' deposition, request is made for Dina Alderucci's Employee Policy Handbook with employee's signature; Laurie Schatz's Employee Policy Handbook with employee's signature; Deborah Watson's Employee Policy Handbook with employee's signature; Renee Beauchemin-Butz 's Employee Policy Handbook with employee's signature.

**RESPONSE:**

5

22.   Resulting from Defendants' testimony during the Defendants' deposition, request is made for Lawns Unlimited hotel receipts to the Embassy Suites in Pittsburgh, PA for Real Green conference seminar between November 2002 through February 2003.

**RESPONSE:**

*Renee Butz*

Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410) 441-4300
Plaintiff pro se

Dated: 9/11/07

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RENEE M. BUTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-495-JJF |
| | ) | Judge Joseph J. Farnan Jr. |
| LAWNS UNLIMITED LTD. and | ) | |
| EDWARD FLEMING, | ) | |
| | ) | |
| Defendants. | ) | |

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Third Request for

Production of Documents Directed to Defendant were sent by first-class United States mail,

postage duly paid, on this ___11th___ day of _____September___, 2007, to counsel of record

as follows:

Margaret M. DiBianca
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
100 West Street
Wilmington, DE 19801

Renee M. Butz
58 Hickory Drive
North East, MD 21901
(410) 441-4300
Plaintiff pro se

Dated: 9/11/07

