IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE M. BUTZ, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>LAWNS UNLIMITED, LTD. and )<br>EDWARD FLEMING, )<br>Defendants. ) | C.A. No. 05-495-JJF |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO EXTEND DISCOVERY**

       Defendants Lawns Unlimited, Ltd., and Edward Fleming, by and through the undersigned counsel, object to Plaintiff's Motion to Extend Discovery (D.I. 115), for the following reasons:

       1.     The defendant in this case is a small, family-owned and operated business with, on average, less than twenty employees.  The plaintiff is a former employee, representing herself *pro se*, in a gender discrimination claim brought under Title VII of the Civil Rights Act of 1964, in which "she seeks only damages related to her pregnancy and medical expenses corresponding to the time frame of December 2003 through March 2004."  (D.I. 100).  Despite the "small town" attributes of the parties and despite the fact that the plaintiff seeks no more than four months' damages, the procedural history in this case is extensive.

       2.     More than 100 entries have appeared on the Court's docket since Plaintiff filed her Complaint more than two years ago, in July 2005.  (D.I. 2).  Since that time, Plaintiff has filed an Amended (D.I. 19), and a Second Amended Complaint (D.I. 105).  And, with barely one month left in the discovery period, Plaintiff also filed a "Motion to Request to Add a Claim," in which she seeks leave to amend her Complaint yet again, thereby generating a fourth iteration. (D.I. 106).  Defendants filed their Response in Opposition to that Motion.  (D.I. 112).

3. Discovery in this case involved the depositions of only one witness by each party. Defendants noticed the deposition of Plaintiff and Plaintiff noticed the deposition of Defendant Edward Fleming. Both parties have propounded 5 Requests for Admissions and 20 Interrogatories, the maximum allowed in accordance with the Scheduling Order. Both parties have propounded two sets of Requests for Production.

4. Pursuant to the Court's Scheduling Order, discovery closed on September 21, 2007. (D.I. 100). All fact discovery and document production was to be completed by that date. (D.I. 100). Dispositive motions are due to be filed on or before October 5, 2007. (D.I. 100). Defendants have begun briefing in earnest, having received a copy of the draft deposition transcripts from the court reporter service only ten days before the briefing deadline, on Monday, September 24, 2007.

5. On September 19, 2007, Plaintiff propounded her Third Request for Production to Defendant. (D.I. 116). Document requests served two days before the end of discovery are well outside the bounds of discovery as set forth in the Court's Scheduling Order. Defendants' responses would not be due until October 22, 2007, more than two weeks after dispositive motions have been submitted. Active written discovery is not intended to overlap with the parties' briefing schedules for summary judgment motions and, as such Defendants are not required to respond to this untimely request.

6. Also on September 19, 2007, Plaintiff filed the present Motion, in which she requests that the discovery period be extended an additional thirty days. (D.I. 115).

7. In support of her Motion to Extend Discovery, Plaintiff states that "Defendant introduced new information with regards to their defense" during the deposition of Defendant Edward Fleming. (D.I. at ¶2).

8. Plaintiff fails to provide any indication of what "new information" was revealed at Mr. Fleming's deposition. Plaintiff has had the opportunity to participate in discovery and has done so to the fullest extent.

9. The undersigned spoke to Plaintiff via telephone on September 25, 2007, and inquired about the purpose of the present Motion. Plaintiff stated that she sought to extend discovery only so that Defendants would be required to answer the Third Requests for Production. In an effort to move forward with this matter, Defendants responded to the discovery request by sending responsive documents to Plaintiff on September 26, 2007. At this point, Defendants contend that the Requests have been satisfied and that, even if the present Motion was warranted, the matter is now moot.

10. Further, Plaintiff's request for an extension of thirty days is unreasonable and unfair to Defendants and to the Court. Discovery has been completed by both parties and the discovery period has closed. Briefing has begun for dispositive motions. Plaintiff has presented no reason at all for such an extension, nevertheless a reason so compelling as to set the wheels of justice in reverse by reopening discovery.

{Continued on next page}

WHEREFORE, Defendants respectfully request that Plaintiff's Motion to Extend Discovery be DENIED.

          YOUNG CONAWAY STARGATT & TAYLOR, LLP

          /s/ Margaret M. DiBianca, Esq.
          William W. Bowser, Esquire (Bar I.D. 2239)
          Margaret M. DiBianca, Esquire (Bar I.D. 4539)
          The Brandywine Building, 17th Floor
          1000 West Street, P.O. Box 391
          Wilmington, Delaware 19899-0391
          Telephone: (302) 571-5008
          Facsimile: (302) 571-3476
          Email: mdibianca@ycst.com
          Attorneys for Defendants

DATED: September 28, 2007

## CERTIFICATE OF SERVICE

I, Margaret M. DiBianca, Esquire, hereby certify that on September 28, 2007, I electronically filed a true and correct copy of **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY** with the Clerk of the Court using CM/ECF. I further certify that on September 28, 2007, I caused to be served two (2) true and correct copies of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY** on the following non-registered participant via postage prepaid, U.S. First Class Mail:

>   Renee M. Butz,
>   Plaintiff *pro se*
>   58 Hickory Drive
>   North East, MD  21901

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca, Esq.
William W. Bowser, Esquire (Bar I.D. 2239)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 571-3476
Email: mdibianca@ycst.com
Attorneys for Defendants