IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE M. BUTZ                                    )<br>                                                              )<br>          Plaintiff,                                      )<br>                                                              )<br>     v.                                                      )<br>                                                              )<br> LAWNS UNLIMITED LTD., and            )<br> EDWARD FLEMING                              )<br>                                                              )<br>          Defendants.                                 ) | C.A. No.: 05-495 (JJF) |

**JOINTLY STIPULATED FACTS**

WHEREFORE, the parties agree and understand that dispositive motions brought pursuant to Rule 56 of the Federal Rules of Civil Procedure can be determined only where there "is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). In order to provide the Court with as clear a record as possible, the parties hereby stipulate that, for the limited purposes of summary judgment, the following facts are not in dispute:

1. Defendant Lawns Unlimited, Ltd. ("Lawns"), is a small business operating in Milton, Delaware.

2. Lawns provides various types of lawn care, including landscaping, hardscaping, and irrigation services, among others.

3. Lawns was founded by Defendant Edward Fleming and his wife, Jeanne Fleming in 1987.

4. Including the Flemings and their children, Lawns currently has approximately thirty employees.

5. Lawns employees are divided into two general categories—Field and Office.

6. Field employees work directly on-site at the job location.

1

7. Mr. Fleming, who holds the title of President of Lawns, works hands-on in the Field. He also shares the responsibilities for Office employees with his wife.

8. Defendants hired Plaintiff in September 2002 to replace the previous Office Manager.

9. Plaintiff held the position of Office Manager for her entire period of employment.

10. Dina Alderucci was hired after Ms. Schatz left in June 2003.

11. Debbie Watson replaced Ms. Alderucci in November 2003.

12. In the Field, the Foremen are key employees.

13. Mauricio Miranda and Hugo Sanchez have been Lawns' two Foreman.

14. Plaintiff began working at Lawns on September 4, 2002, as a temporary employee with permanent employment as the final goal.

15. Plaintiff became a full-time Lawns employee on October 16, 2002.

16. Defendant terminated Plaintiff effective December 23, 2003.

17. Beginning in approximately October 2003 until the time of her termination, Plaintiff commuted to Defendants' office in Milton from her home in Newark, Delaware.

18. Plaintiff began her new job as a Junior Accountant for the Cecil County Government on March 1, 2004.

19. Plaintiff received a bonus in 2002.

20. Plaintiff did not receive a bonus in 2003.

21. Plaintiff did not receive a pay increase on or after her first anniversary date.

22. Plaintiff received unemployment compensation after her termination from Lawns.

23. There are two full-time Office positions, Office Manager and Office Assistant.

24. Plaintiff announced her pregnancy in approximately April 2003.

25. Defendants knew that Plaintiff intended to take maternity leave following the birth of her child.

26. In an e-mail dated December 24, 2003, Plaintiff told Defendants that her maternity leave had begun, effective December 23, 2003.

27. Defendants believed that Plaintiff had secured other employment prior to December 23, 2003.

28. For the past twenty years, the Flemings have operated the business and actively manage its operations.

29. Office employees handle the payroll, accounting, and other administrative duties.

30. Mrs. Fleming, who holds the titles of Secretary and Treasurer, shares responsibilities for the behind-the-scenes operations of the business.

31. During the December 24, 2003, telephone conversation, Plaintiff told Mr. Fleming that she intended to return to work after her maternity leave.

32. During the December 24, 2003, telephone conversation, Plaintiff's husband told Mr. Fleming that she intended to return to work after her maternity leave.

33. Plaintiff called the Lawns office on January 5, 2004 after the birth of her child, and left a message.

34. Plaintiff's father-in-law called Defendant after Plaintiff received her termination letter.

35. In the Termination Letter, Defendants cited increased health care premiums as a reason for Plaintiff's termination.

36. Plaintiff believes that Defendants terminated her due to increased health care premiums.

37. Defendant's appeal of the findings of the Delaware Unemployment Insurance Referee was unsuccessful.

38. At the time of her termination, Butz was paid $12.00 per hour.

39. The number of Lawns employees eligible for these employee benefits is low.

40. The only Field employees who have been eligible for benefits were Miranda and Sanchez, the key foreman.

41. As owners, the Flemings also receive certain benefits, such as health and life insurance.

42. Defendants provided its key employees with paid time off as well as paid vacation.

43. Key employees were paid at their regular rate for certain designated holidays.

44. Plaintiff was paid for each of the designated holidays during her employment.

45. Request forms were submitted to Mr, Fleming for approval.

46. Debbie Watson utilized Vacation Request Form.

47. Plaintiff had health care coverage immediately after she became a permanent employee without a waiting period.

48. At the time of Plaintiff's employment, Defendants' health insurance provider was Optimum Choice.

49. At the time of Plaintiff's employment, Defendants' health care plan provided for "employee-only" coverage.

50. At the time of Plaintiff's employment, Lawns paid 100% of the health care premium for key personnel.

51. Plaintiff moved to the Bethany area from Cecil County, Maryland in 2002.

52. Plaintiff moved to Bethany area to be with her now-husband, Scott Butz, who had moved to the area for a job.

53. As Office Manager, Plaintiff was responsible for accounts receivable and accounts payable, payroll, and general clerical duties such as taking phone messages and filing paperwork.

54. As Office Manager, Plaintiff was responsible for communicating and developing workplace procedures.

55. In 2003, Defendants held a staff meeting that all employees were required to attend.

56. At the meeting Plaintiff spoke/addressed workplace procedures and practices including the importance of teamwork and the value of feedback and employee suggestions.

57. At the staff meeting, Plaintiff encouraged the employees to communicate their ideas or suggestions with her or Laurie Schatz.

58. At the meeting, Plaintiff explained the importance to accurately record time worked on a Lawns production sheet.

59. At the meeting, Plaintiff explained that accounts payable invoices must be kept current and that any problems should be brought to her attention right away.

60. At the meeting, Plaintiff discussed the tardiness and absenteeism policies.

61. Plaintiff invited the Fleming family to her wedding.

62. Plaintiff invited Mrs. Fleming and their children to her baby shower.

63. Mrs. Fleming spent most of the summer of 2003 visiting her mother in Missouri, who was suffering from terminal lymphoma cancer.

64. Mrs. Fleming's mother passed away on November 13, 2003.

65. Mr. Fleming put Scott Butz in touch with a potential job lead.

                                                YOUNG CONAWAY STARGATT & TAYLOR, LLP

| /s/ Renee M. Butz | /s/ Margaret M. DiBianca, Esq. |
|---|---|
| Renee M. Butz, Pro Se Plaintiff | Margaret M. DiBianca (No. 4539) |
| 58 Hickory Drive | The Brandywine Building, 17th Floor |
| North East, Maryland 21901 | 1000 West Street |
| Telephone: (410) 441-4300 | P.O. Box 391 |
| Email: renee@scottbutz.com | Wilmington, Delaware 19899-0391 |
| *Pro Se* Plaintiff | Telephone: (302) 571-5008 |
| | Facsimile: (302) 576-3476 |
| | Email: mdibianca@ycst.com |
| | Attorneys for Defendants |